IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:20-CR-212 |
| | § | Judge Mazzant |
| DEBRA LYNN MERCER-ERWIN (1) | § | |
| KAYLEIGH MOFFETT (2) | § | |
| GUILLERMO GARCIA MENDEZ (3) | § | |
| FEDERICO ANDRES MACHADO (4) | § | |
| CARLOS ROCHA VILLAURRUTIA (5) | § | |
| ALBAN GERARDO AZOFEIFA-CHACON (6) | § | |
| AARON BELLO-MILLAN (7) | § | |
| MICHAEL ASSAD MARCOS (8) | § | |

**MOTION FOR COMPLEX CASE DESIGNATION AND
MOTION TO CONTINUE**

The United States by and through undersigned counsel and respectfully moves to exclude time from the calculation of the date by which the defendants must be tried pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161. Specifically, the Government relies on the following provisions of the Speedy Trial Act: §§ 3161(h)(7)(A) and (h)(7)(B)(ii) and (iv), which authorize the exclusion of time supported by the ends of justice due to the unusual or complex nature of the case and existence of novel questions of law or fact or, in the alternative, to ensure the parties the reasonable time necessary for effective preparation.  In support of the instant motion and proposed Order seeking a

**Motion for Complex Case Designation –1**

continuance of the time for trial and to exclude time under the Speedy Trial Act, the Government states the following:

## I. FACTUAL AND PROCEDURAL BACKGROUND

On December 16, 2020, a federal grand jury issued a Second Superseding Indictment against defendants for violations of 21 U.S.C. § 846 (Conspiracy to Manufacture and Distribute Cocaine, 21 U.S.C. § 963 (Conspiracy to Import Cocaine and to Manufacture and Distribute Cocaine Intending and Knowing that the Cocaine will be Unlawfully Imported into the United States), 21 U.S.C. § 959 (Manufacturing and Distributing Cocaine Intending and Knowing that the Cocaine will be Unlawfully Imported into the United States), 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering), 18 U.S.C. § 371 (Conspiracy to Commit Export Violations), 18 U.S.C. § 371 (Conspiracy to Commit Registration Violations Involving Aircraft Not Providing Air Transportation in violation of 49 U.S.C. § 46306) and 18 U.S.C. § 371 (Conspiracy to commit interstate and foreign transport of stolen property in violation of 18 U.S.C. § 2314).

Five defendants have been arrested in Guatemala, Oklahoma, and Texas.  The remaining defendants have not been arrested to date. The case has been set for a pretrial conference on February 5, 2021.

The Second Superseding Indictment in this case was the product of a long-term investigation into the drug trafficking and money laundering activities of the defendants. That investigation revealed that the defendants were members of a large-scale narcotics

transportation conspiracy and a large-scale and complicated international money laundering scheme.

## II. LEGAL ANALYSIS

*A. The Time for Speedy Trial Should Be Excluded and the Trial Date Should Be Continued To Further the Ends Of Justice Because Of The Complexity Of The Case Or, Alternatively, To Ensure Effective Preparation.*

i. Complexity of the Case Basis (18 U.S.C. § 3161(h)(7)(B)(ii))

The Speedy Trial Act authorizes the Court to effectively toll the seventy-day trial period for any period of time by granting a "continuance on the basis of [the Court's] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). In determining whether to grant a continuance, the Court must consider, among other factors:

> [w]hether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits [prescribed by the statute].

18 U.S.C. § 3161(h)(7)(B)(ii).

A continuance in this case would serve the ends of justice because of the complex nature of the discovery process and prosecution.

The Government has provided, and will continue to provide, as appropriate, discovery in its possession relating to these other various acts or associations, as evidence intrinsic to the conspiracies or as potential other crimes, wrongs, or act evidence under Federal Rule of Evidence 404(b). This evidence may also be helpful to the Defendants' and counsels' ability to consider a pre-trial resolution of the case. The Government also

expects to call witnesses who are located outside the Eastern District of Texas. These individuals are throughout the United States. Their ability to travel is hindered by the current Covid-19 health pandemic. Additionally, the extradition of several cooperating co-defendants has been delayed because of Covid-19 concerns. An extension would alleviate some of these travel-related issues.

Thus, the nature of the investigative, prosecutorial, and judicial evidence, combined with the travel coordination and approval which would be required to bring witnesses to this district to testify, is highly unique and significantly increases the complexity of the prosecution. Moreover, it significantly raises the need for the parties' to have sufficient time to independently review such evidence so as to be adequately prepared for trial.

Witnesses and other pieces of evidence must be brought to the United States for trial, which will require significant international arrangements. It is entirely unreasonable to expect defense counsel to absorb the evidence, share it with their clients, consider it so as to provide effective advice, and then determine with the Defendants how they want to proceed all within seventy days. This conclusion is within the normal precedent for application of this provision of the Speedy Trial Act.

Accordingly, the Government respectfully submits that the ends of justice would be served by granting a continuance of the trial date, and that the "ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

   *ii. Reasonable Time for Effective Preparation (18 U.S.C. § 3161(h)(7)(B)(iv))*

Alternatively, the Government seeks a continuation of the case and tolling of the speedy trial time pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv). That is, in weighing whether a continuance serves the ends of justice, the Court must also consider the following:

> [w]hether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), ... would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.
> 18 U.S.C. § 3161(h)(7)(B)(iv).

Thus, for all these reasons, excluding the speedy trial time will serve both the Government's and the Defendants' interests and ensure that this case is effectively prepared for trial by both parties. More importantly, the suspension of speedy trial time will not be prejudicial to the defendants as it enables defense counsel to thoroughly review the evidence, discuss it intelligently with the defendants, and consider it so as to effectively prepare for any continued plea negotiations, pre-trial motions, cross-examination of witnesses, or stipulations to the translated materials in advance of and/or during trial. The failure to grant a continuance would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, under 18 U.S.C. § 3161(h)(7)(B)(iv).

**B. Time Under the Speedy Trial Act Will Also Be Excludable Based Upon the Government's Official Request for Foreign Evidence.**

The Speedy Trial Act further states that a period of delay shall be excluded in computing the time within which the trial must commence under the following circumstances:

> any period of delay, not to exceed one year, ordered by a district court upon an application of a party and a finding by a preponderance of the evidence that an official request, as defined in section 3292 of this title, has been made for evidence of any such offense and that it reasonably appears, or reasonably appeared at the time the request was made, that such evidence is, or was, in such foreign country.
> 18 U.S.C. § 3161(h)(8).

*See United States v. Shkambi,* 2013 WL 5609357 (E.D. Tex. 2013).

Accordingly, the Government contends that, pursuant to 18 U.S.C. § 3161(h)(8), a continuance of the trial date will be appropriate, and such time not to exceed one year should then be excluded from the time within which the trial must commence under the Speedy Trial Act.

## III. CONCLUSION

At this early stage of the trial proceedings, and in a complex case such as the instant one, it is impossible to gauge how long it will take the Government to obtain additional evidence from various sources and for the parties to effectively prepare for trial. The Government, therefore, requests that this motion be granted.

For the foregoing reasons, the Government respectfully requests that this Court grant the instant motion and grant a continuance of the trial date for the ends of justice because of the complexity of the case, 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(ii), or, alternatively, to ensure the parties' effective preparation, 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(iv), and exclude such period of delay.

Respectfully submitted,

STEPHEN J. COX
United States Attorney

___/s/_____
ERNEST GONZALEZ
Assistant United States Attorney
Texas Bar No. 00789318
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
Ernest.Gonzalez@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 14, 2021, the government served a true and correct copy of this document to all counsel of record via e-mail transmission.

___/s/_____
ERNEST GONZALEZ

## CERTIFICATE OF CONFERENCE

I certify that the government conferred with current counsel of record on January 15, 2021.  Below are their respective responses:

Dan Guthrie – unopposed
Rafael De La Garza – unopposed
J. Craig Jett - unopposed
Carlos Garcia – opposed
Vicki Behenna - unopposed

___/s/_____
ERNEST GONZALEZ