IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CASE NO. 4:20-CR-00212-ALM |
| | § | |
| DEBRA LYNN MERCER-ERWIN (1) | § | |
| KAYLEIGH MOFFETT (2) | § | |
| GUILLERMO GARCIA MENDEZ (3) | § | |
| FEDERICO ANDRES MACHADO (4) | § | |
| CARLOS ROCHA VILLAURRUTIA (5) | § | |
| ALBAN GERARDO AZOFEIFA-CHACON (6) | § | |
| AARON BELLO-MILLAN (7) | § | |
| MICHAEL ASSAD MARCOS (8) | § | |

**ITRC, LLC AND LEARJET 31A BEARING SERIAL NUMBER 080 AND ASSIGNED AND DISPLAYING REGISTRATION/TAIL NUMBER N260RC'S MOTION TO DISMISS CRIMINAL FOREFEITURE ACTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, ITRC, LLC and Learjet 31A Bearing Serial Number 080 and Assigned and Displaying Registration/Tail Number N260RC (hereinafter the "Learjet" or "Aircraft"), and file this Motion to Dismiss Criminal Forfeiture action against the Learjet, which is the subject of yet another frivolous forfeiture action by the Federal Government, as this is the third attempt at seizure with no colorable legal basis, and file a Rule 32.2(C) petition and would respectfully show the Court as follows:

**I.
SUMMARY**

ITRC, LLC is the beneficial owner of the Learjet and is the beneficiary under an approved non-citizen trust agreement. Defendant Aircraft Guaranty Corporation ("AGC") is the trustee under the duly vetted and approved non-citizen trust agreement.

ITRC, LLC and the Learjet ask this Court to dismiss the forfeiture action under FED. R.

CIV. P. 12(b)(6), as no criminal action has been filed against ITRC, LLC or its owner, Rodolfo Camarillo-Montemayor. The Federal Government has failed to state any claim as to the Aircraft that would form the legal basis for civil forfeiture.

ITRC, LLC and the Learjet further bring this motion to dismiss under FED. R. CRIM. P. 12(3)(A)(iv) ("selective or vindictive prosecution"), FED. R. CRIM. P. 12(3)(B)(iii) ("lack of specificity"), FED. R. CRIM. P. 12(3)(B)(v) ("failure to state an offense"). Movant further brings this motion under the 4th and 8th Amendments of the Constitution. As detailed below, this is the third time this Aircraft has been seized. Unlike the allegations against some of the other aircraft contained in the Third Superseding Indictment, it is undisputed and admitted that the Learjet is not a "dope jet." Further, there are literally thousands of aircraft registered through non-citizen trusts approved by the FAA. Such information is publicly available on the FAA website. This attempt to seize the Learjet is both selective and vindictive. The Third Superseding Indictment is entirely conclusory in inferring that the Learjet should have been "exported." In fact, the Third Superseding Indictment does not even explicitly so state, and it cites not a single statute or regulation under which these allegations are brought. The Third Superseding Indictment lacks specificity and fails to state any offense as to the Learjet. The indictment fails to identify why export filings, or which export filings, are necessary. In fact, none are necessary because the aircraft has not been "exported."

## II.
## EXHIBITS

**Exhibit A**, Declaration of Trust

**Exhibit B**, Delaware Secretary of State filing

**Exhibit C**, Dry Lease Agreement

**Exhibit D**, October 30, 2017 FAA Letter of Approval

**Exhibit E**, Motion to Dismiss

**Exhibit F**, March 31, 2020 email from Beau Price

**Exhibit G**, January 31, 2020 letter

**Exhibit H**, July 17, 2020 letter

**Exhibit I**, December 17, 2020 Order of Dismissal

**Exhibit J**, December 7, 2020 Order of Dismissal

**Exhibit K**, Notice of Detention and/or Seizure

**Exhibit L**, Third Superseding Indictment

**Exhibit M**, Affidavit of Beau Price

### III.
### NATURE OF ITRC, LLC'S INTEREST IN THE LEARJET

The Learjet is owned in a non-citizen trust through the Continent Aircraft Statutory Trust No. 2814 (the "Wyoming Trust 2814"), a Wyoming Trust, with legal title to the Airplane held by Aircraft Guaranty Corporation, a Wyoming corporation, not in its individual capacity but solely as Trustee (the "2814 Trustee") under the Wyoming Trust 2814, all citizens of the United States. The Aircraft is registered with the Federal Aviation Administration ("FAA") in the name of the 2814 Trustee. (**Exhibit A**, Declaration of Trust).

ITRC, LLC, is a Delaware limited liability company, and is the beneficiary of the trust. (**Exhibit A**, Declaration of Trust); (**Exhibit B**, Delaware Secretary of State filing).

Campo Transportes, SA de CV, is a Mexican corporation located in Monterrey, State of Nuevo León, México, and is the lessee and operator of the aircraft under the terms of the Dry Lease Agreement. (**Exhibit C**, Dry Lease Agreement).

The trust structure through which the Learjet is owned, commonly known as a non-citizen trust, was vetted and approved by the FAA in 2017. In a letter dated October 30, 2017, the FAA

Office of the Aeronautical Central Regional Counsel responded to counsel for Aircraft Guaranty Corporation regarding registration of the Aircraft, in pertinent part:

> Accordingly, it is our opinion that the updated forms for the Trust Agreement, Aircraft Dry Lease Agreement, and the Owner Trustee's Affidavit and Certificate of Citizenship satisfy the respective requirements of §§ 47.7(c)(2)(i) and 47.7(c)(2)(iii). Therefore, provided there is sufficient evidence of ownership, upon proper application under 14 C.F.R. Part 47, the Aircraft will be eligible for United States registration in the name of Aircraft Guaranty Corporation as Owner Trustee. Your updated forms satisfy FAA's Policy Clarification regarding non-citizen trust agreements.

(**Exhibit D**, October 30, 2017 FAA Letter of Approval).

The aforementioned non-citizen trust is a common – and entirely legal – ownership structure, created and administered by the FAA over many decades. In addition to being reviewed and approved by the FAA Aeronautical Center Central Region Counsel for purposes of registering the Learjet with the FAA as evidenced above, the Wyoming Trust 2814 and Lease Agreement have also been filed with the FAA Aircraft Registry and maintained of public record.

The foregoing has previously been briefed to the United States District Court for the Eastern District of Texas in the Motion to Dismiss filed in Case 9:20-cv-00172-MJT *The State of Texas v. Learjet 31A Bearing Serial Number 080 and Assigned and Displaying Registration/Tail Number N260RC*. (**Exhibit E**, Motion to Dismiss). The motion to dismiss, which was granted, is incorporated herein.

## IV.
## FACTS, PROCEDURAL HISTORY, AND DEFICIENCIES OF THIS THIRD ATTEMPT TO SEIZE THE LEARJET

The Learjet has now been wrongfully seized three times: first by the U.S. Department of Commerce, then by the Polk County District Attorney's Office, and now by U.S. Customs and Border Protection / Immigration and Customs Enforcement ("CBP"). The Learjet is legally and legitimately owned through a non-citizen trust, which the FAA Office of Counsel vetted and

approved. (**Exhibit D**, October 30, 2017 FAA Letter of Approval). The Learjet is not a "dope jet," and there is no allegation or evidence that it has ever been involved in any criminal activity. (**Exhibit F**, March 31, 2020 email from Beau Price).

On or about January 31, 2020, the Bureau of Industry and Security, a division of the U.S. Department of Commerce, seized the Learjet at the Brownsville Airport. The Bureau of Industry and Security claimed it had "reason to believe the shipment of these commodities to its final destination will result in a violation of Export Administration Regulations (15 C.F.R., Parts 730 – 774)." (**Exhibit G**, January 31, 2020 letter).

Ultimately the U. S. Department of Commerce made no finding of any wrongdoing whatsoever, and "released" the Learjet on July 17, 2020. (**Exhibit H**, July 17, 2020 letter). In fact, the U. S. Department of Commerce "released" the Learjet to Beau Price and the Polk County District Attorney's Office, who made an unsuccessful attempt to seize the Learjet in a transparent effort to sell the Learjet and line their own coffers.

On July 14, 2020, Plaintiff filed its Notice of Seizure and Intended Forfeiture in the 411th Judicial District of Polk County, Texas in Cause No. CIV33808, styled *The State of Texas vs. Learjet 31A Bearing Serial Number 080 and Assigned and Displaying Registration/Tail Number N260RC* (the "State Court Action").

In its failed forfeiture action, the State of Texas parroted the U. S. Department of Commerce's nebulous allegations that the Learjet had somehow violated federal export regulations. The State's allegations amounted to a legally invalid and preposterous theory that simply because the Learjet is owned through a duly approved non-citizen trust, that ownership structure alone is a violation of export regulations and subjects the Learjet to forfeiture. Neither

the Bureau of Industry and Security, nor the State of Texas, nor the CBP offered any explanation of the nature of their allegations of export regulation violations.

The Learjet removed the State of Texas's civil forfeiture action to federal court in the Eastern District of Texas and filed a motion to dismiss.  (**Exhibit E**, Motion to Dismiss).

After an oral hearing and briefing, Judge Michael J. Truncale dismissed the State's civil forfeiture action brought on December 17, 2020. (**Exhibit I**, December 17, 2020 Order of Dismissal).  In addition, Judge Truncale dismissed the State's similar efforts to seize another jet, which was a "companion case," in which Judge Truncale held joint hearings.  See *State of Texas v. Cessna 560 Citation Jet Bearing Serial Number 560-0068 and Assigned and Displaying Registration/Tail Number N569LM*, In the United States District Court for the Eastern District of Texas, Lufkin Division.  (**Exhibit J**, December 7, 2020 Order of Dismissal).  ITRC, LLC and the Learjet ask the Court to take judicial notice of the contents of the files in both causes which were dismissed by Judge Truncale.

After Judge Truncale dismissed the State's case, the Learjet's owners subsequently made arrangements to retrieve the jet, having been wrongfully deprived of the aircraft for almost a full year.  On December 21, 2020, the operator of the FBO in Harlingen where the Learjet was stored contacted the Learjet's pilot, and informed him that the Learjet had yet again been seized.  On December 21, 2020, the Learjet was again seized by the CBP at the Gulf Aviation FBO in Harlingen, Texas.  (**Exhibit K**, Notice of Detention and/or Seizure).

On December 22, 2020, counsel for the Defendant made inquiry to find out the nature and the legal basis (if any) for this third attempted seizure of the Learjet.  Counsel spoke to Special Agent Jesus Villarreal with the CBP, who conducted the seizure and posted the notice depicted in **Exhibit K**.  Special Agent Villarreal stated that Paul Mack with the U.S. Department of Commerce

Bureau of Industry and Security had instructed his office to conduct the seizure. Special Agent Villarreal further stated that the Learjet had been seized based on unspecified violations of export laws, but that he could not share further details or state which export laws or regulations had been violated, or how they had been violated, due to the ongoing nature of the investigation.

Counsel later spoke to Special Agent Jack Stevens with the CBP, who is believed to be in charge of the CBP's "investigation." Special Agent Stevens stated that the Learjet is "under indictment" in the Eastern District of Texas, and that Assistant U.S. Attorney Ernest Gonzalez is in charge of the case. The indictment was only recently unsealed.

None of the actual owners of the Learjet are named as defendants in the indictment, nor are they alleged to have committed any criminal offenses. (**Exhibit L**, Third Superseding Indictment). AGC is named as a defendant in the Third Superseding Indictment. However, AGC is not the owner of the Learjet – it simply holds title on behalf of ITRC, LLC as the beneficiary. This relationship is set forth in the Declaration of Trust.

Criminal forfeiture of the Learjet is entirely inappropriate in this case where no criminal allegations have ever been made against the equitable owners of the Learjet. The only criminal allegations contained in the Third Superseding Indictment are against AGC, which merely acts as a trustee and holds title to the Learjet for ITRC, LLC.

The criminal forfeiture provisions of 21 U.S.C. § 853 authorize an in personam action against a defendant in a criminal case, and forfeiture in such a case is imposed as a sanction against the defendant upon his conviction. *See United States v. $39,000 in Canadian Currency*, 801 F.2d 1210 (10th Cir. 1986). Section 853(a) limits forfeiture to property that the defendant "obtained…as the result of" the crime - *i.e.*, "tainted" property - and defines forfeitable property solely in terms of the defendant's personal possession or use. *Honeycutt v. United States*, 137 S.Ct.

1626, 1632 (2017). When the Government seeks forfeiture of specific property, the court must determine whether the Government established the requisite nexus between the property and the offense of conviction. 21 U.S.C. § 853(a).

"In contrast [to civil forfeiture], criminal or in personam forfeiture differs because its prime objective is punishment of the owner. *See United States v. Kravitz*, 738 F.2d 102, 106 (3d Cir. 1984), cert. denied, 470 U.S. 1052 (1985). The owner or possessor of the property is the defendant, and the burden of proof falls on the government. Insofar as the forfeiture rests on illegal activity, the elements of the underlying crime must be established by proof beyond a reasonable doubt." *United States v. Sandini*, 816 F.2d 869, 873 (3d Cir. 1987).

Here there is no allegation that AGC, or anyone else, obtained the Learjet as the result of a crime. There is also no allegation that the Learjet is or ever has been within AGC's possession, or that AGC has ever used the Learjet, none of which is the case.

"An in personam, criminal forfeiture is a form of monetary punishment" subject to the Excessive Fines Clause. *United States v. Haro*, 753 F. App'x 250, 259 (5th Cir. 2018); *see also Alexander v. United States*, 509 U.S. 544, 558 (1993) ("The in personam criminal forfeiture at issue here is clearly a form of monetary punishment no different, for Eighth Amendment purposes, from a traditional 'fine.'"). Any attempt to "fine" ITRC, LLC by criminal forfeiture, when no criminal wrongdoing has ever been alleged, is a violation of the Eighth Amendment.

The allegations as to the Learjet contained in the Third Superseding Indictment are as follows:

> 28. **N260RC**. On or about January 31, 2020, N260RC was scheduled to depart Brownsville, Texas to Monterrey, Mexico. 19 C.F.R. 122.22(c) requires private aircraft pilots or their designees departing the U.S. to provide CBP Automated Passenger Information System filings for each passenger at least one hour before

departure. This information was not provided, and the aircraft was seized. Agents reviewed the ownership documents for the aircraft and determined that on September 15, 2017, the Mescalero Apache Tribe sold this aircraft to ITRC, LLC. On or about October 20, 2017, ITRC[1] and AGC entered into a Trust Agreement for this aircraft. Rodolfo Camarillo Montemayor - a foreign national - was the manager of ITRC. ITRC, a Mexican corporation, held 100% of the membership shares of ITRC and Montemayor was the president, CEO, and 99% shareholder of ITRC. A bill of sale showed transfer of this aircraft to AGC and a corresponding Lease Agreement dated October 20, 2017, leased the aircraft to Camro Transportes, S.A. de C.V. Montemayor signed the Lease Agreement as the "Sole-Administrator." AGC is a Texas corporation and the sales records show an address for AGC of FOB 2547 Onalaska, Texas, which subjects its purchase to Texas's 6.25% sales tax. Rather than pay this tax, AGC filed a Texas Aircraft Exemption Certificate on or about October 30, 2017, stating that AGC did not owe the tax because "the aircraft will be registered in Onalaska, Texas" but will "be hangered in Apodaca, NL, Mexico and is not purchased for use in Texas." The aircraft has been outside of the United States for three years without any export filings.

(**Exhibit L**, Third Superseding Indictment).

The allegation in the Third Superseding Indictment that the "aircraft has been outside of the United States for three years" is directly contradicted by Beau Price's affidavit, which was attached to the notice of civil forfeiture in the State of Texas's failed attempt to seize the Aircraft. (**Exhibit M**, Affidavit of Beau Price). In his affidavit, Mr. Price states: "A review of government records indicates that the Learjet has been in the United States for only sixty-six (66) days during the time frame of January 2019 to January 2020. Further review revealed that forty (40) of the sixty six (66) days appears to have been for maintenance of the Learjet." It cannot be true that the Learjet has both been "outside of the United States for three years" and inside the United States for sixty-six days during 2019. This inconsistency and changing nature of the vague allegations underscores the fact that neither the State of Texas nor the Federal Government has ever made any specific allegations as to the Learjet that even state a claim for civil or criminal forfeiture.

It is black letter law that only a defendant's interest in property may be forfeited. *See*

---

[1] ITRC, LLC is not a "Mexican Corporation," but rather a Delaware limited liability company. (**Exhibit B**, Delaware Secretary of State filings).

Stefan D. Cassella, Criminal Forfeiture Procedure in 2006: A Survey of Developments in the Case Law, 42 CRIM. L. BULL. 515, 546-47 (2006) (noting the distinction between the defendant's interest in property, which may be forfeited, and a third party's interest, which may not be forfeited).  In this instance, the only defendant who has any "interest" in the Learjet is AGC, and this interest is merely that of a trustee that holds title to the Learjet in trust for ITRC, LLC's benefit. The innocent beneficiary's property is not subject to forfeiture as a punishment for the alleged criminal acts of a trustee, even if the Government can prove those criminal acts.  Accordingly, the Learjet itself is not subject to criminal forfeiture.

The Third Superseding Indictment is fatally defective under FED. R. CRIM. P. 12 and FED. R. CIV. P 12, as set forth above.  The Learjet is not subject to forfeiture.  Accordingly, this Court should dismiss the criminal forfeiture action with respect to the Learjet.

WHEREFORE, PREMISES CONSIDERED, ITRC, LLC and Learjet 31A Bearing Serial Number 080 and Assigned and Displaying Registration/Tail Number N260RC pray that this Motion be in all things granted, and that this Court determine ITRC, LLC's interest in the Learjet, that this Court in all things dismiss the instant criminal forfeiture action with respect to the Learjet, and grant any other and further relief, at law or in equity, to which they may be justly entitled.

Dated: March 22, 2021                    Respectfully submitted,

**MARTIN & DROUGHT, P.C.**
Weston Centre
112 East Pecan Street, Suite 1616
San Antonio, TX 78205
Telephone: (210) 227-7591
Telecopier: (210) 227-7924

By:  /s/ *Mathis B. Bishop*
GERALD T. DROUGHT
State Bar No. 06134800
gdrought@mdtlaw.com
MATHIS B. BISHOP
State Bar No. 24045500
mbishop@mdtlaw.com

ATTORNEYS FOR ITRC, LLC AND LEARJET 31A BEARING SERIAL NUMBER 080 AND ASSIGNED AND DISPLAYING REGISTRATION/TAIL NUMBER N260RC

## CERTIFICATE OF SERVICE

I hereby certify that on March 22, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to:

Ernest Gonzalez
U S Attorney's Office − Plano
101 East Park Blvd., Ste. 500
Plano, TX 75074
Email: ernest.gonzalez@usdoj.gov

Colleen Elizabeth Bloss
US Attorney's Office − Plano
101 E Park Blvd., Ste. 500
Plano, TX 75074
Email: colleen.bloss@usdoj.gov

Robert Austin Wells
U S Attorney's Office − Tyler
110 N. College, Ste. 700
Tyler, TX 75702
Email: robert.wells3@usdoj.go

Rafael De La Garza, II
The De La Garza Law Firm
3941 Legacy Dr., Ste. 204−A192
Plano, TX 75023−8334
Email: rdelagarzalaw@yahoo.com

William Brett Behenna
Coyle Law Firm
125 Park Avenue, First Floor
Oklahoma City, OK 73102
Email: bb@coylelaw.com
ATTORNEYS FOR DEFENDANT DEBRA MERCER-ERWIN

Vicki Zemp Behenna
Behenna, Goerke, Krahl & Meyer
210 W. Park Avenue, Ste. 3030
Email: vzb@lawfirmokc.com
ATTORNEY FOR DEFENDANT KAYLEIGH MOFFETT

Dan Calvin Guthrie, Jr.
Law Offices of Dan C. Guthrie, Jr.
3131 McKinney Avenue, Ste. 600
Dallas, TX 75204
Email: dan@whitecollardefense.com
ATTORNEY FOR DEFENDANT FEDERICO ANDRES MACHADO

Carlos A Garcia
Attorney at Law
1305 E Griffin Pkwy.
Mission, TX 78572
Email: email@thegarciafirm.com
ATTORNEY FOR DEFENDANT CARLOS ROCHA VILLAURRUTIA

J. Craig Jett
Burleson Pate & Gibson − Dallas
900 Jackson Street
Suite 330
Dallas, TX 75202
Email: jcj@bp−g.com
ATTORNEY FOR DEFENDANT MICHAEL ASSAD MARCOS

                                      /s/ *Mathis B. Bishop*
                                      GERALD T. DROUGHT
                                      MATHIS B. BISHOP