Accepted LJ Nov/07/2017

I hereby certify this to be a true
and correct copy of the original.
By _____
WBAT

# CONTINENT AIRCRAFT STATUTORY TRUST NO. 2814

## DECLARATION OF TRUST

### Between

**Aircraft Guaranty Corporation
as TRUSTEE**

### and

**ITRC, LLC
as GRANTOR**

Copyright Notice

The format and content of the material contained herein is the proprietary information of Aircraft Guaranty
Holdings LLC, and cannot be copied, reproduced, transmitted or communicated in any medium nor may any
information contained hereon be faxed or transmitted over the Internet or other electronic media without the
express prior written consent of Aircraft Guaranty Holdings, LLC.

DECLARATION OF TRUST & EXHIBITS                                        Trust 2814

**EXHIBIT
A-3**

**EXHIBIT A**



FILED WITH FAA
AIRCRAFT REGISTRATION BR
2011 NOV -7 A 9 49
OKLAHOMA CITY
OKLAHOMA

# TABLE OF CONTENTS

Page No.

DEFINITIONS ................................................................................................................ 4
   1.1   Defined Terms .................................................................................................. 4
   1.2   Singular to Include Plural ............................................................................... 6

ESTABLISHMENT OF TRUST .................................................................................... 6
   2.1   Appointment of the Trustee ............................................................................ 6
   2.2   Trust Agreement Acceptance .......................................................................... 6
   2.3   Representations and Warranties of the Grantor and Subsequent Transferor ...... 6
   2.4   Activities ......................................................................................................... 6
   2.5   Office ............................................................................................................... 6
   2.6   Situs of Trust ................................................................................................... 7
   2.7   Name ................................................................................................................ 7

TRANSFER OF INTEREST ........................................................................................... 7
   3.1   Transfer ........................................................................................................... 7
   3.2   Limitations on Transfer .................................................................................. 7
   3.3   Assignment of Right to Distributions ............................................................. 7

CONCERNING THE BENEFICIARY ........................................................................... 7
   4.1   Restrictions on Beneficiary's Actions ............................................................ 7
   4.2   Other Expenses Liabilities of the Trust .......................................................... 8
   4.3   Beneficiary's Duties ........................................................................................ 8

CONCERNING THE TRUSTEE ..................................................................................... 9
   5.1   Status ............................................................................................................. 10
   5.2   Acceptance of Trustee and Duties ................................................................ 10
   5.3   Furnishing of Documents .............................................................................. 11
   5.4   Reliance; Advice of Counsel ......................................................................... 11
   5.5   Not Acting in Individual Capacity ............................................................... 11
   5.6   Indemnification ............................................................................................. 11

AUTHORITY AND DUTIES OF THE TRUSTEE ...................................................... 12
   6.1   General Authority .......................................................................................... 12
   6.2   Specific Authority ......................................................................................... 12
   6.3   Trustee Duties ............................................................................................... 13
   6.4   Limitations on Trustee's Authority .............................................................. 13
   6.5   Accounting and Reports to the Beneficiary and Others ............................... 14
   6.6   Signature of Returns ..................................................................................... 14
   6.7   Notice to Beneficiary .................................................................................... 15

6.8    No Duties Except as Specified in This Agreement or in Instructions ......................... 15
6.9    No Action Except Under Specified Documents or Instructions ........................... 15

COMPENSATION OF TRUSTEE ..................................................................................... 15
7.1    Trustee's Fees and Expenses ..................................................................... 15
7.2    Lien on Trust Property .............................................................................. 15
7.3    Payments to the Trustee ............................................................................ 15

INVESTMENT AND APPLICATION OF TRUST FUNDS ............................................. 16
8.1    Investment of Trust Funds ......................................................................... 16
8.2    Allocations and Distributions ..................................................................... 16
8.3    Method of Payment .................................................................................. 17

TERMINATION OF TRUST ............................................................................................ 17
9.1    Termination of Trust ................................................................................ 17
9.2    No Termination by Grantor or Beneficiary ................................................. 17
9.3    Exercise of Trust Powers After Termination ............................................... 17
9.4    Termination pursuant to FAA Trust Policy .................................................. 17
9.5    Transfer of Title ..................................................................................... 17

SUCCESSOR TRUSTEES AND ADDITIONAL TRUSTEES ......................................... 18
10.1    Resignation or Removal of Trustee; Appointment of Successor ...................... 18
10.2    Appointment of Additional Trustees .......................................................... 19

MISCELLANEOUS ......................................................................................................... 19
11.1    Supplements and Amendments .................................................................. 19
11.2    Legal Title to Trust Property in Trustee ...................................................... 19
11.3    Contracts Made by Trustee ....................................................................... 19
11.4    Limitations on Rights of Others ................................................................. 20
11.5    Notices .................................................................................................. 20
11.6    Severability ........................................................................................... 20
11.7    Separate Counterparts .............................................................................. 20
11.8    Successors and Assigns ............................................................................ 20
11.9    Headings ................................................................................................ 20
11.10    Not Influenced by Beneficiaries who are not U.S. Citizens or Resident Aliens ... 20
11.11    Governing Law ....................................................................................... 20
11.12    Grantor Compliance with US Law .............................................................. 21
11.13    Beneficiary Compliance with US Law ......................................................... 21
11.14    Merger of Trusts ..................................................................................... 21

SIGNATURE PAGE ........................................................................................................ 22

EXHIBITS ........................................................................................... 23 thru 24

DECLARATION OF TRUST & EXHIBITS          Trust 2814

**TRUST AGREEMENT** ("Agreement") is dated as of October 20, 2017 between ITRC, LLC, as Grantor, and Aircraft Guaranty Corporation, a Wyoming corporation, as Trustee, in order to document the creation of a trust organized and operated under the Wyoming Statutory Trust Act, Wyoming Statutes Section 4-10-101 et seq., as made applicable to the document by Section 17-23-113 of the Act. The Trustee shall hold and manage all property now or later transferred to the Trustee under this Agreement for the benefit of the beneficiaries subject to the terms, covenants, conditions, purposes and provisions of this document.

## ARTICLE I

## DEFINITIONS

**1.1     Defined Terms.**  For all purposes of this Agreement, the capitalized terms are defined as follows:

"*Aircraft*" means those certain airplanes or helicopters, including engines and parts, for which the Trustee holds title for the benefit of Beneficiary, and which shall constitute the Trust Property.

"*Agreement*" means this Trust Agreement, as it may be amended from time to time.

"*Authorized Officer*" means any officer of the Trustee who is as of the relevant time authorized to act for the Trustee in matters relating to, and binding upon, the Trust and whose name appears on a list of such authorized officers furnished by the Trustee as such list may be amended or supplemented from time to time.

"*Beneficiary*" or "*Beneficiaries*" each means the singular or plural, and each means the Grantor and each of the successors in interest as beneficiaries of the Trust pursuant to Article III.

"*Business Day*" means any day that is not a Saturday, Sunday or any other day on which commercial banking institutions in Jackson, Wyoming, are authorized or obligated by law or executive order to be closed.

"*Code*" means the Internal Revenue Code of 1986, as it may be amended from time to time and as it may be interpreted under regulations promulgated by the United States Department of the Treasury.

"*Distribution Date*" means the first Business Day following a day on which the Trustee receives funds unless the date is changed by written consent of Beneficiary.

"*Distribution Date Statement*" means the statement described as such in Section 8.2(c) hereof.

"*FAA*" means the United States Department of Transportation, Federal Aviation Administration.

"*FAA Trust Policy*" means the (i) Notice of Proposed Policy Clarification for the Registration of Aircraft to U. S. Citizen Trustees in Situations involving Non-U. S. Citizen Trustors and Beneficiaries (published in the Federal Register on February 9, 2012 (77 FR 6694)) and (ii) Notice of Policy Clarification for the Registration of Aircraft to U.S. Citizen Trustees in Situations involving Non-U.S. Citizen Trustors and Beneficiaries (published in the Federal Register on June 18, 2013 (78 FR 36412)), as each may be modified, amended or supplemented from time to time and as may be further enforced or interpreted by the FAA.

-4-

"FAA Trust Policy Certificate" means the Certificate by the Beneficiary in the form attached hereto as Exhibit 2.

"Fiscal Year" means the period of time, regardless of duration, from the date of this Agreement through the next following December 31, and any successive calendar year from each January 1 to the following December 31.

"Grantor" or "Trustor" means Beneficiary and any successor in interest.

"Lease" means any lease (including subleases), operating agreement, bailment, or similar arrangement transferring possession and/or operational control of the Aircraft.

"Operator" means any party who (thru a written lease) exercises possession and/or operational control of the Aircraft

"Ownership Percentage" or "Ownership Interest" with respect to a Beneficiary means the proportion (expressed as a percentage) of the beneficial interest in the Trust Property held by such Beneficiary.

"Periodic Filings" means submissions that the Trust is required to make with any state or federal regulatory agency or under the Code.

"Person" means any individual, corporation, partnership, joint venture, association, company, trust, non-incorporated organization, business or other entity, institution, but not including government or any agency or political subdivision thereof.

"Regulatory Authority" means the FAA or any other duly authorized air authority representatives of the United States or the government where the Aircraft is habitually based or operated.

"Transfer" means the sale, transfer or other assignment of all of a Beneficiary's right, title and interest in all or a portion of such Beneficiary's beneficial interest in the Trust.

"Trust" means the trust established by this Agreement.

"Trust Property" means all right, title and interest in any property contributed to the Trust or otherwise acquired or held by the Trust, including without limitation all distributions, payments or proceeds thereon or thereof. Each Beneficiary shall hold beneficial title and interest only in the specific Trust Property. The Trust Property, principally, shall be a certain Aircraft.

"Trust Property Related Agreement" means any instrument or agreement signed by the Trustee affecting Trust Property, including, but not limited to, any lease or any operating agreement, and any financing agreements or insurance agreements.

"Trustee" means Aircraft Guaranty Corporation, a Wyoming corporation, not in its individual capacity, but solely as trustee under this Agreement, and any successor trustee hereunder.

1.2    Singular to Include Plural. Unless another meaning is clearly indicated or required by context or circumstances, either singular or plural words shall include the other.

5

Trust 2814

## ARTICLE II

## ESTABLISHMENT OF TRUST

2.1 **Appointment of the Trustee.** The Grantor appoints the Trustee as trustee of the Trust, to have all the rights, powers and duties set forth herein. The Trustee acknowledges having received in trust from the Grantor the sum of one hundred dollars, constituting the initial Trust Property.

2.2 **Trust Agreement Acceptance.** The Trustee accepts the Trust created hereby and declares that it will hold the Trust Property in trust subject to the conditions provided in this Agreement for the use and benefit of the Trustor and any successor Beneficiary.

2.3 **Representations and Warranties of the Grantor and Subsequent Transferor.** The Grantor, and any subsequent transferor transferring property to the Trust, hereby represents and warrants to the Trustee as follows:

(a) Upon the receipt of the Trust Property by the Trustee, under this Agreement, the Trustee will have good title to the Trust Property free and clear of any lien, encumbrance, defect or cloud in title ("Liens"). At the sole discretion of the Trustee, (i) any such Liens will be released, terminated or otherwise cured before Trustee receives title to the Trust Property, or (ii) Trustee may agree to receive title to the Trust Property subject to a title insurance policy in a form agreeable to the Trustee in its sole discretion.

(b) This Agreement has been duly and validly authorized, executed and delivered by, and constitutes a valid and binding agreement of the Grantor and any subsequent Transferor in accordance with its terms.

2.4 **Activities.** The Trust may engage in the following activities: (i) the ownership, management, registration and leasing of Trust Property, (ii) activities which are necessary, suitable or convenient to accomplish the foregoing, and (iii) such other activities as may be required in connection with conserving the Trust Property and making distributions to the Beneficiaries.

2.5 **Registered Agent and Office.** The registered agent and street address for the Trust in the State of Wyoming is: Frontier Registered Agency Services LLC, 199 East Pearl, Suite 101, Jackson, Wyoming 83001. The address of the Trust's administrative office in the United States is POB 2549 (2058 FM 356 North), Onalaska, Texas 77360. All records of the Trust required by the Act will be maintained at the administrative office. The Trustee may at any time alter the location of the Trust's administrative office.

2.6 **Situs of Trust.** The Trust will be administered in the State of Wyoming.

2.7 **Name.** The Trust created hereby shall be known as Continent Aircraft Statutory Trust No. 2814, which name shall be used for describing this Trust under the relevant Uniform Commercial Code, and in which name the Trustee may conduct business, make and execute mortgages, leases, contracts and other instruments necessary to acquire, mortgage, lease, sell and transfer Trust Property or other property, and sue and be sued. Any Aircraft which comprises a portion of the Trust Property shall be registered with the FAA in the name of the Trustee as contemplated by Section 6.2(c) herein.

## ARTICLE III

6

## TRANSFER OF INTEREST

### 3.1     Transfer.

(a)     Subject to the terms of this Agreement (including but not limited to Section 11.13 hereof), the beneficiary may Transfer all or any portion of the beneficial interest in the Trust Property. Such Transfer may be made by the registered owner in person or by an attorney-in-fact duly authorized in writing upon written instrument of Transfer (in a form satisfactory to the Trustee) and which such signature guarantees and evidence of authority of the persons signing the instrument of Transfer as the Trustee may reasonably require.

(b)     As a condition precedent to any Transfer, the Trustee may require the payment of a sum sufficient to cover the payment of all fees or other charges required to be paid in connection with such Transfer.

### 3.2     Limitations on Transfer.   No Transfer of a beneficial interest in the Trust shall be made to any person unless the Trustee determines that the transferee meets the Trustee's due diligence and vetting procedures for new customers.

### 3.3     Assignment of Right to Distributions.   A Beneficiary may, if the Trustee determines that the transferee meets the Trustee's due diligence and vetting procedures for new customers, assign all or any part of its right to receive distributions, but such assignment (in the absence of a permitted Transfer) shall cause no change in the ownership of the Ownership Interest (excepting only such assigned right to receive distributions) the Trust or the Trust Property or the Beneficiary's obligations hereunder.

## ARTICLE IV

## CONCERNING THE BENEFICIARY

### 4.1     Restrictions on Beneficiary's Actions.   Each Beneficiary shall comply with all applicable provisions of law and this Agreement in the manner necessary to effect the intention of the parties that legal title to Trust Property shall rest with the Trustee and that beneficial and equitable title shall rest in the Beneficiary according to the Ownership Percentage.   Beneficiary shall enjoy all the benefits and attributes of beneficial ownership of Trust Property.

### 4.2     Other Expenses, Liabilities of the Trust.   The Beneficiary shall be liable for obligations related to the Trust Property; provided, however, if the Trust has more than one Beneficiary, each Beneficiary shall be liable solely for the Trust Property in which the Beneficiary holds a Beneficial Ownership Interest.   Within ten business days of receipt of a statement delivered by the Trustee to the effect that amounts necessary to pay expenses or to meet any obligation of the Trust related to the Trust Property, and setting forth the basis for such expenses and such Beneficiary's allocable share of such expenses, each Beneficiary shall deliver to the Trustee immediately available funds in the amount of such Beneficiary's allocable share of such expenses.

The Beneficiary shall be liable for all obligations incurred by the Trustee in the performance of his duties hereunder, including, but not limited to, the payment of all fees and expenses incurred by the Trustee in the performance of his duties hereunder; provided, however, if the Trust has more than one Beneficiary, each

7.

Beneficiary shall be liable solely for its allocable share of such expenses, and each Beneficiary shall deliver to the Trustee immediately available funds in the amount of such Beneficiary's allocable share of such expenses.

      **4.3**    **Beneficiary's Duties to Provide Information under FAA Trust Policy.** The Beneficiary acknowledges that FAA may require the owner of an aircraft to provide certain information regarding the ownership, operation and condition of the Aircraft and there may be additional requirements applicable to the Trustee as set forth in the "FAA Trust Policy", and the Beneficiary hereby covenants and agrees:

      (a)    Beneficiary has reviewed the FAA Trust Policy and will provide Trustee and the FAA with the information required by the FAA Trust Policy.

      (b)    Beneficiary will execute the FAA Trust Policy Certificate and in a form acceptable to the Trustee providing the information required therein. Beneficiary shall either monitor or cause the Aircraft to be monitored and will notify Trustee promptly if the information in the FAA Trust Policy Certificate changes. Beneficiary will also provide Trustee an updated FAA Trust Policy Certificate on an annual basis. If requested by a Regulatory Authority, Beneficiary will provide the FAA Trust Policy Certificate and related information to the Regulatory Authority within the time frame noted in such request.

      (c)    If requested by a Regulatory Authority, the Beneficiary shall provide:

      (i) the following specific information within two (2) business days: (A) information in relation to the Aircraft including but not limited to the location of maintenance and other aircraft records and where the Aircraft is normally based and operated, and (B) contact information of (x) the operator of the Aircraft (including but not limited to a phone number, email address, street address and where that person resides or has its principal place of business) and (y) any other person to whom the Regulatory Authority may look to gather information related to crew members for the Aircraft, the Aircraft's operations on specific dates, the location of the Aircraft, and maintenance and other aircraft records for the Aircraft;

      (ii) the following specific information within five (5) business days: (A) information about the operator, crew (names and pilot certificate numbers) and aircraft operations on specific dates, including information about where the Aircraft will be on a specific date in the future; (B) copies of maintenance, operating logs and other aircraft records; and (C) the current airworthiness status of the Aircraft.

      (d)    In connection with any transfer of Beneficiary's interest in the Trust (other than a collateral assignment thereof), the Transferee must comply with the terms of this Agreement and provide the Trustee a new FAA Trust Policy Certificate.

      (e)    To provide the identity and contact information for the operator of the Aircraft under any Trust Property Related Agreement, or any Lease entered into from time to time by Beneficiary, or any Lease arrangement entered into from time to time by a third party, whether or not at Beneficiary's direction.

      (f)    To require that any Trust Property Related Agreement or any Lease provide the following or similar provisions to the same effect:

(i)     that all further transfers or the rights to possession and operational control of the Aircraft to a transferee must be in writing; provide the identity and contact information about the transferee; to provide an FAA Trust Policy Certificate to the extent such information is available from the transferee and the transferee's assurance that if and when the transferee is notified that the Trustee or Beneficiary has made a request, to promptly provide information related to crewmembers of the Aircraft and the Aircraft's operations on specific dates, the location of the Aircraft, and the maintenance and other records for the Aircraft;

(ii)    that each such further transferee or operator shall provide (x) its reasonable cooperation to Trustee, Beneficiary and the FAA in an expeditious manner with respect to any request from the Regulatory Authority for information and access to records of the Aircraft and (y) shall authorize the Regulatory Authority to inspect the Aircraft; and

(iii)   that each such further transferee or operator agrees that the above-referenced information and inspection requirements would be made and agreed in all subsequent or downstream Leases thereby requiring each such subsequent transferee or operator to provide such contact information in the event there has been a transfer of possession and operation to another party, to update such information when any changes occur, and to promptly confirm such information at any time upon request by Trustee or Beneficiary, to provide its reasonable cooperation to Trustee, Beneficiary and the Regulatory Authority in an expeditious manner with respect to any request from the Regulatory Authority for information and access to records of the Aircraft, and to authorize the Regulatory Authority to inspect the Aircraft.

(g)     That the information received by Trustee or Beneficiary pursuant to this Agreement or as Trustee may have in its position, may be delivered to the Regulatory Authority, without further consent or acknowledgment of the Beneficiary, or any other third party.

(h)     If the FAA amends, supplements or modifies in any way, the FAA Trust Policy, Beneficiary agrees to abide by such changes, and if necessary, agrees to amend this Agreement such that this Agreement will comply with the changes to the FAA Trust Policy..

## ARTICLE V

## CONCERNING THE TRUSTEE

5.1     **Status.** Trustee represents and warrants that it is a "citizen of the United States of America" within the meaning of Title 49, Section 40102(a) (15) of the United Stated Code.

5.2     **Acceptance of Trustee and Duties.** The Trustee accepts the trust created and accepts legal title as Trustee to the Trust Property. The Trustee agrees to perform its duties upon the terms of this Agreement. The Trustee shall not be personally liable under any circumstances, except (i) for its own willful misconduct or gross negligence, (ii) for liabilities arising from the failure by the Trustee to perform obligations expressly undertaken by it in the last sentence of Section 6.7, or (iii) for taxes, fees or other charges on, based on or measured by any fees, commissions or compensation received by the Trustee in connection with any of the transactions contemplated by this Agreement or a Trust Property Related Agreement. Pursuant to Wyoming Statute Section 14-23-105, the Trustee shall not be held to a more rigorous standard of care than

9

that imposed upon directors of a business corporation under the Wyoming Business Corporation Act. In particular, but not by way of limitation:

(a)     The Trustee shall not be liable for any error of judgment made in good faith by an Authorized Officer of the Trustee;

(b)     The Trustee shall not be liable with respect to any action taken or omitted to be taken by the Trustee in good faith in accordance with the instructions of the persons holding all of the beneficial Ownership Interest.

(c)     No provision of this Agreement shall require the Trustee to expend or risk its personal funds or otherwise incur any financial liability in the performance of any of its rights or powers hereunder, if the Trustee shall have reasonable grounds for believing that repayment of such funds or adequate indemnity against such risk or liability is not reasonably assured or provided to it;

(d)     Under no circumstances shall the Trustee be personally liable for any indebtedness of the Trust under any Trust Property Related Agreement; and

(e)     The Trustee shall not be personally responsible for or in respect of the validity or sufficiency of this Agreement or for the due execution hereof by the Grantor, or for the form, character, genuineness, sufficiency, value or validity of any collateral, or for or in respect of the validity or sufficiency of a Trust Property Related Agreement.

(f)     Under no circumstance shall Trustee be liable to the Beneficiary under any provision of this Agreement or any other document, instrument or agreement entered into by the Trustee and/or the Trust with respect to the Aircraft, except and solely to the extent of any loss or claim incurred by the Beneficiary which is attributable to the gross negligence of willful misconduct of Trustee in its individual capacity or in its capacity as Trustee.

(g)     To the extent that the Trustee takes any action or inaction in accordance with any written instructions and/or advice of the Beneficiary given or in exercising its discretion under this Agreement such action or inaction shall not be deemed to be gross negligence or willful misconduct.

(h)     Trustee, in its individual capacity, shall have no liability the Beneficiary or to any other Person for any loss, claim, penalty or tax as a result of, or in connection with, the transactions contemplated by this Agreement.

(i)     Any claim by any Person other than Beneficiary resulting from or relating to the transactions contemplated by this Agreement and/or Trustee's role as Trustee hereunder shall be brought exclusively against the Trust and/or the Trustee and not against Trustee in its individual capacity, and shall be satisfied solely with and shall be limited to, the assets of the Trust Property.

(j)     To the extent that Trustee, in its capacity as Trustee hereunder, has any duties, fiduciary or otherwise to any Person, such duties are hereby eliminated and replaced solely and exclusively by the express duties of the Trustee to the Beneficiary as set forth herein.

10

Trust 2814

**5.3     Furnishing of Documents.**  The Trustee shall send to the Beneficiary, promptly upon receipt thereof, duplicates or copies of all material reports, notices, requests, demands, certificates, financial statements and any other instruments received by the Trustee hereunder (other than documents originated by or otherwise furnished to the Beneficiary).

**5.4     Reliance; Advice of Counsel.**

(a)     The Trustee shall incur no liability to anyone in acting upon any signature, instrument, notice, resolution, request, consent, order, certificate, report, opinion, bond or other document or paper believed by it to be genuine or believed by it to be signed by the proper party or parties.  The Trustee may accept a certified copy of a resolution of the board of directors or other governing body of any corporate party as conclusive evidence that such resolution has been duly adopted by such body and that the same is in full force and effect.  As to any fact or matter the manner of ascertainment of which is not specifically prescribed herein, the Trustee may for all purposes hereof rely on a certificate, signed by the president or any vice president or by the treasurer or any assistant treasurer or the secretary or any assistant secretary of the relevant party, as to such fact or matter, and such certificate shall constitute full protection to the Trustee for any action taken or omitted to be taken by it in good faith in reliance thereon.

(b)     In the exercise or administration of the Trust hereunder and in the performance of its duties and obligations under any of the Trust Property Related Agreement, the Trustee (i) may act directly or, at the expense of the Trust, through agents or attorneys pursuant to agreements entered into with any of them, and the Trustee shall not be liable for the default or misconduct of such agents or attorneys if such agents or attorneys shall have been selected by the Trustee with reasonable care; and (ii) may, at the expense of the Trust, consult with counsel, accountants and other skilled persons to be selected with reasonable care, and the Trustee shall not be liable for anything done, suffered or omitted in good faith by it in accordance with the advice or opinion of any such counsel, accountants or other skilled persons.

**5.5     Not Acting in Individual Capacity.**  In accepting the trusts hereby created the Trustee acts solely as a Trustee and not in its individual capacity, and all persons having any claim against the Trustee by reason of the transactions contemplated by this Agreement or any Trust Property Related Agreement shall look only to the Trust Property for payment or satisfaction.

**5.6     Indemnification.**  Pursuant to Wyoming Statute Section 17-23-121 the Trust shall indemnify each of its Trustee, and its officers, employees and agents and other persons designated by the Trustee to receive such indemnification, against all liabilities and expenses (including, without limitation, amounts paid in satisfaction of judgments, in compromise of as fines and penalties, and counsel fees; collectively, the "Expenses") reasonably incurred by him in connection with the defense or disposition of any action, suit or other proceeding by the Trust or any other person, whether civil or criminal , in which he may be involved or with which he may be threatened, while in office or thereafter, by reason of his being or having been such a Trustee, officer, employee, agent or otherwise designated person except as to any matter as to which he shall have been adjudicated to have acted with willful misconduct or gross negligence, provided, however, that the provisions of the Section shall not be construed to permit the indemnification of any agent of the Trust with respect to breaches by it of a contract between it and the Trust; and further provided; however, that as to any matter disposed of by a compromise payment by such Trustee, officer, employee, agent, or otherwise designated Person, no indemnification either for said payment or for any other expense shall be provided unless the Trust shall have received a written opinion from independent counsel approved by the Trustee to the effect that if the foregoing matters had been adjudicated, the defenses that could have been

presented on behalf of such Trustee, officer, employee, agent or otherwise designated Person were meritorious. The Trustee may make advance payments in connection with the indemnification under this paragraph provided that the indemnified Trustee, officer, employee, agent or otherwise designated person shall have given a written undertaking to reimburse the Trust in the event that it its subsequently determined that he is not entitled to such indemnification. Any action taken by, or conduct on the part of the Trustee, and officer, or an employee of the Trust in conformity with, or in good faith reliance upon, the provisions of Section 5.4 hereof shall not, for the purpose of this Declaration of Trust constitute willful misconduct, or gross negligence. For the avoidance of doubt, the foregoing indemnities shall apply to any Expenses which may result from, arise out of, or are in any manner related to the Regulatory Authority's receipt of the information set forth in Section 4.3 hereof.

## ARTICLE VI

### AUTHORITY AND DUTIES OF THE TRUSTEE

6.1 **General Authority.** The Trustee is authorized to take all actions required or permitted to be taken by it pursuant to the terms of this Agreement and any Trust Property Related Agreement.

6.2 **Specific Authority.** Beneficiary hereby confirms that the Trustee is hereby authorized and directed to take the following action, and Trustee covenants and agrees to take the following action:

(a) Hold legal title to all Trust Property;

(b) To accept and to return the legal title to any aircraft placed into the Trust as Trust Property by the Grantor or successor Beneficiary only from or to the Grantor or successor Beneficiary of record at the time of such title passage.

(c) Take all actions which the Trustee deems necessary or advisable to register any Aircraft which comprises a portion of the Trust Property with the United States Federal Aviation Administration and to insure that such Aircraft maintains its registration and complies with related regulations and requirements.

(d) Collect and dispense funds as described in this Agreement and any Trust Property Related Agreement.

(e) Upon request by the FAA, and with the cooperation of the Beneficiary, to provide the FAA with the information required under Section 4.3. In connection with providing this information. Trustee shall have no liability in its individual capacity under this Section 6.2(e) except to the extent, and solely to the extent, that any failure to comply with any provision of this Section 6.2(e) is solely attributable to the gross negligence or willful misconduct of Trustee in its capacity as Trustee. Under no circumstance shall Trustee in its individual capacity be liable to the Beneficiary under this Section 6.2(e), or any other provision of this Agreement, if any failure to comply with the requirements of this Section 6.2(e) or any other provision of this Agreement is caused by or is otherwise attributable to any action or inaction (whether or not performed in a timely manner) of any other Person (including the Beneficiary). Under no circumstances shall Trustee, in its individual capacity, be liable to any Person (other than the Beneficiary as expressly provided in this Section 6.2(e)) for any breach of, or failure to comply with, the terms of this Section 6.2(e).

12

(f)    To immediately forward all applicable FAA airworthiness directives received by the FAA to the Beneficiary or the Operator of the Aircraft, as applicable under any Trust Property Related Agreement, by the most expeditious means available.

(g)    To notify the FAA Aircraft Registry by the most expeditious means available of the Trustee's resignation or removal under Article X of this Agreement or of the termination of the Trust under Article IX of this Agreement.

(h)    To permit the inspection of the Aircraft and/or records of the Aircraft by any Regulatory Authority.

6:3    **Trustee Duties.**  It shall be the duty of the Trustee to discharge all of its responsibilities pursuant to the terms of this Agreement and to administer the Trust for the interest of the Beneficiary. Trustee shall have the right to grant to the Beneficiary the independent power to manage, control and maintain the Trust Property in all things except (i) those matters subject to the exclusive authority of the Trustee referred to in Sections 6.1 and 6.2 and (ii) the limitations set forth in Section 6.4 or as otherwise set forth herein.

6:4    Limitations on Trustee Authority.

(a)    Subject to paragraph (b) of this Section 6.4, and notwithstanding any other provision of this Agreement, the Beneficiary will have no rights or powers to direct, influence or control the Trustee in the performance of the Trustee's duties under this Trust Agreement including matters involving the ownership and operation of the Aircraft by the Trustee, Beneficiary, or any third party. In all matters involving the ownership and operation of the Aircraft by the Trustee, Beneficiary, or any third party, Trustee shall have absolute and complete discretion in connection therewith and shall be free of any kind of influence or control whatsoever by the Beneficiary, and the Trustee shall exercise its duties under this Trust Agreement in connection with matters involving the ownership and operation of the Aircraft by the Trustee, Beneficiary, or any third party, as Trustee, in its discretion, shall deem necessary to protect the interests of the United States, notwithstanding any countervailing interest of any foreign power which, or whose citizens, may have a direct or indirect interest in the Beneficiary and any such action by the Trustee shall not be considered malfeasance or in breach of any obligation which the Trustee might otherwise have to the Beneficiary; provided, however, that subject to the foregoing limitations, the Trustee shall exercise its discretion in all matters arising under this Agreement, including the ownership and operation of the Aircraft by the Trustee, Beneficiary, or any third party, with due regard for the interests of the Beneficiary. Notwithstanding the foregoing, and for the avoidance of doubt, the parties acknowledge that the Trustee shall not be in operational control of the Aircraft at any time during the term of this Trust.

(b)    Subject to the requirements of the preceding paragraph (a), the Trustee shall endeavor to seek the prior written consent of the Beneficiary prior to entering into any agreement to: (i) sell, mortgage, pledge or otherwise dispose of the Aircraft or other assets held in the Trust relating thereto; or (ii) amend any Trust Property Related Agreement, any Lease, or other document (other than a document over which Trustee has absolute and complete discretion established under Section 6.4(a) or give any consents thereunder except as otherwise expressly provided for herein. With respect to intent of this paragraph, it is not to be interpreted that the Trustee must have the written consent of beneficiary to act with respect to the sale, disposal, or encumbrance actions contained herein; however, Trustee reserves the right to require

13

the Beneficiary to give written consent to act in such matters if Trustee determines that such written consent is in the best interest of the Grantor and/or Beneficiary and/or Trustee.

(c)     The purpose of this Section 6.4 is to assure that (i) the Aircraft shall be controlled with respect to such matters as are described in Section 6.4(a) of this Agreement by a citizen of the United States (as defined in Sections 5.1 and 10.1(c) hereof), (ii) the Beneficiary shall have no power to influence or control the exercise of the Trustee's authority with respect to such matters, and (iii) Trustee shall be able to give the affidavit required by Section 47.7(c)(2)(iii) of the Federal Aviation Regulations. Therefore, Section 6.4 shall be construed in furtherance of the foregoing purpose.

(d)     In creating and accepting the Trust, Beneficiary and Trustee each acknowledges that in case of conflict, the limitations in Sections 6.4 and 11.10 of this Agreement are paramount and superior to any other terms and conditions in this Agreement, or in any other document or documents including without limitation, under any Trust Property Related Agreement, or any Lease to which Beneficiary and Trustee are a party in respect of the Trust. It is understood and agreed by the parties hereto that nothing in this Agreement shall relieve any of the Beneficiary, Trustee or any other Person of any obligation to comply with any law, rule or regulation of any governmental authority with respect to the ownership and operation of the Aircraft.

6.5     **Accounting and Reports to the Beneficiary and Others.** The Trustee shall (i) maintain or cause to be maintained the financial books of the Trust relating to the receipt and disbursement of all funds received or disbursed by the Trustee, and (ii) deliver to each Beneficiary within 90 days of the end of each Fiscal Year, or more often, as may be required by applicable law, a copy of the annual financial statement of the Trust for such Fiscal Year and a statement in such form and containing such information and requirements as the beneficiary has appraised the Trustee in writing are necessary and appropriate to enable each Beneficiary to prepare its tax returns.

6.6     **Signature of Returns.** The Trustee shall sign on behalf of the Trust any tax returns, annual return, and other Periodic Filings of the Trust, unless applicable law requires a Grantor or Beneficiary to sign such documents, in which case, the designated person shall sign such document.

6.7     **Notice to Beneficiary.** In the event that the Trustee is unable to decide between alternative courses of action, or is unsure as to the application of any provision of this Agreement or any Trust Property Related Agreement, or such provision is ambiguous as to its application, or is, or appears to be, in conflict with any other applicable provision, or in the event that this Agreement or any Trust Property Related Agreement permits any determination by the Trustee or is silent or is incomplete as to the course of action which the Trustee is required to take with respect to a particular set of facts, the Trustee may give notice (in such form as shall be appropriate under the circumstances) to the Beneficiary requesting instructions and, to the extent that the Trustee shall have acted or refrained from acting in good faith in accordance with any instructions received from the holder of all of the Beneficial Ownership Interest, the Trustee shall not be liable on account of such action or inaction to any person. If the Trustee shall not have received appropriate instructions within ten days of such notice (or within such shorter period of time as may be specified in such notice) the Trustee may, but shall be under no duty to, take or refrain from taking such action, not inconsistent with this Agreement or the Trust Property Related Agreement, as the Trustee shall deem to be in the best interests of the Beneficiary, and the Trustee shall have no liability to any person for such action or inaction.

14

**6.8    No Duties Except as Specified in This Agreement or in Instructions.** The Trustee shall not have any duty or obligation to manage, make any payment in respect of, record or otherwise deal with the Trust Property, or to otherwise take or refrain from taking any action under, or in connection with, any document contemplated hereby to which the Trustee is a party, except as expressly provided by the terms of this Agreement, or any Trust Property Related Agreement, and no implied duties or obligations shall be read into this Agreement against the Trustee. Trustee agrees that it will deal with the Aircraft or any other part of the Trust Property in accordance with the terms of this Agreement and any Trust Property Related Agreement. The Trustee nevertheless agrees that it will, at its own cost and expense, promptly take all action as may be necessary to discharge any liens on any part of the Trust Property which result from claims against the Trustee personally that are not related to the ownership or the administration of the Trust Property or the transactions contemplated by the Trust Property Related Agreement.

**6.9    No Action Except Under Specified Documents or Instructions.** The Trustee shall not manage, control, use, sell, dispose of or otherwise deal with any part of the Trust Property except (i) in accordance with the powers granted to and the authority conferred upon the Trustee pursuant to this Agreement, (ii) in accordance with instructions delivered to the Trustee pursuant to Section 6.7 hereof, and (iii) as required by law.

## ARTICLE VII

## COMPENSATION OF TRUSTEE

**7.1    Trustee's Fees and Expenses.** The Trustee shall receive compensation for its services as set forth on the fee schedule attached as Exhibit 1 or as separately agreed between the Trustee and Beneficiary(s). The Trustee shall be entitled to be reimbursed for its reasonable expenses and disbursements, including, without limitation, the reasonable compensation, expenses and disbursements of such agents, representatives, experts and counsel as the Trustee may employ in connection with the exercise and performance of its rights and duties under this Agreement and Trust Property Related Agreement.

**7.2    Lien on Trust Property.** The Trustee shall have and is hereby granted a lien on the Trust Property, and the represented Ownership Interest, for any compensation or expenses and indemnity due, and this lien shall be prior to all other liens; provided any such lien shall automatically terminate upon distribution or removal of the Aircraft from the Trust Property.

**7.3    Payments to the Trustee.** Any amounts paid to the Trustee from the Trust Property shall be deemed not to be part of the Trust Property immediately after such payment.

## ARTICLE VIII

## INVESTMENT AND APPLICATION OF TRUST FUNDS

**8.1    Investment of Trust Funds.** Income with respect to and proceeds of the Trust Property which are received by the Trustee more than one day prior to a Distribution Date shall be invested and reinvested by the Trustee. All such investments shall have a maturity date no later than the Business Day preceding the next Distribution Date unless they are redeemable at the option of the Trustee prior to maturity. Interest earned from such investment and reinvestment shall be credited to the Trust Property.

15

**8.2    Allocations and Distributions.**

(a)    Income with respect to and proceeds of Trust Property held by the Trustee on a Distribution Date shall be distributed by the Trustee on such Distribution Date in the following order:

(i)    first, pay any amounts due to the Trustee under this Agreement;

(ii)    second, to pay any amounts then due to any person under any Trust Property Related Agreement; and

(iii)    third, to pay any other expenses associated with the Trust Property.

(b)    Income and proceeds with respect to the Trust Property held by the Trustee on a Distribution Date after the application of funds pursuant to Section 8.2(a) shall be distributed on such Distribution Date to the Beneficiaries holding beneficial Ownership Interest in the Trust Property, in proportion to their respective Ownership Percentages, determined as of the close of business on the Business Day immediately preceding such Distribution Date, and adjusted to take into consideration the duration that the Beneficiary has held the Ownership Percentage. All payments to be made under this Agreement by the Trustee shall be made only from the income and proceeds of the Trust Property and only to the extent that the Trustee has received such income and proceeds.

(c)    With each distribution to a Beneficiary pursuant to Section 8.2(b) above, the Trustee shall deliver a Distribution Date Statement setting forth, for the period since the preceding Distribution Date:

(i)    income and proceeds received by the Trustee with respect to the Trust Property;

(ii)    amounts paid to the Trustee;

(iii)    amounts paid to any person pursuant to a Trust Property Related Agreement; and

(iv)    amounts paid for other expenses associated with the Trust Property.

(d)    Each net item of income, gain, loss, deduction, credit or allowance for any fiscal year, or applicable portion thereof, shall be allocated to the Beneficiary in the ratio of its Ownership Percentage in the Trust. In the event that any tax is imposed on the Trust, such tax shall be charged against amounts otherwise distributable to the Beneficiaries on a pro rata basis according to the Ownership Percentage. The Trustee is hereby authorized to retain from amounts otherwise distributable to the Beneficiaries sufficient funds to pay or provide for the payment of, and to actually pay, such tax as is legally owed by the Trust (but such authorization shall not prevent the Trustee from contesting any such tax in appropriate proceedings, and withholding payment of such tax, if permitted by law, pending the outcome of such proceedings).

**8.3    Method of Payment.** All amounts payable to a Beneficiary pursuant to this Agreement shall be paid by the Trustee to such Beneficiary or a nominee therefor by check payable to such Beneficiary, mailed first class to the address of such Beneficiary appearing on the register maintained pursuant to Section 3.2, or by crediting the amount to be distributed to such Beneficiary to an account maintained by such Beneficiary

16

with the Trustee or by transferring such amount by wire transfer in immediately available funds to a banking institution with bank wire transfer facilities for the account of such Beneficiary, as instructed in writing from time to time by such Beneficiary. The Trustee may require a Beneficiary to pay any wire transfer fees incurred in connection with any wire transfer made to such Beneficiary.

## ARTICLE IX

### TERMINATION OF TRUST

**9.1    Termination of Trust.**  The Trust created hereby shall terminate and the Trust Property shall be distributed to the Beneficiary in accordance with their respective Ownership Percentages, and this Agreement shall be of no further force or effect, upon the earliest of (i) the final distribution by the Trustee of all moneys or other property or proceeds of the Trust Property in accordance with the terms of this Agreement and the Trust Property Related Agreement, (ii) a decision by the Trustee that termination of the Trust will be in the best interests of the Beneficiary, or (iii) the removal or resignation of the Trustee without the appointment of a successor Trustee.  Otherwise the Trust shall have perpetual existence pursuant to Wyoming Statute Section 17-23-112.

**9.2    No Termination by Grantor or Beneficiary.**  Except as provided in Sections 9.1 and 9.4, neither the Grantor nor the Beneficiary shall be entitled to terminate or revoke the Trust established hereunder.

**9.3    Exercise of Trust Powers After Termination.**  After termination of the Trust as provided in Section 9.1, Trustee shall have no authority or power to act on behalf of the Trust.

**9.4    Termination pursuant to FAA Trust Policy.**  The Beneficiary agrees that it is required to abide by the FAA Trust Policy, and failure to do so, or to provide the information set forth in Section 4.3 hereof, shall constitute a breach by Beneficiary of this Agreement.  Under such circumstance, Trustee, in its sole discretion, may pursuant to Article X resign or terminate this Trust in accordance with the terms of this Agreement and the Trust Property Related Agreement and distribute the Trust Property (less any fees or other costs owed to the Trustee) in accordance with the respective Ownership Percentages. Prior to any resignation or termination, Trustee shall provide a thirty (30) day written notice to Beneficiary and all entities that are parties to any Trust Property Related Agreements.  Upon such termination, this Agreement shall be of no further force or effect.

**9.5    Transfer of Title.**  Upon any termination of the Trust pursuant to the provisions of Article IX hereof, Trustee shall convey title of the Trust Property to Beneficiary, unless otherwise agreed to in the sole discretion of the Trustee. UNLESS OTHERWISE AGREED TO IN THE SOLE DISCRETION OF THE TRUSTEE, SUCH TITLE SHALL BE CONVEYED IN AN "AS IS, WHERE IS" CONDITION WITH ALL FAULTS, WITHOUT ANY REPRESENTATION OR WARRANTY OF ANY KIND OR NATURE MADE BY TRUSTEE, INCLUDING WITHOUT LIMITATION, ANY WARRANTY OF TITLE, ANY EXPRESS OR IMPLIED (STATUTORY OR OTHERWISE) WARRANTY OF MERCHANTABILITY, CONDITION, QUALITY, AIRWORTHINESS, DURABILITY, DESIGN, VALUE, OPERATION, FITNESS FOR USE, OR SUITABILITY OF THE TRUST PROPERTY, INCLUDING ANY COMPONENT THEREOF, OR ANY OTHER ASSET IN ANY RESPECT WHATSOEVER OR IN CONNECTION WITH THE TRUST PROPERTY OR FITNESS FOR ANY PARTICULAR PURPOSE.

## ARTICLE X

17

## SUCCESSOR TRUSTEES AND ADDITIONAL TRUSTEES

### 10.1 Resignation or Removal of Trustee; Appointment of Successor.

(a)     The Trustee may resign and appoint a successor Trustee at any time by giving the Beneficiary at least 30 days prior written notice before the effective date of Trustee's resignation given in the notice, such resignation to be effective upon the acceptance of appointment by a successor Trustee under Section 10.1(b) below or on the effective date of resignation stated in the Trustee's thirty day written notice to the Beneficiary if a successor Trustee has not been appointed by the Beneficiary or a court of competent jurisdiction. In addition, the Beneficiary holding one hundred percent of the Ownership Percentage, at any time, may remove the Trustee for cause only by an instrument in writing delivered to the Trustee - subject to the regulatory limitation that non-U.S. citizens not hold more than 25 percent of the aggregate power to remove Trustee - such removal to be effective upon the acceptance of appointment by a successor Trustee under Section 10.1(b) and 10.1(c), below. Such writing must be signed by an authorized person or persons. Said cause shall be determined by Wyoming District Court, 9th Judicial District or if applicable a United States District Court, District of Wyoming or other court with jurisdiction over the Trustee and may include willful misconduct or gross negligence, but cause will not include the refusal of Trustee to act or refrain from acting in a manner that (i) would violate the laws, regulations, court orders, or lawful directions of a government agency; (ii) is outside the scope of Trustee's authority, (iii) is contrary to Trustee's obligations hereunder; or (iv) is the subject of a mere disagreement between Trustee and Beneficiary. In case of the resignation or removal of the Trustee, the Beneficiary may appoint a successor Trustee by an instrument signed by the holder(s) of one hundred percent of the Ownership Percentage. If a successor Trustee shall not have been appointed within 30 days after the giving of written notice of such resignation or the delivery of the written instrument with respect to such removal, the Trustee or the Beneficiary may apply to any court of competent jurisdiction to appoint a successor Trustee to act until such time, if any, as a successor Trustee shall have been appointed as provided above. Any successor Trustee so appointed by such court shall immediately and without further act be superseded by any successor Trustee appointed as above provided within one year from the date of the appointment by such court.

(b)     Any successor Trustee, however appointed, shall execute and deliver to the predecessor Trustee an instrument accepting such appointment, and thereupon such successor Trustee, without further act, shall become vested with all the estates, properties, rights, powers, duties and trust of the predecessor Trustee in the Trust with like effect as if originally named the Trustee; but nevertheless, upon the written request of such successor Trustee, such predecessor Trustee shall execute and deliver an instrument transferring to such successor Trustee all the estates, properties, rights, powers, duties and trusts of such predecessor Trustee, and such predecessor Trustee shall duly assign, transfer, deliver and pay over to such successor Trustee all moneys or other property then held or subsequently received by such predecessor Trustee upon the Trust.

(c)     If the successor Trustee is not a United States citizen, then the successor Trustee shall take appropriate action to change the registration of title to Aircraft included as Trust Property to the country in which the successor Trustee qualifies for registration. For purposes of this Agreement, United States citizen means (i) an individual who is a citizen of the United States, (ii) a partnership of which each member is such an individual, or (iii) a corporation or association created or organized under the laws of the United States or of any state, territory, or possession of the United States, of which the president and two-thirds or more of the board of directors and other managing officers thereof are such individuals and in which at least seventy-

18

Trust-2814

five percent (75%) of the voting interest is owned or controlled by persons who are citizens of the United States or of one of its possessions.

(d)    Any corporation or limited liability company into which the Trustee may be merged or converted or with which it may be consolidated, or any corporation resulting from any merger, conversion or consolidation to which the Trustee shall be a party, or any corporation to which substantially all of the corporate-trust business of the Trustee may be transferred, shall, subject to the terms of Section 10.1(c), be the Trustee under this Agreement without further act.

10.2    **Appointment of Additional Trustees.** At any time or times for the purpose of meeting any legal requirements of any jurisdiction in which any part of the Trust Property may at the time be located, the Trustee, by an instrument in writing, may appoint one or more individuals or corporations to act as separate trustee of all or any part of the Trust Property to the full extent that local law makes it necessary or appropriate for such separate trustee or separate trustees to act alone.

## ARTICLE XI

### MISCELLANEOUS

11.1    **Supplements and Amendments.** This Agreement may be amended only by a written instrument signed by the Trustee and all of the Beneficiaries at the time of such amendment; provided, however, that if, in the opinion of the Trustee, any instrument required to be so executed adversely affects any right, duty or liability of, or immunity or indemnity in favor of, the Trustee under this Agreement or any of the documents contemplated hereby to which the Trustee is a party, or would cause or result in any conflict with or breach of any terms, conditions or provisions of, or default under, the charter documents or by-laws of the Trustee or any document contemplated hereby to which the Trustee is a party, the Trustee may in its sole discretion decline to execute such instrument.

11.2    **Legal Title to Trust Property in Trustee.** The Trustee shall have legal title to the Trust Property and Beneficiary shall only have an undivided beneficial and equitable Ownership Interest therein. No transfer, by operation of law or otherwise, of any right, title or interest of the Beneficiary in and to its undivided beneficial interest in the Trust Property shall operate to terminate this Agreement or the trust or entitle any successor transferee to an accounting or to the transfer to it of legal title to any part of the Trust Property.

11.3    **Contracts Made by Trustee.** Upon receipt of written consent of the Beneficiaries, the Trustee has authority to execute any Trust Property Related Agreement and any documents provided for therein, and such action shall bind the Beneficiary and shall be effective to obligate the Trustee and the Beneficiary to the extent set forth in such Trust Property Related Agreement. No third party shall be required to inquire as to the authorization, necessity, expediency or regularity of such action or as to the application of any proceeds by the Trustee.

11.4    **Limitations on Rights of Others.** Nothing in this Agreement, whether express or implied, shall be construed to give to any person other than the Trustee and the Beneficiary any legal or equitable right, remedy or claim in the Trust Property or under or in respect of this Agreement or any covenants, conditions or provisions contained herein.

19

**11.5    Notices.** Unless otherwise expressly specified or permitted by the terms hereof, all notices shall be in writing and delivered by hand or mailed by certified mail, postage prepaid, if to the Trustee, addressed to: Aircraft Guaranty Corporation, POB 2549 (2058 FM 356 North), Onalaska, Texas 77360, or to such other address as the Trustee may have set forth in a written notice to the Beneficiary; and if to a Beneficiary, addressed to it at the address set forth for the Beneficiary in the register maintained by the Trustee.

**11.6    Severability.** Any provision of this Agreement which is prohibited or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such prohibition or unenforceability without invalidating the remaining provisions hereof, and any such prohibition or unenforceability in any jurisdiction shall not invalidate or render unenforceable such provision in any other jurisdiction.

**11.7    Separate Counterparts.** This Agreement may be executed by the parties hereto in separate counterparts, each of which when so executed and delivered shall be an original, but all such counterparts shall together constitute but one and the same instrument.

**11.8    Successors and Assigns.** All covenants and agreements contained herein shall be binding upon, and inure to the benefit of, the Trustee and its successors and assigns, and each Beneficiary and its successors and permitted assigns, all as herein provided. Any request, notice, direction, consent, waiver or other instrument or action by a Beneficiary shall bind the successors and assigns of such Beneficiary.

**11.9    Headings.** The headings of the various articles and sections are for convenience of reference only and shall not define or limit any of the terms or provisions.

**11.10    Not Influenced by Beneficiaries or any other persons who are not U.S. Citizens or Resident Aliens.** Notwithstanding anything to the contrary in this Agreement, the Trustee and the Beneficiary hereby agree as follows:

If persons who are neither U.S. Citizens or resident aliens have the power to direct or remove the Trustee, either directly or indirectly through the control of another person, those persons shall not have more than twenty-five percent (25%) of the aggregate power to direct or remove the Trustee.

**11.11    Governing Law.** This Declaration of Trust is adopted by the Grantor and Trustee and delivered in the State of Wyoming and with reference to the laws thereof, and the rights of all parties and the validity, construction and effect of every provision hereof shall be subject to and construed according to the laws of the said State of Wyoming.

**11.12    Grantor Compliance with US Law.** Grantor affirms that it is in full compliance with all laws and regulations applicable to it including, without limitation, (a) ensuring that no person who owns a controlling interest in or otherwise controls Grantor is or shall be: (1) listed on the Specially Designated Nationals and Blocked Person List maintained by the Office of Foreign Assets Control (**"OFAC"**), Department of the Treasury, and/or any other similar lists maintained by OFAC pursuant to any authorizing statute, Executive Order or regulation or (2) a person designated under Section 1(b), (c), or (d) of Executive Order No. 13224 (September 23, 2001), any related enabling legislation or any other similar Executive Orders.

**11.13    Beneficiary Compliance with US Law.** Each Beneficiary acknowledges that the Aircraft may be subject to restrictions involving the export and re-export of the same pursuant to the laws and regulations

20

of the United States, that the laws and regulations of the United States restrict the transfer of any interest in the Aircraft to certain persons (collectively, the "Export Restrictions") and that such Export Restrictions may apply to the Aircraft even after the Aircraft has been physically removed or transferred from the United States. Beneficiary acknowledges that Trustee, as an entity formed in the United States, may be subject to the laws and regulations of the United States, including, without limitation, those promulgated by OFAC and the Financial Crimes Enforcement Network (collectively, the "U.S. Laws"). Beneficiary agrees that it will comply with, and will not knowingly permit the Aircraft to be used in a manner that is contrary to Export Restrictions and U.S. Laws applicable to (i) the Beneficiary; (ii) the Trustee, or (iii) the Aircraft, including the acquisition, possession, operation, use, maintenance, leasing, subleasing, or other transfer or disposition thereof. Beneficiary agrees that it will not permit the assignment of this Agreement, any transfer of the beneficial interest created by this Agreement, or a lease or sublease of the Aircraft (collectively, a "Transfer") without Trustee's prior written approval of such Transfer. Trustee shall not unreasonably delay its decision on a request for approval from Beneficiary nor shall it unreasonably withhold its approval to such request. To facilitate Trustee's evaluation of the Transfer, Beneficiary agrees that it will use reasonable efforts to provide Trustee with any information reasonably requested by the Trustee regarding the Transfer, the proposed transferee and/or the ownership of the proposed transferee. Trustee's decision to approve or disapprove the proposed Transfer shall not be deemed to have been unreasonably delayed if Trustee has not obtained the information it needs to make the decision, and Trustee's approval of the proposed Transfer shall not be deemed to have been unreasonably withheld if Trustee has determined that the Transfer will or may reasonably be expected to put Trustee at risk of violating any laws or regulations applicable to Trustee including, without limitation, the Export Restrictions and/or U.S. Laws. If Trustee withholds approval of a Transfer as set forth herein, then (i) subject to the terms of this Agreement, Trustee may resign and (ii) Trustee shall have no obligation to consent to or facilitate a Transfer while Trustee's resignation is pending.

**11.14 Merger of Trusts.** After notice to the Beneficiaries, a Trustee may combine two (2) or more trusts into a single trust or divide a trust into two (2) or more separate trusts, if the result does not impair the rights of any beneficiary or adversely affect achievement of the purposes of the trust.

## [SIGNATURE PAGE TO FOLLOW]

\\\\\\\\\\\\\\\\\\\\\\\\\\\\\\ REMAINDER OF THIS PAGE LEFT BLANK ////////////////////////////

21

IN WITNESS WHEREOF, the parties have caused this Trust Agreement for Continent Aircraft Statutory Trust No. 2814 to be duly executed by their respective officers, as of the day and year first above written.

For: Aircraft Guaranty Corporation, Trustee

By: _____

Debbie Mercer-Erwin, President

For: ITRC, LLC, Grantor

By: _____

Mr. Rodolfo Javier Camarillo Montemayor, Manager

22

Trust 2814

## EXHIBIT I TO
## TRUST AGREEMENT

### SCHEDULE OF TRUSTEE FEES

Fees and charges to be paid by the Trust to Aircraft Guaranty Holdings, on behalf of Aircraft Guaranty Corporation as Trustee of the Trust known as the Continent Aircraft Statutory Trust No. 2814, created by the execution of the Trust Agreement dated _____, shall be in the annual amount of $_____ U.S. Dollars, or as agreed between the Trustee and the Beneficiary, are subject to annual adjustment at the discretion of the Trustee upon provision of 90 days notice to the Beneficiary.

The aforesaid annual fees will be prorated from the date legal title to the aircraft is acquired by the Trust to December 31, and will be billed on or after the date legal title to the aircraft is acquired. Annual fees are billed during the 4th quarter of each year for service to be rendered in the coming calendar year, and are payable in advance by February 15th for services to be rendered in the coming calendar year during the term of the Trust.

Accounts that are outstanding as of May 15th will be declared in default, non-regulatory administrative services will be suspended, a late payment collection fee will be applied to the outstanding balance, and a lien may be filed at Trustee's discretion with the FAA or a local court against the aircraft title.

Accounts that are outstanding as of July 15th will be subject to commencement of resignation proceedings by the Trustee.

Accepted and acknowledged this ____ day of _____, 20____.

ITRC, LLC, Grantor

By: _____
Name:
Title:

23

Trust 2814

DECLARATION OF TRUST & EXHIBITS

EXHIBIT 2 TO
TRUST AGREEMENT

FAA TRUST POLICY CERTIFICATE

The undersigned, _____; state(s) as follows & Checks the box as applicable:

1. He/She/They ( ) is/are the "Beneficiary(s)" or ( ) is a duly elected and qualified officer or authorized representative of _____ who/whom is/are the "Beneficiary(s)".

2. The Beneficiary(s) is/are the holder(s) of the beneficial interest under the Continent Aircraft Statutory Trust No. 2814, a trust organized under the laws of the State of Wyoming (the "Trust") formed pursuant to the Trust Agreement dated October 11, 2017 (the "Trust Agreement").

3. The Trustee is the applicant for registration of one (1) _____ (make) _____ (model) aircraft bearing manufacturer's serial number _____ and U.S. Registration No. _____ (the "Aircraft").

4. As required pursuant to the Trust Agreement. Beneficiary confirms as follows:

   a. the identity and contact information (address, phone number and email address) of the person or entity normally operating, or maintaining the operations of the Aircraft is as follows (Attach Appendix sheets to display information as needed):

   Name:

   Title:

   Company:

   Street Address:

   Phone Number:

   Email:

   State/Jurisdiction of Incorporation:

   Principal Place of Business (city/state/country):

   b. the location of the aircraft maintenance and other records is as follows;

   c. location where the Aircraft is normally based & the ICAO airport identifier are:

   d. the jurisdictions where the aircraft is normally operated are as follows:

   e. the names, crew position, & pilot certificate numbers for the pilots who will normally operate the Aircraft are as follows:

For: _____ (Beneficiary)

By: _____

   Name: _____        Title: _____

24

FILED WITH FAA
AIRCRAFT REGISTRATION BR

2011 NOV -7 A 9:49

OKLAHOMA CITY
OKLAHOMA