**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | |
|---|---|
| STATE OF TEXAS § § v. § § § CASE NO. 9:20-CV-172 LEARJET 31A BEARING SERIAL § NUMBER 080 AND ASSIGNED AND § JUDGE MICHAEL TRUNCALE DISPLAYING REGISTRATION/TAIL § NUMBER N260RC § | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Pending before the court is Defendant's Motion to Dismiss. (Doc. #6). Because Plaintiff did not file the notice of seizure and intended forfeiture in the county where the property was seized, and the property is not proceeds, the court grants the motion.

### I. BACKGROUND

On July 14, 2020, Plaintiff, the State of Texas ("State"), filed a *Notice of Seizure and Intended Forfeiture* in the 411th District Court of Polk County, Texas seeking forfeiture of a Learjet 31A Bearing Serial Number 080 and Assigned and Displaying Registration/Tail Number N260RC ("Learjet") (Doc. #2). The notice, based on a sworn affidavit of a law enforcement officer and filed by virtue of Chapter 59 of the Texas Code of Criminal Procedure, alleged that the Learjet was contraband and is subject to forfeiture by virtue of it having been used in, intended to be used in, or acquired with the proceeds gained from the commission of a number of felony offenses under the Texas Penal Code. (Doc. #2). On August 13, 2020, the Learjet removed the action to this court asserting diversity and federal question jurisdiction. (Doc. #1). On September 10, 2020, the Learjet

1                                                                **EXHIBIT I**

filed a motion to dismiss. (Doc. #6). On November 16, 2020, the court had a hearing on the motion to dismiss. In the hearing, the court gave the parties 7 days to file supplemental briefing on whether the notice requirement of Texas Code of Criminal Procedure Article 59.04 had been met and if the Learjet could qualify as proceeds under Article 59.01(7). On November 23, 2020, the Learjet filed its post-hearing brief. (Doc. #20). Instead of filing its own post-hearing brief, on November 25, 2020, the State filed a Reply to Defendant's Post-Hearing Brief.[1] (Doc. #22).

## II.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) ("Dismissal is appropriate only if the claim fails to plead 'enough facts to state a claim to relief that is plausible on its face.'"). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *In re Great Lakes Dredge & Dock Co., LLC*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In deciding whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *In re Great Lakes*, 624 F.3d at 210. The court does not accept as true "conclusory allegations,

---

[1] It appears the State may have styled their brief as a reply in order to get around the fact that briefing on the matter was due on November 23, 2020, a deadline the State did not meet. This is not the first deadline the State has missed in this case. Although the court will still consider the State's brief, counsel is advised to pay close attention to deadlines in the future as the court has the discretion to reject documents that are not timely filed. The court further notes that if the State wanted to rebut the Learjet's brief, it would file a response, not a reply. *See* Local Rule CV-7.

2

unwarranted factual inferences, or legal conclusions." *Id*. While legal conclusions can provide the complaint's framework, they must be supported by factual allegations. *Iqbal*, 556 U.S. at 679. The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff actually has sufficient evidence to succeed on the merits. *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Likewise, a plaintiff must put forth more than "'unadorned, the defendant-unlawfully-harmed-me accusation[s].'" *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014) (citing *Iqbal*, 556 U.S. at 678).

### III. DISCUSSION

In its Notice, the State offers three reasons for why seizure and forfeiture of the Learjet is warranted: because it (a) is contraband as defined by Article 59.01; (b) is substitute property as set forth in Article 59.021; or (c) qualifies as a suit for proceeds under Article 59.023. Each reason will be discussed in turn.

#### A. Contraband[2]

Article 59.02 of the Texas Code of Criminal Procedure states "[p]roperty that is contraband is subject to seizure and forfeiture." Tex. Code Crim. Proc. Ann. art. 59.02. Proceedings commenced under Chapter 59 are subject to a notice requirement which is laid out in Article 59.04. The pertinent parts read:

Article 59.04. Notification of forfeiture proceeding

(a) If a peace officer seizes property under this chapter, the attorney representing the state shall commence proceedings under this section not later than the 30th day after the date of the seizure.

---

[2] In the hearing and in its post-hearing brief, the State seems to concede that it did not meet the Chapter 59 requirements necessary to seize property as contraband. For the sake of thoroughness, the court will still address this issue.

3

> (b) A forfeiture proceeding commences under this chapter when the attorney representing the state files a notice of the seizure and intended forfeiture in the name of the state with the clerk of the district court in the county in which the seizure is made. The attorney representing the state must attach to the notice the peace officer's sworn statement under Article 59.03 of this code. The attorney representing the state shall cause certified copies of the notice to be served on the following persons in the same manner as provided for the service of process by citation in civil cases:
> \* \* \* \* \* \*
>
> (l) Proceedings commenced under this chapter may not proceed to hearing unless the judge who is to conduct the hearing is satisfied that this article has been complied with and that the attorney representing the state will introduce into evidence at the hearing any answer received from an inquiry required by Subsections (c)–(h) of this article.

Tex. Code Crim. Proc. Ann. art. 59.04.

Texas appellate courts interpreting Article 59.04 have held that "notice must be filed as prescribed by the statute in the County where the property was seized." *Martinez v. State*, 893 S.W.2d 304, 305 (Tex. App.—Corpus Christi 1995, no pet.). If the notice is filed in a county different than the county where the property is seized, the proceeding must be dismissed. *See Martinez*, 893 S.W.2d at 305 (dismissing forfeiture proceeding because automobile was seized in Kenedy County and the notice of seizure and intended forfeiture was filed in Kleberg County).

The Notice in this case was filed in Polk County, Texas. Neither the Notice nor any other pleadings filed by the State contain any facts or evidence indicating that the Learjet was seized in Polk County or that it has ever been physically present in Polk County. The only connection with Polk County the Learjet seems to have is that one of its owners allegedly had a P.O. Box and conducted some business in Polk County at one time. The affidavit attached to the Notice was completed in Harris County. The affidavit itself states that the Learjet is currently located in Brownsville, Texas, which is in Cameron County. Additionally, in the hearing on the motion to dismiss, the attorney for the State admitted that the Learjet has never been to Polk County and that the seizure took place in Brownsville, Texas. The State further admitted in its post-hearing brief

4

that the seizure took place in Cameron County, Texas. Thus, the State has not, and cannot, prove that the property was seized in Polk County. Because the forfeiture article has not been complied with and the seizure did not occur in Polk County, this ground for seizure and forfeiture must be dismissed. *See 1976 Harley Davidson Motorcycle, VIN #2C16410H6 v. State*, 106 S.W.3d 398, 402 (Tex. App.—Corpus Christi 2003, no pet.) (holding that the State did not prove by a preponderance of the evidence that the property was subject to forfeiture because it failed to prove the property was seized in the county where the notice was filed).

### B. Substitute Property

The State's Notice states that "[p]laintiff, in the alternative, seeks the forfeiture of 'substitute property' as set forth under [Article] 59.021 of the Code of Criminal Procedure, and alleges the substitute property is subject to forfeiture by virtue of fact that the contraband a) has been transferred, conveyed, sold to, or deposited with a person other than the owner or interest holder; b) is not within the jurisdiction of the court; c) has been commingled with other property and cannot be readily distinguished or separated; or d) is proceeds described by Article 59.01(2)(C) and was used to acquire other property that is not within the jurisdiction of the court." (Doc. #2, at 3).

There are several problems with this argument. First, substitute property is by definition not contraband. *See* Art. 59.021(a)(1). For the Learjet to be substitute property, there must be some other property that is contraband and is not available. Here, the only property at issue is the Learjet and the Notice does not say, assuming the jet is substitute property, what the underlying contraband is. In other words, the Learjet cannot simultaneously be both contraband and substitute property of the same contraband.

Even assuming that the Notice's general statement seeking forfeiture of unspecified substitute property is sufficient and that the Learjet is the underlying contraband, this argument still fails. There is no allegation that the Learjet has been transferred, conveyed, sold to, or deposited with a person other than the owner or interest holder. The Learjet is within the jurisdiction of the court. And there is clearly no way that an airplane can be comingled with other property. That leaves the question of whether the Learjet can be proceeds.

Article 59.01 of the Texas Code of Criminal Procedure states that in Chapter 59, proceeds includes

> income a person accused or convicted of a crime or the person's representative or assignee receives from:
>
> (A) a movie, book, magazine article, tape recording, phonographic record, radio or television presentation, telephone service, electronic media format, including an Internet website, or live entertainment in which the crime was reenacted; or
>
> (B) the sale of tangible property the value of which is increased by the notoriety gained from the conviction of an offense by the person accused or convicted of the crime.

Tex. Code Crim. Proc. Ann. art. 59.01(7). Looking at the other words defined in Article 59.01, it appears that this definition of proceeds is not meant to be an exhaustive list. However, both things proceeds includes must first be income. A plain reading of the statute leads to a logical conclusion that proceeds must be some type of income. The Notice never alleges that the Learjet is income.

Even assuming that proceeds need not be income, the argument that the Learjet is proceeds fails. In its post-hearing brief, the State admits that words not specifically defined by statute should be given a meaning that is consistent with the common understanding of the term. (Doc. #22, at 5). The State then cites to the fifth edition of Black's Law Dictionary, a long-outdated edition, to support its argument that "proceeds" includes that which results, proceeds or accrues from some

possession or transaction. (Doc. #22, at 5). However, the current edition of Black's Law Dictionary defines proceeds as

> 1. The value of land, goods, or investments when converted into money; the amount of money received from a sale <the proceeds are subject to attachment>. 2. Something received upon selling, exchanging, collecting, or otherwise disposing of collateral. UCC § 9-102(a)(64). • Proceeds differ from other types of collateral because they constitute any collateral that has changed in form. For example, if a farmer borrows money and gives the creditor a security interest in the harvest, the harvested wheat is collateral. If the farmer then exchanges the harvest for a tractor, the tractor becomes the proceeds of the wheat.

*Proceeds*, BLACK'S LAW DICTIONARY (11th ed. 2019). As a preliminary matter, this definition relates to proceeds in the context of secured transactions, not criminal forfeiture actions. Regardless, to meet definition 1, the Learjet would have to be money, which it is not. Definition 2 would require the Learjet to be something received from disposing of some other collateral, which the Notice does not allege. In other words, the Learjet cannot be both the proceeds and the collateral that was disposed of, and the Notice references no other property that could be the underlying collateral.

If Black's Law Dictionary is not persuasive enough, both Garner's Modern American Usage and Garner's Dictionary of Legal Usage defines proceeds as "the value of land, goods, or investments when converted into money." *Proceeds*, GARNER'S DICTIONARY OF LEGAL USAGE (3rd ed. 2011); *Proceeds*, GARNER'S MODERN AMERICAN USAGE (3rd ed. 2009). The Oxford Advanced American Dictionary defines proceeds as "the money that you receive when you sell something or organize a performance, etc.; profits." *Proceeds*, OXFORD ADVANCED AMERICAN DICTIONARY, https://www.oxfordlearnersdictionaries.com/us/definition/american_english/proceeds?q=proceeds (last visited Nov. 30, 2020). And the American Heritage Dictionary of the English Language defines proceeds as "the amount of money derived from a commercial or fundraising

7

venture; the yield." *Proceeds*, AMERICAN HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE (11th ed. 2011).

In sum, it appears from the various dictionaries that the common understanding of proceeds requires it to be money. The Learjet obviously is not money. Even assuming that proceeds do not necessarily include only cash or money, proceeds at a minimum must be something obtained as a result of the sale or exchange of some other thing. Here, the Notice does not allege that the Learjet was bought with money obtained from the sale of something else or obtained as an exchange for some other good. Additionally, the State cites no case law or dictionary definition supporting its conclusion that the Learjet can qualify as proceeds. For all these reasons, the court concludes that the Learjet is not proceeds and therefore does not meet any of the definitions of substitute property laid out in Article 59.021. Thus, this ground for seizure and forfeiture must be dismissed as well.

### C. Suit for Proceeds

Lastly, in the Notice the State "in the alternative seeks a suit for proceeds and a judgment in the amount of proceeds that are contraband under [Article] 59.023 of the Code of Criminal Procedure." (Doc. #2, at 3). Article 59.023 states in pertinent part:

> A peace officer who identifies proceeds that are gained from the commission of an offense listed in Article 59.01(2)(A) or (B) shall provide the attorney representing the state with an affidavit that identifies the amount of the proceeds and that states probable cause that the proceeds are contraband subject to forfeiture. On receiving the affidavit, the attorney representing the state may file for a judgment in the amount of the proceeds in a district court in:
> (1) the county in which the proceeds were gained;
> (2) the county in which any owner or possessor of the property was prosecuted for an underlying offense for which the property is subject to forfeiture;
> (3) the county in which venue existed for prosecution of an underlying offense for which the property is subject to forfeiture;
> (4) the county in which the proceeds were seized; or
> (5) Travis County.

Tex. Code Crim. Proc. Ann. art. 59.023. The definition of proceeds in Article 59.023 is governed by Article 59.01 which is discussed above. As explained above, the Learjet is not proceeds. Moreover, the Notice was filed to specifically seize the Learjet and only the Learjet. It does not assert that it is seizing any money or income that is in any way associated with the Learjet. It also does not assert the amount of the proceeds. Therefore, because the Learjet itself cannot be proceeds, a suit for proceeds against it must fail.[3]

### IV. CONCLUSION

Because the State cannot allege facts to meet the notice requirement of Chapter 59 of the Texas Code of Criminal Procedure, and because the Learjet cannot be proceeds, the State's claim that the Learjet is subject to seizure and forfeiture fails. The court therefore **GRANTS** Learjet's Motion to Dismiss (Doc. #6). This case is **DISMISSED** with prejudice. Accordingly, all remaining deadlines, trial settings, and pending motions are **TERMINATED**. This case is **CLOSED**, and this constitutes a final judgment for appeal purposes.

**SIGNED this 17th day of December, 2020.**

*Michael J. Truncale*
Michael J. Truncale
United States District Judge

---

[3] The State attempts to save itself by stating that the suit must proceed because the Notice provides the Learjet with fair notice and asserts that fair notice is all that is needed. However, the State discusses the Texas pleading standard. The federal pleading standard is what must be satisfied here. *See Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 200 (5th Cir. 2016).

9