UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | |
| v. | § | No. 4:20-CR-212 |
| | § | Judge Mazzant |
| | § | |
| | § | |
| FEDERICO ANDRES MACHADO (4) | § | |

**MOTION TO VACATE ORDER RESTRAINING ASSETS**

Former counsel for defendant Federico Andres Machado ("Machado"), Dan C. Guthrie, Jr. ("Guthrie"), files this Motion to Vacate Order Restraining Assets entered March 24, 2021 (Dkt. 175) ("Restraining Order"), and in support of this Motion would respectfully show the Court the following:

**I.**
**Procedural Background**

On March 3, 2021, the Movant, attorney Guthrie, moved to withdraw as counsel for Defendant Machado after being released by his client from representation. (Dkt. 164.) The Government filed its Emergency Motion to Restrain Dissipation of Assets (Dkt. 167) ("Motion to Restrain") on March 18, 2021, asking the Court to exercise power under the All Writs Act, 28 U.S.C. § 1651(a),  to order that any refund of the balance of the attorney's fee retainer owed by Dan Guthrie to Defendant Federico Andres Machado be remitted to the Clerk of the Court or be kept in Guthrie's IOLTA Account.  The government advanced two claims to justify this restraint: "First, Machado is a fugitive from justice and any refunded attorneys' fees could and would be used to further his escapades. Second, and

more importantly, any such refund should be preserved for the monumental restitution judgment that will be eventually entered for the victims of Machado's crimes." (Dkt. 167, at 1.)  But there has been no proof provided by the government that Mr. Machado is a "fugitive from justice" or how any refunded retainer "could and would be used to further his escapades." Likewise, the Motion to Restrain contained no allegations or proof concerning the source of any funds currently held by Guthrie as custodian, nor did the Motion to Restrain provide any evidentiary proof, beyond several layers of speculation, to identify *any* funds ever held by Guthrie in his IOLTA Account for Mr. Machado's representation.

On March 23, 2021, at a hearing before the Hon. Kimberly C. Priest Johnson, the Court granted Guthrie's Motion to Withdraw (Dkt. 170), and granted Guthrie's request to file a response to the Motion to Restrain.[1]  But the next day, March 24, this Court granted the Motion to Restrain under the All Writs Act (Dkt. 175), ordering Guthrie to deposit "any refund of the balance of the attorney's fee retainer owed by Dan Guthrie to Defendant" in the registry of the Court.  Later the same day the Court entered another order granting the Motion to Restrain (Dkt. 176), this one directing Guthrie to retain any such funds in his IOLTA account pending further order of the Court.

Taken together or separately, the Restraining Orders would effectively prevent Guthrie from refunding the unused balance of any fee or expense deposits, if any, that he is otherwise required to refund to his former client pursuant to Texas Disciplinary Rules of Professional Conduct § 1.15(d).  This case is currently proceeding on a Third Superseding Indictment (Dkt. 151), and no trial date has yet been set.

---

[1] *See* Dkt. 173, at 5 (Transcript of March 23, 2021, hearing).  The Court ruled that it would "wait for our response from [Guthrie] regarding the Emergency Motion to Restrain Assets," presumably before ruling on the Government's motion.

## II.
## The All Writs Act Does Not Authorize the Restraining Order

The Motion to Restrain was grounded exclusively on the All Writs Act, 28 U.S.C. § 1651(a). But, at least as applied here, the All Writs Act does not provide any authority for the pre-trial restraint of a defendant's assets, for two reasons: (1) the All Writs Act *does not apply* to asset restraints in criminal cases, and (2) even if it did, the All Writs Act does not authorize pre-trial sequestration of untainted assets.

### A. Pre-Trial Restraint in Criminal Cases is Governed Exclusively by the Criminal Forfeiture Statutes

In the Fifth Circuit, the All Writs Act is inapplicable to the restraint of a defendant's assets. That is because the specific provisions of the criminal forfeiture statutes preempt the general authority conferred by the All Writs Act. Indeed, resort to the All Writs Act would serve to circumvent the detailed procedures mandated by Congress through the forfeiture statutes, allowing a court to fashion equity-style remedies at odds with the forfeiture laws.

The controlling case in the Fifth Circuit is *United States v. Floyd*, 992 F.2d 498, 500 (5th Cir. 1993), where the government likewise sought to force the defendant to pay certain funds into the registry of the court prior to trial, despite the lack of any evidence to establish that the funds were connected to the alleged criminal activity. *Id*. at 499. The *Floyd* Court reversed the district court's order granting the government's motion, holding first that the criminal forfeiture statute "is *the source of any authority* for the pretrial restraint of assets."[2] The Court then held that the lack of evidence to show the subject

---

[2]   *Id.* at 500, citing 21 U.S.C. § 853(e)(1)(A), the forfeiture section in the Comprehensive Drug Abuse Prevention and Control Act of 1970. The *Floyd* case was a bank fraud prosecution, but the general criminal forfeiture statute applicable there, 18 U.S.C. § 982, incorporated (as it does today)

funds were indeed tainted precluded any pre-trial restraint on those funds under a "substitute assets" theory, even though such assets could be reached *post*-conviction under 21 U.S.C. 853(p).  *Id*. at 502.  In rejecting the government's aggressive interpretation of the forfeiture statute, the Court concluded as follows:

> The government's contention that it has the power to seize property that is not evidence of a crime nor the fruits of a crime hints of writs of assistance. At the least it poses Fourth Amendment concerns sufficient to avert any temptation we might have to engage in interpretative handsprings to effectuate a legislative purpose the Congress did not express.

*Id*. at 502.[3]  The Fifth Circuit has lately affirmed the continuing vitality of the *Floyd* holding[4] as consistent with Supreme Court analysis in recent cases addressing the forfeiture statutes.[5]

The *Floyd* doctrine is the current law of the Fifth Circuit.  The sole authority for pre-trial restraints on a defendant's assets flows from the forfeiture laws,[6] in this case 21 U.S.C. § 853, not the All Writs Act.[7]  Where the government has not produced evidence to

---

the forfeiture procedures for drug cases set forth in § 853.  *See* 18 U.S.C. § 982(b)(1).

[3]  The Floyd Court also determined that such pre-trial restraints constitute injunctions, leading the Court to conclude that such orders are immediately appealable under 28 U.S.C. § 1292(a)(1).

[4]  *See, e.g.*, *United States v. Scully*, 882 F.3d 549, 552 (5th Cir. 2018) (reiterating the *Floyd* doctrine and affirming that it remains "in line with" Supreme Court jurisprudence).

[5]  *See Luis v. United States*, 136 S.Ct. 1083, 1101 (2016) (Thomas, J., concurring) ("A criminal defendant's untainted assets [under the forfeiture statutes] are protected from Government interference before trial and judgment").

[6]  Even *prior* to indictment the government may seek an order restraining property only under the provisions of § 853, and it is only in the pre-indictment context that the government may move *ex parte*.  *See* 18 U.S.C. § 853(e).  Of course, the government did not seek any pre-indictment relief in this case.

[7]  The Government well knows that the forfeiture statutes control the pre-trial (or post-trial) restraint of defendant assets.  The DOJ's Justice Manual contains an entire chapter dictating the procedures for restraint or seizure of assets in the custody of attorneys, *under the forfeiture laws*. Among other things, the Manual requires U.S. Attorneys to obtain the advance approval of the Assistant Attorney General of the Criminal Division in Washington.  U.S. JUSTICE MANUAL, § 9-120.112.  The Manual also reiterates that applications for such restraints demonstrate grounds for

show that the assets are tainted, there is no authority for a pre-trial injunction against the use of those assets.  The Government here has not, and cannot, meet this burden under § 853.[8]  Even if its application for restraint invoked the provisions of the forfeiture statutes— which it has not—it would not be entitled to relief.

## B.   Even if the All Writs Act Applied in Criminal Cases, the Government Would Still Not Be Entitled to an Injunction Restraining the Subject Assets

Assuming *arguendo* that the All Writs Act could be used to circumvent the evidentiary standards and procedures imposed by 18 U.S.C. § 853, the All Writs Act still would not provide any grounds for the requested relief.  Once again, the Fifth Circuit has spoken to this issue, holding in *ITT Cmty. Dev. Corp. v. Barton* that a pre-trial sequestration of assets is not "a legitimate implementation of the All Writs Act."  569 F.2d 1351, 1360 (5th Cir. 1978).[9]  The *ITT* Court noted, as the Government here concedes,[10] that the rules of common law equity define the contours of a court's power under the All Writs Act.  And as the Supreme Court explained in *De Beers Consol. Mines v. United States*, cited in *ITT*, "No relief of this character has been thought justified in the long history of equity jurisprudence."  325 U.S. at 222-23 (1945).  The Fifth Circuit has long condemned the

---

concluding "that the attorney had *actual knowledge* that the asset was subject to forfeiture *at the time of the transfer*" of funds to his custody, *id.*, § 9-120.104, knowledge which "cannot be established by compelled disclosure of confidential communications made during the course of the representation," *id.*, § 9-120.113 (emphasis supplied).

[8]   There is no indication that the Government has sought to independently determine the source of any funds which may reside in Guthrie's IOLTA account.  As the Justice Manual confirms, this information cannot be compelled from the attorney.  In Texas, the attorney-client privilege in criminal cases is notably broad, extending well beyond mere communications:  "In a criminal case, a client has a privilege to prevent a lawyer or lawyer's representative from disclosing *any other fact that came to the knowledge of the lawyer* or the lawyer's representative by reason of the attorney–client relationship."  TEX. R. EVID. 503(b)(2) (emphasis supplied).

[9]   *ITT* was a civil garnishment case.

[10]   Motion to Restrain, Dkt. 167, at 5.

impoundment or seizure of a defendant's general assets in equity.  *In re Fredeman Litig.*, 843 F.2d 821, 831 (5th Cir. 1988) (rejecting such sequestration of assets where plaintiffs do not ultimately seek return of any particular asset or fund that the interim injunction might secure or that has been used to violate the statute); *Fed. Savs. & Loan Ins. Corp. v. Dixon*, 835 F.2d 554 (5th Cir.1987) (a court may not enjoin the dissipation of assets not subject to the equitable remedies available in the case).

The *ITT* Court also stressed that the  "extraordinary powers" of the All Writs Act are only available to restrain conduct that would impede or defeat the court's jurisdiction, as necessary to allow the court to "manage the case to judgment."  569 F.2d at 1359.  This does *not* include the power to restrain assets to assist the moving party in *collection* of any judgment later entered.  This is because "(t)he fact that a party may be better able to effectuate its rights or duties if a writ is issued never has been, and under the language of the [All Writs Act] cannot be, a sufficient basis for issuance of the writ.  *Id.* at 1360.  The Fifth Circuit held the turn-over order in *ITT* to be void *ab initio*.  *Id.* at 1361.

Indeed, this Court followed *ITT* in vacating a similar pre-trial restraint order in *United States v. Thomas*, No. 4:13-CR-227, 2016 WL 10988776, at *2 (E.D. Tex. June 7, 2016), holding that funds not shown to be tainted could not be restrained under the All Writs Act to pay potential restitution.  *Id.*  Specifically, this Court held:

> At this time, however, *Defendant has not been found guilty of a crime*, and therefore the Court cannot agree with the Government's conclusion that he will owe restitution. Further, the *Defendant's funds have not been tied to any alleged wrongdoing*. The Court finds neither a basis to compel Defendant to prove a need for his funds by sworn financial statements nor a basis to maintain the Order Restraining Assets.

*Id.* (emphasis supplied).[11]  This Court thus established in *Thomas* that (1) pre-trial sequestration or other restraining of a defendant's assets to hold for potential restitution is not available under the All Writs Act, especially where the funds are not tied to any alleged wrongdoing, and (2) that the burden is not on the defendant to disprove the government's allegations.  This case is materially indistinguishable from *Thomas*, and the All Writs Act—even if it applied here—does not authorize the entry of the Restraining Order.[12]

### III.
### Conclusion

The All Writs Act does not serve as license to fashion ad hoc remedies whenever a comprehensive statutory scheme is deemed by prosecutors to be too demanding or inconvenient.  Application of the All Writs Act to impound or seize assets held by a defense attorney would flout the exclusive procedures and legal standards specifically promulgated by Congress in 21 U.S.C. § 853, as the Fifth Circuit has repeatedly affirmed.  Based as it is on the inapplicable All Writs Act, the Motion to Restrain is wholly without merit.  But even if it had sought relief under the forfeiture statutes, and faithfully followed the procedures dictated by § 853, the Government would still not be entitled to any relief.  Accordingly, the Restraining Orders (Dkts. 175 and 176) should be vacated and an Order

---

[11]  This Court noted in *Thomas* that the defendant in that case had previously absconded to Brazil but had since returned to the U.S., but the defendant's absence or return would not impact the Court's ability to manage the case to final judgment through the restraining order, and in any event was not cited as the reason for the Court's conclusion that the All Writs Act did not authorize the pre-trial restraint of assets not shown to be tainted by the conduct alleged in the pending indictment.

[12]  In its Motion to Restrain the Government also posits that "[i]f Guthrie argues that he is entitled the keep the entirety of Machado's [nonrefundable] retainer, the Court can and should evaluate the reasonableness of that fee as governed by the Texas Rules of Disciplinary Conduct."  Dkt. 167, at 4.  This suggestion can be rejected out of hand, for three reasons:  (1) the Court has no authority to conduct a reasonableness evaluation under the All Writs Act, (2) Guthrie has not "argued" that he is entitled to "keep the entirety" of a nonrefundable retainer, if any, and (3) the suggestion is now moot, the Court having already ruled on the Government's motion.

entered by the Court denying the United States' Emergency Motion to Restrain Dissipation of Assets (Dkt. 167).

Respectfully submitted,

By:     s/  S. Michael McColloch
        S. MICHAEL McCOLLOCH PLLC
        Texas Bar No. 13431950
        6060 North Central Expressway
        Suite 500
        Dallas, Texas  75206
        214/643-6055
        smm@mccolloch-law.com

        *ATTORNEY FOR MOVANT*
        *DAN C. GUTHRIE, JR.*

## CERTIFICATE OF SERVICE

I certify that on March 30, 2021, the following motion was served on all listed attorneys of record via ECF Filing.

s/  S. Michael McColloch
S. MICHAEL McCOLLOCH

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on the 29th day of March, 2021, he communicated by telephone with Assistant U.S. Attorney Robert Wells, who stated that the Government takes no position at this time regarding the relief requested herein.

s/  S. Michael McColloch
S. MICHAEL McCOLLOCH