IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 4:20-CR-212 |
| | | Judge Mazzant |
| DEBRA LYNN MERCER-ERWIN (1) | § | |
| KAYLEIGH MOFFETT (2) | § | |
| GUILLERMO GARCIA MENDEZ (3) | § | |
| FEDERICO ANDRES MACHADO (4) | § | |
| CARLOS ROCHA VILLAURRUTIA (5) | § | |
| ALBAN GERARDO AZOFEIFA-CHACON (6) | § | |
| AARON BELLO-MILLAN (7) | § | |
| MICHAEL ASSAD MARCOS (8) | § | |

**UNITED STATES' RESPONSE IN OPPOSITION TO
INTERVENORS' MOTION TO DISMISS**

**I. ISSUES PRESENTED**

**ISSUE ONE:** According to federal law, third parties are barred from intervening in federal prosecutions until and unless an order of forfeiture has been entered. 21 U.S.C. § 853(k).  Despite that no order of forfeiture has been entered, ITRC, LLC and Learjet 31A Bearing Serial Number 080 and Assigned and Displaying Registration/Tail Number N260RC (hereinafter jointly, "ITRC")[1] have moved to dismiss an indicted aircraft in this prosecution.  Should the Court deny ITRC's motion to dismiss?

---

[1] The would-be intervenors include Learjet N260RC, which is not a person or entity that could ever bring any claim in any federal court, ever.  Even if this were a civil *in rem* forfeiture action concerning the Learjet, which it is not, the only parties who could challenge the forfeiture would be parties claiming an ownership interest in the Learjet—and not the Learjet itself.

*UNITED STATES V. MERCER-ERWIN, ET AL.:*
RESPONSE IN OPPOSITION TO INTERVENORS' MOTION TO DISMISS                                                                    PAGE 1

**ISSUE TWO:** Although ITRC is not the United States of America or a named defendant, it has moved to dismiss part of this criminal action. Should the Court deny ITRC's motion to dismiss because it is not a party and has no standing?

## II. FACTUAL BACKGROUND

On August 12, 2020, a federal grand jury returned a four-count indictment against numerous criminal defendants for drug trafficking and money laundering. *See* Dkt. No. 1. The indictment included a notice of intent to seek criminal forfeiture of numerous assets, including Learjet N260RC. *Id.* at 6, ¶ b. That meant the grand jury made a probable cause finding as to the forfeitability of Learjet N260RC.[2] Learjet N260RC was seized pursuant to a sealed seizure warrant issued by this Court. The grand jury reaffirmed its probable cause findings when it returned three superseding indictments, all of which included Learjet N260RC. Dkt. Nos. 29, 101, 151. The United States seeks to forfeit Learjet N260RC because of the issues concerning representations made to the government concerning the ownership of the airplane and its export status.

---

[2] The State of Texas's failed civil forfeiture action has no bearing on this federal criminal forfeiture.

### III. ARGUMENT

ITRC's motion to dismiss must be denied because it is untimely and specifically barred by federal law. 21 U.S.C. § 853(k); *Quintana v. United States*, 2020 WL 1933650, *4 (E.D.Tex. Mar. 17, 2020) *adopted* 2020 WL 1929434 (E.D.Tex. Apr. 21, 2020) (Mazzant, J.). Moreover, ITRC has no standing as a private citizen to move under Rule 12 (criminally or civilly) to attack any component of this prosecution because ITRC is not a party to this prosecution.

**A.    ITRC's motion to dismiss (or claim) is untimely and is barred by 21 U.S.C. § 853(k).**

As a preliminary matter, ITRC's motion to dismiss must be denied because it is expressly barred by federal law. 21 U.S.C. § 853(k).[3] That statutory bar is the start and end of the analysis.

Insofar as ITRC purports to bring its motion under the Fourth and Eighth Amendments of the Constitution (even without expanding on the purported grounds for such relief), it merits mentioning that the forfeiture procedures at issue here are constitutionally permissible and do not violate due process. The Fifth Circuit has consistently held that the forfeiture procedures of 853(k) and 853(n) adequately protect the constitutional rights

---

[3] Insofar as ITRC's motion to dismiss purports to be a "Rule 32.2(c) petition," *see* Dkt. No. 168 at 1, the court should disregard it because it is untimely, is not verified, and fails to satisfy other procedural and substantive pleading requirements of 21 U.S.C. § 853(n). *Quintana*, 2020 WL 1933650 at *4-5.

of third parties in property that may be subject to forfeiture. *Haberman v. United States*, 590 F.App'x 320, 323 (5th Cir. 2014) (citing *United States v. Holy Land Found. for Relief & Dev., et al.*, 493 F.3d 469, 478 (5th Cir. 2007) (en banc) and *Libretti v. United States*, 516 U.S. 29, 44 (1995)).

The criminal forfeiture statute balances the government's interest in efficient and orderly prosecution with the rights of defendants and third parties who claim an interest in forfeitable property. *Quintana* 2020 WL 1933650 at *2 (E.D.Tex. Mar. 17, 2020) (citing *Holy Land Found.*, 493 F.3d at 477). This balance is achieved by barring third parties like ITRC from intervening in a criminal case to claim an interest in property subject to forfeiture until after an order of forfeiture has been entered. *Id.* (citing 21 U.S.C. § 853(k)). After an order of forfeiture has been entered, a party may file a verified claim in forfeitable property. 21 U.S.C. § 853(n). After a verified claim has been filed, the Court must then conduct an ancillary proceeding to evaluate the merit of that claim. *See* FED. R. CRIM. P 32.2(c)(1).

From the looks of it, ITRC intends to file a verified claim concerning its Learjet. But it cannot do so yet. Like all other potential claimants to forfeitable property in this case, ITRC must wait until there is a preliminary order of forfeiture and then follow the proper procedures. It cannot attempt to bypass the other claimants—effectively cutting to the front of the line—by

filing an untimely motion to dismiss. ITRC will get its day in court, but it has to wait like everyone else.

### B. ITRC is not a party to this prosecution and has no standing to move to dismiss anything in the indictment.

Although ITRC purports to bring its motion to dismiss under Federal Rule of Criminal Procedure 12, it has no standing to do so because it is not charged with any offense and is not a party to this case. *See* FED. R. CRIM. P. 12(b)(1) (explaining that only "a party" may file pretrial motions in a criminal case). Citizens who are not being prosecuted do not have standing to contest the policies of the prosecuting authority when they themselves are not being prosecuted or threatened with prosecution. *Younger v. Harris*, 401 U.S. 37, 42 (1971); *United States v. Bennett,* 190 F.Supp. 181, 182 (S.D.N.Y. 1958) (a criminal defendant has standing to dismiss only the charges made against him).[4] ITRC has no more standing to move to dismiss the forfeiture than it would to move to dismiss the criminal charges in the Third Superseding Indictment because ITRC is not a party to this prosecution. ITRC's only role in the case will arise if and when a preliminary order of forfeiture is entered, and, even then, ITRC will only be a "third party" to this prosecution. FED. R.

---

[4] ITRC makes a passing reference to Federal Rule of Civil Procedure 12 in its motion, but that Rule has no bearing here because (1) it is a criminal case governed by the Criminal Rules, *see* FED. R. CRIM. P. 1(a)(1), and (2) that civil rule only applies to actual parties to the civil lawsuit. *See generally* Fed. R. Civ. P. 12 (discussing various motions available to parties).

CRIM. P. 32.2(c); 21 U.S.C. § 853(n). Because ITRC lacks standing to dismiss the Learjet from the criminal indictment, the Court should deny its motion to dismiss with prejudice.

### IV. REQUEST FOR THE COURT TO LIMIT ITRC FROM FILING ANYTHING ELSE BEFORE ISSUANCE OF FORFEITURE ORDER

After ITRC filed its Motion to Dismiss, the government conferred with ITRC to explain how Section 853(k) barred the motion altogether and how it lacked standing to challenge anything alleged in the indictment, let alone the forfeiture allegations. Through counsel, ITRC expressed frustration about the litigation history involving Learjet N260RC and then explained its desire to change the trustee/ownership of the airplane to help address the government's concerns about the airplane's export status. The government proposed an administrative procedure to help ITRC with its airplane-ownership issues while saving the government the time and effort needed to respond to ITRC's motion to dismiss. *See* Exhibit A, Email chain between AUSA Wells and Mathis Bishop at March 24, 2021 email.[5] Specifically, ITRC would withdraw its motion to dismiss by March 29 and then pursue the necessary administrative steps to cure the government's concerns. *Id.* ITRC

---

[5] After the news of this prosecution became public, the government has been approached by dozens of airplane owners seeking to move their planes to a new trust. To coordinate these requests while ensuring the ability of the necessary governmental agencies to evaluate the legitimacy of such transactions, the government developed an administrative procedure with the United States Department of Commerce, Bureau of Industry and Security and the Federal Aviation Administration.

agreed to pursue this route. *Id.* at March 26, 2021 email from Bishop to AUSA Wells.

This procedure did not get very far. ITRC refused to provide information the government requested to proceed administratively. Because ITRC disagreed with the administrative ownership/export resolution process, it refused to withdraw its motion to dismiss. Counsel for the government reminded ITRC's counsel that its motion to dismiss was statutorily barred and that ITRC had no standing. *See* Ex. A, at April 1, 10:45 a.m. email from AUSA Wells to Bishop.

Rather than citing any basis in law to justify its motion to dismiss, ITRC's counsel again asked about export-import issues subject to the administrative process. *See* Ex. A, at April 1, 11:25 a.m. email from Bishop to AUSA Wells. The government explained again that the various agencies' export-import issues had nothing to do with the untimely motion to dismiss. *Id.* at 11:27 a.m. email from AUSA Wells to Bishop.

In response, ITRC's counsel indicated that "[u]nder the circumstances," ITRC intended to move forward with its motion. Ex.A, April 1, 11:31 a.m. email from Bishop to AUSA Wells. The government implored ITRC to reconsider its decision to proceed with a motion that was so obviously barred by law. *Id.* at April 1, 12:47 p.m. email from AUSA Wells to Bishop. ITRC never responded and ultimately refused to withdraw its motion to dismiss.

According to the law, ITRC's motion to dismiss is untimely and inappropriate. ITRC has been shown its motion is barred by statute, but it does not care. Instead, ITRC seems to believe that the "circumstances" involving disagreements with a federal agency about export-import law somehow justify moving forward with a frivolous motion in federal court. Rather than doing the right thing and withdrawing its motion after it was shown the relevant statutes, ITRC dug in with no basis in law or fact to do so.

Given the lack of factual or legal support for ITRC's position, it appears the only reason to pursue the relief sought is to push the government to acquiesce to its position by imposing a litigation burden. But these tactics fly in the face of Fifth Circuit precedent. An *en banc* panel of the Fifth Circuit has explained that it would be a significant burden for the government to have to defend seizures and forfeitures from third party attacks during the course of an ongoing prosecution. *Holy Land Found.*, 493 F.3d at 476 n.10. Congress recognized this burden in enacting Section 853(k), the thrust of which is to prevent the government from having to defend its forfeiture before the proper time. ITRC fails to provide the Court any information or argument as to why *it* should be allowed to operate outside this statutory framework.

The Court should discourage ITRC from further efforts to burden the government in an attempt to cut to the front of the claimants' line or to force

some other sort of relief not available in this Court. The government respectfully requests the Court disallow ITRC from filing any further motions in this case before the Court has first issued an order of forfeiture without first obtaining leave of Court.

## CONCLUSION

For these reasons, the United States prays that the Court deny Intervenor ITRC's Motion to Dismiss with prejudice and bar ITRC from filing anything before entry of an order of forfeiture in this case without first obtaining leave of Court.

Respectfully submitted,

NICHOLAS J. GANJEI
ACTING UNITED STATES ATTORNEY

*/s/ Robert Austin Wells*
ROBERT AUSTIN WELLS
Assistant United States Attorney
Texas State Bar No. 24033327
110 N. College, Suite 700
Tyler, Texas 75702
Tel: (903) 590-1400
robert.wells3@usdoj.gov

## **CERTIFICATE OF SERVICE**

This is to certify a true and correct copy of the above and foregoing pleading was electronically served on all counsel of record by way of the Court's CM/ECF system on the 5th day of April, 2021.

    */s/ Robert Austin Wells*
Robert Austin Wells
Assistant United States Attorney