# EXHIBIT B

FILED
1/19/2021 10:58 AM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Belinda Hernandez DEPUTY

DC-21-00786

No. _____

| | |
|---|---|
| **METROCITY HOLDINGS, LLC** | In the District Court of |
| | Dallas County, Texas |
| vs. | |
| **WRIGHT BROTHERS AIRCRAFT TITLE, INC** | 192nd \_\_\_\_ Judicial District |

### PETITIONER'S RULE 202 PETITION TO INVESTIGATE SUIT

Petitioner, Metrocity Holdings LLC, files this Petition for the Rule 202 discovery of Wright Brothers Aircraft Title, Inc. ("Wright Brothers") and Bank of America, a third party presently known to have relevant and pertinent information, and in support thereof, would respectfully show the Court the following:[1]

### PARTIES

Petitioner is a privately owned investment company, formed under the laws of the State of Wyoming and located in the State of Florida, that provides temporary financing for aircraft purchase related transactions. Specifically, Petitioner provided escrow funds in the approximate amount of $29,000,000 (twenty-nine million dollars) to Wright Brothers for aircraft financing transactions, pursuant to written contracts covering such funds.

Wright Brothers is an Oklahoma company that specializes in aircraft purchase related financial transactions, and together with its affiliates, does business throughout the world with bases of operation in Texas and Oklahoma.

Bank of America is a federally insured banking institution with offices throughout the United States, including Texas, and internationally. The escrowed funds were deposited into an account maintained at Bank of America, ending in number 9094, and held in the name of Wright

---

[1] A parallel 202 matter has been filed in this Court by a similarly situated petitioner in Chemtov Mortgage Group, et al v. Wright Brothers Aircraft Title, Inc., case number DC-21-00333. That matter seeks the same relief as Petitioner in the present matter seeks.

Brothers. The respective escrow agreements prohibited the transfer of the funds out of the escrow account to any party other than Petitioner.

## DISCOVERY PLAN

Petitioner intends to conduct discovery pursuant to Rule 202 consistent with the discovery limitations propounded under Level 2 of TRCP Rule 190.3. Specifically, Petitioner intends to take the depositions by written questions with duces tecum of the following deponents:

1) Wright Brothers Aircraft Title, Inc., 928 SW 107th St., Oklahoma City, OK 73170, (405) 680-9289.

2) Debbie Mercer-Erwin, principal of Wright Brothers Aircraft Title, 928 SW 107th St., Oklahoma City, OK 73170, (405) 680-9289.

3) Kayleigh Moffett, an employee of Wright Brothers Aircraft Title who is believed to have knowledge of the deposit of the subject funds, 928 SW 107th St., Oklahoma City, OK 73170, (405) 680-9289.

4) An officer of the branch of Bank of America, located at 901 Main Street, Lower Level, Dallas, Texas 75201, (214)-209-1370.

All depositions by written questions will seek testimony and documents about the transactional history and current status of the funds deposited by Petitioner into an account maintained at Bank of America ending in 9094 and held by Wright Brothers.

## JURISDICTION AND VENUE

Jurisdiction is proper given that Wright Brothers engages in commerce in Texas and has systematic contacts with the State of Texas. This court also has personal jurisdiction over Bank of America because Bank of America has offices and locations in Texas, engages in commerce in Texas, has systematic contacts with the State of Texas, and because Bank of America employs employees in Texas.

Venue is proper in Dallas County because one or more witnesses reside and work in Dallas County. Furthermore, Bank of America maintains employees and conducts business in

Dallas County. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

## FACTUAL BACKGROUND

This 202 lawsuit arises out of a series of deposits Petitioner made into the escrow account maintained at Bank of America ending in 9094, and held in the name of Wright Brothers. Petitioner now seeks information regarding the status of the funds which were deposited with Wright Brothers at Bank of America in order to investigate potential claims against Wright Brothers.

From December 13, 2019 and continuing through December 14, 2020, Petitioner deposited in the aggregate, approximately $29 million dollars with Wright Brothers related to the sale of airplanes, as part of six transactions.[2] All of Petitioner's funds were deposited with Wright Brothers pursuant to written escrow agreements that, among other things, required Wright Brothers to maintain the deposited funds in an escrow account, and to remit the funds back to Petitioner on demand. Over the course of the time period in which these funds were being held by Wright Brothers at Bank of America, Petitioner has sought and received periodic written assurances from Bank of America that the subject escrow account held a balance of more than $29 million dollars.

On or about December 18, 2020, Petitioner became aware that the Wright Brothers' account into which Petitioner had deposited funds may have been seized by the federal government in the course of an investigation into Wright Brothers and its owner, Debbie Mercer-

---

[2] Petitioner and a sister entity have been doing business with Wright Brothers in this manner since in or about July 2016. Over that course of time, more than $116,000,000.00 in 13 different purchase transactions have been provided by Petitioner or its sister entity and held by Wright Brothers for temporary financing of aircraft purchases. Until December 18, 2020, Petitioner had no reason to doubt that all the funds from each loan had been held and accounted for as required by the respective escrow agreements.

3

Erwin. Petitioner expected the total amount of money seized from the escrow account by the government to meet or exceed the $29 million that Petitioner had on deposit. During the course of its investigation, Petitioner has learned that less than $29 million dollars was found to be present in the Bank of America account seized by the government, leading Petitioner to conclude that Wright Brothers had transferred and converted Petitioner's funds to its own uses by removing the funds from the escrow account prior to the seizure of the account.[3] Such a transfer of the funds was prohibited by the respective escrow agreements.

Since that time, Petitioner has repeatedly tried contacting Wright Brothers by calling and emailing the individual executives and the corporate offices. On January 7, 2021 counsel for Petitioner made written demand of Wright Brothers for the return of the funds on deposit in the escrow account. Notwithstanding the written demand and the repeated inquiries, and notwithstanding the contractual provisions in the escrow agreements, Wright Brothers has neither returned the funds on deposit in the escrow account to Petitioner, nor has it provided Petitioner with any information regarding the status of Petitioner's deposited funds. In fact, Wright Brothers has failed to respond in any manner to Petitioner. Petitioner files this 202 lawsuit in order to determine if the deposited funds can be properly accounted for, or if Petitioner may have a cause of action due to Wright Brothers failure to return the funds as required by the escrow agreement.

## ARGUMENT and AUTHORITIES

Texas Rule of Civil Procedure 202 allows parties to take depositions, including depositions by written questions before a lawsuit is filed in order to investigate a potential claim or suit. Tx. R. Civ. P. 202(a); *In re Emergency Consultants, Inc.,* 292 S.W.3d 78, 79 (Tex. App.—

---

[3] In fact, according to the 202 action filed by Chemtov Mortgage Group identified in footnote 1, there was at least an additional $75 million dollars that should have been on deposit in the escrow account.

4

Houston [14th Dist.] 2007, orig. proceeding) (per curiam). In this case, Petitioner is attempting to establish when the funds deposited with Wright Brothers were transferred from the escrow account, where the funds are currently being maintained, and/or whether Wright Brothers or any other responsible parties have transferred the deposited funds into one or more other accounts in violation of the terms of the escrow agreements. The depositions are necessary to determine if there are viable claims and recognized damages against Wright Brothers.

Petitioner's property interests in these sums of money are significant. Given the narrow scope of the deposition topics, the burden upon Wright Brothers and Bank of America to answer questions and produce requested documents is minimal. This is because Petitioner seeks the depositions to determine, in good faith, whether it should pursue claims against Wright Brothers in relation to its handling of the escrow funds. The benefit outweighs the burden because it appears that Wright Brothers has blatantly disregarded its duty to properly safeguard Petitioner's funds, and that the transfer and movement of these funds can be discovered by the production of bank documents that are routinely created and prepared by the bank in the normal course of business. Given Wright Brothers' unwillingness to respond to the demand for return of the funds and the futile efforts to communicate with them, Petitioner should be permitted to investigate these issues forthwith.

The proposed deponents are persons or entities that have firsthand knowledge of the information sought. At this time, Petitioner does not know if a claim should be ultimately pursued. Permitting the requested discovery will enable Petitioner to evaluate potential claims or a suit, as well as any defensive issues.

Accordingly, Petitioner respectfully request the following relief:

1.) That the Court set this matter for a hearing;

2.) That the Court issue an Order authorizing Petitioner to take the depositions upon written questions with duces tecum of the aforementioned individuals or entities in accordance with the Texas Rules of Civil Procedure; and

3.) Grant all other and further relief, both at law and in equity, to which Petitioner may be justly entitled.

Respectfully submitted,

*/s/ J. Scott Gilbert*
J. Scott Gilbert (TX Bar # 24103624)
David Neal Stern (TX Bar # 24103634)

Counsel for the Petitioner

**OF COUNSEL:**

WATKINS & EAGER PLLC
The Emporium Building
400 E. Capitol Street
Jackson, MS 39201
601.965.1900
sgilbert@watkinseager.com


FRANK, WEINBERG & BLACK, P.L.L.C.
3800 North Lamar Blvd., Suite 200
Austin, Texas 78756
561.989.0700
dnstern@fwblaw.net

## **VERIFICATION**

My name is Nathan Saks. I am over 21 years of age and legally able to provide a sworn verification. I have reviewed the above Petition and declare under Penalty of Perjury and pursuant to Texas Civil Practice and Remedies Code Section 132.001 that the facts presented above are true and correct to the best of my knowledge and belief.

_/s/ Nathan Saks_
Nathan Saks

No. _____

| | |
|---|---|
| **METROCITY HOLDINGS, LLC** | **In the District Court of** |
| | **Dallas County, Texas** |
| vs. | |
| **WRIGHT BROTHERS AIRCRAFT TITLE, INC** | \_\_\_\_\_ **Judicial District** |

## Order

    Having reviewed the verified complaint, and considered the law and Rules of Procedure, this Court finds that, pursuant to Texas Rule of Civil Procedure 202.4(a), the likely benefit of allowing Petitioner to take the requested Depositions by Written Question to investigate a potential claim outweighs the burden or expense of the procedure.

    The Court therefore orders that the Petitioner is authorized to notice Depositions by Written Questions to each of the deponents. The Depositions will take place pursuant to the Texas Rules of Civil Procedure. The depositions topics will be consistent with and limited to the topics identified in the Petition.

_____

District Court Judge