# EXHIBIT C

Case 4:20-cr-00212-ALM-KPJ   Document 191-3   Filed 04/05/21   Page 2 of 15 PageID #: 1785

FILED
2/4/2021 12:14 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Martin Reyes DEPUTY

Martin Reyes

NO. DC-21-00333

| | | |
|---|---|---|
| **CHEMTOV MORTGAGE GROUP;** <br> **CMG 777 ESCROW3 LLC;** <br> **CMG777 ESCROW 4 LLC;** <br> **CMG 777 ESCROW5 LLC; and** <br> **CMG DHC ESCROW 7 LLC,** <br><br> Petitioners, <br><br> v. <br><br> **WRIGHT BROTHERS AIRCRAFT TITLE, INC.,** <br><br> Respondent. <br><br> v. <br><br> **CCUR HOLDINGS, INC.;** <br> **CCUR AVIATION FINANCE, LLC;** <br> **EHC ASPEN PROPERTIES, LLC; and** <br> **EDIDIN PARTNERS, LLC,** <br><br> Intervenors. | § § § § § § § § § § § § § § § § § § § § § § § | **IN THE DISTRICT COURT** <br><br><br><br><br><br><br><br> **DALLAS COUNTY, TEXAS** <br><br><br><br><br><br> **191ST JUDICIAL DISTRICT** |

**CORRECTED VERIFIED PETITION IN INTERVENTION TO
RULE 202 PETITION TO INVESTIGATE SUIT
AND REQUEST FOR EXPEDITED CONSIDERATION**[1]

Intervening Petitioners CCUR Holdings, Inc., CCUR Aviation Finance, LLC, EHC Aspen Properties, LLC, and Edidin Partners, LLC (collectively, the "Depositor Petitioners") file this their Corrected Verified Petition in Intervention in the Rule 202 Petition of Petitioners Chemtov Mortgage Group, CMG 777 Escrow3 LLC, CMG 777 Escrow4 LLC, CMG 777 Escrow5 LLC, and CMG 777 DHC Escrow7 LLC (collectively, the "Chemtov Petitioners"),

---

[1] This Correction is submitted solely to rectify any deficiency in counsel's signature block and Certificate of Service. No substantive changes or amendments are made herein to warrant an amendment or supplement to the originally filed version.

for the Rule 202 discovery of respondent Wright Brothers Aircraft Title, Inc. ("Wright Brothers") and Debbie Mercer-Erwin, Kayleigh Moffett, and Bank of America, a third party presently known to have relevant and pertinent information, and in support thereof, the Depositor Petitioners would respectfully show the Court the following:[2]

## PARTIES

1. Petitioner CCUR Holdings, Inc. ("Holdings") is a publicly traded investment holding company, formed under the laws of the State of Delaware and located in the State of Georgia, that provides temporary financing in the form of fully refundable escrow deposits for aircraft purchase related transactions. Specifically, Holdings provided escrow funds in the approximate amount of Five Million Dollars ($5,000,000) to Wright Brothers for aircraft financing transactions, pursuant to written contracts covering such funds.

2. Petitioner CCUR Aviation Finance, LLC ("Finance") is a wholly owned subsidiary of Holdings, formed as a limited liability company under the laws of the State of Delaware and located in the State of Georgia, that also provides temporary financing in the form of fully refundable escrow deposits for aircraft purchase related transactions. Specifically, Finance provided escrow funds in the approximate amount of Nine Million Dollars ($9,000,000) to Wright Brothers for aircraft financing transactions, pursuant to written contracts covering such funds.

---

[2] A parallel Rule 202 matter has been filed in the 192nd Judicial District Court of Dallas County by a similarly situated petitioner in the action styled, "Metrocity Holdings, LLC v. Wright Brothers Aircraft Title, Inc.," Cause No. DC-21-00786. That matter seeks the same relief as the Chemtov Petitioners and now the Depositor Petitioners seek in the present matter.

3. Petitioner EHC Aspen Properties, LLC ("EHC") is a limited liability company, formed under the laws of, and located in, the State of California, that provides temporary financing in the form of fully refundable escrow deposits for aircraft purchase related transactions. Specifically, EHC provided escrow funds in the approximate amount of Four Million Dollars ($4,000,000) to Wright Brothers for aircraft financing transactions, pursuant to written contracts covering such funds.

4. Petitioner Edidin Partners LLC ("Edidin") is a limited liability company, formed under the laws of the State of Delaware and located in the State of California, that provides temporary financing in the form of escrow deposits for aircraft purchase related transactions. Specifically, Edidin provided escrow funds in the approximate amount of Two Million Dollars ($2,000,000) to Wright Brothers for aircraft financing transactions, pursuant to written contracts covering such funds.

5. Respondent Wright Brothers is an Oklahoma company purporting to specialize in aircraft purchase related financial transactions, and together with its affiliates, does business throughout the world with bases of operation in Texas and Oklahoma.

6. Debbie Mercer-Erwin is a principal of Respondent Wright Brothers and is believed to have knowledge of relevant information.

7. Kayleigh Moffett is an employee of Respondent Wright Brothers and is believed to have knowledge of relevant information.

8. Bank of America is a federally insured banking institution with offices throughout the United States, including Texas, and internationally. The escrowed funds described herein were initially deposited by each of the Depositor Petitioners into an account

maintained at Bank of America, ending in number 9094, and held in the name of Wright Brothers. The respective escrow agreements prohibited the transfer of the funds out of the escrow account to any party other than Depositor Petitioners.

## DISCOVERY PLAN

9.  Depositor Petitioners intend to conduct discovery pursuant to Rule 202 consistent with the discovery limitations propounded under Level 2 of Tex. R. Civ. P 190.3. Specifically, Depositor Petitioners intend to take the oral depositions or depositions by written questions with duces tecum of the following deponents:

  1) Wright Brothers Aircraft Title, Inc., 928 SW 107th St., Oklahoma City, OK 73170, (405) 680-9289;

  2) Debbie Mercer-Erwin, principal of Wright Brothers Aircraft Title, Inc., 928 SW 107th St., Oklahoma City, OK 73170, (405) 680-9289;

  3) Kayleigh Moffett, an employee of Wright Brothers Aircraft Title, Inc., who is believed to have knowledge of the deposit of the subject funds, 928 SW 107th St., Oklahoma City, OK 73170, (405) 680-9289; and

  4) An officer of the branch of Bank of America, located at 901 Main Street, Lower Level, Dallas, Texas 75201, (214)-209-1370.

10. All oral depositions and depositions by written questions will seek testimony and documents about: (i) the transactional history of, and current status and location of the funds initially deposited by each of the Depositor Petitioners into, an account maintained at Bank of America ending in 9094 and held by Wright Brothers (the "9094 Account"); (ii) the identity of each authorized signatory on the 9094 Account; (iii) the transactional history of, and current status and location of the funds that may have been transferred by Wright Brothers or others from the 9094 Account; and, (iv) the ownership, signatories, and transaction history

and current status of any additional accounts maintained at Bank of America held by Wright Brothers or any of its officers, directors, employees, affiliates, subsidiaries, or other persons acting under its authority or control and into which funds from the 9094 Account have been transferred on or after May 14, 2020.

## JURISDICTION AND VENUE

11. Jurisdiction is proper given that Wright Brothers engages in commerce in Texas and has systematic contacts with the State of Texas. This Court also has personal jurisdiction over Bank of America because Bank of America has offices and locations in Texas, engages in commerce in Texas, has systematic contacts with the State of Texas, and because Bank of America employs employees in Texas.

12. Venue is proper in Dallas County because one or more of the witnesses reside and work in Dallas County. Furthermore, Bank of America maintains employees and conducts business in Dallas County. The amount in controversy exceeds the minimum jurisdictional limits of this Court.

## FACTUAL BACKGROUND

13. Depositor Petitioners are similarly situated with the Chemtov Petitioners and join in and incorporate the facts asserted in the Chemtov Petitioners' Rule 202 Petition and further state as follows.

14. This Rule 202 Petition arises out of a series of deposits the Depositor Petitioners made into the escrow account maintained at Bank of America ending in 9094, and held in the name of Wright Brothers in connection with certain aircraft purchase transactions.

Depositor Petitioners now seek information regarding the locations and status of the funds which were initially deposited with Wright Brothers at Bank of America (and any subsequent transfers of the escrowed funds) in order to investigate potential claims the Depositor Petitioners may have against Wright Brothers or other parties.

15. From at least May 14, 2020, and continuing through at least December 4, 2020, Depositor Petitioners deposited in the aggregate $20 million with Wright Brothers related to the sale or financing of four aircraft, as part of numerous transactions. All of the Depositor Petitioners' funds were deposited with Wright Brothers pursuant to written escrow agreements that, among other things, required Wright Brothers to maintain the deposited funds in an escrow account, and to remit the funds back to Depositor Petitioners on demand.

16. On or about January 12, 2021, Depositor Petitioners became aware that the Wright Brothers' account into which Depositor Petitioners had deposited funds may have been seized by the Federal Government in the course of an investigation into Wright Brothers and its owner, Debbie Mercer-Erwin.

17. Depositor Petitioners expected the total amount of money seized from the escrow account by the Federal Government to meet or exceed the $20 million that Depositor Petitioners had on deposit. On information and belief, less than $20 million was found to be present in the Bank of America account seized by the Federal Government, leading Depositor Petitioners reasonably to conclude that Wright Brothers had transferred and converted Depositor Petitioners' funds to its own uses by removing the funds from the escrow account

prior to the seizure of the account.[3] Such a transfer of the funds was prohibited by the respective escrow agreements.

18. Since that time, Depositor Petitioners have repeatedly tried contacting Wright Brothers by calling and emailing the individual executives and the corporate offices. On January 13, 2021, Depositor Petitioners made written demands upon Wright Brothers for the return of their respective funds on deposit in the escrow account. Notwithstanding the written demands and the repeated inquiries, and notwithstanding the contractual provisions in the escrow agreements, Wright Brothers has neither returned the funds on deposit in the escrow account to Depositor Petitioners, nor has it provided Depositor Petitioners with any information regarding the status of Depositor Petitioners' deposited funds. In fact, Wright Brothers has failed to respond in any manner to Depositor Petitioners.

19. Depositor Petitioners file this Rule 202 Petition in order to determine if the deposited funds can be properly accounted for, or if Depositor Petitioners may have a cause of action against Wright Brothers (or others) for failure to return the funds as required by the terms and conditions of the respective escrow agreements between Wright Brothers and the Depositor Petitioners.

## ARGUMENT AND AUTHORITIES

20. Texas Rule of Civil Procedure 202 allows parties to take depositions, including depositions by written questions before a lawsuit is filed in order to investigate a potential

---

[3] In fact, according to the Chemtov Petitioners' Rule 202 action and the parallel Rule 202 action filed by Metrocity identified in footnote 1, there was at least an additional $104 million that should have been on deposit in the escrow account.

claim or suit. Tex. R. Civ. P. 202(a); *In re Emergency Consultants, Inc.*, 292 S.W.3d 78, 79 (Tex. App.—Houston [14th Dist.] 2007, orig. proceeding) (per curiam). In this case, the Depositor Petitioners are attempting to establish when the funds deposited with Wright Brothers were transferred from the escrow account, where the funds have been maintained and are currently being maintained, and/or whether Wright Brothers or any other responsible parties have transferred the deposited funds into one or more other accounts in violation of the terms of the escrow agreements. The depositions are necessary to determine if there are viable claims and recognized damages against Wright Brothers (or other third parties).

21. Depositor Petitioners' property interests in these sums of money are significant. Given the narrow scope of the deposition topics, the burden upon Wright Brothers, the individuals, and Bank of America to answer questions and produce requested documents is minimal. This is because the Depositor Petitioners seek the depositions to determine, in good faith, whether they should pursue claims against Wright Brothers (or other third parties) in relation to its handling of the escrow funds (and the conversion of same).

22. The benefit of the discovery sought clearly outweighs its burden because it appears that Wright Brothers has blatantly disregarded its duty to properly safeguard Depositor Petitioners' funds, and that the transfer and movement of these funds can be discovered by the production of bank documents that are routinely created and prepared by the bank in the normal course of business. Given Wright Brothers' unwillingness to respond to the demand for return of the funds and the futile efforts to communicate with them, Depositor Petitioners should be permitted to investigate these issues forthwith.

23.    The proposed deponents are persons or entities that have first-hand knowledge of the information sought. At this time, the Depositor Petitioners do not know if a claim should be ultimately pursued. Permitting the requested discovery will enable the Depositor Petitioners to evaluate potential claims or a suit, as well as any defensive issues.

## REQUEST FOR EXPEDITED CONSIDERATION

24.    The Chemtov Petitioners' Rule 202 Petition is set for a hearing on Thursday, February 4, 2021 at 2:00 p.m. Because Depositor Positioners are similarly situated with the Chemtov Petitioners and seek similar, if not identical, relief from the same parties, all of whom have notice of the hearing and of the scope of discovery sought, the Depositor Petitioners request that this Court hear this Intervention on an expedited and emergency basis at that hearing. This request is not made to and will not burden or prejudice any party but is made in the interests of justice, necessity, and economic efficiency so that the deponents may be deposed or respond to written questions once each, rather than piecemeal.

## PRAYER

Accordingly, Depositor Petitioners respectfully request the following relief:

1.)    That the Court include this matter for hearing at the previously scheduled hearing on February 4, 2021, at 2:00 p.m.;

2.)    In the alternative, that the Court set this matter for a hearing on its earliest available docket that is not less than 15 days from the date the Court gives notice of the setting;

3.)    That the Court issue an Order authorizing Depositor Petitioners to take the oral depositions and/or depositions upon written questions with duces tecum of the aforementioned individuals or entities in accordance with the Texas Rules of Civil Procedure; and

4.) Grant all other and further relief, both at law and in equity, to which Depositor Petitioners may be justly entitled.

Respectfully submitted,

**K&L GATES LLP**

*Christopher A. Brown*
Christopher A. Brown, Esq.
State Bar No. 24040583
chris.brown@klgates.com
David Weitman, Esq.
State Bar No. 21116200
david.weitman@klgates.com
1717 Main Street, Suite 2800
Dallas, Texas  75201
Phone:  (214) 939-5427
Fax:  (214) 939-5849

**ATTORNEYS FOR CCUR HOLDINGS, INC.; CCUR AVIATION FINANCE, LLC; EHC ASPEN PROPERTIES, LLC; and EDIDIN PARTNERS, LLC**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on all counsel of record via electronic filing manager and pursuant to the Texas Rules of Civil Procedure on this the 4th day of February, 2021.

*Christopher A. Brown*
Christopher A. Brown

# VERIFICATION

My name is _____Igor Volshteyn_____. I am the _____President_____ of CCUR Holdings, Inc. and the _____President_____ of CCUR Aviation Finance, LLC. I am over 21 years of age and legally able to provide a sworn verification. I have reviewed the above Petition and declare under Penalty of Perjury and pursuant to Texas Civil Practice and Remedies Code Section 132.001 that the facts presented above, as they relate to CCUR Holdings, Inc. and CCUR Aviation Finance, LLC, are true and correct to the best of my knowledge and belief.

DocuSigned by:

*Igor Volshteyn*

47CA546BACF9471...

# **VERIFICATION**

My name is _____Eric Edidin_____. I am the _____Authorized person_____ of Edidin Partners, LLC. I am over 21 years of age and legally able to provide a sworn verification. I have reviewed the above Petition and declare under Penalty of Perjury and pursuant to Texas Civil Practice and Remedies Code Section 132.001 that the facts presented above, as they relate to Edidin Partners, LLC, are true and correct to the best of my knowledge and belief.

DocuSigned by:

_____

D8CB79BF67A5470...

## **VERIFICATION**

My name is _____Luis Serrano_____. I am the _____President_____ of EHC Aspen Properties, LLC. I am over 21 years of age and legally able to provide a sworn verification. I have reviewed the above Petition and declare under Penalty of Perjury and pursuant to Texas Civil Practice and Remedies Code Section 132.001 that the facts presented above, as they relate to EHC Aspen Properties, LLC, are true and correct to the best of my knowledge and belief.

DocuSigned by:
*Luis Serrano*
C84825613B64493...

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Chris Brown on behalf of Chris Brown
Bar No. 24040583
chris.brown@klgates.com
Envelope ID: 50356475
Status as of 2/4/2021 4:27 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David Weitman | | david.weitman@klgates.com | 2/4/2021 12:14:37 PM | SENT |
| Arnold Augur Spencer | 791709 | arnoldspencer75225@gmail.com | 2/4/2021 12:14:37 PM | SENT |
| Charlotte Greguski | | charlotte.greguski@klgates.com | 2/4/2021 12:14:37 PM | SENT |
| Julie Garrett | | julie.garrett@klgates.com | 2/4/2021 12:14:37 PM | SENT |
| Felicia De Leon | | fdeleon@mgmsg.com | 2/4/2021 12:14:37 PM | SENT |
| Evan A.Moeller | | evan.moeller@arlaw.com | 2/4/2021 12:14:37 PM | SENT |
| Tara Rollin | | tara.rollin@arlaw.com | 2/4/2021 12:14:37 PM | SENT |
| Melissa Addison | | melissa.addison@arlaw.com | 2/4/2021 12:14:37 PM | SENT |
| Joshua A.Lesser | | joshua.lesser@arlaw.com | 2/4/2021 12:14:37 PM | SENT |
| Jeanette Williams | | jwilliams@mgmsg.com | 2/4/2021 12:14:37 PM | SENT |
| Gabriella Castillo | | gcastillo@mgmsg.com | 2/4/2021 12:14:37 PM | SENT |

Associated Case Party: CHEMTOV MORTGAGE GROUP

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Laura Enriquez | | enriquez@mgmsg.com | 2/4/2021 12:14:37 PM | SENT |