# EXHIBIT F

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### Case No. 21-cv-60462-BLOOM/Valle

CCUR AVIATION FINANCE, LLC and
CCUR HOLDINGS, INC.,

      Plaintiffs,

v.

SOUTH AVIATION, INC. and
FEDERICO A. MACHADO,

      Defendants.

_____/

## ORDER ON PLAINTIFFS' VERIFIED AMENDED EXPEDITED MOTION
## FOR APPOINTMENT OF TEMPORARY RECEIVER[1]

**THIS CAUSE** is before the Court upon Plaintiffs CCUR Aviation Finance, LLC and

CCUR Holdings, Inc.'s (collectively, "Plaintiffs") Verified Amended Expedited Motion for

Appointment of Temporary Receiver over Defendant South Aviation, Inc. (the "Defendant" or

"South Aviation"), ECF No. [13] ("Amended Motion"). This Court previously granted two

motions to intervene submitted by WBIP Aviation One, LLC and WBIP Aviation Two, LLC

("WBIP Intervenors") and by Metrocity Holdings, LLC ("Metrocity Intervenor"). *See* ECF Nos.

[38] & [42]. The WBIP Intervenors and Metrocity Intervenor have each joined in the Amended

Motion and support the requested relief. *See* ECF Nos. [21] & [32]. In addition, South Aviation

has failed to appear in this action, to timely file any responsive pleading, or to submit any response

to the Amended Motion, and the Clerk of Court has accordingly entered default against Defendant.

*See* ECF No. [31].

---

[1] As more fully set forth in paragraph 56 below, this Order provides for the appointment of a Temporary
Receiver who shall serve for an initial six-month period, subject to extension as may be ordered by this
Court.

Upon review of the Amended Motion, all supporting submissions, the record in this case, and the applicable law, the Court finds that good and sufficient notice of the Amended Motion has been given to South Aviation by and through its president Federico Machado and its registered agent, and to the Assistant United States Attorney for the Texas Proceedings (as defined in paragraph 55 below), who has advised Plaintiffs that he cannot take a position on the relief sought in the Amended Motion. The Court further finds that there are good and sufficient reasons to grant the Amended Motion in part and deny it in part.

**WHEREAS**, the Temporary Receiver is requested to, among other things, confirm what assets South Aviation previously had and currently has; confirm what South Aviation's creditors are currently owed; freeze assets to ensure South Aviation's creditors are repaid; marshal, safeguard, and liquidate assets; ensure that preferential payments to creditors and insiders do not occur at the expense of other creditors; ensure that South Aviation's creditors are repaid in a fair and equitable manner; and file and prosecute ancillary actions to recover monies or assets for the benefit of South Aviation's creditors;

**WHEREAS**, this Court has subject matter jurisdiction over this action and personal jurisdiction over South Aviation, and venue properly lies in this Court;

**WHEREAS**, Plaintiffs have made a sufficient and proper showing in support of the Amended Motion and the appointment of a Temporary Receiver; and

**WHEREAS**, the Court concludes the Amended Motion is well-taken and should be granted in part as set forth below;

Accordingly, it is **ORDERED AND ADJUDGED** that the Amended Motion, **ECF No. [13]**, is **GRANTED in part and DENIED in part** as follows:

## I. Appointment of a Temporary Receiver

1.      The appointment of a Temporary Receiver for South Aviation is appropriate.

2.      Subject to paragraph 56 below, **Barbara Martinez, Esq., Holland & Knight, 701 Brickell Avenue, Suite 3300, Miami, Florida 33131, (305) 789-7506, Barbara.Martinez@hklaw.com**, is approved and appointed to serve as the Temporary Receiver for South Aviation and its respective affiliates, subsidiaries, successors, and assigns (excluding Defendant Machado individually) (collectively, the "Receivership Estates"). The Temporary Receiver may expand the scope of the receivership over other entities that (1) conducted any business or personal affairs related to or arising from equipment, inventory, parts, or financing related to the foregoing, (2) commingled or pooled assets with South Aviation, or (3) otherwise participated in the transfer or receipt of assets stemming from South Aviation or from any business or personal activity that is the subject of the Original Verified Complaint in this matter.

## II. Asset Freeze

3.      This Court hereby takes exclusive jurisdiction and possession of the assets, of whatever kind and wherever situated, of South Aviation and the Receivership Estates for the purpose of preserving those assets for the benefit of creditors.

4.      Except as otherwise specified herein, all assets of South Aviation and the Receivership Estates are frozen until further Order of this Court. Accordingly, all persons and entities with direct or indirect control over any assets of South Aviation or the Receivership Estates, other than the Temporary Receiver, are hereby restrained and enjoined from directly or indirectly transferring, setting off, receiving, changing, selling, pledging, assigning, liquidating, or otherwise disposing of, or withdrawing, such assets. This freeze shall include, but shall not be limited to, assets of South Aviation or the Receivership Estates that are on deposit or in safe deposit

boxes with financial institutions such as banks, cryptocurrency exchanges, brokerage firms, clearing firms, financial institutions or any other third party.

### III. General Powers and Duties

5. The Temporary Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, managers, partners, or directors of South Aviation under applicable state and federal law, as well as by South Aviation's governing charters, by-laws, articles and/or agreements.

6. The powers of the officers, directors, employees, partners, representatives, agents, and shareholders of South Aviation are suspended. Such persons and entities shall have no authority with respect to South Aviation's operations or assets, except to the extent as may hereafter be expressly granted by the Temporary Receiver. The Temporary Receiver shall assume and control the operations of South Aviation and shall pursue and preserve all of their claims.

7. No person holding or claiming any position of any sort with South Aviation shall possess any authority to act by or on behalf of South Aviation, unless so instructed by the Temporary Receiver.

8. The Temporary Receiver shall have the following general powers and duties:

A. Use reasonable efforts to determine the nature, location and value of all property interests of South Aviation, including, but not limited to, equipment, inventory, parts, or financing relating to the foregoing, monies, funds, securities, cryptocurrencies, credits, insurance, effects, goods, chattels, lands, premises, leases, claims, rights and other assets, together with all rents, profits, dividends, interest or other income attributable thereto, of whatever kind, which South Aviation owns, possesses, has a beneficial interest in, or controls directly or indirectly;

B. Immediately take custody, control and possession of all of South Aviation's property and records relevant thereto; to sue for and collect, recover, receive and take into possession from third parties all property of South Aviation and records relevant thereto;

4

C.  Manage, control, operate and maintain South Aviation and hold in her possession, custody and control all property of South Aviation, pending further Order of this Court;

D.  Use property of South Aviation, making payments and disbursements and incurring expenses as may be necessary or advisable in discharging her duties as Temporary Receiver to maintain the assets and/or operations of South Aviation;

E.  Take any action which, prior to the entry of this Order, could have been taken by the officers, directors, employees, partners, representatives, and agents of South Aviation with respect to maintaining its ordinary operations;

F.  Continue the normal operations of South Aviation or alternatively to suspend, wind down or stop its operations;

G.  Take such action as necessary and appropriate for the preservation of property of South Aviation or to prevent the dissipation or concealment of property of South Aviation;

H.  Pursue, resist and defend all suits, actions, claims and demands which may now be pending or which may be brought by or asserted against South Aviation;

I.  Take immediate and exclusive custody, control and possession of all equipment, inventory, parts, or financing relating to the foregoing, monies, funds, cryptocurrencies, property, and other assets in the possession of, or under the control of, South Aviation, wherever situated that the Temporary Receiver has a reasonable basis to believe is related to the claims that are the subject of the Original Verified Complaint. The Temporary Receiver shall have full power to sue for, collect, receive and take possession of all goods, chattels, rights, credits, moneys, effects, land, leases, books, records, work papers, and records of accounts, including computer-maintained information and digital data and other papers and documents. Title to all of the above items wherever located are vested by operation of law in the Temporary Receiver;

J.  Enter and inspect the business premises of South Aviation and to take documents or other property related to South Aviation;

K.  Preserve, hold and manage all receivership assets, and perform all acts necessary to preserve the value of those assets, in order to prevent any loss, damage or injury to creditors of South Aviation;

L.  Prevent the withdrawal or misapplication of funds entrusted to South Aviation, and otherwise protect the interests of creditors of South Aviation;

M.  Collect all money owed to South Aviation;

5

N.     Initiate, defend, compromise, adjust, intervene in, dispose of, or become a party to any lawsuits or arbitrations in state, federal or foreign jurisdictions necessary to preserve or increase the assets of South Aviation and/or on behalf of South Aviation and for the benefit of its creditors against: (1) those individuals and/or entities which the Temporary Receiver may claim have wrongfully, illegally or otherwise improperly misappropriated, transferred or received any assets, properties, equipment, inventory, parts, or financing relating to the foregoing, monies, proceeds or other items of value directly or indirectly traceable from South Aviation, including South Aviation and its officers, directors, employees, partners, representatives, agents or any persons acting in concert or participation with them; or (2) any transfers of assets, properties, equipment, inventory, parts, or financing relating to the foregoing, monies, proceeds or other items of value directly or indirectly traceable from South Aviation creditors. Such actions may include, but not be limited to, seeking imposition of constructive trusts, seeking imposition of equitable liens, disgorgement of profits, recovery and/or avoidance of fraudulent transfers under Florida Statute § 726.101, *et seq.* or otherwise, rescission and restitution, the collection of debts, and such Orders or other relief supported in law or equity from this Court as may be necessary to enforce this Order;

O.     Request permission from this Court to extend the receivership over any person or entity who received transfers of assets, properties, equipment, inventory, parts, or financing relating to the foregoing, monies, proceeds or other items of value derived from South Aviation or its creditors and to give the Temporary Receiver possession of such;

P.     Choose, engage, and employ attorneys, accountants and other appropriate agents or professionals, as the Temporary Receiver deems advisable or necessary in the performance of her duties and responsibilities. The Temporary Receiver and her professionals shall be entitled to reasonable compensation from the assets now held by South Aviation or ultimately secured by the Temporary Receiver. Said compensation shall be commensurate with her duties and obligations under the circumstances, subject to approval of this Court;

Q.     Issue subpoenas to obtain documents pertaining to the receivership and conduct discovery in this action on behalf of the Receivership Estates. The Temporary Receiver is authorized to take expedited discovery from parties and nonparties. Parties shall produce documents, answer interrogatories and/or answer requests for admissions within three (3) calendar days of service of the Temporary Receiver's discovery requests. Parties shall sit for deposition within five (5) calendar days of the Temporary Receiver's notice. The Temporary Receiver is authorized to serve subpoenas on nonparties through electronic means (including electronic mail and/or facsimile transmission), U.S. Mail, Federal Express, other commercial overnight service, or personal service to expedite the requested discovery. Documents from nonparties shall be produced to the Temporary Receiver within

three (3) calendar days of service of the subpoena. Nonparties shall sit for deposition within five (5) calendar days of the Temporary Receiver's notice;

R.   Open one or more bank account or any other type of account as designated depositories for funds of South Aviation or the Receivership Estates. The Temporary Receiver shall deposit all funds of South Aviation or the Receivership Estates in such designated accounts and shall make all payments and disbursements from the Receivership Estates from such accounts. The Temporary Receiver is authorized to invest receivership funds in U.S. Treasury securities, money market funds or other interest-bearing accounts as appropriate in the Temporary Receiver's judgment;

S.   Make payments and disbursements from the Receivership Estates that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order;

T.   Close out all outstanding positions and/or hold such assets without further Order;

U.   Close, disable or otherwise shut down South Aviation's current website and re-direct to, or create, a new website for purposes of the receivership;

V.   Advise this Court should it be determined that additional powers are necessary to protect the interests of South Aviation or for the benefit of its creditors under the circumstances; and

W.   Take such other action as may be approved by this Court.

### IV. Access to Information

9.   South Aviation and its past and/or present officers, directors, employees, partners, representatives, and agents, as well as those acting in their place, are ordered and directed to preserve and turn over to the Temporary Receiver forthwith all paper and electronic information of, and/or relating to, South Aviation and/or its property; such information shall include, but not be limited to, books, records, documents, accounts, electronically stored information, passcodes, and all other instruments and papers.

10.   South Aviation's past and/or present officers, directors, employees, partners, representatives, and agents, and other appropriate persons or entities, shall answer under oath to the Temporary Receiver all questions which she may put to them and produce all documents as

required by her regarding the business of South Aviation, or any other matter relevant to the assets, operation or administration of South Aviation or the Receivership Estates.

### V. Access to Books, Records and Accounts

11.     The Temporary Receiver is authorized to take immediate possession of any and all accounts, including financial accounts, books and records, electronically stored information, passcodes, and all other documents or instruments relating to South Aviation or the Receivership Estates.

12.     Any persons receiving notice of this Order by personal service, electronic mail, facsimile transmission, or otherwise, having possession of the property, business, books, records, accounts, electronically stored information, passcodes, or assets of South Aviation are directed to immediately deliver the same to the Temporary Receiver, her agents, her attorneys and/or her employees.

13.     All banks, cryptocurrency exchanges, clearing firms, brokerage firms, financial institutions, and other persons or entities which have possession, custody or control of any assets, equipment, inventory, parts, or financing relating to the foregoing, monies, cryptocurrencies, funds or accounts held by, in the name of, or for the benefit of, directly or indirectly, South Aviation or the Receivership Estates that receive actual notice of this Order by personal service, electronic mail, facsimile transmission or otherwise shall:

    A.    Not liquidate, transfer, sell, convey or otherwise transfer any assets, equipment, inventory, parts, or financing relating to the foregoing, monies, cryptocurrencies, funds, and/or accounts in the name of South Aviation or any other entities constituting the Receivership Estates or for the benefit of their respective creditors, except upon instructions from the Temporary Receiver;

    B.    Not exercise any form of set-off, alleged set-off, lien, or any form of self-help whatsoever, or refuse to transfer any assets, equipment, inventory, parts, or financing relating to the foregoing, monies, cryptocurrencies, funds, and/or

accounts to the Temporary Receiver's control without the permission of this Court; and

C.       Cooperate expeditiously in providing information and assets, equipment, inventory, parts, or financing relating to the foregoing, monies, cryptocurrencies, funds, and/or accounts to the Temporary Receiver or at the direction of the Temporary Receiver.

## VI. Access to Personal Property

14.     The Temporary Receiver is authorized to take immediate possession of all personal property of South Aviation, wherever located, including, but not limited to, electronically stored information, passcodes, computers, laptops, hard drives, external storage drives, and any other such memory, media or electronic storage devices, books, papers, data processing records, evidence of indebtedness, bank records and accounts, cryptocurrency exchange records and accounts, clearing firm records and accounts, savings records and accounts, brokerage records and accounts, equipment, inventory, parts, or financing relating to the foregoing, cryptocurrencies, certificates of deposit, stocks, bonds, debentures, investments, contracts, mortgages, furniture, office supplies and equipment. All records of South Aviation and any other entities constituting the Receivership Estates shall be made available to the Temporary Receiver.

15.     The Temporary Receiver is authorized to open all mail – including electronic mail – directed to or received by or at the offices or post office boxes of South Aviation or of other entities constituting the Receivership Estates, and to inspect all mail opened prior to the entry of this Order, to determine whether items or information therein fall within the mandates of this Order.

16.     Upon the request of the Temporary Receiver, the Sheriff and/or the United States Marshal Service, in any judicial district, is ordered to assist the Temporary Receiver in carrying out her duties to take possession, custody and control of, or identify the location of, any assets, equipment, inventory, parts, or financing relating to the foregoing, monies, cryptocurrencies,

funds, accounts, records, electronically stored information, or other materials belonging to South Aviation.

## VII. Delivery to Temporary Receiver

17.     Immediately upon service of this Order upon them, South Aviation and any other person or entity served with a copy of this Order shall, immediately or within such time as permitted by the Temporary Receiver in writing, deliver over to the Temporary Receiver:

A.      Possession and custody of all assets, equipment, inventory, parts, or financing relating to the foregoing, monies, cryptocurrencies, funds and/or accounts belonging to South Aviation or its creditors;

B.      Possession and custody of documents of South Aviation, including, but not limited to, all books and records of accounts, all financial and accounting records, balance sheets, income statements, bank records (including monthly statements, canceled checks, records of wire transfers, and check registers), investor lists, loan documents, title documents, electronically stored information, and other papers;

C.      All keys, computer passwords, entry codes, PIN numbers and combinations to locks necessary to gain or to secure access to any of the assets, equipment, inventory, parts, or financing relating to the foregoing, monies, cryptocurrencies, funds, accounts and/or documents of South Aviation, including, but not limited to, access to business premises, means of communication, accounts, computer systems, websites, or other property; and

D.      Information identifying the accounts, employees, properties or other assets or obligations of South Aviation.

## VIII.   Cooperation with Temporary Receiver

18.     South Aviation, its current and former officers, directors, employees, partners, representatives, and agents, together with family members of Machado, and all other persons or entities served with a copy of this Order, shall cooperate fully with and assist the Temporary Receiver in the performance of the Temporary Receiver's duties. This cooperation and assistance shall include, but not be limited to, providing any information to the Temporary Receiver that the Temporary Receiver deems necessary to exercising the authority and discharging the

responsibilities of the Temporary Receiver under this Order; and advising all persons who owe money to South Aviation that all debts should be paid directly to the Temporary Receiver. However, this requirement does not impinge on any person's right to assert applicable privileges.

19.     Any officers or directors of South Aviation will be available to assist and advise the Temporary Receiver, but will not exercise their traditional functions or assume their traditional duties during the period that the Temporary Receiver is appointed.

## IX. Accounting

20.     South Aviation shall prepare, sign and file with this Court, within ten (10) calendar days, a complete and accurate accounting for the period of January 1, 2016 to the date of such accounting, which shall be no earlier than the date of this Order. Such accounting shall include, without limitation, the identification of:

A.     All banks, brokerage, financial and cryptocurrency institutions, including account numbers and passcodes/login information, which hold or have held equipment, inventory, parts, or financing relating to the foregoing, monies, cryptocurrencies, funds, commodity interests, assets, liabilities, and other property currently and previously owned or controlled (legally, equitably or otherwise) directly or indirectly by South Aviation, whether individually or jointly;

B.     All equipment, inventory, parts, or financing relating to the foregoing, monies, funds, cryptocurrencies, commodity interests, real estate, assets, liabilities, and other property currently or previously owned or controlled (legally, equitably or otherwise) directly or indirectly by South Aviation, whether individually or jointly;

C.     All equipment, inventory, parts, or financing relating to the foregoing, monies, cryptocurrencies, funds, commodity interests, real estate, assets, liabilities, and other property received directly or indirectly by South Aviation, describing the source, amount, disposition, and current location of each listed item;

D.     All equipment, inventory, parts, or financing relating to the foregoing, monies, cryptocurrencies, funds, commodity interests, real estate, assets, liabilities, and other property transferred or otherwise disposed of directly or indirectly by South Aviation, describing the source, amount, disposition, and current location of each listed item, including accounts or assets of South Aviation held by any bank, cryptocurrency exchange, clearing firm, brokerage firm or other financial institution located inside and/or outside the territorial United States;

E. All creditors of South Aviation, including name, address, telephone number and email, account number, deposit and withdrawal dates and amounts, and amounts owed to them by South Aviation; and

F. The name and last known address of each bailee, debtor or other person or entity currently holding any equipment, inventory, parts, or financing relating to the foregoing, monies, cryptocurrencies, funds, commodity interests, real estate, assets, liabilities, and other property owned or controlled (legally, equitably or otherwise) by South Aviation, whether individually or jointly.

21. At a minimum, the accounting should also include a chronological schedule of all cash receipts and cash disbursements. In addition, each transaction shall be classified as business or personal. All business transactions shall disclose, to the extent known or identifiable by the Temporary Receiver, the business purpose of the transaction. The accounting shall be provided in an electronic format such as Quicken, Excel, or other accounting or electronic format spreadsheet. In addition, South Aviation shall supply true and accurate copies of any balance sheets, income statements, statements of cash flow, or statements of ownership equity previously prepared for South Aviation's business(es).

## X. Notice to Third Parties

22. The Temporary Receiver shall promptly give notice of her appointment as she deems necessary or advisable to effectuate the operation of her appointment.

23. All persons and entities owing any obligation or debt to South Aviation or the Receivership Estates shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Temporary Receiver and her receipt for such payments shall have the same force and effect as if South Aviation had received such payment.

24. The Temporary Receiver is authorized to instruct the United States Postmaster to hold and/or reroute mail which is related, directly or indirectly, to the business, operations or activities of South Aviation (the "Temporary Receiver's Mail"), including all mail addressed to,

or for the benefit of, South Aviation. The Postmaster shall not comply with, and shall immediately report to the Temporary Receiver, any change of address or other instruction given by anyone other than the Temporary Receiver concerning the Temporary Receiver's Mail. South Aviation shall not open any of the Temporary Receiver's Mail and shall immediately turn over such mail, regardless of when received, to the Temporary Receiver. All personal mail of any individual, and/or any mail appearing to contain privileged information, and/or any mail not falling within the mandate of the Temporary Receiver, shall be released to the named addressee by the Temporary Receiver. The foregoing instructions shall apply to any proprietor, whether individual or entity, of any private mailbox, depository, business or service, or mail courier or delivery service, hired, rented or used by South Aviation. South Aviation, its current and former officers, directors, employees, partners, representatives, and agents shall not open a new mail box, or take any steps or make any arrangements to receive mail in contravention of this Order, whether through the U.S. Mail, a private mail depository or courier service.

25.     The Temporary Receiver is authorized to instruct South Aviation's website hosting company and ISP to hold and/or reroute any and all electronic mail which is related, directly or indirectly, to the business, operations or activities of South Aviation (the "Temporary Receiver's Electronic Mail"), including all electronic mail addressed to, or for the benefit of, South Aviation or any of South Aviation's current or former officers, directors, managers, agents, partners, representatives, or employees in their capacity as such for South Aviation. The website hosting company and ISP shall not comply with, and shall immediately report to the Temporary Receiver, any change of Internet or e-mail address or other instruction given by anyone other than the Temporary Receiver concerning the Temporary Receiver's Electronic Mail. South Aviation shall not open any of the Temporary Receiver's Electronic Mail and shall immediately turn over such

electronic mail, regardless of when received, to the Temporary Receiver. All personal electronic

mail of any individual, and/or any electronic mail appearing to contain privileged information,

and/or any electronic mail not falling within the mandate of the Temporary Receiver, shall be

released to the named addressee by the Temporary Receiver. The foregoing instructions shall apply

to any proprietor, whether individual or entity, of any private electronic mailbox, depository,

business or service, or electronic mail service provider hired or used by South Aviation. South

Aviation shall not open a new electronic mailbox, or take any steps or make any arrangements to

receive electronic mail in contravention of this Order.

26.  (A)  The Temporary Receiver is authorized to assert, prosecute and/or negotiate

any claims for coverage under any insurance policies issued to or for the benefit of South Aviation,

its officers, directors, employees, partners, representatives, or agents, whether as named insureds,

additional insureds, loss payees or otherwise, and to take any and all appropriate steps to secure

any and all insurance coverage available under such policies.

(B)  The Temporary Receiver is authorized to assert, prosecute and/or negotiate

any and all claims of South Aviation for the benefit of its creditors against Wright Brothers Aircraft

Title, Inc. ("Wright Brothers"), and any of its officers, directors, employees, partners,

representatives or agents; and the Temporary Receiver is authorized to assert, prosecute and/or

negotiate any claims for coverage under any insurance policies issued to or for the benefit of

Wright Brothers, its officers, directors, employees, partners, representatives, or agents, whether as

named insureds, additional insureds, loss payees or otherwise, and to take any and all appropriate

steps to secure any and all insurance coverage available under such policies; provided, however,

notwithstanding anything that might be construed to the contrary in this Order, (i) the Temporary

Receiver has no authority to assert, prosecute, and/or negotiate any claims owned by individual

creditors of South Aviation, unless such creditor has executed and delivered an assignment of such claims to the Temporary Receiver; and (ii) in the absence of such assignment by such creditor of such claims to the Temporary Receiver, nothing herein shall prevent such creditors from pursuing their individual claims.

## XI. Injunction Against Interference

27.     South Aviation, its current and former officers, directors, employees, partners, representatives, and agents, and all persons receiving notice of this Order by personal service, electronic mail, facsimile transmission or otherwise, are restrained and enjoined from directly or indirectly taking any action or causing any action to be taken, without the express written agreement of the Temporary Receiver, which would:

A.     Interfere with the Temporary Receiver's efforts to take control, possession, or management of any of South Aviation's or the Receivership Estates' property; such prohibited actions include, but are not limited to, using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution, or other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any of South Aviation's or the Receivership Estates' property;

B.     Hinder, obstruct or otherwise interfere with the Temporary Receiver in the performance of her duties; such prohibited actions include, but are not limited to, concealing, destroying or altering records or information;

C.     Dissipate or otherwise diminish the value of any of South Aviation's or the Receivership Estates' property; such prohibited actions include, but are not limited to, releasing claims or disposing, transferring, exchanging, assigning or in any way conveying any of South Aviation's property, enforcing judgments, assessments or claims against South Aviation or its property, attempting to modify, cancel, terminate, call, extinguish, revoke or accelerate (the due date), of any lease, loan, mortgage, indebtedness, security agreement or other agreement executed by South Aviation or which otherwise affects any of its property;

D.     Dissipate, withdraw, transfer, remove, dispose or conceal any cash, cashier's checks, funds, assets or other property of, or within the custody, control or actual or constructive possession of South Aviation or any entities constituting the Receivership Estates, including, but not limited to, all funds, personal property, equipment, inventory, parts, or financing relating to the foregoing, monies, funds,

cryptocurrencies, or securities held in South Aviation's name, jointly or individually, whether held or maintained in safety deposit boxes, and including all funds on deposit in any bank, cryptocurrency exchange, clearing firm, brokerage firm or other financial institution, futures commission merchant, bank or savings and loan account held by, under the actual or constructive control, or in the name of South Aviation, jointly or individually, funds or property of South Aviation's creditors, wherever located, whether held in the name of South Aviation, jointly or individually, or any other entity owned or controlled by South Aviation, jointly or individually;

E.     Destroy, mutilate, conceal, alter or dispose of, in any manner, any of the books and records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of South Aviation or of any entities constituting the Receivership Estates wherever located, including all such records concerning South Aviation's business operations and assets; or

F.     Interfere with or harass the Temporary Receiver, or interfere in any manner with the exclusive jurisdiction of this Court over South Aviation and the Receivership Estates.

28.     South Aviation, its current and former officers, directors, employees, partners, representatives, and agents, and all family members of Machado, and all other persons or entities served with a copy of this Order, shall cooperate with and assist the Temporary Receiver in the performance of her duties.

29.     The Temporary Receiver shall promptly notify this Court of any failure or apparent failure of any person or entity to comply in any way with the terms of this Order.

30.     The injunctive provisions of this Order shall be binding on South Aviation, and upon any person insofar as he or she is, or previously was, acting in the capacity of officer, director, employee, partner, representative, or agent, and upon any person who receives actual notice of this Order by personal service, electronic mail, facsimile transmission or otherwise, including Federal Express or other commercial overnight service.

## XII. Directives to Financial Institutions

31.     Pending further Order of this Court, any bank, cryptocurrency exchange, clearing firm, brokerage firm or other financial institution, business entity, or person that holds, controls, or maintains custody of any equipment, inventory, parts, or financing relating to the foregoing, monies, cryptocurrencies, funds, accounts, commodity interests, real estate, assets, liabilities, electronically stored information, and other property of any kind owned, controlled, managed, or held by, on behalf of, or for the benefit of South Aviation, its creditors or any other entities constituting the Receivership Estates, or has held, controlled, or maintained custody of any equipment, inventory, parts, or financing relating to the foregoing, monies, cryptocurrencies, funds, accounts, commodity interests, real estate, assets, liabilities, and other property of any kind owned, controlled, managed, or held by, on behalf of, or for the benefit of South Aviation, its creditors or any other entities constituting the Receivership Estates at any time since, shall:

A.     Provide to the Temporary Receiver, within ten (10) calendar days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every such account or asset titled in the name, individually or jointly, of South Aviation or any other entities constituting the Receivership Estates, or owned, controlled, managed, or held by, on behalf of, or for the benefit of South Aviation, its creditors or any other entity within the Receivership Estates; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is either titled in the name, individually or jointly, of South Aviation or any other entities constituting the Receivership Estates or is otherwise subject to access by South Aviation or any such entity; and

B.     Upon request by the Temporary Receiver, promptly provide her with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instructions or slips, currency transactions reports, 1099 forms, and safe deposit box logs;

C.   Prohibit South Aviation and any person other than the Temporary Receiver from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any assets of South Aviation or the Receivership Estates except as directed by further Order of this Court;

D.   Deny South Aviation and any person other than the Temporary Receiver access to any safe deposit box that is titled in the name of South Aviation, either individually or jointly; or otherwise subject to access by South Aviation; and

E.   Cooperate with all reasonable requests of the Temporary Receiver relating to implementation of this Order, including producing records related to South Aviation's accounts and business(es).

## XIII. Stay of Litigation

32.   Except for the instant action and any police or governmental actions, whether civil or criminal, related to South Aviation or its officers, directors, employees, partners, representatives, or agents, the following proceedings are stayed until further Order of this Court:

All past, present and future civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving: (a) the Temporary Receiver, in her capacity as such; (b) any of South Aviation's property or property derived from South Aviation's or its creditors' funds, wherever located; (c) South Aviation, including subsidiaries, successors, assigns, and entities owned or controlled by South Aviation and any of South Aviation's past or present officers, directors, employees, partners, representatives, or agents sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise (such proceedings are hereinafter referred to as "Ancillary Proceedings").

33.   The parties to any and all Ancillary Proceedings are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding, including, but not limited to, the issuance or employment of process.

34.   All Ancillary Proceedings are stayed in their entirety, and all courts, arbitration tribunals or other fora having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of South Aviation against a third person or party, any applicable statute of limitation is tolled

during the period in which this injunction against commencement of legal proceedings is in effect as to that cause of action.

35.     This litigation stay/injunction shall cease upon termination of the receivership by Order of this Court.

### XIV. Managing Assets

36.     The Temporary Receiver may establish one or more custodial accounts at a federally insured bank to receive and hold all funds of South Aviation and/or the Receivership Estates. Such deposit accounts shall be titled in the Temporary Receiver's name.

### XV. Conflicts of Interest

37.     The Temporary Receiver has a continuing duty to ensure that there are no conflicts of interest between herself and South Aviation or the Receivership Estates.

### XVI. Limitations on Liability of Temporary Receiver and Her Agents

38.     Until further Order of this Court, the Temporary Receiver shall not be required to post bond or give an undertaking of any type in connection with her fiduciary obligations in this matter.

39.     The Temporary Receiver and all persons hired by Temporary Receiver are entitled to rely on all outstanding rules of law and Orders, and shall not be liable to anyone for their own good faith compliance with any Order, rule, law, judgment or decree, including, without limitation, this Order. In no event shall the Temporary Receiver or persons hired by Temporary Receiver be liable to anyone for any loss or damage incurred by South Aviation or by the Temporary Receiver's officers, agents, or employees (1) with respect to the performance of their duties and responsibilities as Temporary Receiver or persons hired by Temporary Receiver, or (2) for any actions taken or omitted by them, except upon a finding by this Court that they engaged in an act

of gross negligence or greater. Nothing in this provision is intended to provide a defense against liability for any actions taken by South Aviation or its directors, officers, agents, shareholders, affiliates, employees or other personnel prior to the appointment of the Temporary Receiver.

40.     This Court shall retain jurisdiction over any action filed against the Temporary Receiver or her agents based upon acts or omissions committed in their representative capacities.

41.     In the event the Temporary Receiver decides to resign, she shall first give written notice to Plaintiffs' counsel of record and this Court of her intention, and the resignation shall not be effective until this Court appoints a successor Temporary Receiver. The Temporary Receiver shall then follow such instructions as this Court may provide.

## XVII. Recommendations and Reports

42.     Upon her appointment, the Temporary Receiver shall perform an assessment of the viability of South Aviation as a going business enterprise and options and alternatives for its future.

43.     Within thirty (30) calendar days of the entry date of this Order, the Temporary Receiver shall file with this Court and serve on the parties a report of her conclusions and recommendations.

44.     The Temporary Receiver shall maintain written accounts, itemizing receipts and expenditures, describing properties held or managed, and naming the depositories of receivership funds; make such written accounts and supporting documentation available to Plaintiffs and other South Aviation creditors for inspection, and, within ninety (90) calendar days of her first report and every ninety (90) calendar days thereafter file with this Court and serve on the parties a report summarizing efforts to marshal and collect assets, administer the Receivership Estates, and otherwise perform the duties mandated by this Order.

## XVIII. Fees, Expenses, and Accountings

45.     The Temporary Receiver need not obtain Court approval prior to the disbursement of South Aviation's funds for expenses in the ordinary course of the administration and management of South Aviation, including the maintenance of its assets. Further, prior Court approval is not required for payments of applicable federal, state or local taxes.

46.     The Temporary Receiver and all professionals she retain are entitled to compensation deemed to be reasonable and appropriate for their work. The Temporary Receiver is authorized to file motions to employ professionals, such as attorneys and/or accountants, whose rates will be disclosed in same.

47.     The Temporary Receiver and her professionals, such as attorneys and/or accountants, shall file periodic fee applications for payment of reasonable fees and reimbursement of actual incurred costs. The fee/cost applications shall be filed every three (3) months for the Court's consideration. The Temporary Receiver and her professionals shall include in the fee/cost applications their statements for services for the relevant months of work and shall serve same on counsel for parties in this action. Both the Temporary Receiver's and her professionals' statements shall contain itemized time entries with the daily hours spent on receivership matters.

48.     The compensation of the Temporary Receiver and her professionals shall be entitled to priority as administrative expenses. The Temporary Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of this Court.

## XIX.   Service of This Order

49.     Copies of this Order may be served by any means, including by way of personal service, Federal Express or other commercial overnight service, electronic mail or facsimile transmission, upon any financial institution or any other entity or any other person that may have

possession, custody, or control of any documents or assets of South Aviation or any other entity within the Receivership Estates or that may be subject to any provision of this Order. The Temporary Receiver and her agents are specially appointed to serve process, and/or effectuate service of process, including this Order and all other papers in this cause.

## XX.   Waiver

50.     The Temporary Receiver may waive any attorney-client or other privilege held by South Aviation; provided, however, that nothing in this Order shall be construed to require Machado to abandon or waive any constitutional or legal privilege she may have.

## XXI.   Bankruptcy

51.     During the period of this receivership, all persons, including creditors, banks or others with actual notice of this Order, are enjoined from filing a petition for relief under the United States Bankruptcy Code without prior permission from this Court, or from in any way disturbing the assets or proceeds of the receivership or from prosecuting any actions or proceedings which involve the Temporary Receiver or which affect the property of South Aviation or the Receivership Estates.

52.     The Temporary Receiver is fully authorized to proceed with any filing she may deem appropriate under the United States Bankruptcy Code as to South Aviation.

## XXII.  No Bond

53.     The Temporary Receiver is appointed without bond.

## XXIII. Title to Property

54.     Title to all property, real or personal, all contracts, rights of action, and all books and records of South Aviation and the Receivership Estates, wherever located within or without this state, is vested by operation of law in the Temporary Receiver.

## XXIV. Existing Criminal Proceedings in Texas

55.     The Temporary Receiver shall stay informed regarding the criminal proceedings pending before the United States District Court for the Eastern District of Texas, Sherman Division (the "Texas Court"), in the proceeding styled "United States of America v. Deborah Lynn Mercer-Erwin, et al.", Case No. 4:20-CR-212, Judge Mazzant presiding (the "Texas Proceedings"). To the extent that the United States of America obtains criminal forfeiture of assets of Federico Andres Machado, the Temporary Receiver shall advise this Court of the Government's efforts and shall cooperate with the Texas Court with respect to same.

## XXV.   Temporary Receivership

56.     The Temporary Receiver shall continue with all of the powers, rights, and authority set forth herein for an initial six-month period from the date of the entry of this Order and shall serve thereafter for an additional term, as allowed by this Court pursuant to subsequent order.

## XXVI. Court Maintains Jurisdiction

57.     This Order shall remain in full force and effect during the pendency of this case, or until further Order of this Court, upon application, notice, and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes related to this action.

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 15, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Barbara Martinez, Esq.
Holland & Knight
701 Brickell Avenue
Suite 3300
Miami, Florida 33131
(305) 789-7506
Barbara.Martinez@hklaw.com