**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:20-CR-00212 |
| | ) | |
| DEBRA LYNN MERCER-ERWIN (1) | ) | |
| KAYLEIGH MOFFETT (2) | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANTS' MOTION FOR BILL OF PARTICULARS**

The Defendants, Debra Lynn Mercer-Erwin (Ms. Mercer-Erwin), by and through her counsel of record, Joe E. White, Jr., and Kayleigh Moffett, by and through her counsel of record, Vicki Zemp Behenna and W. Brett Behenna (collectively referred to as the "Defendants") respectfully request that this Court order the Government to file a Bill of Particulars in accordance with Rule 7(f) of the Federal Rules of Criminal Procedure. In support of this motion, the Defendants states as follows:

On May 5, 2021, the Government filed the Fifth Superseding Indictment (the "Indictment") in this case [Dkt. No. 224.] The Indictment charges the Defendants, along with seven other defendants, with six different conspiracies and one substantive count: 1) conspiracy to manufacture and distribute cocaine (Count 1) ; 2) conspiracy to manufacture and distribute cocaine intending, knowing, and with reasonable cause to believe that the cocaine will be unlawfully imported into the United States (Count 2); 3) manufacturing and distributing five kilograms or more of cocaine intending, knowing, and with reasonable cause to believe that the cocaine will be unlawfully imported into the United States (Count

3); 4) conspiracy to commit money laundering (Count 4); 5) conspiracy to commit export violations (Count 5); 6) conspiracy to commit registration violations involving aircraft not providing air transportation (Count 6); and 7) conspiracy to commit wire fraud (Count 7).

Despite being 47 pages long, the Indictment is substantially devoid of specific, factual allegations that would give the Defendants sufficient notice of the accusations against them. Instead, the Government has made only vague and confusing accusations of seemingly unrelated conduct alleged to have occurred over a nearly twelve-year period in at least nine different countries. Consequently, the Defendants are unable to adequately defend themselves against the allegations, in violation of the due process guarantees of the United States Constitution.

Further, counsel for the Defendants are unable to determine, based on the information currently available, whether there are any pre-trial motions that are appropriate. For example, counsel for Defendants cannot determine whether the Government has jurisdiction over each of the alleged offenses, whether any of the alleged offenses are time-barred, or whether any of the six different conspiracy counts are multiplicious or duplicitous. Accordingly, the Defendants request this Court enter an Order requiring the Government to provide a Bill of Particulars containing the information requested herein.

I.  **AUTHORITIES**

Rule 7(f) of the Federal Rules of Criminal Procedure permits a defendant to move the court to direct the Government to provide a bill of particulars when the indictment does not provide a defendant with sufficient information to defend against the charges. "The

purposes of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution. Informing the defendant of the names of alleged unindicted coconspirators has been held a proper use of a bill of particulars." *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977). *See also United States v. Kirkham*, 129 Fed.Appx. 61, 72 (5th Cir. 2005) ("The purpose of a bill of particulars is to apprise a defendant of the charges against him with enough detail to allow him to prepare his defense."); *United States v. Vesich*, 726 F.2d 168, 169 (5th Cir. 1984).

In addition to informing a defendant of the identities of alleged unindicted co-conspirators, courts have ordered the government to provide a bill of particulars in the following instances:

a) In *United States v. Baker*, 262 F.Supp. 657 (D.D.C. 1967), a defendant charged with aiding and abetting the preparation and filing of a false income tax return was entitled to a bill of particulars informing him as to how he aided and abetted.

b) In *United States v. Tedesco*, 441 F.Supp. 1336 (M.D. Pa. 1977), a defendant was entitled to a bill of particulars informing him of the manner and means by which he was alleged to have illegally fixed prices under the Sherman Act.

c) In *United States v. Carriles*, 2010 WL 300357 (W.D. Tx. 2010), a defendant was entitled to a bill of particulars where count three of the indictment referred back to conduct listed in counts one and two but was not limited to those events and provided no further detail.

    d)    In *United States v. Ryan*, 2021 WL 2018081 (E.D. La. 2021), the defendants were entitled to a bill of particulars identifying the specific alleged false statements in a loan package that constituted the indicted bank fraud.

    e)    In *United States v. Garibalde-Barron*, 2013 WL 427389 (W.D. Tx. 2013), the defendants were entitled to a bill of particulars where the indictment alleged the defendants joined a conspiracy but did not reveal any further information about their involvement.

    f)    In *United States v. Miriani*, 310 F.Supp. 217 (E.D. Mich. 1968), the defendants were entitled to a bill of particulars informing them of the date, amount, character, and source of unreported income allegedly received by the defendants which were the basis of an income tax fraud prosecution.

    g)    In *United States v. Hughes*, 195 F.Supp. 795 (S.D.N.Y. 1961), the defendant was entitled to a bill of particulars identifying the specific untrue statements of the defendants, the true facts as opposed to the alleged false statements, the dates of any purchases or offers and the facts necessary to make the statements not misleading.

    h)    In *United States v. Garrison*, 168 F.Supp. 622 (E.D. Wis. 1958), the defendants were entitled to a bill of particulars stating the names of the defendants who made false representations, the names of the person(s) to whom the representations were made, the manner in which the representations were made. *See also United States v. Fassoules*, 49 F.R.D. 43 (D.C. N.Y. 1969) (requiring the government to identify the false statements and the manner in which they were made).

i) In *United States v. Liberman*, 15 F.R.D. 279 (S.D.N.Y. 1953), the defendant was entitled to a bill of particulars identifying whether the defendant was charged with having smuggling diamonds personally or having aided, abetted, counseled, commanded, induced, procured or caused such introduction, and if one or more of the latter acts, which one and the means by which it was performed.

"The test in passing on a bill of particulars should be whether the information requested is necessary to allow the defense to prepare its case adequately or to avoid prejudicial surprise." Wright and Liepold, *Federal Practice and Procedure*, Crim. 4th §130, p. 658-659. *See also United States v. Rodriguez*, 2020 WL 4689193 at *6 (E.D. Tx. 2020) ("The trial court should grant the motion for a bill of particulars when the information is necessary for the defendants to prepare for trial.").

For purposes of this test, the government is not entitled to presume that a defendant has all the information necessary to defend the charges; "[t]his argument could be valid only if the defendant be presumed to be guilty. For only if he is presumed guilty could he know the facts and details of the crime. Instead of being presumed guilty, he is presumed to be innocent. Being presumed to be innocent, it must be assumed that he is ignorant of the facts on which the pleader found his charges. This conclusion seems … to be elementary, fundamental and inescapable. Without definite specification of the time and place of commission of the overt acts complained of, and of the identity of the person or persons dealt with, there may well be difficulty in preparing to meet the general charges of the information, and some danger of surprise." *United States v. Smith*, 16 F.R.D. 372, 375 (W.D. Mo. 1954).

### A. Count 1 – Conspiracy to Manufacture and Distribute Cocaine, in Violation of 21 U.S.C. §846

Count 1 alleges a conspiracy among all eight Defendants to possess with the intent to distribute cocaine. Yet, the only time cocaine is mentioned in the entire 47-page Indictment is in reference to eight planes that were allegedly seized or crashed in other countries with various amounts of cocaine onboard. *See* Indictment, ¶¶ 29, 30, 31, 36, 41, 42, 45, 48. The Defendants' only alleged connection to these planes in the Indictment is that two of them were registered to Aircraft Guaranty Corporation ("AGC"), where the Defendants worked, and a third was falsely utilizing the tail number of a plane registered to AGC. AGC registered thousands of planes in the course of its business—the fact that two of them were seized with cocaine onboard is not evidence of a conspiracy to possess with intent to distribute. However, the Indictment identifies no object of the alleged conspiracy, no overt acts in furtherance of the alleged conspiracy, and no additional information that would form the basis for the Government's allegations that an agreement was entered into. Therefore, the Defendants request that the following information about Count 1, which is essential to their full knowledge of the charges against them and preparation of their defense:

1. The Government's theory of the formation of the agreement to join the alleged conspiracy to possess with intent to distribute cocaine, including when the agreement took place, with whom the agreement was made, and the nature of the agreement;

2. The identity of each of the individuals, indicted and unindicted, that allegedly participated in the conspiracy to possess with intent to distribute cocaine;

3. The object of the alleged conspiracy to possess with intent to distribute cocaine;

4. The overt acts allegedly committed in furtherance of the conspiracy to possess with intent to distribute cocaine, including dates, locations, and descriptions of said acts;

5. Any information demonstrating the Defendants' involvement in the alleged conspiracy, including any conduct demonstrating that the Defendants knowingly entered into an agreement with another person to possess with intent to distribute cocaine, and acted in furtherance of the alleged conspiracy.

### B. Count 2 – Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing, and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, in Violation of 21 U.S.C. §963

Count 2 alleges a conspiracy among all eight Defendants to manufacture and distribute cocaine intending, knowing, and with reasonable cause to believe the cocaine would be unlawfully imported into the United States. Again, the Indictment contains no information about the manufacture, distribution, or importation of drugs, identifies no object of the alleged conspiracy, no overt acts in furtherance of the alleged conspiracy, and no additional information that would form the basis for Count 2. Further, the eight planes that were allegedly seized with cocaine onboard were either seized or crashed in Mexico (N18BA & N466MM/NN886N), Guatemala (N305AG & N939RR), Belize (N311BD), Venezuela (N24C1W), Honduras (N990PA), and Colombia (N777EH). The Indictment does not indicate where these planes were traveling to/from at the time they were seized or

7

crashed, nor does it include any information that would suggest that the Defendants were knowing participants in the alleged conspiracy or had reasonable cause to believe the planes which were registered to AGC were carrying cocaine, much less that the cocaine would be imported. The Indictment wholly fails to allege any knowledge of cocaine distribution against the Defendants. Accordingly, the Defendants requests that the following information about Count 2, which is essential to their full knowledge of the charges against them and their ability to defend themselves:

1. The Government's theory of the formation of the agreement to join the alleged conspiracy to manufacture and distribute cocaine, including when the agreement took place, with whom the agreement was made, and the nature of the agreement;

2. The identity of each of the individuals, indicted and unindicted, that allegedly participated in the conspiracy to manufacture, distribute, and/or import cocaine;

3. The object of the alleged conspiracy to manufacture, distribute, and/or import cocaine;

4. The overt acts allegedly committed in furtherance of the manufacture, distribution, and/or importation of cocaine, including dates, locations, and descriptions of said acts;

5. Whether the Government alleges that the Defendants manufactured cocaine, or distributed cocaine, or some combination thereof;

6. Any information demonstrating the Defendants' involvement in the alleged conspiracy, including any conduct demonstrating that the Defendants knowingly

>   entered into an agreement with another person to manufacture, distribute, and/or import cocaine;

7. Any information demonstrating the Defendants had reasonable cause to believe the cocaine would be unlawfully imported into the United States.

   **C. Count 3 – Manufacturing and Distributing Cocaine Intending, Knowing, and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, in Violation of 21 U.S.C. §959, 18 U.S.C. §2**

Count 3 charges the Defendants with the substantive offense of aiding and abetting each other in the manufacture and distribution of cocaine intending, knowing, and with reasonable cause to believe that the cocaine would be unlawfully imported into the United States. For the same reasons set forth above in their request for information related to Count 2, the Defendants request the following information about Count 3, which is essential to their full knowledge of the charges against them and preparation of their defense:

1. Whether the Government alleges the Defendant(s) aided and abetted each other in the manufacture of cocaine, the distribution of cocaine, or a combination thereof;

2. The identity of each of the individuals, indicted and unindicted, that allegedly aided and abetted the Defendants, or who the Defendants aided and abetted, in the manufacture and/or distribution of cocaine;

3. The date(s) on which the cocaine was allegedly manufactured and/or distributed;

9

4. The location(s) at which the cocaine was allegedly manufactured and/or distributed;

5. The manner in which the Defendants aided and abetted the manufacture and/or distribution of cocaine, including any particular instances of aiding and abetting by the Defendants;

6. The date(s) on which the alleged aiding and abetting occurred;

7. The location(s) at which the alleged aiding and abetting occurred.

### D. Count 4 – Conspiracy to Commit Money Laundering, in Violation of 18 U.S.C. §1956(h)

Count 4 contains vague accusations of a conspiracy to commit money laundering, which allegedly occurred over an almost 12-year period and does not identify any specific transactions that the Government deems to be money laundering. The Defendants request the following information about Count 4, which is essential to their full knowledge of the charges against them and preparation of their defense:

1. The Government's theory of the formation of the agreement to launder money, including when the agreement took place, with whom the agreement was made, and the nature of the agreement;

2. The identity of the source of funds or property that were involved in a financial transaction that represents the proceeds of some form of unlawful activity;

3. The identity of each of the individuals, indicted and unindicted, that allegedly participated in the conspiracy to launder money;

4. The overt acts allegedly committed in furtherance of the conspiracy to launder money, including dates, locations, and descriptions of said acts;

5. Any information demonstrating the Defendants' involvement in the alleged conspiracy, including any conduct demonstrating that the Defendants knowingly entered into an agreement with another person to launder money;

6. The specific monetary transactions that formed the basis of what the Government deems to be money laundering, including but not limited to bank accounts utilized, bank transfers, wire transfers, peer-to-peer monetary transfer services, as well as identifying any and all banks or financial institutions which were used to facilitate the alleged money laundering.

### E. Count 5 – Conspiracy to Commit Export Violations, in Violation of 18 U.S.C. §371

Count 5 alleges a conspiracy among three of the Defendants, including the Defendants, to commit export violations over a period of almost 12 years in the Eastern District of Texas "and elsewhere." However, it is unclear from the Indictment whether the export violations alleged in Count 5, as well as the registration violations alleged in Count 6, were independent conspiracies with their own objectives, or were part of one, broader conspiracy. The Defendants request the following information about Count 5, which is essential to their full knowledge of the charges against them and preparation of their defense:

1. The identity of each of the individuals, indicted and unindicted, that allegedly participated in the conspiracy to commit export violations;

11

2. The object of the alleged conspiracy to commit export violations;

3. The overt acts allegedly committed in furtherance of the conspiracy to commit export violations, including dates, locations, and descriptions of said acts;

4. Any information demonstrating the Defendants' involvement in the alleged conspiracy, including any conduct demonstrating that the Defendants knowingly entered into an agreement with another person to commit export violations.

### F. Count 6 – Conspiracy to Commit Registration Violations Involving Aircraft Not Providing Air Transportation, in Violation of 18 U.S.C. §371

Count 6 alleges a conspiracy among four of the Defendants, including Ms. Mercer-Erwin and Ms. Moffett, to commit registration violations involving aircraft not providing air transportation over a period of nearly twelve years in the Eastern District of Texas "and elsewhere." As with the other counts, the Defendants request the following information about Count 6, which is essential to their full knowledge of the charges against them and preparation of their defense:

1. The Government's theory of the formation of the agreement to commit registration violations involving aircraft not providing air transportation, including when the agreement took place, with whom the agreement was made, and the nature of the agreement;

2. The identity of each of the individuals, indicted and unindicted, that allegedly participated in the conspiracy to commit registration violations involving aircraft not providing air transportation;

3. The object of the alleged conspiracy to commit registration violations involving aircraft not providing air transportation;

4. The overt acts allegedly committed in furtherance of the conspiracy to commit registration violations involving aircraft not providing air transportation, including dates, locations, and descriptions of said acts;

5. Any information demonstrating the Defendants' involvement in the alleged conspiracy, including any conduct demonstrating that the Defendants knowingly entered into an agreement with another person to commit registration violations involving aircraft not providing air transportation.

### G. Count 7 – Conspiracy to Commit Wire Fraud, in Violation of 18 U.S.C. §1349

Count 7 alleges a conspiracy among three of the Defendants, including Ms. Mercer-Erwin and Ms. Moffett, to commit wire fraud. While the Indictment identifies a so-called Ponzi Scheme as the basis for Count 7, the description of the Ponzi Scheme does not sufficiently explain the Defendants' involvement in the alleged conspiracy to commit wire fraud. Rather than allege acts taken in furtherance of the conspiracy, the Indictment simply references back to "The Ponzi Scheme." The Defendants request the following information about Count 7, which is essential to their full knowledge of the charges against them and preparation of their defense:

1. The identity of each of the individuals, indicted and unindicted, that allegedly participated in the conspiracy to commit wire fraud;

2. The overt acts allegedly committed in furtherance of the conspiracy to commit wire fraud, including dates, locations, and descriptions of said acts;

3. Any information demonstrating the Defendants' involvement in the alleged conspiracy, including any conduct demonstrating that the Defendants knowingly entered into an agreement with another person to commit wire fraud;

4. Any information demonstrating that the United States Attorney's Office has jurisdiction, or that the Eastern District of Texas has appropriate venue, over the alleged wire fraud scheme involving Wright Brother's Aircraft Title, an Oklahoma Company that has never done business or operated in the Eastern District of Texas.

WHEREFORE, the Defendants respectfully request that this Court order the Government to file a Bill of Particulars, in accordance with Rule 7(f) of the Federal Rules of Criminal Procedure, in order to better inform the Defendants of the charges against them so that they can defend themselves accordingly.

Respectfully submitted,

| *s/ Joe E. White, Jr.* | *s/ W. Brett Behenna* |
|---|---|
| JOE E. WHITE, JR.    OBA #12930 | W. BRETT BEHENNA    OBA #30485 |
| WHITE & WEDDLE, P.C. | BEHENNA GOERKE KRAHL & MEYER |
| 630 N.E. 63rd Street | Oklahoma Tower |
| Oklahoma City, Oklahoma 73105 | 210 Park Avenue, Suite 3030 |
| (405) 858-8899 | Oklahoma City, OK 73102 |
| (405) 858-8844 FAX | (405) 232-3800 |
| joe@whiteandweddle.com | bb@lawfirmokc.com |
| | |
| *Attorney for Debra Lynn Mercer-Erwin* | *Attorney for Kayleigh Moffett* |

**CERTIFICATE OF DELIVERY**

☒  I hereby certify that on this 23rd day of May, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants, to:

Ernest Gonzalez
Assistant United States Attorney
101 East Park Blvd., Ste. 500
Plano, Texas 75074
Ernest.gonzalez@usdoj.gov

☐  I hereby certify that on _____, I served the attached document by United States Certified Mail, Return Receipt Requested on the following, who are not registered participants of the ECF System:

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.

**CERTIFICATE OF CONFERENCE**

Today, Monday, May 23, 2022, defense counsel for Defendant Debra Mercer-Erwin made contact with Ernest Gonzalez, Assistant United States Attorney. Mr. Gonzalez stated he objects to the filing of our Bill of Particulars, and that the Government, through Mr. Gonzalez, will file a Response to our Bill of Particulars.

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.