IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> DEBRA LYNN MERCER-ERWIN (1) <br> KAYLEIGH MOFFETT (2) | 4:20-CR-212 |

### THE UNITED STATES' OPPOSITION
### TO THE MOTION FOR A BILL OF PARTICULARS

Comes now the United States and files this opposition to the Defendants, Debra Lynn Mercer-Erwin and Kayleigh Moffett's Motion for a Bill of Particulars. Dkt. 286.

### INTRODUCTION

This Court has repeatedly emphasized that "a bill of particulars is not a discovery device." *See, e.g., United States v. Churchill*, No. 4:20-CR-00252(1), 2021 WL 862306, at *2 (E.D. Tex. Mar. 8, 2021) (quoting *United States v. Rodriguez*, No. 4:18-CR-00216-ALM CAN, 2020 WL 4689193, at *4 (E.D. Tex. July 27, 2020), *report and recommendation adopted*, No. 4:18-CR-216, 2020 WL 4674141 (E.D. Tex. Aug. 12, 2020); *United States v. Mathis*, No. 419CR00265SDJCAN2, 2020 WL 7409089, at *4 (E.D. Tex. Nov. 3, 2020), *report and recommendation adopted*, No. 4:19-CR-265-2, 2020 WL 7396541 (E.D. Tex. Dec. 17, 2020); *United States v. Turner*, No. 418CR00216ALMCAN34, 2020 WL 6121481, at *2 (E.D. Tex.

1

Sept. 15, 2020), *report and recommendation adopted*, No. 4:18-CR-216, 2020 WL 6118612 (E.D. Tex. Oct. 16, 2020).

Yet discovery is precisely what the Defendants intends with their motion.  For each of the seven counts of the Fifth Superseding Indictment, the Defendants request a laundry list of information that go far beyond the intended purposes of a bill of particulars and instead are requests for more information more appropriate to interrogatories or requests for the production of documents.  This Court should deny the motion.

### FACTS

The movement of large amount of cocaine in international drug trafficking is regularly accomplished with the use of aircraft.  Aircraft registered in the United States (and thus entitled to have an "N" in the tail number) are particularly coveted because foreign law enforcement are less likely to inspect or force down a U.S. registered plane and because the aircraft has an increased resale value.

This is where the Defendants bringing this motion, Debra Lynn Mercer-Erwin and Kayleigh Moffett, come in.  Mercer-Erwin and Moffett are principals of Aircraft Guaranty Corporation Holdings (AGC) and Wright Brothers Aircraft Title, Inc. (WBAT).  As set forth in the Fifth Superseding Indictment, AGC registered and holds in trust thousands of aircraft in trust for foreign nationals.  Among the aircraft for which AGC serves as trustee are several aircraft that have been used to move large volumes of cocaine.  WBAT often serves as an escrow agent for transactions involving AGC and at times, makes FAA filings related to AGC aircraft.

The Fifth Superseding Indictment charges Mercer-Erwin and Moffett with seven counts including conspiracy to manufacture and import cocaine into the United States, conspiracy to commit money laundering, conspiracy to commit export violations, conspiracy to commit

aircraft registration violations, and conspiracy to commit wire fraud. *Id*. at 31-42. The principal thrust of the United States case against these Defendants is that they participated in the manufacture, distribution, and importation of cocaine into the United States when they knowingly assisted in the U.S. registration of drug trafficking aircraft and helped to conceal the true ownership of these aircraft. The Defendants also engaged in money laundering, wire fraud, and export and aircraft registration violations as part of this scheme.

On May 23, 2022, the Defendants filed the present motion seeking a bill of particulars. In the motion, the Defendants request several categories of information (42 in total) for each of the seven counts of the Fifth Superseding Indictment. These categories can be broadly divided as seeking the following:

- The United States' theory of the formation of the agreement to join the alleged conspiracy, including when the agreement took place, with whom the agreement was made, and the nature of the agreement (Counts 1, 2, 4 & 6);

- The identity of each of the individuals, indicted and unindicted, that allegedly participated in the conspiracy (all Counts);

- The object of the alleged conspiracy (Counts 1, 2, 5 & 6)

- The overt acts allegedly committed in furtherance of the conspiracy (Counts 1, 2, 4, 5, 6 & 7);

- Information demonstrating the Defendants' involvement in the alleged conspiracy (Counts 1, 2, 4, 5, 6 & 7);

- Whether the Government alleges that the Defendants manufactured cocaine, or distributed cocaine (or aided and abetted), or some combination thereof (Counts 2 & 3).

Dkt. 286 at 6-14. The Defendants also request categories of information specific to particular counts. For example, the Defendants seek "[a]ny information demonstrating that the United States Attorney's Office has jurisdiction, or that the Eastern District of Texas has appropriate venue, over the alleged wire fraud scheme involving [WBAT]." *Id*. at 14.

## ARGUMENT

Federal Rule of Criminal Procedure 7(f) permits a defendant to move for a bill of particulars. Fed. R. Crim. P. 7(f). "The purpose of a bill of particulars is to inform an accused of the charge with sufficient precision to reduce trial surprise, to enable adequate defense preparation, and critically, by the fleshing out of the charges to illuminate the dimensions of jeopardy." *Mathis*, 2020 WL 7409089, at *3. There is no right to a bill of particulars, however, and the decision to grant a motion for such a bill is within the discretion of the Court. *Id*. "[A] court abuses its discretion in denying a motion for a bill of particulars *only* when the denial results in actual surprise at trial and prejudice to a defendant's substantial rights." *Id*. (emphasis added).

*The United States' Theory of the Formation of the Agreement and the Conduct Demonstrating that the Defendants Entered into an Agreement*

For several of the counts, the Defendants request that United States disclose its "theory of the formation of the agreement to join the alleged conspiracy." *See, e.g.,* Dkt. 296 at 6. The Defendants also request the United States provide "[a]ny information demonstrating the Defendants' involvement in the alleged conspiracy, including any conduct demonstrating that the Defendants knowingly entered into an agreement with another person." *Id*. at 7. In effect the Defendants are requesting that the United States disclose the theory of its case. But this is not a legitimate purpose for a bill of particulars. As the Fifth Circuit has held, a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the

4

legal theories upon which it intends to rely at trial." *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980); *see also Churchill*, 2021 WL 862306, at *1 (quoting *United States v. Hajecate*, 683 F.2d 894, 898 (5th Cir. 1982)) ("A defendant is not entitled to a bill of particulars to obtain the theory of the government's case.'") (emphasis added). Further, several courts that have considered the precise request here denied a motion for bill of particulars. *See, e.g., United States v. Leo*, No. 2:18-CR-00122-JDL-2, 2019 WL 7340135, at *2 (D. Me. Dec. 30, 2019) (internal citation omitted) ("Because the Government is not required to prove details relating to the formation of the alleged agreement at trial, an indictment need not include such details. Therefore, Leo is not entitled to a bill of particulars on this theory."); *United States v. Gilbert*, No. 217CR00419AKKTMP, 2018 WL 2088389, at *3 (N.D. Ala. May 4, 2018) (internal citation and quotation omitted) ("[A]s the Government correctly notes, a bill of particulars may not be used to compel the government to provide the essential facts regarding the existence and formation of a conspiracy").

*The Identity of Co-Conspirators.*

The Defendants also request that the United States "identity of each of the individuals, indicted and unindicted, that allegedly participated in the conspiracy." *See, e.g.,* Dkt. 286 at 7. This Court, however, has denied more targeted requests where a defendant has requested the identity of only *testifying* co-conspirators. Although the Fifth Circuit has held that "a bill of particulars is a proper procedure for discovering names of coconspirators the Government *plans to call as witnesses at trial*," *United States v. Hughes*, 817 F.2d 268, 273 (5th Cir. 1987) (citing *United States v. Barrentine*, 591 F.2d 1069, 1077 (5th Cir.1979)) (emphasis added), this Court has held that "a motion for a bill of particulars will not be granted when it is being used only to obtain a list of the government's witnesses," *Rodriguez*, 2020 WL 4689193, at *6 (*quoting*

*United States v. Holy Land Found. for Relief and Dev.*, No. 3:04-CR-240-G, 2007 WL 328833, at *3 (N.D. Tex. Feb. 1, 2007), and that "a bill of particulars regarding the identity of co-conspirators is largely obviated by the provision of a witness list before trial." *Id*.

This Court's February 14, 2022 Pretrial Order requires the United States to provide the Defendants with its witness list on July 11, 2022. Dkt. 272 at 2. Thus, as appropriate, the United States will, on that date, provide the identity of any co-conspirator the United States intends to offer as a witness. There will be no surprise for the Defendants as to the testifying co-conspirators.

Importantly, however, the Defendants' request is not limited to *testifying* co-conspirators. The Defendants wants the United States to identify *all* their co-conspirators. There is no basis for such a request. As this Court has held, "a conspiracy charge may be sustained by showing that a defendant entered into an agreement, *whether or not that defendant's co-conspirators are identified*." *Rodriguez*, 2020 WL 4689193, at *6 (emphasis added). It is, of course, often the case that conspiracies are organized in all manner of form where one or more, or even none, of the conspirators will know the identity of all their fellow co-conspirators. *Id.* ("[I]n order for [the defendant] to be convicted of conspiracy it [i]s not necessary for the government to prove that he knew all of the members of the conspiracy.") (quoting *United States v. Pofahl*, 990 F.2d 1456, 1470 (5th Cir. 1993)).

*Overt Acts*

The Defendants also request for several counts, "[t]he overt acts allegedly committed in furtherance of the conspiracy." *See, e.g.,* Dkt. 286 at 7. However, this Court has repeatedly held that "[a] defendant is not entitled to use a bill of particulars to discover all overt acts that might be proved at trial." *Churchill*, 2021 WL 862306, at *2; *Mathis*, 2020 WL 7409089, at *4;

*Turner*, 2020 WL 6121481, at *2; *Rodriguez*, 2020 WL 4689193, at *4; *United States v. Perea*, No. 416CR00176MACCAN, 2017 WL 5762458, at *2 (E.D. Tex. Nov. 9, 2017), *report and recommendation adopted*, No. CV 4:16CR176, 2017 WL 5759686 (E.D. Tex. Nov. 28, 2017); *see also United States v. Kilrain*, 566 F.2d 979 (5th Cir. 1978) ("Defendants contend that the Bill of Particulars furnished by the Government did not include all of the overt acts which the prosecution introduced at trial. This was not error, as defendants are not entitled to discover all the overt acts that might be proved at trial."); *United States v. Murray*, 527 F.2d 401, 411 (5th Cir. 1976) (citations omitted) ("[T]here is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in establishing a conspiracy charge[.]").

Moreover, with respect to several of the conspiracy counts, the United States need not prove an overt act. As this Court noted in *Mathis*, when rejecting a motion for a bill of particulars seeking to identify overt acts, "[a] § 846 conspiracy charge does not require proof that Defendant actually distributed or possessed with intent to distribute any controlled substance, or proof of an overt act to show participation in a drug conspiracy. Thus, the Government is not required to allege or prove at trial any specific overt acts by Defendant." *Mathis*, 2020 WL 7409089, at *5. The same is true for counts alleging a violation of 21 U.S.C. § 963, *United States v. Rojas*, 812 F.3d 382 (5th Cir. 2016), and money laundering in violation of 18 U.S.C. §1956(h), *United States v. Gurrola*, 898 F.3d 524, 540 (5th Cir. 2018); *see also Perea*, 2017 WL 5762458, at *3 ("It is not necessary for the indictment to allege the specific acts Defendant Perea committed in furtherance of the money laundering conspiracy.").

*The Object of the Conspiracies.*

For Counts 1, 2, 5 and 6, the Defendants request that the United States identify "[t]he object of the alleged conspiracy." Dkt. 286 at 7. But this is not necessary. The indictment

already sets forth the object of the conspiracy alleged in each of these counts. For each of the Counts the Defendants identify, the object of the conspiracy was to commit the underlying criminal offense. Thus, for example with respect to Count 1, the object of the conspiracy was the manufacture and distribution of cocaine. Similarly with respect to Count 2, the object of the conspiracy was the manufacture and distribution of cocaine where the defendants intended, knew, and had reasonable cause to believe that the cocaine would be unlawfully imported into the United States.

*Manufacturing and/or Distribution of Cocaine*

With respect to Counts 2 and 3, the Defendants ask that the United States disclose whether it "alleges that the Defendants manufactured cocaine, or distributed cocaine, or some combination thereof." Dkt. 286 at 8 & 9. As with other requests discussed above, this request seeks the United States' theory of its case and is beyond the purpose of a bill of particulars. The Defendants provide no explanation as to why this information is necessary to avoid trial surprise.

*Dates and Details*.

For several counts, the Defendants demand the United States provide specific details including, "[t]he date(s) on which the cocaine was allegedly manufactured and/or distributed," *id*. at 9, "[t]he location(s) at which the cocaine was allegedly manufactured and/or distributed," *id*. at 10, "[t]he date(s) on which the alleged aiding and abetting occurred," *id*., "[t]he location(s) at which the alleged aiding and abetting occurred," *id*., and "[t]he specific monetary transactions that formed the basis of what the Government deems to be money laundering, including but not limited to bank accounts utilized, bank transfers, wire transfers, peer-to-peer monetary transfer services, as well as identifying any and all banks or financial institutions which were used to facilitate the alleged money laundering," *id*. at 11.

Courts, including this Court regularly deny motions for bills of particulars when defendants seek pointed details such as those sought in these requests. *See, e.g., Mathis*, 2020 WL 7409089, at *5 ("Against this backdrop, a bill of particulars for the requested 'overt acts,' 'dates and locations,' and 'connection to the narcotics' is not necessary and should be denied."); Turner, 2020 WL 6121481, at *3 (same); *United States v. Giese*, 597 F.2d 1170 (9th Cir. 1979) ("Appellant's request for the 'when, where, and how' of every act in furtherance of the conspiracy was equivalent to a request for complete discovery of the government's evidence, which is not a purpose of the bill of particulars."); *United States v. Lemay*, No. 1:21-CR-573 (MKV), 2022 WL 1498961, at *3 (S.D.N.Y. May 12, 2022) (internal citations omitted) ("[C]ourts routinely deny motions for bills of particulars that request particular 'wheres, whens, and with whoms' which can be determined from the complaint, the indictment, or by reading even voluminous discovery. Accordingly, requests for bills of particulars that ask for unnamed conspirators, the date or place of events, or the specific actions should be denied."); *United States v. Djuga*, No. CIV.A. 14-140, 2015 WL 1412100 (E.D. La. Mar. 25, 2015) (holding that defendant's "request [for a bill of particulars] impermissibly crosses the line and it seeks a detailed account of government evidence which need not be provided in response to a motion for a bill of particulars[,]" where plaintiff requested the "dates, times, and places at which the Defendant is alleged to have combined, conspired, confederated, and agreed . . . to commit the narcotics violations alleged[.]") (quoted in *Mathis*, 2020 WL 7409089, at *5).

## **CONCLUSION**

For the reasons set forth above, the motion should be denied.

Respectfully submitted,

BRIT FEATHERSTON
United States Attorney

___/s/_____
ERNEST GONZALEZ
Assistant United States Attorney
Texas Bar No. 00789318
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
Ernest.Gonzalez@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed via electronic filing to defense counsel on June 6, 2022.

___/s/_____
ERNEST GONZALEZ