# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Wright Brothers Aircraft Title, Inc., | ) | Case No. 21−10994−JDL |
| | ) | (Chapter 7) |
| | ) | |
| Debtor. | ) | |

**TRUSTEE'S OBJECTION TO UNITED STATES'
MOTION FOR RELIEF FROM STAY**

Trustee, Douglas N. Gould ("Trustee"), hereby objects to the United States (the "Government") Motion for Relief from Stay filed herein on May 18, 2022 [Dkt. 176] (the "Motion"). In support of his objection, Trustee states:

1. Trustee admits the allegations contained in paragraph 1 of the Motion. Debtor, Wright Brothers Aircraft Title, Inc. ("Debtor"), is not a named Defendant in the EDTX Criminal Case.[1]

2. With respect to paragraph 2 of the Motion, Trustee admits the Government seized approximately $14,000,000 from Debtor pre-petition (the "Seized Funds").

3. With respect to paragraph 3 of the Motion, Trustee admits AML Global Payments, LLC ("AML") deposited $495,000.00 in Debtor's Bank of America account (the "AML Deposit") and that the funds remain in Debtor's BOA account. Trustee is without sufficient information to admit or deny the remaining allegations contained in paragraph 3 of the Motion.

4. Trustee is without sufficient information to admit or deny the allegations contained in paragraph 4 of the Motion.

---

[1] Capitalized terms, unless otherwise defined, shall have the meaning ascribed to them in the Motion.

5. With respect to paragraph 5 of the Motion, Trustee admits the filing of the referenced turnover motion. Trustee is without sufficient information to admit or deny the remaining allegations contained in paragraph 3 of the Motion.

6. Trustee admits the allegations contained in paragraph 6 of the Motion.

7. Trustee admits the allegations contained in paragraph 7 of the Motion.

8. Trustee is without sufficient information to admit or deny the allegations contained in paragraph 8 of the Motion.

9. With respect to paragraph 9 of the Motion, this paragraph states legal conclusions that require no response.

10. With respect to paragraph 10 of the Motion, this paragraph states legal conclusions that require no response.

## ADDITIONAL FACTS

11. The Trustee requested an accounting of the dates and amount of Seized Funds from all sources and the various banks to complete an accounting and reconciliation of amounts to account.

12. The Government distributed the Seized Funds to third parties (the "Government Distribution").

13. Trustee requested that the Government provide an accounting and information regarding the Seized Funds and Government Distribution in order to fulfill his obligations in this case including, but not limited to, (a) inclusion of all 90 day and one-year transactions in the Statement of Financial Affairs, (b) analysis of all creditor and parties in interest transactions and tracing with regard to the alleged Ponzi scheme, (c) a tracing of proceeds and disbursements for creditor analysis, (d) analysis of potential Chapter V recoveries, claims review and analysis, and

(e) to gather information for the preparation and filing of complete and accurate income tax returns. The Government has refused to comply with the Trustee's request unless the Trustee agrees not to pursue any claims related to the Government Distribution. Trustee is unable to agree to a blanket release without the ability to analyze the underlying documents and transactions.

## ARGUMENT

As admitted by the United States, "AML Global Payments, LLC deposited $495,000 into the WBAT BOA account…Those funds remain on deposit with BOA to this day." Motion at par. 3. The AML Deposit is property of the bankruptcy estate. *See In re FDV Artfolio LLC (Gould v. BOKF)*, 618 B.R. 29, 35 (Bankr. W.D. OK 2020) ("Property of the estate" is broadly defined under the Bankruptcy Code. Pursuant to § 541, the commencement of a bankruptcy case creates an estate. In relevant part, § 541(a)(1) of the Bankruptcy Code provides that "[s]uch estate is comprised of the following property, wherever located and by whomever held," including "... all legal or equitable interests of the debtor in property as of the commencement of the case.").

The Trustee must obtain all documentation relating to the seizure and ultimate disposition of Debtor funds, including the AML Deposit and the Government Distribution. *U.S. Department of Justice, Handbook for Chapter 7 Trustees, pp. 4-1 through 4-2 and 4-27.* This information must be included in the statutorily mandated Statement of Financial Affairs. *11 U.S.C. Sec. 521; U.S. Department of Justice, Handbook for Chapter 7 Trustees, p. 3-2*.

The Trustee must also conduct an analysis under 11 U.S.C. Sec. 547 and 548 to determine in any of these payments should be returned to the bankruptcy estate. *U.S. Department of Justice, Handbook for Chapter 7 Trustees, p. 4-12 through 4-14.*

3

By this Motion, the Government again[2] improperly seeks to circumvent the Trustee's mandate to oversee the bankruptcy distribution process and supplant it with its own claims process, claims analysis, and distribution scheme. The Motion must fail.

WHEREFORE, Trustee requests the Court to enter an order denying the Motion, and for such other relief as is just and proper.

/s/ Stephen J. Moriarty               
Stephen J. Moriarty, OBA # 6410
FELLERS, SNIDER, BLANKENSHIP,
    BAILEY & TIPPENS, P.C.
100 North Broadway, Suite 1700
Oklahoma City, OK 73102
Telephone: (405) 232-0621
Fax: (405) 232-9659
E-mail: smoriarty@fellerssnider.com

ATTORNEYS FOR TRUSTEE

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2022, I electronically transmitted the attached document to the Clerk of the court using the ECF System for filing.

/s/ Stephen J. Moriarty               
Stephen J. Moriarty

886168;05570

---

[2] The Government has already decided the "winners and losers" for purposes of its $14,000,000 pre-petition distribution to creditors.

4