**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:20-CR-00212 |
| | ) | |
| DEBRA LYNN MERCER-ERWIN (1) | ) | |
| KAYLEIGH MOFFETT (2) | ) | |
| | ) | |
| Defendants. | | |

**DEFENDANTS' MOTION TO DISMISS
COUNTS 2 AND 3 OF THE FIFTH SUPERSEDING INDICTMENT**

The Defendants, Debra Lynn Mercer-Erwin ("Ms. Mercer-Erwin"), by and through her counsel of record, Joe E. White, Jr., and Kayleigh Moffett ("Ms. Moffett"), by and through her counsel of record, Vicki Zemp Behenna, (collectively referred to as the "Defendants"), respectfully file this Motion to Dismiss Counts 2 and 3 of the Fifth Superseding Indictment (the "Indictment").

**Statement of Facts**

Ms. Mercer-Erwin and Ms. Moffett are residents of Oklahoma and mother and daughter. Since 2014, Ms. Mercer-Erwin has been the owner of Aircraft Guaranty Corporation Holdings ("AGC") and Wright Brothers Aircraft Title, Inc. ("WBAT"). AGC provides Federal Aviation Administration ("FAA") registration and trust services to individuals who own aircraft. Like a title company's role in a house purchase, WBAT provides title management and escrow services to individuals who are purchasing or selling an aircraft. During the purchase process for an aircraft, WBAT performs title searches and ensures the aircraft transaction is legal and unencumbered. AGC assists aircraft owners with the FAA registration, licensing, and trust matters.

The Indictment charges the Defendants with six different conspiracies and one substantive count: Count 1: Conspiracy to manufacture and distribute cocaine; Count 2: Conspiracy to

manufacture and distribute cocaine intending, knowing, and with reasonable cause to believe that the cocaine will be unlawfully imported into the United States; Count 3: Manufacturing and distributing five kilograms or more of cocaine intending, knowing, and with reasonable cause to believe that the cocaine will be unlawfully imported into the United States; Count 4: Conspiracy to commit money laundering; Count 5: Conspiracy to commit export violations; Count 6: Conspiracy to commit registration violations involving aircraft not providing air transportation; and Count 7: Conspiracy to commit wire fraud.

The Defendants move the Court to dismiss Counts 2 and 3 because they are defective in that they do not allege that any part of the charged conduct took place in the Eastern District of Texas.  "The right of a criminal defendant to be tried in the district in which the crime was committed is guaranteed by the sixth amendment and Article III of the United States Constitution, and Rule 18 of the Federal Rules of Criminal Procedure." *U.S. v. White*, 611 F.2d 531, 534 (5th Cir. 1980); *United States v. Romans*, 823 F.3d 299, 315 (5th Cir. 2016.)  The standard that the government is required to meet with regard to venue is a small one.  Small as it is, it does, however, exist.  In its simplest form, the government is required not just to prove venue at trial, but it must at least plead it in the charging instrument, albeit to a small degree.  Here, the government has failed to do even that.

When a defendant raised a lack of venue in a pretrial motion, ". . . the Court need only ask whether the allegations of the indictment, taken as true, satisfy the territorial jurisdiction and venue requirements. *United States v. Willie*, 2020 WL 2225355, United States District Court, N.D. Mississippi; May 7, 2020. *Citing United States v. Clark*, 728 F.3d 622, 623 (7th Cir. 2013.)"  "An indictment alleges proper venue if, <u>on its face</u>, 'it alleges facts which, if proven, would ... sustain venue in the district alleged, as only the indictment may be considered in pretrial motions for lack

of venue, and the allegation must be taken as true." *United States v. Roberts*, 2021 WL 3738852, United States District Court, E.D. Texas, Sherman Division, August 24, 2021; *citing United States v. Taylor*, No. 4:17-CR-09-MAC-CAN, 2017 WL 4639708, at *2 (E.D. Tex. Sept. 20, 2017). [Emphasis added.]

Counts 2 and 3 of this Indictment do not even meet the legal standards set by this low bar. Count 2 of the Indictment, in its entirety, reads:

> That sometime in or about 2010, and continuously thereafter up to and including the date of this Fifth Superseding Indictment, in Colombia, Ecuador, Panama, Costa Rica, Guatemala, Mexico, Belize, Venezuela, and elsewhere, Debra Lynn Mercer-Erwin, Kayleigh Moffett, Guillermo Garcia Mendez, Federico Andres Machado, Carlos Rocha Viallaurrutia, Alban Gerardo Azofeifa-Chacon, Aaron Bello-Millan, and Michael Assad Marcos, defendants, did knowingly and intentionally, combine, conspire, and agree with other persons known and unknown to the United States Grand Jury, to knowingly and intentionally manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States, in violation of 21 U.S.C §§ 959(a) and 960.
>
> In violation of 21 U.S.C § 963.

Similarly, Count 3 of the Indictment reads as follows:

> That sometime in or about 2010, and continuously thereafter up to and including the date of this Fifth Superseding Indictment, in Colombia, Ecuador, Panama, Costa Rica, Guatemala, Mexico, Belize, Venezuela, and elsewhere, Debra Lynn Mercer-Erwin, Kayleigh Moffett, Guillermo Garcia Mendez, Federico Andres Machado, Carlos Rocha Viallaurrutia, Alban Gerardo Azofeifa-Chacon, Aaron Bello-Millan, and Michael Assad Marcos, defendants, aided and abetted by each other, did knowingly and intentionally manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance, intending, knowing, and with reasonable cause to believe that such cocaine would be unlawfully imported into the United States.
>
> In violation of 21 U.S.C § 959.

"An indictment alleges proper venue if, on its face, 'it alleges facts which, if proven, would ... sustain venue in the district alleged, as only the indictment may be considered in pretrial motions

for lack of venue, and the allegation must be taken as true.'" *Taylor citing United States v. Delgado-Nunez*, 295 F.3d 494, 499–500 (5th Cir. 2002).  In other words, a pretrial motion attacking the sufficiency of an Indictment is restricted to the four corners of that Indictment.  Here, nowhere in either Count 2 or Count 3 does the Indictment state that any of the criminal conduct alleged occurred within the Eastern District of Texas.  Even if everything else in Counts 2 and 3 is taken as true, which it is not, there is no venue in the Eastern District of Texas.  As this Court previously stated in *United States v. Bonds*, 2012 WL 1802448, United States District Court, E.D. Texas, Sherman Division April 2, 2012, even if the "allegations contained in the indictment are taken to be true," they fail.  These two Counts of the Indictment are fatally defective and should be dismissed.

## Conclusion

The Defendants respectfully request that this Court grant their motion and dismiss Counts 2 and 3 of the Indictment for failure to allege venue.

Respectfully submitted,

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.            OBA #12930
CHARLES C. WEDDLE III   OBA #18869
KATE WHITE                        OBA # 30930
MATTHEW P. CYRAN        OBA # 16918
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma  73105
(405) 858-8899
(405) 858-8844 FAX
joe@whiteandweddle.com
charles@whiteandweddle.com
kate@whiteandweddle.com
matt@whiteandweddle.com

*Attorneys for Debra Lynn Mercer-Erwin*

*s/ Vicki Zemp Behenna*
VICKI ZEMP BEHENNA     OBA #10734
BEHENNA GOERKE KRAHL & MEYER
Oklahoma Tower
210 Park Avenue, Suite 3030
Oklahoma City, Oklahoma  73102
(405) 232-3800
bb@lawfirmokc.com

*Attorney for Kayleigh Moffett*

**CERTIFICATE OF DELIVERY**

☒ I hereby certify that on this 29th day of June, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants, to:

Ernest Gonzalez
Assistant United States Attorney
101 East Park Blvd., Ste. 500
Plano, Texas 75074
Ernest.gonzalez@usdoj.gov

☐ I hereby certify that on _____, I served the attached document by United States Certified Mail, Return Receipt Requested on the following, who are not registered participants of the ECF System:

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.