IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEBRA LYNN MERCER-ERWIN (1)<br>KAYLEIGH MOFFETT (2)<br>CARLOS ROCHA VILLAURRUTIA (5) | 4:20-CR-212 |

### THE UNITED STATES' OPPOSITION
### TO THE MOTION TO SEVER

Comes now the United States and files this opposition to the Defendants, Debra Lynn Mercer-Erwin and Kayleigh Moffett's Motion to Sever.  Dkt. 295.

### INTRODUCTION

The Defendants, Debra Lynn Mercer-Erwin and Kayleigh Moffett, operate companies involved in the registration of aircraft with the FAA, and hold in trust aircraft on behalf of foreign nationals.  Among the foreign nationals with whom the Defendants do business are international drug traffickers.  As set forth in the Fifth Superseding Indictment, the Defendants knowingly assisted in the U.S. registration of aircraft used for drug trafficking and helped to conceal the true ownership of these aircraft.  The Defendants also engaged in money laundering, wire fraud, and export and aircraft registration violations as part of this scheme.

In the present motion, the Defendants seek to sever their case from that of a third defendant, Carlos Rocha Villaurrutia.  Like the Defendants, Villaurrutia is charged with

1

conspiracy to conspiracy to manufacture and import cocaine into the United States, conspiracy to commit money laundering, and conspiracy to commit airport registration violations.

The motion should be denied. It is a basic principle that co-conspirators should be tried together, and severance of co-conspirators' trials is a drastic and disfavored remedy even where a defendant can meet the high threshold for demonstrating prejudice.

The Defendants have failed to meet this threshold and make no effort explain why—even if prejudice could be demonstrated—jury instructions or other remedies short of severance would not be sufficient to mitigate any prejudice. The Defendants also fail to address the interests of judicial economy in a single trial.

## FACTS

Debra Lynn Mercer-Erwin and Kayleigh Moffett are principals of Aircraft Guaranty Corporation Holdings (AGC) and Wright Brothers Aircraft Title, Inc. (WBAT). Dkt. 224 at 4. AGC registered and holds in trust thousands of aircraft for foreign nationals. *Id*. WBAT often serves as an escrow agent for transactions involving AGC and at times, makes FAA filings related to AGC aircraft. Among the aircraft for which AGC serves as trustee were aircraft that were used to transport large volumes of cocaine (including more than 5,000 kilograms spread across three planes). *Id.* at 8-10.

The Fifth Superseding Indictment charges Mercer-Erwin and Moffett with seven counts including conspiracy to manufacture and import cocaine into the United States, conspiracy to commit money laundering, conspiracy to commit export violations, conspiracy to commit airport registration violations, and conspiracy to commit wire fraud. *Id*. at 31-42. The principal thrust of the United States' case against these Defendants is that they participated in the manufacture, distribution, and importation of cocaine into the United States when they knowingly assisted in

the U.S. registration of drug trafficking aircraft and helped to conceal the true ownership of these aircraft.  The Defendants also engaged in money laundering, wire fraud, and export and aircraft registration violations as part of this scheme.

Carlos Rocha Villaurrutia is the owner of companies (Texton Enterprises, LLC, TWA International, Inc., and Ford Electric Co.) he used to purchase aircraft in the United States. *Id.* at 5.  The funds to purchase these aircraft are supplied by transnational criminal organizations passed through entities owned, at least in part, by Villaurrutia in Mexico.  The aircraft are flown from the United States to destinations in Mexico, Central America, and South America, where the planes are ultimately used to transport narcotics.  *Id.* at 13-15.

In the motion, the Defendants state that "[t]he Defendants, AGC and WBAT, have no connection to Texton, TWA, or Ford Electric." Dkt. 295 at 8.  This is not accurate.  On at least one occasion, WBAT served as an escrow agent for one of Villaurrutia's entities.  In 2018, TWA attempted to sell an aircraft and wired $220,000 to WBAT.  Dkt. 224 at 6.  This sale ultimately did not go through.

The Fifth Superseding Indictment includes seven counts: Conspiracy to Manufacture and Distribute Cocaine (Count 1); Conspiracy to Manufacture and Distribute Cocaine Intending. Knowing, and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States (Count 2); Manufacturing and Distributing Five Kilograms or More of Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States (Count 3); Conspiracy to Commit Money Laundering (Count 4); Conspiracy to Commit Export Violations (Count 5); Conspiracy to Commit Registration Violations Involving Aircraft Not Providing Air Transportation (Count 6); and Conspiracy to Commit Wire Fraud (Count 7).  *Id.* at 31-42.

The Fifth Superseding Indictment named eight defendants. Mercer-Erwin and Moffett are named in all seven counts. *Id.* Villaurrutia is named in five counts (all but Counts 5 and 7). *Id.* One of the defendants, Michael Assad Marcos, subsequently died. Dkt. 268. The remaining three defendants have yet to be apprehended.

## ARGUMENT

Mercer-Erwin, Moffett, and Villaurrutia are named together in five counts of the Fifth Superseding Indictment. Four of these counts are conspiracy counts. "As a rule, parties jointly indicted should be tried together, especially in conspiracy cases." *Coleman v. United States*, No. 4:12CR00097-004, 2019 WL 1474783, at *6 (E.D. Tex. Feb. 25, 2019), *report and recommendation adopted*, No. 12CR00097-004, 2019 WL 1471241 (E.D. Tex. Apr. 2, 2019) (quoting *United States v. McKinney*, 53 F.3d 664, 674 (5th Cir. 1995)).

Rule 14(a) permits the severance if "an indictment . . . appears to prejudice a defendant." Fed. R. Crim. P. 14(a). As this Court has noted, however, "[s]everance under Rule 14(a) is 'drastic relief' that is appropriate where the defendant convinces that Court that 'without such drastic relief [he] will be unable to obtain a fair trial.'" *United States v. Balagia*, No. 4:16-CR-00176, 2019 WL 5068459, at *2 (E.D. Tex. Oct. 9, 2019) (Mazzant, J.) (quoting *United States v. Perez*, 489 F.2d 51, 65 (5th Cir. 1973)); *see also Zafiro v. United States*, 506 U.S. 534, 539 (1993) ("[A] district court should grant a severance under Rule 14 *only* if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.") (emphasis added); *United States v. Ledezma-Cepeda*, 894 F.3d 686, 691 (5th Cir. 2018) ("[A]s a substantive matter, our caselaw does not reflect a '"liberal attitude toward severance."'") (quoting *United States v. McRae*, 702 F.3d 806, 822 (5th Cir. 2012).

"Prejudice occurs when there is a serious risk that a jury will be prevented 'from making a reliable judgment about guilt or innocence.'" *United States v. Lugo Morales*, No. 4:17-CR-203-ALM-KPJ, 2019 WL 2417648, at *2 (E.D. Tex. May 23, 2019), *report and recommendation adopted*, No. 4:17-CR-203, 2019 WL 2411727 (E.D. Tex. June 7, 2019) (quoting *United States v. Rodriguez*, 553 F.3d 380, 394 (5th Cir. 2008). The prejudice must be specific and compelling. *Id*. (quoting *United States v. Lewis*, 476 F.3d 369, 383 (5th Cir. 2007)).

The Defendants assert that "[a] joint trial [with Villaurrutia will be] extremely prejudicial to the Defendants since such evidence will involve separate drug crimes in which they are not alleged to have participated." Dkt. 295 at 11. They also argue "that prejudice will occur because of evidence against Mr. Villaurrutia involving his alleged involvement in significant drug trafficking." *Id*. According to the Defendants, "[t]here is no possibility that the evidence against Mr. Villaurrutia will not 'spillover' to the Defendants." *Id*.

None of these cursory arguments meet the high threshold required for the "drastic relief" of severance. Conspiracy cases routinely feature evidence applicable to one or some but not all defendants. By their very nature, conspiracies often involve defendants serving in different roles and taking on different responsibilities. Consequently, evidence that may be introduced highlighting Villaurrutia's role in the conspiracy may not implicate Mercer-Edwin or Moffett (and vice versa). This is neither unusual nor a basis for severance. If it were, co-conspirators would rarely, if ever be tried together.

Further, although Mercer-Edwin and Moffett make much of their claim that they allegedly had no direct dealings with or even knew Villaurrutia, none of this matters insofar as a conspiracy is concerned. The members of a conspiracy need not know the identity of every other conspirator or have any dealings with all of their co-conspirators. *United States v. Hester*, No.

4:18-CR-085, 2020 WL 4673948, at *4 (E.D. Tex. Aug. 12, 2020) (Mazzant, J.) ("[A]n individual need not know all the details of the unlawful enterprise or know the exact number or identity of all the co-conspirators, so long as he knowingly participates in some fashion in the larger objectives of the conspiracy.") (quoting *United States v. Brown*, 553 F.3d 768 (5th Cir. 2008)); *United States v. Owens*, 724 F. App'x 289, 294 (5th Cir. 2018). Again, if the fact that a defendant did not know another conspirator was sufficient to merit separate trials, the joint trial of conspiracy defendants would not be the rule that it is.

Moreover, the Defendants claim that they had no business dealings with Villaurrutia is not true. As discussed above, WBAT served as an escrow agent in the attempted sale of a plane by a company owned by Villaurrutia.

Moreover, the arguments made by the Defendants have been regularly rejected by the Fifth Circuit. The Fifth Circuit has held that "[g]eneric allegations of prejudice will not suffice, for "'neither a quantitative disparity in the evidence nor the presence of a spillover effect requires a severance.'" *Ledezma-Cepeda*, 894 F.3d at 690 (quoting *United States v. Krout*, 66 F.3d 1420, 1430 (5th Cir. 1995)).

The Fifth Circuit has also repeatedly held that "severance is required on the basis of a disparity in the evidence only in the most extreme cases." *United States v. Rocha*, 916 F.2d 219, 229 (5th Cir. 1990); *see also United States v. Chapman*, 851 F.3d 363, 380 (5th Cir. 2017) (quoting *Rocha*); *United States v. Owens*, 683 F.3d 93, 100 (5th Cir. 2012) (same). The Defendants make no effort to explain why the present case is one of "the most extreme cases."

Similarly, the Fifth Circuit has held that the "spillover effect" is generally insufficient to warrant severance. *United States v. Tinghui Xie*, 942 F.3d 228 (5th Cir. 2019) ("A spillover effect, by itself, is an insufficient predicate for a motion to sever.") (quoting *United States v.*

6

*Bieganowski*, 313 F.3d 264, 287 (5th Cir. 2002)); *United States v. Reed*, 908 F.3d 102 (5th Cir. 2018) ("We have held that '[m]erely alleging a spillover effect—whereby the jury imputes the defendant's guilt based on evidence presented against his co-defendants—is an insufficient predicate for a motion to sever.'") (quoting *United States v. Chapman*, 851 F.3d 363, 379 (5th Cir. 2017)).

Even if, however, the Defendants were to demonstrate prejudice, this would not require severance. *United States v. Fackrell*, 991 F.3d 589 (5th Cir. 2021); *see also Ledezma-Cepeda*, 894 F.3d at 690 (describing severance as the "exception"). Jury instructions are certainly an appropriate consideration for this court short of the "drastic" remedy of severance. "In conspiracy cases, [the Fifth Circuit] 'generally favor[s] specific instructions over severance.'" *Tinghui Xie*, 942 F.3d at 241; *see also United States v. Perry*, 35 F.4th 293 (5th Cir. 2022) ("In many instances, prejudice from failure to sever counts can be cured through an appropriate jury instruction, and we have noted that juries are presumed to follow such instructions.") (quoting *United States v. Turner*, 674 F.3d 420, 429-30 (5th Cir. 2012)). The Defendants do not even address the possibility of jury instructions as an alternative to severance even to explain why they would not be sufficient.

Finally, the Defendants fail to discuss at all, or give any weight to, the interest of judicial economy in a single trial. *United States v. McClaren*, 13 F.4th 386, 399 (5th Cir. 2021) ("Defendants must prove that the joint trial prejudiced them beyond district court protection and that the prejudice outweighed any interest in the economy of judicial administration."); *United States v. Wolfe-McKinnon*, No. 4:12-CR-263, 2013 WL 1984364, at *2 (E.D. Tex. Apr. 17, 2013), *report and recommendation adopted*, No. 4:12-CR-263, 2013 WL 1984418 (E.D. Tex. May 13, 2013). The conspiracy here, while perhaps simple in its aim—international drug

trafficking—was complex in its execution and will require evidence regarding the registration process for aircraft and laws and regulation regarding the sale of aircraft the exportation of aircraft and their cargo.  The Defendants' discussion of "N" tail numbers in their motion serves as an example.  It is in the interests of judicial economy for one jury to hear this case.

## CONCLUSION

For the reasons set forth above, the motion should be denied.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

/s/
COLLEEN BLOSS
Assistant United States Attorney
Texas Bar No. 24082160
101 East Park Boulevard, Suite 500
Plano, Texas 75074
(972) 509-1201
Colleen.Bloss@usdoj.gov

## CERTIFICATE OF SERVICE

This motion was electronically filed and counsel of record will receive notification *via* the District Clerk's CM/ECF system.

*/s/ Colleen Bloss*
COLLEEN BLOSS