**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | **4:20-CR-212** |
| **DEBRA LYNN MERCER-ERWIN (1)**<br>**KAYLEIGH MOFFETT (2)** | |

## THE UNITED STATES' RESPONSE TO THE MOTION TO DISMISS

Comes now the United States and files this opposition to the Defendants, Debra Lynn Mercer-Erwin and Kayleigh Moffett's Motion to Dismiss. Dkt. 298.

## INTRODUCTION

The Defendants, Debra Lynn Mercer-Erwin and Kayleigh Moffett, along with six others, were charged with Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States in violation of 21 U.S.C. § 963, and Manufacturing and Distributing Five Kilograms or More of Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States in violation of 21 U.S.C. § 959.

The Defendants argue that these counts should be dismissed because "they do not allege that any part of the charged conduct took place in the Eastern District of Texas." *Id*. at 2. This Motion should be denied.

The Defendants are wrong when they state that none of the charged conduct took place in the Eastern District of Texas. Mercer-Erwin is the owner of Aircraft Guaranty Corporation Holdings (AGC), a Texas corporation. Moffett is an officer of AGC. The Fifth Superseding Indictment alleges that AGC served as the United States trustee for aircraft that were used as part of the conspiracy to transport large volumes of cocaine (including more than 5,000 kilograms spread across three planes). During much of the time with which the indictment is concerned, AGC operated in the Eastern District of Texas.

Further, the counts the Defendants seek to dismiss involve "offenses begun or committed . . . out of the jurisdiction of any particular State or district." 18 U.S.C. § 3238. As a result, venue is proper "in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought." *Id*. In this case, two of offenders named in the Fifth Superseding Indictment, Federico Andres Machado and Michael Assad Marcos, were arrested in the Eastern District of Texas.

**FACTS**

The principal thrust of the United States' case against the Defendants, Debra Lynn Mercer-Erwin and Kayleigh Moffett, is that they participated in the manufacture, distribution, and importation of cocaine into the United States when they knowingly assisted in the U.S. registration of drug trafficking aircraft and helped to conceal the true ownership of these aircraft. The Defendants also engaged in money laundering, wire fraud, and export and aircraft registration violations as part of this scheme.

Mercer-Erwin and Moffett are principals of AGC and Wright Brothers Aircraft Title, Inc. (WBAT). Dkt. 224 at 4. AGC registered and holds in trust thousands of aircraft for foreign

nationals. *Id*. WBAT often serves as an escrow agent for transactions involving AGC and at times, makes FAA filings related to AGC aircraft. *Id*.

Mercer-Erwin purchased AGC in 2014. *Id*. Until January 2020, AGC operated in Onalaska, Texas, located in the Eastern District of Texas. *Id*.

Among the aircraft for which AGC served as trustee were aircraft that were used to transport large volumes of cocaine. The Fifth Superseding Indictment discusses three aircraft for which AGC filed documentation with the FAA that were later seized by foreign authorities with more than 5,000 kilograms of cocaine spread across the three planes. *Id.* at 8-10.

The Fifth Superseding Indictment includes seven counts: Conspiracy to Manufacture and Distribute Cocaine (Count 1); Conspiracy to Manufacture and Distribute Cocaine Intending. Knowing, and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States (Count 2); Manufacturing and Distributing Five Kilograms or More of Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States (Count 3); Conspiracy to Commit Money Laundering (Count 4); Conspiracy to Commit Export Violations (Count 5); Conspiracy to Commit Registration Violations Involving Aircraft Not Providing Air Transportation (Count 6); and Conspiracy to Commit Wire Fraud (Count 7). *Id.* at 31-42. The present motion concerns only Counts 2 and 3.

The Fifth Superseding Indictment named eight defendants. Three of the defendants are foreign nationals that have not yet been apprehended. Two of the Defendants, Federico Andres Machado and Michael Assad Marcos, were arrested in the Eastern District of Texas. Since being arrested, Machado has fled and is at large, and Marcos has died. The remaining defendant not a party to this motion, Carlos Villaurrutia was arrested in the Southern District of Texas.

**ARGUMENT**

Federal Rule of Criminal Procedure 18 generally provides that "the government must prosecute an offense in a district where the offense was committed." Fed. R. Crim. P. 18. Under this standard, prosecution of the Defendants in the Eastern District is clearly appropriate.

As set forth in the Fifth Superseding Indictment and explained above, the Defendants involvement in the importation of cocaine into this county centered on the registration in the United States by AGC, a corporation owned by Mercer-Erwin and of which Moffett was a principal, of aircraft owned by foreign nationals and used for the transport into this country of several thousand kilograms of cocaine.

Put simply, the Defendants, using AGC, a corporation operating out of the Eastern District of Texas, knowingly facilitated the importation of cocaine into this country of cocaine by helping foreign nationals register planes in this country. Under the general rules for venue set forth a Rule 18, this District is an appropriate district within which to prosecute the Defendants.

Alternatively, this District is an appropriate district within which to prosecute the defendants because two of the Defendants' joint offenders were first arrested in this District. Counts 2 and 3 allege violations of 21 U.S.C. § 963 (Count 2) and 21 U.S.C. § 959 (Count 3). Section 959 concern the unlawful importation of controlled substances into the United States and section 963 is the conspiracy provision. Venue for these offenses is determined pursuant to 18 U.S.C. § 3238.[1] Section 3238 provides in pertinent part that "[t]he trial of all offenses begun

---

[1] Section 959 previously included its own venue provision. The section was amended in 2019 and this provision was removed. *See United States v. Alexander*, 958 F.3d 1, 10 (1st Cir. 2020) (holding that after the amendment of section 959, venue for cases charging section 959 offenses is determined pursuant to 18 U.S.C. § 3238).

In *United States v. Rojas*, 812 F.3d 382, 395-396 (5th Cir. 2016), the Fifth Circuit considered whether the venue provisions of section 959 or section 3238 applied to section 963 offenses but

or committed . . . out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought." 18 U.S.C. § 3238.

As discussed above, the Fifth Superseding Indictment names eight defendants. Five of these defendants have been arrested. Two of the Defendants, Federico Andres Machado and Michael Assad Marcos, were arrested in the Eastern District of Texas. Thus, venue is proper in this District.

The fact that neither Machado nor Marcos are presently on trial (Machado having fled the jurisdiction and Marcos having died) is not relevant. They were joint offenders with the Defendants. In *United States v. Levy Auto Parts of Canada*, 787 F.2d 946 (4th Cir. 1986), a co-conspirator to the appellants was arrested in the Eastern District of Virginia. The co-conspirator plead to a lesser charge. The appellants had no connection to the Eastern District of Virginia. The district court dismissed the indictment against the remaining defendants. The Fourth Circuit reversed and held that because the co-conspirator was arrested in the Eastern District of Virginia it remained an appropriate venue. According to the Fourth Circuit, the co-conspirator remained a joint offender for the purposes of § 3238: "[W]e do not think that Zakaria's plea to a lesser, but closely related, substantive offense changes his status as a 'joint offender.' . . . There is nothing in § 3238 which prevents the prosecution from reaching a plea agreement with a suspected joint offender in exchange for information aiding the prosecution of other offenders." *Id*. at 949.

Here, the fact that two of the joint offenders, Machado and Marcos, are not on trial does not alter the fact that they were joint offenders who were arrested in this District.

---

held that resolving the question was unnecessary because venue in this Court was appropriate under either venue provision. In light of the subsequent amendment of section 959, the appropriate venue for section 963 offenses should be (as it is for section 959) section 3238.

Moreover, the fact that Machado voluntarily surrendered after the issuance of an arrest warrant is not relevant. In *United States v. Slatten*, 865 F.3d 767 (D.C. Cir. 2017), the D.C. Circuit, citing the Fifth Circuit, held that a defendant was considered "arrested" where, after an arrest warrant was issued, a defendant voluntarily flew to Washington, D.C., plead guilty, and returned home. 865 F.3d at 786-787 (citing *United States v. Wharton*, 320 F.3d 526, 537 (5th Cir. 2003)).

Finally, the fact that venue may also be appropriate in other jurisdictions (for example, the Southern District of Texas where Villaurrutia was arrested or the Western District of Oklahoma where the Defendants were arrested) does not divest this Court of venue. *United States v. Erwin*, 602 F.2d 1183, 1185 (5th Cir. 1979).

**CONCLUSION**

For the reasons set forth above, the motion should be denied.

Respectfully submitted,

BRIT FEATHERSTON
United States Attorney

____/s/____________________________
ERNEST GONZALEZ
Assistant United States Attorney
Texas Bar No. 00789318
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
Ernest.Gonzalez@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed via electronic filing to defense counsel on July 13, 2022.

___/s/___________________________
ERNEST GONZALEZ