**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 4:20-CR-00212 |
| ) | |
| DEBRA LYNN MERCER-ERWIN (1) ) | |
| KAYLEIGH MOFFETT (2) ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY TO THE UNITED STATES' RESPONSE
TO THE MOTION TO DISMISS**

The Defendants, Debra Lynn Mercer-Erwin ("Ms. Mercer-Erwin"), by and through her counsel of record, Joe E. White, Jr., Kate C. White, and Matthew P. Cyran, and Kayleigh Moffett ("Ms. Moffett"), by and through her counsel of record, Vicki Zemp Behenna and W. Brett Behenna (collectively referred to as the "Defendants"), respectfully file their reply to the United States' Response to the Motion to Dismiss. [Dkt. #308.]

**Procedural History**

The Indictment charges the Defendants with six different conspiracies and one substantive count: Count 1: Conspiracy to manufacture and distribute cocaine; Count 2: Conspiracy to manufacture and distribute cocaine intending, knowing, and with reasonable cause to believe that the cocaine will be unlawfully imported into the United States; Count 3: Manufacturing and distributing five kilograms or more of cocaine intending, knowing, and with reasonable cause to believe that the cocaine will be unlawfully imported into the United States; Count 4: Conspiracy to commit money laundering; Count 5: Conspiracy to commit export violations; Count 6: Conspiracy to commit registration violations involving aircraft not providing air transportation; and Count 7: Conspiracy to commit wire fraud.

On June 29, 2022, the Defendants filed the Motion to Dismiss Counts 2 & 3 of the Fifth Superseding Indictment based on the Government's failure to plead venue (the "Motion to Dismiss".) [Dkt. #298.] On July 13, 2022, the Government filed the United States' Response to the Motion to Dismiss (the "Response"). Pursuant to Local Rule CR-47, the Defendants submit this Reply.

## Arguments and Authorities

The Defendants' Motion to Dismiss is premised on the fact that the Government failed to *plead* any venue allegation in Counts 2 & 3 of the Fifth Superseding Indictment. The Defendants move the Court to dismiss Counts 2 and 3 because they are defective on their face in that they do not allege that any part of the charged conduct took place in the Eastern District of Texas. Those two counts in the Indictment wholly fail to allege venue.

In its Response, the Government goes to great lengths to describe the alleged evidence it intends to produce in order to prove venue. The Government's Response ignores the fact that it has not plead venue in the Indictment. When a defendant raises a lack of venue in a pretrial motion, ". . . the Court need only ask whether the allegations of the indictment, taken as true, satisfy the territorial jurisdiction and venue requirements. *United States v. Willie*, 2020 WL 2225355, United States District Court, N.D. Mississippi; May 7, 2020. *Citing United States v. Clark*, 728 F.3d 622, 623 (7th Cir. 2013.)" Here, even if the allegations in Counts 2 & 3 are taken as true, the Government has failed to properly plead venue. If that were not significant, why then was it inserted in each and every count except for Counts 2 & 3? Counts 1, 4, 5, 6, & 7 all contain the words "in the Eastern District of Texas." That is not a mistake. It is a requirement. What is a mistake is the fact that the Government failed to similarly plead venue in Counts 2 & 3.

"An indictment alleges proper venue if, **on its face**, 'it alleges facts which, if proven, would ... sustain venue in the district alleged, as only the indictment may be considered in pretrial motions for lack of venue, and the allegation must be taken as true.'" *United States v. Roberts*, 2021 WL 3738852, United States District Court, E.D. Texas, Sherman Division, August 24, 2021, *citing United States v. Taylor*, No. 4:17-CR-09-MAC-CAN, 2017 WL 4639708, at *2 (E.D. Tex. Sept. 20, 2017.) [Emphasis added.]

In its Response, the Government asserts that the charged conduct took place in the Eastern District of Texas and that Co-Defendants were arrested in the Eastern District of Texas, all of which is information that exists outside the four corners of the Indictment. "A defendant indicted by an instrument which lacks sufficient allegations to establish venue waives any future challenges by failing to object before trial." *United States v. Carreon–Palacio*, 267 F.3d 381, 392–93 (5th Cir. 2001). The Defendants are required to attack deficiencies in the pleadings prior to trial, and a pretrial motion attacking the sufficiency of an Indictment is restricted to the four corners of that Indictment. Nonetheless, the Government's Response ignores that the Indictment is fatally insufficient, and the Government has failed to plead venue in Counts 2 & 3.

"An indictment alleges proper venue if, on its face, 'it alleges facts which, if proven, would ... sustain venue in the district alleged, as only the indictment may be considered in pretrial motions for lack of venue, and the allegation must be taken as true.'" *Taylor, citing United States v. Delgado-Nunez*, 295 F.3d 494, 499–500 (5th Cir. 2002).  Here, nowhere in either Count 2 or Count 3 does the Indictment state that any of the criminal conduct alleged occurred within the Eastern District of Texas.  Even if everything else in Counts 2 and 3 is taken as true, which it is not, there is no venue in the Eastern District of Texas.  This is the crux of the Defendants' argument, and it is what the Government's Response ignores.  As this Court previously stated in

*United States v. Bonds*, 2012 WL 1802448, United States District Court, E.D. Texas, Sherman Division April 2, 2012, even if the "allegations contained in the indictment are taken to be true," they fail. These two counts of the Indictment are fatally defective and should be dismissed.

## Conclusion

The Defendants respectfully request that this Court grant their Motion and dismiss Counts 2 and 3 of the Indictment for failure to allege venue.

Respectfully submitted,

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.            OBA #12930
CHARLES C. WEDDLE III  OBA #18869
KATE C. WHITE                  OBA # 30930
MATTHEW P. CYRAN       OBA # 16918
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma 73105
(405) 858-8899
(405) 858-8844 FAX
joe@whiteandweddle.com
charles@whiteandweddle.com
kate@whiteandweddle.com
matt@whiteandweddle.com

*Attorneys for Debra Lynn Mercer-Erwin*

*s/ Vicki Zemp Behenna*
VICKI ZEMP BEHENNNA  OBA #10734
W. BRETT BEHENNA       OBA #30485
BEHENNA GOERKE KRAHL & MEYER
Oklahoma Tower
210 Park Avenue, Suite 3030
Oklahoma City, OK 73102
(405) 232-3800
vzb@lawfirmokc.com
bb@lawfirmokc.com

*Attorneys for Kayleigh Moffett*

**CERTIFICATE OF DELIVERY**

☒     I hereby certify that on this 20th day of July, 2022, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants, to:

Ernest Gonzalez
Assistant United States Attorney
101 East Park Blvd., Ste. 500
Plano, Texas 75074
Ernest.gonzalez@usdoj.gov

☐     I hereby certify that on _____, I served the attached document by United States Certified Mail, Return Receipt Requested on the following, who are not registered participants of the ECF System:

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.