**IN THE UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. 4:20-CR-00212** |
| | ) | |
| **DEBRA LYNN MERCER-ERWIN (1)** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MOTION FOR A PRE-TRIAL HEARING TO DETERMINE**
**THE ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS**

Defendant Debra Lynn Mercer-Erwin (the "Defendant"), by and through her attorney, Joe E. White, Jr., respectfully files this Motion pursuant to *United States v. James*, 590 F.2d 575 (5th Cir.) (*en banc*), *cert. denied*, 442 U.S. 917, 99 S. Ct. 2836 (1979), for a pre-trial hearing on the admissibility of co-conspirator statements. In support, Ms. Mercer-Erwin states as follows:

**INTRODUCTION**

Ms. Mercer-Erwin is a resident of Oklahoma.  Since 2014, Ms. Mercer-Erwin has been the owner of Aircraft Guaranty Corporation Holdings ("AGC") and Wright Brothers Aircraft Title, Inc. ("WBAT").  AGC provides Federal Aviation Administration ("FAA") registration and trust services to individuals who own aircraft.  Like a title company's role in a house purchase, WBAT provides title management and escrow services to individuals who are purchasing or selling an aircraft.  During the purchase process for an aircraft, WBAT performs title searches and ensures the aircraft transaction is legal and unencumbered.  AGC assists aircraft owners with the FAA registration, licensing, and trust matters.

1

The Indictment charges the Defendant with six different conspiracies and one substantive count: Count 1: Conspiracy to manufacture and distribute cocaine; Count 2: Conspiracy to manufacture and distribute cocaine intending, knowing, and with reasonable cause to believe that the cocaine will be unlawfully imported into the United States; Count 3: Manufacturing and distributing five kilograms or more of cocaine intending, knowing, and with reasonable cause to believe that the cocaine will be unlawfully imported into the United States; Count 4: Conspiracy to commit money laundering; Count 5: Conspiracy to commit export violations; Count 6: Conspiracy to commit registration violations involving aircraft not providing air transportation; and Count 7: Conspiracy to commit wire fraud.

The prosecution has produced by way of discovery over twelve terabytes of information. From that information, it seems clear that the Government will be forced to introduce the statements of co-conspirators in order to attempt to meet its burden at trial.  The Government has not made it known to the Defendant what statements it intends to introduce or from whom it alleges they originated.  Presumably, the Government will attempt to introduce the statements of an indicted yet still at large Co-Defendant, Federico Machado, as well as others.

In order to determine whether the prosecution intends to introduce such statements as co-conspirator statements pursuant to Fed. R. Evid. 801(d)(2)(E) and to protect the Defendant's Sixth Amendment Right to Confrontation, a hearing should be held prior to trial to determine the admissibility of such statements.  It is also requested that the prosecution be ordered to identify prior to the hearing any alleged co-conspirator statements that it will seek to introduce during the course of the trial.  The goals of fundamental fairness to the Defendant as well as the promotion of efficiency in both the hearing and trial will be served by such early disclosure.

2

## ARGUMENT AND AUTHORITIES

Before a co-conspirator statement can be admitted into evidence and be considered by the finder of fact, the court must determine that the statement satisfies the rule governing admission. *Bourjaily v. United States*, 43 U.S. 171, 175, (1987).  More specifically, "There must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement made was made 'during the course and in furtherance of the conspiracy.'"  *Id.*  This is especially true in a case involving multiple defendants, multiple counts, and very severe potential penalties attached.  Such a hearing should be held in advance of trial in order to permit the court to make findings based on the evidence expected to be introduced at trial whether a conspiracy exists, whether a particular defendant can be found to be a member of the conspiracy and thus a co-conspirator, which of the co-defendants may be affected by the admissibility, and whether severance may be appropriate.

The seminal case in this inquiry is *United States v. James*, 590 F.2d 575 (5th Cir. 1979). *James* was the Fifth Circuit's first opportunity to consider the effect of the new Federal Rules of Evidence.[1]  Prior to this, a statement made by one member of a conspiracy could be used against other members of the same conspiracy provided certain conditions were met.  The question then became whether the judge or the jury made that determination.  Appellants in *James* argued that it is the judge's determination to make pursuant to Fed. R. Evid. 104 and that this should be accomplished outside the presence of the jury.  Holding that the practice established in a previous case[2] called for the judge and the jury to share that responsibility, the court denied appellants' request.  Ultimately, the defendants were convicted and appealed.

---

[1] The Federal Rules of Evidence became effective on July 1, 1975.
[2] *United States v. Apollo*, 476 F.2d 156 (5th Cir. 1973).

Highlighting the danger created by the use of co-conspirator statements, the *James* court stated:

> The admissibility of a coconspirator's declarations in a conspiracy trial, however, does pose problems precisely because they are relevant. Such evidence endangers the integrity of the trial because the relevancy and apparent probative value of the statements may be so highly prejudicial as to color other evidence even in the mind of a conscientious juror, despite instructions to disregard the statements or to consider them conditionally. As a result, such statements should be evaluated by the trained legal mind of the trial judge.

*Id.* at 579.

The Fifth Circuit finally held, "Because the Rule 104(b) exception is inappropriate to test the admissibility of such declarations, we hold that Rule 104(a) requires that the judge alone make the determination of the admissibility of the evidence.  The jury is to play no role in determining the admissibility of the statements."  *Id.* at 579-580.

The United States Supreme Court has similarly held:

> Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule. There must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made "during the course and in furtherance of the conspiracy."

*Bourjaily v. U.S.*, 483 U.S. 171 (1987).

At a *James* hearing, the prosecution must establish by a preponderance of the evidence a conspiracy involving the declarant and a co-defendant and further that the statement was made in the course of and in furtherance of the conspiracy:

> The preponderance standard ensures that before admitting evidence, the court will have found it more likely than not that the technical issues and policy concerns addressed by the Federal Rules of Evidence have been afforded due consideration.

*Bourjaily*, 483 U.S. at 175.

The issue arises then, how is this determination to be made.  Does the court conduct a pre-trial hearing, or should the government be allowed to present its evidence to the jury and, if it fails to meet the requirements of Fed. R. Evid. 801(d)(2)(E) and *James*, risk a mistrial?  The Fifth Circuit has been clear that a pre-trial hearing outside the presence of the jury is not required under *James*.  *See United States v. Fragoso*, 978 F.2d 896 (5th Cir. 1992).  However, both in *James* and *Fragoso*, the Fifth Circuit has held that a *James* hearing should be conducted independently and outside the presence of the jury "whenever reasonably practical."

The Government will undoubtedly argue that concerns over judicial economy suggest the Court should let the evidence come before the jury and then make its ruling.  This is the typical argument propounded in favor of a "connecting up" procedure.  This procedure is disfavored by the Court for good reason.

> Both because of the "danger" to the defendant if the statement is not connected and because of the inevitable serious waste of time, energy, and efficiency when a mistrial is required in order to obviate such danger, we conclude that the present procedure warrants the statement of a preferred order of proof in such a case. *The district court should, whenever reasonably practicable, require the showing of a conspiracy and of the connection of the defendant with it before admitting declarations of a coconspirator.* If it determines it is not reasonably practical to require the showing to be made before admitting the evidence, the court may admit the statement subject to being connected up.

*James* at 582. [Emphasis added.]

The case here is an example of the *Fragoso* Court's statement, "In some cases, of course, judicial economy suggests that express findings on admissibility should be made before the coconspirator statements are introduced."  *Fragoso* at 900.

Given the clarity of the Fifth Circuit's holdings that the hearing should be held away from the jury whenever practical and the fact that this case is not set for trial until April 10, 2023, there

is virtually no reason it is not practical to have this determination complete before trial, even if the hearing is to be presented by way of proffer rather than a full evidentiary process.  *See United States v. Nichols*, 695 F.2d 86 (1982).

With multiple Defendants, there is a serious risk that if no pretrial *James* hearing is conducted, it will be next to impossible to sort out which evidence actually should be considered applicable to some Defendants and not others.

The Fifth Circuit's preferred practice, though not mandatory, is for the trial court to conduct a *James* hearing outside the presence of the jury.  *United States v. Gonzalez*, 700 F.2d 196 (5th Cir. 1983) (A separate hearing out of the jury's presence would be the optimum method for avoiding inadvertent introduction of hearsay and the resulting reversible error.); see also *United States v. Whitley*, 670 F.2d 617 (5th Cir. 1982) (Obviously, a separate hearing out of the presence of the jury, in which the parties develop all pertinent evidence of the conspiracy and defendant's involvement, would be the optimum method for avoiding inadvertent introduction of hearsay and resulting reversible error.)

A *James* hearing outside the presence of the jury would aid in reducing the risk that the jury will hear inadmissible evidence.  Such a hearing would also reduce the risk of a mistrial or the need for striking certain statements and providing the jury with cautionary instructions.

In this case, given the number of Defendants and the number of statements that the Government will likely seek to be admitted, the preferred order of proof would be to have a pre-trial hearing to see if the Government can sustain its burden.  Otherwise, to allow a later prove-up during trial would be prejudicial to the Defendant since, once rung, a bell cannot be unrung.

## **CONCLUSION**

The Defendant respectfully requests that the prosecution be required to identify prior to trial any co-conspirator statements it intends to admit during the trial and that a pre-trial evidentiary hearing be held to determine the existence of any co-conspirator statements as well as the admissibility of such statements.

Respectfully submitted,

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.          OBA #12930
CHARLES C. WEDDLE III  OBA #18869
KATE C. WHITE             OBA # 30930
MATTHEW P. CYRAN      OBA # 16918
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma 73105
(405) 858-8899
(405) 858-8844 FAX
joe@whiteandweddle.com
charles@whiteandweddle.com
kate@whiteandweddle.com
matt@whiteandweddle.com

*Attorneys for Defendant,*
*Debra Mercer-Erwin*

7

## CERTIFICATE OF DELIVERY

☒        I hereby certify that on this 10th day of February, 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing, which will automatically send e-mail notification of such filing to all attorneys of record.

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.

## CERTIFICATE OF CONFERENCE

Pursuant to United States District Court for the Eastern District of Texas Local Rule CR-47(a)(3), on February 8, 2023, defense counsel for the Defendant, Debra Mercer-Erwin, conferred with Ernest Gonzalez, Assistant United States Attorney, in a good faith effort to resolve the matter without Court intervention and advise the Court that the United States opposes this motion.

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.

8