IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 4:20-CR-212 |
| DEBRA LYNN MERCER-ERWIN (1)<br>KAYLEIGH MOFFETT (2) | |

**THE UNITED STATES' RESPONSE TO MOTION FOR A PRE-TRIAL HEARING TO DETERMINE THE ADMISSIBILITY OF CO-CONSPIRATOR STATEMENTS**

Comes now the United States and files this opposition to the Defendant, Debra Lynn Mercer-Erwin Motion to for a Pre-Trial Hearing to Determine the Admissibility of Co-Conspirator Statements. Dkt. 317 & 319.[1]

## INTRODUCTION

The Defendants, Debra Lynn Mercer-Erwin and Kayleigh Moffett, along with six others, were charged with Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States in violation of 21 U.S.C. § 963, and Manufacturing and Distributing Five Kilograms or More of Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States in violation of 21 U.S.C. § 959.

---

[1] Mercer-Erwin's co-defendant Kayleigh Moffett has asked to join Mercer-Erwin's motion. Dkt. 319.

1

In the present motion, the Defendants move for a "*James* hearing" in which the United States would be required to show prior to trial the existence of a conspiracy and the connection of the moving defendants to that conspiracy to determine whether statements by co-conspirators should be admitted into evidence.

This motion should be denied. As this Court has held, a *James* hearing is one *potential* method of dealing with the admissibility of co-conspirators' statements. But it is not the only method. This Court (along with other courts in this Circuit) reject requests for *James* hearings where such a hearing would require a mini-trial. Such would be the case here. A J*ames* hearing would be a considerable waste of time and judicial resources and require a hearing of considerable length.

## FACTS

The facts of this case have been presented to the Court on multiple occasions and do not require a lengthy recitation here.

Debra Lynn Mercer-Erwin and Kayleigh Moffett are principals of AGC and Wright Brothers Aircraft Title, Inc. (WBAT). Dkt. 224 at 4. AGC registered and holds in trust thousands of aircraft for foreign nationals. *Id*. WBAT often serves as an escrow agent for transactions involving AGC and at times, makes FAA filings related to AGC aircraft. *Id*.

The principal thrust of the United States' case against the Mercer-Erwin and Moffett, is that they participated in the manufacture, distribution, and importation of cocaine into the United States when they knowingly assisted in the U.S. registration of drug trafficking aircraft and helped to conceal the true ownership of these aircraft. The Defendants also engaged in money laundering, wire fraud, and export and aircraft registration violations as part of this scheme.

## ARGUMENT

"The Federal Rules of Evidence provide that certain out-of-court statements made by a party's coconspirator are not hearsay and may be admissible at trial." *United States v. Mathis*, 458 F. Supp. 3d 559, 562 (E.D. Tex. 2020) (citing Fed. R. Evid. 801(d)(2)(E)).  In *James v. United States*, 590 F2d 575 (1979), "the Fifth Circuit held that district courts should, 'whenever reasonably practical, require the showing of a conspiracy and of the connection of the Defendant with it before admitting the declarations of a co-conspirator.'"  *Mathis*, 459 F. Supp. 3d. at 562 (quoting *James*, 590 F.2d at 582)).  "As a result, pursuant to *James's* holding, defendants are free to request a pretrial hearing to determine whether a coconspirator's statements are admissible under Rule 801(d)(2)(E) in a so-called '*James* hearing.'" *United States v. Roberts*, No. CV 4:20-CR-00314, 2022 WL 17834053, at *5 (E.D. Tex. Dec. 21, 2022) (Mazzant, J.) (citing *Mathis*, 459 F. Supp. 3d. at 562).

"*James* has *never* required a hearing outside the presence of the jury." *United States v. Fragoso*, 978 F.2d 896, 899 (5th Cir. 1992) (emphasis added).  This Court has held that "a *James* hearing is not the *only* method that a court can use to determine if a coconspirator's statement meets Rule 801(d)(2)(E)'s requirements."  *Roberts*, 2022 WL 17834053, at *5 (emphasis in original); *see also id*. (describing a James hearing as "*one potential method*") (quoting *Williams*, 264 F.3d at 576) (emphasis in *Roberts*).  The decision to hold a *James* hearing is within the discretion of this Court.  *United States v. Williams*, 264 F.3d 561, 576 (5th Cir. 2001).

Courts (including this Court) routinely reject requests for *James* hearings where the hearing would become a "mini-trial" and require the Court to hear a considerable amount of evidence twice.  *Roberts*, 2022 WL 17834053, at *6; *Mathis*, 459 F. Supp. 3d. at 563 (collecting cases).

A "mini-trial," however, is precisely what a *James* hearing would entail in this case. As the Defendants correctly point out, the United States anticipates it will seek to introduce a considerable number of statements by co-conspirators that will implicate the Defendants in a wide-ranging, sophisticated conspiracy to facilitate the international movement of narcotics. A *James* hearing in this case would not a be an afternoon affair but rather an extended hearing that would consume considerable judicial resources, require this Court to hear a significant volume of evidence twice (first in the hearing and subsequently at trial) and could threaten to delay the trial in this case (and delay the progress of other cases on the Court's docket) with little benefit to the Defendants or for judicial economy.

The Defendants offer little to no support for their motion. Over the course of several pages the Defendants lay out the background of *James* hearings generally but come up short when they seek to explain why a hearing is necessary in *this* case. The Defendants' principal argument in support of a hearing is the number of defendants. *See* Dkt. 317 at 6. But in *Roberts*, this Court recently rejected a request for a *James* hearing where the case included 13 defendants. *Roberts*, 2022 WL 17834053, at *5; *see also United States v. Johnson*, No. 320CR00156010207, 2021 WL 5056438 (W.D. La. Nov. 1, 2021) (rejecting a request for a *James* hearing where case included seven defendants); *United States v. Fleifel*, No. 3:12-CR-318-D 3, 2014 WL 6633049 (N.D. Tex. Nov. 24, 2014) (10 defendants). Indeed, the number of Defendants militates against a *James* hearing as it suggests the hearing will be extensive and time-consuming rather than quick and concise. *Cf. United States v. Cox*, No. 4:13-CR-45, 2014 WL 3361998, at *7 (E.D. Tex. July 5, 2014) ("Deferring a *James* motion 'is particularly appropriate in cases' where, as here, 'holding a pretrial hearing would, in effect, result in trying the case twice and wasting valuable

judicial resources and time.'") (quoting *United States v. Carroll*, No. 99-98, 2000 WL 45870, at *5 (E.D.La. Jan. 20, 2000)).

## CONCLUSION

For the reasons set forth above, the motion should be denied.

Respectfully submitted,

BRIT FEATHERSTON
United States Attorney

___/s/_____
ERNEST GONZALEZ
Assistant United States Attorney
Texas Bar No. 00789318
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
Ernest.Gonzalez@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via electronic filing to defense counsel on February 22, 2023.

___/s/_____
ERNEST GONZALEZ