# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| V.   § | CASE NO. 4:20cr212 |
| § | Judge Mazzant |
| DEBRA LYNN MERCER-ERWIN (1) § | |
| KAYLEIGH MOFFETT (2) § | |

## ORDER

Pending before the Court is Defendants' Motion to Sever (Dkt. #295). The Court, having considered the motion and the response (Dkt. #304), finds that the motion should be denied.

## BACKGROUND

Defendants Debra Lynn Mercer-Erwin ("Mercer-Erwin") and Kayleigh Moffett ("Moffett") are charged in the Fifth Superseding Indictment. Count One charges the Defendants with a violation of 21 U.S.C. § 846, Conspiracy to Manufacture and Distribute Cocaine. Count Two charges a violation of 21 U.S.C. § 963, Conspiracy to Manufacture and Distribute Cocaine Intending. Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States. Count Three charges the Defendants with a violation of 2l U.S.C. § 959 and 18 U.S.C. § 2, Manufacturing and Distributing Five Kilograms or More of Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States. Count Four charges a violation of 18 U.S.C. § 1956(h), Conspiracy to Commit Money Laundering. Count Five charges a violation of 18 U.S.C. § 371, Conspiracy to Commit Export Violations. Count Six charges a violation of 18 U.S.C. § 371, Conspiracy to Commit Registration Violations Involving Aircraft Not Providing Air Transportation. Count Seven charges a violation of 18 U.S.C. § 1349, Conspiracy to Commit Wire Fraud.

Defendants assert that the joinder of the Defendants in this case with another defendant charged with a variety of drug-related actions is wholly unrelated to the allegations against the Defendants and does not satisfy the test of Rule 8(b). Defendants assert that the only other defendant who stands to answer for the indictment is Carlos Rocha Villaurrutia ("Villaurrutia "). Defendants then assert that nowhere in the Indictment does the Government allege that either Mercer-Erwin or Moffett engaged in any form of business with Villaurrutia. Defendants ask the Court to sever them from Villaurrutia.

## LEGAL STANDARD

Federal Rule of Criminal Procedure 8(a) permits the joinder of offenses that are: (1) of the same or similar character; (2) based on the same act or transaction; or (3) connected with or part of a common scheme or plan. FED. R. CRIM. P. 8(a); *United States v. Mays*, 466 F.3d 335, 340 (5th Cir. 2006). Additionally, Rule 8(b) permits defendants to be charged together "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." FED. R. CRIM. P. 8(b).

"As a general rule, persons indicted together should be tried together, particularly when the offense is conspiracy." *United States v. Simmons*, 374 F.3d 313, 317 (5th Cir. 2004) (citing *United States v. Pofahl*, 990 F.2d 1456, 1483 (5th Cir. 1993)); *see also Zafiro v. United States*, 506 U.S. 534, 536 (1993); *United States v. Nguyen*, 493 F.3d 613, 625 (5th Cir. 2007) (5th Cir. 1990); *United States v. Valdez*, 453 F.3d 252, 261 (5th Cir.), *cert. denied*, 549 U.S. 976 (2006); *United States v. McGuire*, 608 F.2d 1028, 1031 (5th Cir. 1979), *cert. denied*, 446 U.S. 910 (1980). "Joint trials 'play a vital role in the criminal justice system.'" *Zafiro,* 506 U.S. at 537 (quoting *Richardson v. Marsh*, 481 U.S. 200, 209 (1987)). Rule 14 of the Federal Rules of Criminal Procedure, however, provides that a trial court may order the severance of defendants "if the joinder of offenses or defendants in

an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government." FED. R. CRIM. P. 14(a); *Zafiro*, 506 U.S. at 535, 538; *United States v. Kane*, 887 F.2d 568, 571 (5th Cir. 1989). Nevertheless, "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro*, 506 U.S. at 538–39, 541 (citing *United States v. Lane*, 474 U.S. 438, 449 n.12 (1986)); *Opper v. United States*, 348 U.S. 84, 95 (1954); *United States v. Daniels*, 281 F.3d 168, 177 (5th Cir.), *cert. denied*, 535 U.S. 1105 (2002).

When considering a motion to sever, the district court "must balance the right of a defendant to a fair trial against the interests of judicial economy." *United States v. Zicree*, 605 F.2d 1381, 1388 (5th Cir. 1979), *cert. denied*, 445 U.S. 966 (1980) (noting that the balancing process is within the discretion of the trial judge); *United States v. Harrelson*, 754 F.2d 1153, 1176 (5th Cir. 1985) (citing *United States v. Lee*, 744 F.2d 1124, 1127 (5th Cir. 1984)); *United States v. Sudderth*, 681 F.2d 990, 996 (5th Cir. 1982)); *McGuire*, 608 F.2d at 1031. "Severance is proper 'only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" *United States v. Mitchell*, 484 F.3d 762, 775 (5th Cir.), *cert. denied*, 552 U.S. 923 (2007) (quoting *Zafiro*, 506 U.S. at 539); *Nguyen*, 493 F.3d at 625; *United States v. Tarango*, 396 F.3d 666, 673–74 (5th Cir. 2005); *Daniels*, 281 F.3d at 177; *United States v. Causey*, 185 F.3d 407, 416 (5th Cir. 1999), *cert. denied*, 530 U.S. 1277 (2000). A defendant requesting severance bears "the difficult burden of proving that he will suffer the most compelling prejudice from continued joinder; a mere showing of some prejudice is insufficient." *Zicree*, 605 F.2d at 1388–89 (citing *United States v. Perez*, 489 F.2d 51, 65 (5th Cir. 1973), *cert. denied*, 417 U.S. 945 (1974)); *see also United States v. Scott*, 795 F.2d 1245, 1250 (5th Cir. 1986).

## ANALYSIS

The Fifth Superseding Indictment named eight defendants. Mercer-Erwin and Moffett are named in all seven counts. Villaurrutia is named in five counts. One of the defendants, Michael Assad Marcos, subsequently died. The remaining three defendants have yet to be apprehended.

The Government asserts that Mercer-Erwin, Moffett, and Villaurrutia are named together in five counts of the Fifth Superseding Indictment of which four of these counts are conspiracy counts. The Government further asserts that none of these cursory arguments made by Defendants meet the high threshold required for the "drastic relief" of severance. The Government also argues that conspiracy cases routinely feature evidence applicable to one or some but not all defendants. The Government argues that because Defendants are charged with a conspiracy, evidence may be introduced highlighting Villaurrutia's role in the conspiracy which may not implicate Mercer-Erwin or Moffett. The Government further argues that Mercer-Erwin and Moffett's assertion that they had no dealings with, or even know Villaurrutia, are of little concern since the charge is conspiracy.

The Court agrees with the Government. In the Fifth Superseding Indictment, the Government alleges that the Defendants conspired with each other. The Court must accept the allegations contained in the indictment. The Government will have to prove at trial the existence of a conspiracy. Furthermore, considerations of judicial efficiency weigh heavily in favor of the Government and against severance. Therefore, Defendants' motion for severance should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Sever (Dkt. #295) is **DENIED**.

**SIGNED this 15th day of March, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE