IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEBRA LYNN MERCER-ERWIN (1)<br>KAYLEIGH MOFFETT (2) | 4:20-CR-212 |

### THE UNITED STATES' RESPONSE TO
### MOTION TO SUPPRESS CERTAIN STATEMENTS

Comes now the United States and files this opposition to the Motion to Suppress Certain Statements filed by the Defendants, Debra Lynn Mercer-Erwin and Kayleigh Moffett.  Dkt. 321 & 326.

### INTRODUCTION

The Defendants, Debra Lynn Mercer-Erwin and Kayleigh Moffett, along with six others, were charged with Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, Manufacturing and Distributing Five Kilograms or More of Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, Conspiracy to Commit Money Laundering, Conspiracy to Commit Export Violations, Conspiracy to Commit Registration Violations Involving Aircraft Not Providing Air Transportation, and Conspiracy to Commit Wire Fraud.

1

The Defendants were arrested on Friday, December 18, 2020 at approximately 10:00 am, and appeared before a magistrate on Monday, December 21, 2020. In the present motion, the Defendants move suppress statements made by them to law enforcement on December 18, 22, and 29, 2020 as well as statements made on other unspecified day. The Defendants argue that the United States violated Rule 5 when it failed to "promptly present" the Defendants after their arrest.

This motion should be denied. As an initial matter, it is unclear why the Defendants include in this motion statements made after they appeared before a magistrate. Suppression is a remedy available for statements made during an unreasonable delay in bringing a defendant before a magistrate. It is not a remedy for statements made *after* an appearance.

For the statements made on December 18, there is no reason to suppress these statements. Mercer-Erwin's interview took place within the six-hour safe harbor interview provided for by 18 U.S.C. § 3501. Moffett's interview did not take place until the early evening of December 18. There was, however, no unreasonable delay in Moffett's appearance. Moffett agreed to be interviewed by law enforcement. This interview took place after law enforcement interviewed Mercer-Erwin by which time a magistrate was no longer available.

## FACTS

Lynn Mercer-Erwin and Kayleigh Moffett were arrested outside of Oklahoma City, Oklahoma by federal law enforcement agents on Friday, December 18, 2020. Mercer-Erwin was arrested at 10:00 am and Moffett was arrested approximately a half hour later. Mercer-Erwin's interview initially started at 10:34 am but Mercer-Erwin asked to speak with her attorney. After her attorneys arrived and they conferred privately, the interview took place at 12:28 pm and

lasted for approximately two hours and forty-five minutes. Moffett's interview took place at approximately 5:49pm and last for approximately one hour and thirty-one minutes.

Appearances in the Western District of Oklahoma are scheduled at 3pm. By the time Mercer-Erwin and Moffett's interviews were completed, the time for appearances had passed. As a result, Mercer-Erwin and Moffett were detained over the weekend and presented for an appearance before United States Magistrate Judge Shon T. Erwin in the Western District of Oklahoma on Monday morning, December 21, 2020.

Law enforcement agents interviewed the Defendants again on December 22 and December 29. Both Defendants were released on December 30.

## ARGUMENT

Rule 5(a)(1)(A) provides that "[a] person making an arrest within the United States must take the defendant without unnecessary delay before a magistrate judge." Fed. R. Crim. P. 5(a)(1)(A). "Rule 5 codifies the common-law rule of 'prompt presentment,' which required that an officer take an arrested person before a magistrate judge 'as soon as he reasonably could.'" *United States v. Mero*, No. 4:17-CR-00067, 2017 WL 4931704, at *1 (E.D. Tex. Sept. 27, 2017), *report and recommendation adopted*, No. 4:17CR67, 2017 WL 4922112 (E.D. Tex. Oct. 31, 2017) (quoting *Corley v. United States*, 556 U.S. 303, 306 (2009)); *United States v. Boche-Perez*, 755 F.3d 327, 333 (5th Cir. 2014). Where an arrestee is not promptly presented, the remedy is to suppress any statement made during the delay. *Mero*, 2017 WL 4931704, at *1 (citing *McNabb v. United States*, 318 U.S. 332 (1943); *Mallory v. United States*, 354 U.S. 449 (1957)).

    A.    **Statements After the Defendants Appearance are not Subject to Suppression.**

The Defendants motion seeks suppression of statements made December 18—prior to their appearance on December 21—as well as statements made on December 22 and December

29. Dkt. 321 at 9. The Defendants also seek suppression of later statements they made in meetings with law enforcement in Plano, Texas at later, but unspecified, dates. *Id*.

The Defendants never explain, however, why statements made *after* their appearance before Magistrate Judge Erwin are susceptible to suppression. The prompt presentment rule deals with statements *made* prior to the arrestee's appearance. The Defendants point to no cases where the rule would apply to statements made after an appearance. There is no basis to suppress statements made *after* December 21, 2020.

      **B.**    **Mercer-Erwin's December 18 Statements Were Made Within the Six Hour Safe Harbor.**

As this Court has explained, "Congress modified the *McNabb–Mallory* framework by enacting 18 U.S.C. § 3501 in 1968. Section 3501(c) provides that a court may not suppress a confession made during a six-hour safe-harbor period solely due to a delay in presentment if the confession was made voluntarily." *Id*. at *2 (citing *Corley*, 556 U.S. at 322).

The Fifth Circuit has held that "the *McNabb–Mallory* clock starts to run from when the obligation to take the defendant before the federal magistrate arises, to the point at which the confession was rendered. *McNabb–Mallory* concerns itself with the time of confession, not the time of first appearance." *Boche-Perez*, 755 F.3d at 336 (internal citations and quotations omitted); *see also* 1 Charles Alan Wright & Andrew D. Leipold, Federal Practice and Procedure: Criminal § 74 (Oct. 2022 update) ("For purposes of this six-hour "safe harbor" provision, it is the time between the arrest and confession that is relevant, not the time between the arrest and the court appearance."); *id*. at § 73 ("[T]he six-hour safe harbor provision means that a confession need not be excluded if it was made before there was any delay—a confession given within the six-hour window is admissible even if there is a lengthy and unreasonable delay in the

presentment thereafter."); *United States v. Casillas*, 792 F.3d 929, 931 (8th Cir. 2015); *United States v. Kirkland*, 567 F.3d 316, 320 (7th Cir. 2009).

Mercer-Erwin's interview took place within this six-hour safe-harbor. As noted above, she was arrested at 10:00am. Any statement given before 4:00pm would fall within the safe harbor. Her interview began at approximately 12:28pm and concluded at approximately 3:14pm. The Motion to Suppress should be denied with respect to Mercer-Erwin's December 18 statement.

**C.    There was no Unreasonable Delay in Moffett's Interview.**

As set forth above, Moffett was arrested at 10:30 am and her interview took place at 5:49 pm. This means her statement took place outside of the six-hour safe harbor. It does not mean, however, that the analysis is complete: "if the length of the delay is determined to fall outside of the Section 3501(c) safe harbor, the court must move to the second step of the analysis and examine whether the causes of the delay were justifiable under the *McNabb–Mallory* cases." *Mero*, 2017 WL 4931704, at *2.

The burden of demonstrating the delay rests with the defendant. *Id.* Moffett has not met that burden here. Moffett was arrested and brought to AGC where agents were processing Mercer-Erwin and doing an inventory of the scene. After an arrest, law enforcement agents are not required to drop everything and rush an arrestee to a magistrate. "[L]aw enforcement personnel are permitted, within reasonable limits, to investigate whether the crime occurred; search and secure a premises; and secure, confiscate, or destroy contraband before taking an arrestee to a magistrate." *Boche-Perez*, 755 F.3d at 337.

The law enforcement agents at the scene interviewed Mercer-Erwin and Moffett sequentially with Mercer-Erwin going first and her interview falling within the six-hour safe

harbor. As a result of Mercer-Erwin's interview, Moffett's interview did not occur until later in the day on December 18, by which time there was no available magistrate for an appearance to be made on a Friday. Moffett was promptly presented to a magistrate on Monday morning, December 21, the first available time for an appearance after the six-hour safe harbor had expired. Delays in present caused by intervening weekends are not unreasonable. *See, e.g., United States v. Van Poyck*, 77 F.3d 285, 289 (9th Cir.1996) ("An overnight or weekend delay in arraignment due to the unavailability of a magistrate does not by itself render the delay unreasonable under § 3501(c)."); *United States v. Tello*, No. 11CR3249 WQH, 2011 WL 5925086, at *2 (S.D. Cal. Nov. 23, 2011); *United States v. Harrold*, 679 F. Supp. 2d 1336, 1353 (N.D. Ga. 2009)

## **CONCLUSION**

For the reasons set forth above, the motion should be denied.

Respectfully submitted,

BRIT FEATHERSTON
United States Attorney

___/s/_____
ERNEST GONZALEZ
Assistant United States Attorney
Texas Bar No. 00789318
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
Ernest.Gonzalez@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was filed via electronic filing to defense counsel on March 17, 2023.

                                                 ___/s/_____
                                                 ERNEST GONZALEZ