IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:20-CR-00212 |
| | ) | |
| DEBRA LYNN MERCER-ERWIN (1) | ) | |
| | ) | |
| Defendants. | ) | |

**MOTION FOR PRODUCTION OF JENCKS AND BRADY/GIGLIO MATERIALS**

Defendant Debra Lynn Mercer-Erwin, (the "Defendant"), by and through her attorneys, Joe E. White, Jr., Charles C. Weddle III, Kate C. White, and Matthew P. Cyran, respectfully files this Motion requesting that the Court order the government to inspect the personnel files of any and all federal law enforcement agents who may testify at the trial of this case or the information associated with any government witness and produce any material the Defendant is entitled to pursuant to 18 U.S.C. §3500 *et seq.*, *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972). In support, Ms. Mercer-Erwin states as follows:

**STATEMENT OF THE CASE**

Ms. Mercer-Erwin stands charged by way of the Fifth Superseding Indictment with Conspiracy to manufacture and distribute cocaine; conspiracy to manufacture and distribute cocaine intending, knowing, and with reasonable cause to believe that the cocaine will be unlawfully imported into the United States; manufacturing and distributing five kilograms or more of cocaine intending, knowing, and with reasonable cause to believe that the cocaine will be unlawfully imported into the United States; conspiracy to commit money laundering; conspiracy to commit export violations; conspiracy to commit registration violations involving aircraft not

providing air transportation; and conspiracy to commit wire fraud. Trial in this case is set to begin on April 10, 2023.

## ARGUMENT AND AUTHORITIES

### Jencks Material

Pursuant to 18 U.S.C. §3500,

> After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

*Id.*

The government has produced twelve terabytes of discovery in this case. Mining through the production is an ongoing and monumental task for the defense. In order to accomplish even a rudimentary investigation so as to begin to be able to provide effective assistance to the Defendant, the defense will require obtaining *Jencks* material well before the jury is sworn. Early production of Jencks material will avoid the trial delays that will be necessitated by defense counsel having to review things such as grand jury transcripts *after* a witness testifies. The Jencks Act does not preclude early disclosure and the Fifth Circuit considers it a "salutary" practice. See *United States v Campagnuolo*, 592 F.2d 852 (5th Cir. 1979.)

Given that the trial of this matter is expected to take two weeks, recesses which will be required by defense counsel will substantially delay what promises already to be a protracted proceeding. In addition to the obvious adverse impact on the Court's calendar, such delays will unfairly prejudice the Defendant's Fifth and Sixth Amendment rights as the Defendant and her

counsel will be viewed by the jury as being responsible for the delays and the overall length of the trial. There is simply no reason in this case for the government to withhold Jencks materials such as grand jury transcripts until after any individual witness testifies. To do so simply because it can, the government not only erodes the efficiency of the Court, but it also significantly damages the ability of the Defendant to seek a fair trial before a jury of her peers.

Nothing in the Jencks Act prohibits early disclosure of Jencks material. In fact, Fed. R. Crim. P. 2 specifically authorizes the Court in its inherent supervisory powers to deviate from the timing requirements found within the Jencks Act. This is a case where early disclosure of Jencks material will most certainly provide for " simplicity in procedure and fairness in administration" and will "eliminate unnecessary expense and delay." Fed. R. Crim. P. 2. Even the government's own discovery policy favors early disclosure.

> C. Providing Disclosure Beyond the Requirements of R. 16, R. 26.2, *Brady, Giglio* and *Jencks*
>
> In many cases, AUSAs should consider giving broader and earlier discovery than required by statute or case law or recommended by this Policy, as it promotes our truth-seeking mission and our efficiency when the defendants and defense counsel realize the overwhelming nature of our evidence.

*Eastern District of Texas United States Attorney's Office Discovery Policy*; October 12, 2010.

Accordingly, the Defendant respectfully requests that the government be ordered to produce Jencks material as early as possible but, in any event, no less than ten (10) days prior to trial. The material requested includes:

1) Any written statement made by a witness intended to be called to testify at trial or hearing by the government that was signed or otherwise adopted or approved by the witness. See 18 U.S.C. §3500(e)(1);

2) Any stenographic, mechanical, electrical or other recording, or a transcription thereof, which is a substantially verbatim recital of an oral statement made by such

a person to anyone and recorded contemporaneously with the making of such oral statement. See 18 U.S.C. §3500(e)(2);

3) The transcription of any and all Grand Jury testimony of any witness intended to be called to testify at trial or hearing by the government. See 18 U.S.C. §3500(e)(3);

4) The notes and reports made by any governmental agent intended to testify at trial or hearing by the government which embody that agent's criminal investigation of the instant case; and

5) Any other statements and reports of prospective government witnesses which have been construed by case law to be Jencks Act material.

The Defendant requests that the government be ordered to produce all Jencks material as early as possible but at least ten (10) days before trial to avoid continuous delays to the trial of this matter.

## Brady/Giglio Material

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, the Defendant is entitled to any and all exculpatory evidence which she cannot obtain on her own with due diligence. The Defendant first requested *Brady & Giglio* materials by way of a discovery letter sent to the prosecution in June of 2022. See correspondence attached as Exhibit 1.

Pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and *United States v. Agurs*, 427 U.S. 97 (1976), the Defendant has the right to production of exculpatory evidence in the government's possession. This right, protected by the Due Process Clause of the Fifth Amendment, requires that the government turn over any information about its witnesses that could cast doubt upon their credibility. *United States v. Bagley*, 473 U.S. 667, 676-677 (1985); *Giglio v. United States*, 405 U.S. 150, 154 (1972).

Furthermore, United States Department of Justice policy states:

> It is the obligation of federal prosecutors, in preparing for trial, to seek all exculpatory and impeachment information from all the members of the prosecution team. Members of the prosecution team include federal, state, and local law enforcement officers and other government officials participating in the investigation and prosecution of the criminal case against the defendant.

United States Department of Justice; Justice Manual § 9-5.001(B)(2).

If the government intends to call as witnesses any law enforcement officers, and if the government has any doubt whatsoever as to whether the personnel files contain discoverable material, the government should produce the files or submit the files to the court for an *in-camera* review and sealed entry into the record.

Moreover, the Defendant is entitled to any plea agreements or communications between the government and any co-defendants. Accordingly, any plea agreements between the government and Federico Machado or Carlos Villarutia should be produced. The government's obligation is not only to produce fully executed plea agreements with co-defendants but also to produce any offers of plea, tenders of plea agreements, or any communications which may cause a co-defendant to believe that the government will offer any form of consideration.

> However, the Supreme Court has never limited a *Brady* violation to cases where the facts demonstrate that the state and the witness have reached a bona fide, enforceable deal. In *Napue v. Illinois*, 360 U.S. 264, 270, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), the Supreme Court explained that the key question is not whether the prosecutor and the witness entered into an effective agreement, but whether the witness "might have believed that [the state] was in a position to implement ... any promise of consideration.

*LaCaze v. Warden Louisiana Correctional Institute for Women*, 645 F.3d 728, 735 (5th Cir. 2011). See also, *United States v. Bagley*, 473 U.S. 667 (1985) (Fact that stake was not guaranteed with a promise incentivizes false testimony.); *Tassin v. Cain*, 517 F. 3d 770 (5th Cir. 2008) (A promise is not necessary, evidence of any understanding or agreement is relevant.)

On March 23, 2023, the government filed a Petition for Writ of Habeas Corpus Ad Testificandum (Dkt. #339.) The writ seeks the presence of a federal prisoner named Raul Francisco De Asis Quevado Martinez to testify at the Defendant's trial. The Defendant has received no reports, documents, or any other information regarding this individual from the government. The Defendant requests that the Court order the government to produce any Jencks, Brady or Giglio material regarding this individual in advance of trial.

Because she is unaware of what discoverable information exists, the Defendant is placed in a precarious position to have to request this information. The information as well as the obligation rests with the government, and the Defendant is in total reliance that the government will produce the appropriate material. Unfortunately, as case law bears out, this does not always happen. The government, through its prosecutors, are the gatekeepers to this most serious of responsibilities. "Thus, the prosecutor, who alone can know what is undisclosed, must be assigned the responsibility to gauge the likely net effect of all such evidence and make disclosure when the point of "reasonable probability" is reached." *Kyles v. Whitley*, 514 U.S. 419, 420 (1995). "... [T]he individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police." *Id.* at 437 (1995). "The prosecutor's office is an entity and as such it is the spokesman for the Government." *Giglio v. United States*, 405 U.S. 150, 154 (1972). The Defendant moves the Court to compel the government to either produce all *Brady/Giglio* information or affirmatively assert that it has none.

The government's only basis for resisting both early disclosure of Jencks material as well as timely disclosure of *Brady/Giglio* is to claim that such disclosure will pose a threat to the government's witnesses. There is no indication in this case of any potential threat to any of the

government's witnesses. Neither defense counsel nor Defendant is aware of any such potential for threats. To the extent that the government asserts this as a basis for resisting production, the government should be required to demonstrate on a case-by-case basis the threat to any particular witness before the Court issues a blanket order as to all of them.

The government's obligations in this regard are tantamount to the very undertaking of justice in this Court. The prosecutor's job is never to win an individual case but rather to seek that justice.

> The United States Attorney is "the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done.

*Berger v. United States*, 295 U.S. 78, 88 (1935).

## CONCLUSION

In order to afford the Defendant a meaningful opportunity to contest the charges against her by confronting her accusers with the effective assistance of counsel in a fashion which will not jeopardize her standing before the jury, the Defendant requests that the government be ordered to disclose all Jencks material no later than ten (10) days before trial as well as disclose all *Brady/Giglio* material immediately.

Respectfully submitted,

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.         OBA #12930
CHARLES C. WEDDLE III  OBA #18869
KATE C. WHITE             OBA # 30930
MATTHEW P. CYRAN      OBA # 16918
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma 73105
(405) 858-8899

                                                    (405) 858-8844 FAX
joe@whiteandweddle.com
charles@whiteandweddle.com
kate@whiteandweddle.com
matt@whiteandweddle.com

*Attorneys for the Defendant,*
*Debra Lynn Mercer-Erwin*

## CERTIFICATE OF DELIVERY

☒    I hereby certify that on this 24th day of March 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing, which will automatically send e-mail notification of such filing to all attorneys of record.

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.

## CERTIFICATE OF CONFERENCE

Pursuant to United States District Court for the Eastern District of Texas Local Rule CR-47(a)(3), on March 22nd, 2023, defense counsel for the Defendant Debra Mercer-Erwin has conferred with Ernest Gonzalez, Assistant United States Attorney in a good faith effort to resolve the matter without Court intervention and advises the Court that the United States opposes the early production of Jencks material.

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.