IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No. 4:20-CR-00212 |
| | ) | |
| DEBRA LYNN MERCER-ERWIN (1) | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION IN LIMINE REGARDING JOAQUIN GUZMAN

Defendant Debra Lynn Mercer-Erwin (the "Defendant"), by and through her attorneys, Joe E. White, Jr., Charles C. Weddle III, Kate C. White, and Matthew P. Cyran, respectfully files this Motion in Limine regarding evidence concerning Joaquin Guzman a/k/a El Chapo ("El Chapo") or his organization. In support, Ms. Mercer-Erwin states as follows:

## INTRODUCTION

Ms. Mercer-Erwin is a resident of Oklahoma. Since 2014, Ms. Mercer-Erwin has been the owner of Aircraft Guaranty Corporation Holdings ("AGC") and Wright Brothers Aircraft Title, Inc. ("WBAT"). The Defendant is charged by way of a Fifth Superseding Indictment with six different conspiracies and one substantive count.

Located within the twelve terabytes of discovery produced by the government are demonstrative documents that seemingly associate someone whom the Defendant has contacted via telephone with El Chapo. There is absolutely no other evidence in this case to associate the Defendant, in any way, with the former drug lord. The documents, of which there are approximately twelve, depict telephone calls between the Defendant and another person. The other person is depicted in some of the charts as having telephone contact with El Chapo. There is

nothing to indicate that there was any communication between El Chapo and the Defendant. Ever. Similarly, there is nothing to indicate that the Defendant ever knew of the other person communicating with El Chapo. Due to his world-renowned infamy, El Chapo has become a household name symbolic of the most evil drug lords to have ever existed. Any reference to him or his organization before the jury would be completely prejudicial and has virtually no probative value in this case. The Court should enter an order before the jury is sworn prohibiting the government from referencing, alluding to, or in any way bringing the name of El Chapo, Joaquin Guzman, or his organization to the jury's attention.

## ARGUMENT AND AUTHORITIES

As this Court is well aware, only relevant evidence is admissible at trial. The Federal Rule of Evidence addressing admissibility is FRE 401 which states:

Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action.

"'The essential prerequisite of admissibility is relevance.'" *United States v. Schenck*, 2022 WL 991761 (E.D. La.); citing *Jones v. Cannizzaro*, 2021 WL 217282, at *1 (E.D. La. Jan. 21, 2021) (quoting *United States v. Hall*, 653 F.3d 1002, 1005 (5th Cir. 1981)).

In the instant case, any reference to El Chapo is not relevant to any issue the government needs to prove. Such a reference serves only to inflame the jury panel with the idea that the Defendant associates with someone known to the world as evil. Not only is such an inference not relevant, but it is also not true. The Defendant has had telephone conversations with a

co-defendant[1] who was formerly an air traffic controller.  The government's discovery suggests that the co-defendant also had telephone conversations with a phone number they believe to be that of El Chapo.[2]  There is no evidence that the Defendant had any communications with El Chapo, nor is there any evidence to suggest that the Defendant ever knew that the co-defendant had communicated with him.  El Chapo is not mentioned once in the indictment.

In order for evidence to be relevant, it must be two things; "(1) The evidence must be probative of the proposition it is offered to prove, and (2) the proposition to be proved must be one that is of consequence to the determination of the action." *United States v. Schenck*, 2022 WL 991761 (E.D. La.), *Hall*, 653 F.2d at 1005 (citing MCCORMICK ON EVIDENCE §185, at 435 (2d ed. 1972); 1 WEINSTEIN'S EVIDENCE ¶ 401(03), at 401-13 (1980); and 22 WRIGHT & GRAHAM, FEDERAL PRACTICE AND PROCEDURE: EVIDENCE §5162, at 18 (1978)).  Presumably, the government intends to introduce evidence of El Chapo to prove that the Defendant had a relationship with him.  She did not.  The government has no evidence to support that and simply cannot prove that.  Therefore, it is not "probative of the proposition it is offered to prove."  If it were, that proposition is not "of consequence to the determination of the action."  Nothing in this case relies on any relationship to El Chapo.  Nothing.

"For a fact to be 'of consequence,' under the substantive law of the case, the 'proposition to be proved must be ... probative of a matter that is in issue.'" *United States v. Schenck*, 2022 WL 991761 (E.D. La.), *Lewis v. La. State Univ.*, 2021 WL 4497487, at *3 (M.D. La. Sept. 30, 2021) (quoting *Hall*, 653 F.2d at 1005).  "Simply stated, the proposition to be proved must be part of the

---

[1] Guillermo Garcia Mendez remains at large.
[2] The government cannot confirm the phone belongs to Joaquin Guzman.

hypothesis governing the case a matter that is in issue, or probative of a matter that is in issue, in the litigation." *United States v. Hall*, 653 F.2d 1002, 1005 (5th Cir. 1981); see also, McCormick on Evidence, s 185, at 434; 1 Weinstein's Evidence, supra, P 401(03).

That is not the case before the Court. El Chapo is not relevant in the least to this case, and his name is offered only for incendiary purposes.

Even assuming arguendo that references to El Chapo were relevant, such evidence is much more prejudicial than probative. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. There is nothing in this case that requires the government to produce evidence regarding El Chapo. The only reason to insert this evidence is to introduce the very type of evidence that Fed. R. Evid. 403 is designed to prohibit. "[E]vidence is not unfairly prejudicial because it tends to prove guilt, but because it tends to encourage the jury to find guilt from improper reasoning." *United States v. August*, 590 F. Supp. 3d 972, 975-976 (W.D. Texas 2022) (citing *United States v. Looking Cloud*, 419 F.3d 781 (8th Cir. 2005.)) "When the evidence has "an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one," the evidence is unfairly prejudicial." *United States v. Schenck*, *3 2022 WL 991761 (E.D. La.)

Even if an argument could be made that evidence regarding El Chapo in this case was relevant, the only reason for its introduction is for its overwhelmingly prejudicial effect. It, therefore, should be excluded. Pursuant to Rule 403, "[a] trial court 'may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the

following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.'" *United States v. Okulaja*, 21 F.4th 338, 346 (5th Cir. 2021) (quoting Fed. R. Evid. 403). "'Rule 403's major function is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'" *United States v. Schenck*, *3 2022 WL 991761 (E.D. La.); citing *United States v. Sims*, 11 F.4th 315, 323 (5th Cir. 2021) (quoting *Baker v. Canadian Nat'l/Ill. Cent. R.R.*, 536 F.3d 357, 369 (5th Cir. 2008)).

Given the evidence in this case, there is simply no plausible explanation for the government to need to introduce or reference evidence regarding El Chapo or his organization. Such information has nothing to do with the evidence brought forward against the Defendant, and an attempt to reference El Chapo serves only to inflame the jury and prejudice the Defendant. All such inferences should be excluded.

## CONCLUSION

The Defendant respectfully requests that the Court rule in advance of trial that the government be prohibited from referencing El Chapo, Joaquin Guzman, or his organization in any way in front of the jury.

Respectfully submitted,

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.      OBA #12930
CHARLES C. WEDDLE, III OBA #18869
KATE WHITE             OBA # 30930
MATTHEW P. CYRAN       OBA # 16918
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma 73105
(405) 858-8899
(405) 858-8844 FAX

joe@whiteandweddle.com
charles@whiteandweddle.com
kate@whiteandweddle.com
matt@whiteandweddle.com

*Attorneys for the Defendant,*
*Debra Lynn Mercer-Erwin*

**CERTIFICATE OF DELIVERY**

☒ I hereby certify that on this 28th day of March, 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing, which will automatically send e-mail notification of such filing to all attorneys of record.

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.

**CERTIFICATE OF CONFERENCE**

Pursuant to United States District Court for the Eastern District of Texas Local Rule CR-47(a)(3), on March 24, 2023, defense counsel for the Defendant Debra Mercer-Erwin has conferred with Ernest Gonzalez, Assistant United States Attorney in a good faith effort to resolve the matter without Court intervention and advises the Court that the United States opposes this motion.

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.