IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 4:20-CR-00212 |
| ) | |
| DEBRA LYNN MERCER-ERWIN (1) ) | |
| ) | |
| Defendants. ) | |

**MOTION IN LIMINE REGARDING HEARSAY AND FEDERICO MACHADO**

Defendant Debra Lynn Mercer-Erwin, (the "Defendant"), by and through her attorneys, Joe E. White, Jr., Charles C. Weddle III, Kate C. White, and Matthew P. Cyran, respectfully files this Motion in Limine regarding hearsay and Federico Machado. In support, the Defendant states as follows:

**INTRODUCTION**

Ms. Mercer-Erwin is a resident of Oklahoma. Since 2014, Ms. Mercer-Erwin has been the owner of Aircraft Guaranty Corporation Holdings ("AGC") and Wright Brothers Aircraft Title, Inc. ("WBAT"). AGC provides Federal Aviation Administration ("FAA") registration and trust services to individuals who own aircraft. Like a title company's role in a house purchase, WBAT provides title management and escrow services to individuals who are purchasing or selling an aircraft. During the purchase process for an aircraft, WBAT performs title searches and ensures the aircraft transaction is legal and unencumbered. AGC assists aircraft owners with the FAA registration, licensing, and trust matters.

The Indictment charges the Defendant with six different conspiracies and one substantive count: Count 1: Conspiracy to manufacture and distribute cocaine; Count 2: Conspiracy to

manufacture and distribute cocaine intending, knowing, and with reasonable cause to believe that the cocaine will be unlawfully imported into the United States; Count 3: Manufacturing and distributing five kilograms or more of cocaine intending, knowing, and with reasonable cause to believe that the cocaine will be unlawfully imported into the United States; Count 4: Conspiracy to commit money laundering; Count 5: Conspiracy to commit export violations; Count 6: Conspiracy to commit registration violations involving aircraft not providing air transportation; and Count 7: Conspiracy to commit wire fraud.

## FACTS

The government has produced twelve (12) terabytes of discovery to the Defendant in this case. To the extent a full review of such a voluminous deposit is possible, it is clear that the government will rely heavily on the statements, work product and evidence presented to the government by indicted Co-Defendant, Federico Machado ("Machado").

Machado was first indicted on August 12, 2020, and remained a named Defendant through the current, Fifth Superseding Indictment. While it appears at one time the government believed Machado to be a cooperator, he had other plans. After providing the government with some information and seemingly assisting their investigation, Machado absconded beyond its reach. According to defense counsel's most recent conversation with the prosecuting attorney, Machado is currently under "house arrest" in Argentina and fighting extradition.[1]

If Machado is not present to testify at trial, the Court should exclude any statements attributable to him along with any of his work product that the government may tend to rely on. The use of Machado's statements and work product against the Defendant violates the

---

[1] This has evidently been Machado's status since at least July of 2022.

Confrontation Clause of the Sixth Amendment and amounts to inadmissible hearsay for which there is no exception.

## ARGUMENT AND AUTHORITIES

The Confrontation Clause of the Sixth Amendment, made applicable to the States through the Fourteenth Amendment, provides: "In all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him." *Idaho v. Wright*, 497 U.S. 805, 813 (1990); U.S. CONST. amend. VI.

Much of the government's evidence against the Defendant is premised upon law enforcement interrogations of Machado. If Machado does not testify at trial, the Defendant expects that the government's agents will be called to recount their interviews with Machado. Further, the government's agents are likely to rely on spreadsheets and data compiled by Machado to enhance their testimony.

Hearsay is, in and of itself, unreliable which is why it is categorically inadmissible except in certain instances. "Hearsay rules are relevant because they are designed to identify some statements as reliable." *United States v. Williams*, United States District Court Eastern District of Texas, WL 4927482 (2020). The courts have always been suspect of hearsay that originates from co-defendants or co-conspirators. "...an accomplice often has a considerable interest in "confessing and betraying his co-criminals." *Lilly v. Virginia*, 527 U.S. 116, 131 (1999). "[A]ccomplices' confessions that inculpate a criminal defendant are not within a firmly rooted exception to the hearsay rule." *Crawford v. Washington*, 541 U.S. 36, 56 (2004), citing *Lilly* at 134.

In *Ohio v. Roberts*, 448 U.S. 56 (1980), the Supreme Court held that an out-of-court statement of an absent witness could be admitted without violating the Confrontation Clause only

if the witness was "unavailable" and if the statement fell within a "firmly rooted hearsay exception," the latter requirement being the Court's way of ensuring that the statement had an adequate "indicia of reliability." *Id.* The *Roberts* analysis remained until 2004 when it was overruled by *Crawford v. Washington*, 541 U.S. 36 (2004).

The *Crawford* Court took up the question of what the Confrontation Clause's meaning of the word "witness" was. The Court analyzed that a "witness" in the Clause's context is one who "bears testimony." *Id.* at 51. Accordingly, the Clause applies specifically to testimonial statements. Testimonial statements are those statements made with an eye towards later use in court. In other words, "statements that were made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Crawford* at 52, See also, *Melendez-Diaz v. Massachusetts,* 557 U.S. 305, 310 (2009). Police interviews are just such an example. "Whatever else the term covers, it applies at a minimum to prior testimony at a preliminary hearing, before a grand jury, or at a former trial; *and to police interrogations.* These are the modern practices with closest kinship to the abuses at which the Confrontation Clause was directed." *Crawford* at 68 [emphasis added]. "Statements taken by police officers in the course of interrogations are also testimonial under even a narrow standard." *Id.* at 52.

Under *Crawford* and its progeny, a testimonial statement, made by an unavailable declarant, is only admissible against a defendant if that defendant had a previous opportunity to cross-examine the declarant. "…[W]here testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is confrontation." *Id*. at 36. The ultimate holding in *Crawford* is summed up in the Court's language, "Where testimonial evidence is at

issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Id.* at 68.

If Machado is not present for the trial of this case, the Defendant anticipates that the government will offer evidence based on his out-of-court statements and rely on the unavailability exception to the hearsay rule. See Fed. R. Evid. 804. However, the law is clear that such evidence violates the Defendant's Sixth Amendment right of confrontation absent a previous opportunity to cross-examine the declarant. All of the information that the government obtained from Machado came from law enforcement interviews with him. For purposes of the Confrontation Clause, all of this evidence is testimonial in nature. Since the Defendant has never had a meaningful opportunity to cross-examine Machado, it must be excluded. "The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness." *Barber v. Page*, 390 U.S. 719, 725 (1968). "Where testimonial evidence is at issue, however, the Sixth Amendment demands what the common law required: unavailability and a prior opportunity for cross-examination." *Crawford* at 68.

The government should not be allowed to present any testimony to the jury regarding any statements made by Machado or any of his work product. Machado's unavailability is only a potential exception to the hearsay issue raised by testimony about his statements. It does nothing to cure the Sixth Amendment violation that presenting such evidence creates.

To the extent the government intends to introduce any form of hearsay in its case in chief, the Defendant requests that the Court enter a pretrial order prohibiting any form of hearsay, whether it be from Machado, other Co-Defendants, or any non-testifying witnesses.

## CONCLUSION

The Defendant respectfully requests that the Court rule in advance of trial that the government be prohibited from introducing, using, referring to, or relying on any statement attributed to Machado or any of his work product information or any other form of hearsay before the jury.

Respectfully submitted,

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.        OBA #12930
CHARLES C. WEDDLE III    OBA #18869
KATE C. WHITE            OBA # 30930
MATTHEW P. CYRAN         OBA # 16918
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma 73105
(405) 858-8899
(405) 858-8844 FAX
joe@whiteandweddle.com
charles@whiteandweddle.com
kate@whiteandweddle.com
matt@whiteandweddle.com

*Attorneys for the Defendant,
Debra Lynn Mercer-Erwin*

## CERTIFICATE OF DELIVERY

☒   I hereby certify that on this 29th day of March, 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing, which will automatically send e-mail notification of such filing to all attorneys of record.

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.

## CERTIFICATE OF CONFERENCE

Pursuant to United States District Court for the Eastern District of Texas Local Rule CR-47(a)(3), on March 24, 2023, defense counsel for the Defendant Debra Mercer-Erwin has conferred with Ernest Gonzalez, Assistant United States Attorney in a good faith effort to resolve the matter without Court intervention and advises the Court that the United States opposes this motion.

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.