IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> DEBRA LYNN MERCER-ERWIN (1) | 4:20-CR-212 |

## THE UNITED STATES' RESPONSE TO
## MOTION FOR PRODUCTION OF JENCKS AND *BRADY/GIGLIO* MATERIALS

Comes now the United States and files this opposition to the Motion to for Production of Jencks and Brady/Giglio Materials filed by Debra Lynn Mercer-Erwin. Dkt. 342.

## INTRODUCTION

Debra Lynn Mercer-Erwin, along with seven others, was charged with Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, Manufacturing and Distributing Five Kilograms or More of Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, Conspiracy to Commit Money Laundering, Conspiracy to Commit Export Violations, Conspiracy to Commit Registration Violations Involving Aircraft Not Providing Air Transportation, and Conspiracy to Commit Wire Fraud.

In this motion, Mercer-Erwin moves this Court for an order requiring the United States "to inspect the personnel files of any and all federal law enforcement agents who may testify at

1

the trial of this case or the information associated with any government witness and produce any material the Defendant is entitled to pursuant to 18 U.S.C. §3500 *et seq.*, *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States*, 405 U.S. 150 (1972)." Dkt. 342 at 1.

This motion should be denied. To date, the United States has complied with, and will continue to comply with, its obligations under *Brady* and *Giglio*. With respect to material covered by the Jencks Act, the United States will produce such material no later than after the appropriate witness testifies.

## ARGUMENT

Mercer-Erwin's motion is divided into two parts. In the first part, she asks this Court to order the United States "to produce Jencks material as early as possible but, in any event, no less than ten (10) days prior to trial." Dkt. 342 at 3. In the second part, she asks that this Court order the United States to "immediately" produce all material covered by *Brady* and *Giglio*. *Id.* at 7.

### A. The United States Cannot be Ordered to Produce Jencks Material Until After a Witness Testifies.

The Jencks Act requires the United States "to produce any statement . . .of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified." 18 U.S.C. § 3500(b). By its terms, this obligation arises "[a]fter a witness called by the United States has testified on direct examination." *Id.*; *see also id.* at (a) ("[N]o statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.").

The Fifth Circuit and this Court have recognized that the United States cannot be ordered to produce Jencks Act prior to trial. *United States v. McKenzie*, 768 F.2d 602, 609 (5th Cir.

1985) ("The trial court cannot compel disclosure of Jencks material at any earlier point.) (citing *United States v. Gatto*, 533 F.2d 264, 265 (5th Cir.1976); *United States v. Mathis*, No. 419CR00265SDJCAN2, 2020 WL 7409089, at *6 (E.D. Tex. Nov. 3, 2020), *report and recommendation adopted*, No. 4:19-CR-265-2, 2020 WL 7396541 (E.D. Tex. Dec. 17, 2020) ("To the extent, by and through his Motion, Defendant seeks discovery of any additional witness statements, the Jencks Act and Rule 16(a)(2) do not provide for pretrial discovery of statements made by prospective witnesses, including coconspirators.").

The United States is aware that the Fifth Circuit and this Court have encouraged pretrial production of Jencks material. *McKenzie*, 768 F.2d at 609 (5th Cir. 1985) (citing *United States v. Campagnuolo*, 592 F.2d 852, 858 n.3 (5th Cir.1979)) (describing pretrial "Jencks disclosure as a salutary practice that should be encouraged"); *Mathis*, 2020 WL 7409089, at *6. As trial approaches, the United States will remain mindful of this encouragement and has no interest in delaying proceedings but makes no commitment to pretrial disclosure here.

**B.     The United States has Produced All *Brady* and *Giglio* Material**

Mercer-Erwin specifies three categories of information she requests this Court order the United States produce to her or for in camera review by this Court: discoverable material contained in personnel files of law enforcement officer, Dkt. 342 at 5; "plea agreements or communications between the government and any co-defendants," *id.*; and "any Jencks, Brady or Giglio material regarding [Raul Francisco De Asis Quevado Martinez][1] in advance of trial," *id.* at 6.

---

[1]     On March 23, the United States filed a motion in this case for a Writ of Habeas Corpus Ad Testificandum directing that Raul Francisco De Asis Quevedo Martinez appear in this Court on April 10, 2023. Dkt. 339. On March 24, this Court granted the motion. Dkt. 341.

Consistent with the orders of this Court, the United States has delivered to Mercer-Erwin approximately 12 terabytes of discovery.  Except insofar as the Jencks Act applies, this discovery includes all information covered by *Brady* and *Giglio*.  *See United States v. Ware*, No. 9:18-CR-43, 2019 WL 2268959 (E.D. Tex. May 24, 2019) ("Information which falls under *Brady* or *Giglio* that is also subject to the Jencks Act . . . need not be produced until after the government witness testifies.").  The United States is aware that its *Brady* and *Giglio* obligations are continuous and ongoing and will, as necessary, provide Mercer-Erwin any further responsive material.

## CONCLUSION

For the reasons set forth above, the motion should be denied.

Respectfully submitted,

BRIT FEATHERSTON
United States Attorney

___/s/_____
ERNEST GONZALEZ
Assistant United States Attorney
Texas Bar No. 00789318
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
Ernest.Gonzalez@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via electronic filing to defense counsel on March 29, 2023.

___/s/_____
ERNEST GONZALEZ
