# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:20-CR-212 |
| | § | |
| DEBRA LYNN MERCER-ERWIN (1) | § | |
| KAYLEIGH MOFFETT (2) | § | |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss Counts 2 and 3 of the Fifth Superseding Indictment (Dkt. #298). Having considered the motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

Defendants Debra Lynn Mercer-Erwin and Kayleigh Moffett are both charged with seven counts of violating United States federal law in the Fifth Superseding Indictment (the "Indictment") (Dkt. #224).

Defendants are charged in Count Two of the Indictment with Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing, and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, in violation of 21 U.S.C. § 963 (Dkt. #224 at pp. 31–32). The Indictment alleges that Defendants "did knowingly and intentionally combine, conspire, and agree with other persons known and unknown to the United States Grand Jury, to knowingly and intentionally manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a schedule II controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States" (Dkt. #224 at p. 32). Count Two

does not specifically allege that any part of the charged conduct took place in the Eastern District of Texas specifically.

Defendants are charged in Count Three of the Indictment with Manufacturing and Distributing Five Kilograms or More of Cocaine Intending, Knowing, and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, in violation of 21 U.S.C. § 959 (Dkt. #224 at pp. 32–33). The Indictment alleges that Defendants "aided and abetted by each other, did knowingly and intentionally manufacture and distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, intending, knowing, and with reasonable cause to believe that such cocaine would be unlawfully imported into the United States" (Dkt. #224 at pp. 32–33). As with Count Two, Count Three does not specifically allege that any part of the charged conduct took place in the Eastern District of Texas specifically.

On June 29, 2022, Defendants filed a Motion to Dismiss the Indictment (Dkt. #298). In the motion, Defendants challenge Counts Two and Three, arguing that the Government fails to properly allege that any part of the charged conduct took place in the Eastern District of Texas (Dkt. #298 at p. 2). According to Defendants, the Government's failure to properly allege venue means that the Court must dismiss Counts Two and Three (Dkt. #298 at p. 2). On July 13, 2022, the Government filed a response to Defendants' motion, arguing that venue is proper in the Eastern District of Texas (Dkt. #38 at p. 1). The Government, however, did not directly address Defendants' argument that venue is not properly alleged. And, on July 20, 2022, Defendants filed a reply (Dkt. #309). Defendants argue that, regardless of whether venue actually is proper in the Eastern District of Texas, Counts Two and Three of the Indictment nonetheless fail on their face

2

because the Government does not *allege* venue in the Eastern District of Texas as to either count (Dkt. #309 at p. 2).  The Government did not file a sur-reply.

The case is set for trial beginning on April 10, 2023 (Dkt. #314).

## LEGAL STANDARD

An indictment need only "be a plain, concise, and definite written statement of the essential facts constituting the offense charged."  FED. R. CRIM. P. 7(c)(1).  An indictment is subject to dismissal for the Government's failure to state an offense.  *See* FED. R. CRIM. P. 12(b)(3)(B). "When considering a motion to dismiss the indictment, the Court considers all well-pleaded facts as true."  *United States v. Bonds*, No. 4:09-CR-92, 2012 WL 1802448, at *1 (E.D. Tex. Apr. 2, 2012), *R&R adopted*, 2012 WL 1802443 (E.D. Tex. May 17, 2012).  This means that, taking the Government's allegations as true, *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011), the indictment must state the elements of each offense and facts "sufficient to permit the defendant to plead former jeopardy in a subsequent prosecution."  *United States v. Contris*, 592 F.2d 893, 896 (5th Cir. 1979).  Indictments are read as a whole, and "[t]he sufficiency of an indictment is to be tested by practical rather than technical considerations."  *Id.*  "[T]he law does not compel a ritual of words."  *United States v. Ratcliff*, 488 F.3d 639, 643 (5th Cir. 2007).  As such, an indictment will not be dismissed based on minor deficiencies or because it "could have been more artfully or precisely drawn."  *Contris*, 592 F.2d at 896.

Courts generally measure the sufficiency of an indictment "by whether (1) each count contains the essential elements of the offense charged, (2) the elements are described with particularity, without any uncertainty or ambiguity, and (3) the charge is specific enough to protect the defendant against a subsequent prosecution for the same offense."  *United States v. Threadgill*, 172 F.3d 357, 366 (5th Cir. 1999) (citation omitted).

## ANALYSIS

Defendants filed a motion to dismiss, requesting that the Court dismiss Counts Two and Three, arguing that the Government fails to allege venue in this District. According to Defendants, the Government's failure renders Counts Two and Three defective on their face and, therefore, the Court must dismiss the counts. The Government completely fails to address Defendants' argument that Counts Two and Three fail to *allege* venue. Instead, the Government's response only addresses whether venue actually lies in the Eastern District of Texas. Despite the Government's failure to actually address Defendants' argument, the Court nonetheless agrees with the Government that it should deny Defendants' motion. While the Indictment does not properly allege venue with respect to Counts Two and Three, this failure does not require dismissal.

"An indictment alleges proper venue if, on its face, 'it alleges facts which, if proven, would . . . sustain venue in the district alleged, as only the indictment may be considered in pretrial motions for lack of venue, and the allegation must be taken as true.'" *United States v. Taylor*, No. 4:17-CR-09, 2017 WL 4639708, at *2 (E.D. Tex. Sept. 20, 2017), *R&R adopted*, 2017 WL 4629246 (E.D. Tex. Oct. 16, 2017) (quoting *United States v. Delgado-Nunez*, 295 F.3d 494, 499–500 (5th Cir. 2002)). Unless otherwise provided by statute, Rule 18 requires the Government to "prosecute an offense in a district where the offense was committed." FED. R. CRIM. P. 18. In this case, however, the venue rule in § 3238 controls. 18 U.S.C. § 3238. Under § 3238, "[t]he trial of all offenses begun or committed . . . out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought." *Id.*

According to the Government, § 3238 applies because the offenses alleged in Counts Two and Three began in a foreign jurisdiction and two of Defendants' joint offenders were arrested in

the Eastern District of Texas. The Court agrees that § 3238 is the proper venue rule in this case. Thus, the Indictment properly alleges venue if, on its face, it alleges facts that, if proven, would show that the charged conduct in Counts Two and Three began in a jurisdiction outside of the United States and that at least one of Defendants' joint offenders was arrested in this District. Here, as to Counts Two and Three, the Indictment contains insufficient facts to support that venue is proper under § 3238.

Neither Count Two nor Count Three expressly allege that venue is proper in this District. Instead, in an attempt to allege venue according to § 3238, both counts allege that the charged conduct took place in a foreign district. *See* 18 U.S.C. § 3238. Count Two states that the charged conduct took place "in Columbia, Ecuador, Panama, Costa Rica, Guatemala, Mexico, Belize, Venezuela, and elsewhere" (Dkt. #224 at p. 31). Likewise, Count Three also states that the charged conduct took place "in Columbia, Ecuador, Panama, Costa Rica, Guatemala, Mexico, Belize, Venezuela, and elsewhere" (Dkt. #224 at p. 32). However, the Indictment does not contain factual allegations regarding where Defendants or Defendants' joint offenders were arrested. Accordingly, the Indictment does not sufficiently allege venue under § 3238 as to Counts Two or Three.

At this juncture, it is important to note that Defendants do not argue that venue for Counts Two and Three will not *actually* lie in this District. Rather, Defendants only argue that Counts Two and Three fail because neither count *expressly alleges* that venue is proper in the Eastern District of Texas and the Indictment does not contain facts which would support venue under § 3238. As the Court explained, Defendants are correct. Neither Count Two nor Count Three contain an express statement that venue is proper in this District. In addition, the Indictment does

not contain facts sufficient to establish venue under § 3238. Regardless of the truth behind these statements, however, insufficient venue allegations in an indictment do not require dismissal.

Defendants have a constitutional right to be *tried* in a proper venue, not a right to an indictment which perfectly alleges venue. *United States v. Strain*, 396 F.3d 689, 692 (5th Cir. 2005) ("The right of the accused to be *tried* in the state and district where the alleged offense was committed—that is, the venue requirement—finds its source in both the United States Constitution and federal statutory law." (emphasis added)); *see also United States v. Branan*, 457 F.2d 1062, 1065 (6th Cir. 1972) ("Defendants have the right to be tried in the proper forum, not the right to be charged with the proper venue."); *Carbo v. United States*, 314 F.2d 718, 733 (9th Cir. 1963), *cert. denied*, 377 U.S. 953 (1964) ("Defendants have the right to be tried in the proper forum, not the right to be charged with the proper venue."). There is nothing in the Constitution, the United States Code, or the Federal Rules of Criminal Procedure, which dictates that a criminal defendant has the right to an indictment that properly alleges venue. *See id.*

While venue is an element of an offense that the Government must prove at trial, *United States v. Carreon-Palacio*, 267 F.3d 381, 390–91 (5th Cir. 2001), venue is not an essential fact constituting the offense charged. *United States v. Hatchett*, 31 F.3d 1411 (7th Cir. 1994) ("[P]roof of venue 'is not an essential fact constituting the offense charged . . . .'"); *see also United States v. Powell*, 498 F.2d 890, 891 (9th Cir.1974), *cert. denied*, 419 U.S. 866 (1974) ("Venue is not an essential fact constituting the offense charged"); *Hemphill v. United States*, 392 F.2d 45, 47 (8th Cir. 1968) ("Allegations of consideration or venue are no more essential elements of an indictment than the name of a purchaser."); *Carbo*, 314 F.2d at 733 ("[Venue] is not an essential fact constituting the offense charged."). On the contrary, venue is a waivable element of a charge against a criminal defendant. *Branan*, 457 F.2d at 1065. Accordingly, an indictment is not

6

considered legally insufficient, such that dismissal is necessary, for failure to include a venue allegation. *United States v. Honneus*, 508 F.2d 566, 570 (1st Cir. 1974), *cert. denied*, 421 U.S. 948, *abrogated on other grounds by United States v. Christensen*, 732 F.2d 20 (1st Cir. 1984).

Rather than a motion to dismiss, Defendants should have filed a motion requesting the Court order the Government to file a bill of particulars. This is because Defendants are, in essence, arguing that the indictment is unclear as to the Government's basis for venue in this District as to Counts Two and Three. In other words, as currently pleaded, the Government's venue allegations in Counts Two and Three, or lack thereof, prevent Defendants from preparing any possible defense to venue or may cause surprise at trial. This is especially important as to venue because a criminal defendant waives a possible venue challenge if the challenge is not properly and timely raised.

Rule 7 states that a defendant may request a bill of particulars. FED. R. CRIM. P. 7(c)(1). *Id.* A bill of particulars is a detailed statement of the claims or charges against a defendant, which allows the defendant to adequately prepare a defense and avoid surprise during trial. *See id.*; *see also United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977); *United States v. Rodriguez*, No. 4:18-CR-00216, 2020 WL 4689193, at *4 (E.D. Tex. July 27, 2020) (citing *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005) (citation omitted)), *R&R adopted*, No. 4:18-cr-216, 2020 WL 4674141 (E.D. Tex. Aug. 12, 2020); *United States v. Quiroz*, No. 4:21-CR-00334, 2022 WL 3223983, at *2 (E.D. Tex. July 15, 2022), *R&R adopted*, No. 4:21-CR-334, 2022 WL 3223179 (E.D. Tex. Aug. 9, 2022).

Here, Defendants complained of the Government's failure to expressly allege venue in Counts Two and Three. Accordingly, it appears that Defendants were unsure of the nature of the charges against them in that Defendants were unsure, at least as to Counts Two and Three, in what district the Government believed venue to be proper and why. A bill of particulars would have

provided Defendants with the information and clarification that they sought. However, given the Government's response to Defendants' motion to dismiss, Defendants need not now file a motion requesting the Court to direct the Government to file a bill of particulars. The Government's response lays out in detail the facts underlying the Government's contention that venue is proper in this District under § 3238.

So long as the Government proves venue in the Eastern District of Texas by a preponderance of the evidence at trial, then constitutional requirements for venue will be satisfied. Thus, Defendants are not entitled to dismissal of Counts Two or Three of the Indictment.

## CONCLUSION

It is therefore **ORDERED** that is Defendants' Motion to Dismiss Counts 2 and 3 of the Fifth Superseding Indictment (Dkt. #298) is hereby **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 31st day of March, 2023.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE