# EXHIBIT 1

# WHITE & WEDDLE, P.C.

LAWYERS
630 N.E. 63rd Street
Oklahoma City, Oklahoma 73105
(405) 858-8899
(405) 858-8844 Fax

Matthew P. Cyran
matt@whiteandweddle.com

June 13, 2022

*Via Electronic Mail*

Mr. Ernest Gonzalez
Assistant United States Attorney
101 East Park Blvd., Suite 500
Plano, TX 75074
*Ernest.gonzalez@usdoj.gov*

> Re: *United States of America v. Debra Lynn Mercer-Erwin, et al.;* United States District Court for the Eastern District of Texas Case No. 20-cr-0212-ALM

Dear Mr. Gonzalez:

As you are aware, this firm represents Debra Lynn Mercer-Erwin (the "Defendant") in the above-referenced case. We have received the discovery already provided to her from her previous attorneys. To the extent the government has any remaining discovery to provide prior to trial, please accept this correspondence as our formal request.

Pursuant to Local Rule of Criminal Procedure 12.1(H) and Federal Rule of Criminal Procedure 16, the Defendant, requests the following materials:

(1) the substance of any relevant oral statement made by Defendant, before or after arrest, in response to interrogation by a person Defendant knew was a government agent if the government intends to use the statement at trial, Fed. Crim. P. 16(a)(1)(A);

(2) any relevant written or recorded statement by Defendant, if the statement is within the government's possession, custody, or control and the attorney for the government knows-or through due diligence could know-that the statement exists, Fed. R. Crim. P. 16(a)(1)(B)(I);

(3) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if Defendant made the statement in response to interrogation by a person Defendant knew was a government agent, Fed. R. Crim. P. 16(a)(1)(B)(ii);

Mr. Ernest Gonzalez
June 13, 2022
Page 2 *of* 7

---

(4)     Defendant's recorded testimony before a grand jury relating to the charged offense, Fed. R. Crim. P. 16(a)(1)(B)(iii);

(5)     For organizational defendants, any statement described in Fed. R. Crim. P. 16(a)(1)(A) and Fed. R. Crim. P. 16(a)(1)(B) if the government contends that the person making the statement was legally able to bind the Defendant regarding the subject matter of the statement or regarding his or her conduct if personally involved in the offense, Fed. R. Crim. P. 16(a)(1)(C)(I)-(ii);

(6)     Any statements made by alleged co-conspirators made during and in the furtherance of the alleged conspiracy, Federal Rule of Evidence 801(d)(2)(E) and, if such co-conspirator statements are attributable to the Defendant as a member of such conspiracy, Fed. R. Crim. P. 16(a)(1);

(7)     That agents preserve their rough notes, if any, of interviews with Defendant;

(8)     The Defendant requests a copy of her prior criminal record that is within the government's possession, custody, or control, and is known by the government to exist, or which becomes known to the government through the exercise of due diligence, Fed. R. Crim. P. 16(a)(1)(D);

(9)     The Defendant requests pre-trial disclosure of any prior similar acts or prior bad acts that the government intends to introduce into evidence in order to file pre-trial motions to challenge the government's use of this evidence, Fed. R. 404(b)(2)(a) and (b) and Fed. R. Crim. P. 16(a)(1)(D);

(10)    The Defendant requests discovery of documents and tangible objects within the possession, custody, or control of the government that is material to preparing the defense, evidence that the government intends to use in its case-in-chief, and evidence that was obtained from or belongs to Defendant, Fed. R. Crim. 16(a)(1)(E);

(11)    Results or reports of any scientific tests or examinations within the governments custody or control that are either material to preparing a defense or to be used in the government's case-in-chief (this request includes, but is not limited to autopsy reports; narcotic or dangerous drug analysis, ballistic reports, handwriting, fingerprint, hair or voice analysis/comparisons; the results of any physical or mental examinations; and computer forensic reports) Fed. R. Crim. P. 16(a)(1)(F);

(12)    Written summary of the testimony of any expert witness that the government intends to use during its case-in-chief, along with the witness' qualifications, the witness's opinion and the basis underlying the opinions, Fed. R. Crim. P. 16(a)(1)(G);

Mr. Ernest Gonzalez
June 13, 2022
Page 3 *of* 7

---

(13)   Statements made by prospective government witnesses regardless of whether they may be impeaching or exculpatory (written statements made by a government witness and signed or otherwise adopted by him; a recording or transcription of a substantially verbatim recital of an oral statement made by a government witness and recorded contemporaneously with the making of the statement; and a statement made by a government witness to the grand jury, Jenks Act, 18 U.S.C. § 3500;

(14)   Evidence impeaching the testimony of a government witness when the reliability of that witness may be determinative of a criminal defendant's guilt or innocence. *Giglio v. United States*, 405 U.S. 150, 153-55 (1972) including, but not limited to the following:

> i) witness statements favorable to the Defendant. *Jackson v. Wainwright*, 390 F. 2d 288, 295 (5th Cir. 1968); *Clemmons v. Delo*, 124 F. 3d 944, 952 (8th Cir. 1997);
>
> 1. the existence of witnesses favorable to the Defendant. *United States v. Wilkins*, 326 F. 2d 135, 138 (2d Cir. 1964);
>
> b. Negative exculpatory statements, such as statements by informed witnesses that fail to mention Defendant or any eyewitness' ability to identify Defendant. *United States v. Torres*, 719 F.2d 549, 555-56 (2d Cir. 1983); *Jones v. Jago*, 575 F. 2d 1164, 1168 (6th Cir. 1978); *Clemmons v. Delo*, 124 F.3d 944, 952 (8th Cir. 1997); *White v. Helling*, 194 F3d 937, 944 (8th Cir. 1999);
>
> c. Test results that do not implicate Defendant. *Myatt v. United States*, 875 F.2d 8, 12 (1st Cir. 1989);
>
> d. Any information tending to cast doubt on a witness' credibility. *United States v. Able*, 469 U.S. 45 (1984) including, but not limited to the following:
>
>> (i)   material lies
>> (ii)   prior inconsistent statements
>> (iii)   witness hostility
>> (4)   evidence that tends to call into question the capacity of the witness to observe or recall
>> (v)   evidence that is inconsistent with a witness' testimony
>> (vi)   rewards or promises made to a witness in exchange for testimony whether patent or tacit
>> (7)   information regarding prior bad acts of the witness that go to the witness' credibility

Mr. Ernest Gonzalez
June 13, 2022
Page 4 *of* 7

---

 (viii) prior criminal history of witness
 (ix) pre-sentence reports of witnesses or co-defendants
 (x) reports of polygraph performed on government witnesses
 (xi) records of any psychiatric treatment received by witness
 (1) the witnesses parole or probation status
 (2) promises as to the witness' civil tax liability help in forfeiture proceeding
 (iii) money or other award
 (iv) participation in witness protection program
 (v) any type of informant status
 (6) threats for failure to testify in a certain manner or otherwise cooperate
 (7) the fact that the witness was a target of the investigation and threatened with prosecution even if the witness was never charged with the offense
 (viii) personnel files of government witnesses
 (9) whether testifying government agent is under investigation for taking money from informants, lying on warrant applications, and or stealing money, weapons or property from informants or suspects. *United States v. Veras*, 51 F. 3d 1365, 1374 (7th Cir. 1995);

 (15) The identity of any informant who was a percipient witness to or directly participated in the criminal transaction, *Roviaro v. United States*, 353 U.S. 53, 61-61 (1957); *United States v. Ordonez*, 737 F. 2d 793, 808 (9th Cir. 1984); Location of any such informant, *United States v. Fischel*, 686 F.2d 1082, 1092 & n. 12 (5th Cir. 1982); *United States v. Opager*, 589 F. 2d 799, 804-05 (5th Cir. 1979);

 (16) Any evidence affecting bias or credibility of any such informant including, but not limited to the following:

  a. criminal records. *United States v. Auten*, 632 F.2d 478, 481, 482 (5th Cir. 1980); *United States v. Alvarez-Lopez*, 559 F. 2d 1155, 1158 (9th Cir. 1977);

  b. all promises of consideration given to the witness. *United States v. Bagley*, 473 U.S. 667, 676 (1985); *DeMarco v. United States*, 415 U.S. 449, 450 (1974); *Giglio v. United States*, 405 U.S. 150, 154-155 (1972) Please note that this request includes so called "tacit" or secret cooperation agreements pursuant to *Douglas v. Workman*, 560 F.3d 1156 (10th Cir. 2009);

Mr. Ernest Gonzalez
June 13, 2022
Page 5 *of* 7

---

    c. Proffer statements from communications with the government. *United States v. Sudikoff*, 36 F. Supp. 2d 1196, 1203 (C.D. Cal. 1999);

    d. Identification of the informant's prior testimony. *Johnson v. Brewer*, 521 F.2d 556, 562 (8th Cir. 1975);

    e. Evidence of psychiatric treatment. *United States v. Partin*, 493 F. 2d 750, 762-64 (5th Cir. 1974); *United States v Lindstrom*, 698 F.2d 1154, 1161 (11th Cir. 1983); *Smith*, 77 F.3d at 512;

    f. The fact that a witness was the target of investigation and threatened with prosecution, even if the witness was never charged. *Moynihan v. Manson*, 419 F. Supp. 1139, 1142 (D.Conn. 1976); and

    g. Evidence of the informant's drug habit. *United States v. Fowler*, 465 F.2d 664, 668 (D.C. Cir. 1972).

(18) Criminal records, if any, of co-defendants and government witnesses, *United States v. Brighton Bldg. & Maint. Co.*, 435 F. Supp. 222, 223 (N.D. Ill. 1977); *United States v. Deardorff*, 343 F. Supp. 1033, 1044 & n. 12 (S.D.N.Y. 1971); *United States v. Leichtfuss*, 331 F. Supp. 723, 736 (N.D. Ill. 1971).

(19) Transcript of prior proceedings, *Britt v. North Carolina*, 404 U.S. 226, 227 (1971);

(20) Names of persons the government does not intend to call as witnesses but who may have knowledge pertaining to the alleged crimes, *United States v. Spencer*, No. 90 Crim. 0359 (LMM) 1990 U.S. Dist. LEXIS 11485, at n. 7 (S.D.N.Y. Sept. 12 1990);

(21) Autopsy reports;

(22) Physical evidence inconsistent with the government's theory of the case, *United States v. Castro*, 502 F. Supp. 2d 218, 224, 226 (D.P.R. 2007);

(23) Information regarding other crimes not attributed to Defendant raising the inference that someone other than Defendant may be responsible for the charged crimes, *United States v. Jernigan*, 492 F.3d 1050, 1057 (9th Cir. 2007);

(24) Any evidence that is material either to guilt or to punishment, *Brady v. Maryland*, 373 U.S. 83, 87 (1963) including, but not limited to the following:

    a) mitigating role in the offense (U.S.S.G. § 3B1.2);

Mr. Ernest Gonzalez
June 13, 2022
Page 6 *of* 7

    b) grouping of related counts (U.S.S.G. § 3D1.1-5);

    c) acceptance of responsibility (U.S.S.G. § 3E1.1);

    d) substantial over-representation of the seriousness of Defendant's criminal history or likelihood of recidivism (U.S.S.G. § 4A1.3(b));

    e) safety valve eligibility (U.S.S.G. § 5C1.2);

    f) substantial assistance to authorities (U.S.S.G. § 5K1.1);

    g) mitigating circumstances of a kind, or to a degree, not adequately taken into account under the guidelines (U.S.S.G. § 5K2.0);

    h) provocation of the Defendant's offense behavior by the victim's wrongful conduct (U.S.S.G. § 5K2.10);

    i) commission of the offense to avoid a greater perceived harm (U.S.S.G. § 5K2.11);

    j) diminished capacity of the Defendant (U.S.S.G. § 5K2.13);

    k) voluntary disclosure of the offense (U.S.S.G. § 5K2.16);

    l) Defendant's offense constituted aberrant behavior (U.S.S.G. § 5K2.20);

(25) Disclosure of evidence the Government intends to use at trial, in its case-in-chief, in order that Defendant may have an opportunity to move to suppress evidence under 12(b)(3)(C), at the time of the arraignment or as soon after as practical, pursuant to Rule 12(b)(4)(B); and

(26) Any evidence of law enforcement misconduct by any officer or agent involved in the Defendant's case.

Sincerely,

*Matt P. Cy* (signature)

Matthew P. Cyran
WHITE & WEDDLE, P.C.

Mr. Ernest Gonzalez
June 13, 2022
Page 7 *of* 7

_____

cc:     Joe E. White, Jr.
        Kate White
        Brett Behenna