IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | No. 4:20-CR-212 |
| | | Judge Mazzant |
| DEBRA LYNN MERCER-ERWIN (1) | § | |
| KAYLEIGH MOFFETT (2) | § | |
| CARLOS ROCHA VILLAURRUTIA (5) | § | |

**GOVERNMENT'S PROPOSED VOIR DIRE QUESTIONS**

The United States of America respectfully submits the below listed questions and requests that the Court pose the following questions to the venire panel:

1. Do any of you, or does any member of your family or do any of your close friends, to the best of your knowledge, know the defendants, **Debra Lynn Mercer-Erwin, Kayleigh Moffett,** or **Carlos Rocha Villaurrutia**, or any member of their families or the attorneys representing these defendants?

    (a) If so, please state, to the best of your ability, how, or under what circumstances?

    (b) If the defendants are known to you, your family, or your friends, or any member of his family, would this influence your ability to sit as a juror in this case?

    (c) If you have had any connection with any of these defendants, would it affect your ability to be fair and objective towards both the United States and the defendants in your consideration of the evidence in this case?

2. Have any of you, your relatives, or your close friends or acquaintances had a negative experience with or been or believed yourself to have been the subject of an

investigation by any law enforcement agency for any matter more serious than a traffic ticket? [If so, the government requests the prospective juror be questioned at the bench.]

        (a)       Please provide details, i.e., offense, date, result.

        (b)       Is there anything about that experience that would make you unable to render a fair and impartial verdict to the defendant and the United States?

        3.       Have any of you or any of your relatives or close friends ever been arrested or convicted for a crime triable in any federal or state court more serious than a traffic violation?  [If so, the government requests the prospective juror be questioned at the bench.]

        (a)       Please provide details, i.e., offense, date, result.

        (b)       Is there anything about that experience that would make you unable to render a fair and impartial verdict to the defendant and the United States?

        4.       Have any of you, your relatives, close friends, or associates ever been a party to any legal action or proceeding involving the United States, or any state or local government, either as a complainant, defendant, plaintiff, accused, character witness, or victim, or any action involving any officer, agent or employee of the federal, state or local government?

        (a)       Unless this involves a private matter which you would prefer to discuss at the bench, please describe the circumstances.

        (b)       If so, has that experience affected your ability to be fair and objective towards both the government and the defendant in your consideration of the evidence in this case?

**Voir Dire – Page 2**

## LEGALIZATION OF DRUGS

5. Does any member of the panel believe that drugs, including marijuana, ecstasy, GHB, cocaine, methamphetamine and heroin, should be legalized?

6. Does any member of the panel believe that the drug laws, including laws criminalizing marijuana, are too harsh in any respect?

7. Does any member of the panel believe that too many hours, too much money, or too many resources or government effort is spent in the investigation or enforcement of federal, state and local laws against drug possession, trafficking or sale?

## THE LAW OF CONSPIRACY

8. Counts One, Two, Four, Five, Six and Seven of the Firth Superseding Indictment charge the defendants with the criminal offense of conspiracy to commit a crime.  A conspiracy is an illegal agreement.  Conspirators do not always enter into formal express agreements.  Would anyone require the United States to prove there was an "express agreement?"  Does everyone understand that an illegal agreement can be proven by circumstantial evidence?

Once a person knowingly joins this partnership in crime, that person or co-conspirator is responsible for the acts of his co-conspirators committed in furtherance of the conspiracy if such acts were reasonably foreseeable.  Would any member of the panel have difficulty applying such a standard?

9. In a criminal conspiracy, the illegal agreement in and of itself, is a crime. An individual does not personally have to commit an act in furtherance of the conspiracy

in order to be guilty of a conspiracy.  For instance, in a bank robbery conspiracy, it is possible for one to be a co-conspirator if, with the intent that a bank robbery be committed, he merely draws a floor plan of the bank, notes surveillance camera postings, and gives this floor plan to his associates who he knows intended to use it to rob the bank. Does anyone disagree with that concept?

## **WITNESS ISSUES**

10.     The government may call one or more criminal defendant as witnesses who were charged in the same indictment as the defendant who sits before you or other indictments relative to the conspiracy.

These defendants who may now be witnesses have made plea agreements with the government in which they have pled guilty to charges against them and have agreed to provide eye-witness testimony against the remaining defendants who has chosen to go to trial.

Our federal criminal justice system encourages defendants to cooperate and tell the truth about other defendants who were involved in the crime with them.  Our federal criminal justice system provides for a possibility of a reduction in sentence for a defendant who cooperates.

You are entitled to take into account that these witnesses have entered into plea agreements with the government and have been found guilty of a crime in determining their credibility.

However, the fact that a witness has entered into a plea agreement with the government or that a witness may hope that he will reduce his sentence because he has cooperated, does not disqualify a witness' testimony. In fact, their testimony alone may be sufficient to convict the defendant if you believe their testimony beyond a reasonable doubt.

As I will instruct you who are named as jurors in this case, such plea bargaining, as it is called, has the approval of the Courts, and is not uncommon.

      (a)      Is there anyone who believes that plea bargaining is not appropriate?

      (b)      Is there anyone who would automatically reject the testimony of a witness who had entered into a plea bargain?

      (c)      If you believe a witness was treated too leniently by the United States in the plea bargaining process, yet you otherwise believe the Government has met its burden as to a particular crime about which the witness who was the recipient of the favorable plea bargain is crucial, will you assure the Court that you will not fashion your decision on the evidence to merely send a message that you believe a particular witness received too favorable of a plea bargain agreement from the United States?

11.     Would any member of the panel automatically reject the testimony of a witness who may have been convicted of a crime?

12.     In this case, the evidence may develop that one or more of the witnesses are former co-conspirators who are cooperating with the United States in its prosecution. Would any of you automatically reject the testimony of a co-conspirator?

**Voir Dire – Page 5**

13. The law does not require that the testimony of a co-conspirator be corroborated, or backed-up, by independent evidence. Often, the only individuals with personal knowledge that a person committed the crime are co-participants. The law provides that you may base your verdict solely on the uncorroborated testimony of a co-conspirator. Do any of you disagree, personally, with the law on that point, in that you may require that the United States independently corroborate or back up that person's testimony with independent evidence, beyond that which is required by the law, before you could ever believe that witness? Can you assure the Court and the attorneys that you would consider the uncorroborated testimony of a co-conspirator, along with all the other evidence?

## REASONABLE DOUBT

14. Does everyone understand that the government must prove its case to you beyond a reasonable doubt in order for you to find the defendants guilty?

Does everyone understand that beyond a reasonable doubt does not mean beyond all possible doubt?

Does everyone understand that beyond a reasonable doubt means that you make your decision based on reason and common sense after impartially considering all of the evidence?

Does everyone understand that it is not unusual for some of you to have unanswered questions at the end of this trial?

But does everyone understand that you must have a reasonable doubt specifically about one of the elements of the crimes that the government is required to prove in order for you to vote not guilty?

Even if there are unanswered questions, if you believe that the government has proved the elements of its case beyond a reasonable doubt, does everyone understand that you should find the defendants guilty?

## **DEFENDANT'S 5TH AMENDMENT PRIVILEGE**

15.     A criminal defendant in our criminal justice system has many rights. One of those rights is the right not to testify- you may have commonly heard this referred to as the right against self-incrimination. If a criminal defendant chooses to exercise his right against self-incrimination, you cannot consider that for any purpose.

Is there anyone here who would hold it against a criminal defendant if he were to invoke his right against self-incrimination?

On the other hand, if the defendant does give up his right against self-incrimination and testify, you cannot give him any extra credit because you know that he did not have to testify and chose to give up his right against self-incrimination.

Is there anyone here who would be more inclined to believe a defendant who chooses to testify given that you know he has a right not to testify?

## **PUNISHMENT**

16.     In the federal criminal justice system, unlike courts in the State of Texas, the Court, not the jury, decides the punishment in a criminal case. That occurs only after

a pre-sentence investigation is done, taking into account matters that are relevant only to sentencing.  The jury decides the facts to determine if the United States has proven the charges beyond a reasonable doubt.  Should the jury find the United States has proven its case, the jury will have no role in assessing punishment.  You may not let any sympathy or compassion for a defendant, which may be appropriate for sentencing, affect your decision in deciding whether the United States has proven its case.  Is there anyone who has any difficulty with that concept?  Is there anyone here who would vote "not guilty," no matter what the evidence indicates, because of the possibility that the Court may impose a jail sentence or any other particular sentence?

## **GENERAL**

17. Does any member of the panel, or a family member or close friend of a panel member have, or have had in the past, a personal problem with drugs?  [If so, the government requests the prospective juror be questioned at the bench.]

18. Is there anyone who as you sit there can think of anything, affecting your ability to serve as a juror in this case, which should be brought to the attention of the Court or counsel?

        Respectfully submitted,

        BRIT FEATHERSTON
        United States Attorney

        ___/s/_____
        ERNEST GONZALEZ
        Assistant United States Attorney
        Texas Bar No. 00789318
        101 E. Park Blvd., Suite 500
        Plano, Texas 75074
        (972) 509-1201
        (972) 509-1209 (fax)
        Ernest.Gonzalez@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed via electronic filing to defense counsel on April 3, 2023.

        ___/s/_____
        ERNEST GONZALEZ