IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:20-CR-00212 |
| | ) |
| DEBRA LYNN MERCER-ERWIN (1) | ) |
| | ) |
| Defendants. | ) |

**MOTION IN LIMINE REGARDING OPERATIONAL CODE NAMES,
HEARSAY, AND PRIOR CRIMINAL HISTORY**

Defendant Debra Lynn Mercer-Erwin (the "Defendant"), by and through her attorneys, Joe E. White, Jr., Charles C. Weddle III, Kate C. White, and Matthew P. Cyran, respectfully files this Motion in Limine regarding the government's use of any operational code names in the trial of the instant case. In support, Ms. Mercer-Erwin states as follows:

**INTRODUCTION**

Ms. Mercer-Erwin is a resident of Oklahoma. Since 2014, Ms. Mercer-Erwin has been the owner of Aircraft Guaranty Corporation Holdings ("AGC") and Wright Brothers Aircraft Title, Inc. ("WBAT"). The Defendant is charged by way of a Fifth Superseding Indictment with six different conspiracies and one substantive count.

Within the government's vast discovery production are several examples of operational code names for different investigations. Investigations are given code names by the government such as "Trident Resolve," "Wing Clipper," or "Fountainhead." These operational code names are selected exclusively by the government, have no bearing on the necessary evidence submitted in

court, and only serve to prejudice the Defendant by making the government's investigations sound official, ominous, and legitimate.

## ARGUMENT AND AUTHORITIES

### Operational Code Names

Evidence of the government's operational code names has no relevance to the burden the government bears in proving its case. Even where such evidence is relevant, its prejudicial effect far outweighs its probative value. Fed. R. Evid. 403 allows the Court to exclude this type of evidence. "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Id.* "Unfair prejudice" within its context means an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* at Advisory Committee Notes.

The government's operational code names suggest involvement in several different investigations that even the government would have to admit the Defendant had no role in. The code names prejudice the Defendant by appearing to sound official, legitimate, and even dangerous but yet have absolutely no bearing on the evidence in this case. It is this type of prejudicial effect that will distract the jury from their decision at hand. "As to a criminal defendant, Rule 403's term "unfair prejudice" speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on an improper basis rather than on proof specific to the offense charged." *Old Chief v. United States*, 519 U.S. 172 (1997).

**Hearsay**

Given the nature of the government's evidence and the fact that several co-defendants have not been arrested and will not be present for trial, the Defendant has grave concerns about the government's attempts to introduce hearsay evidence in violation of Fed. R. Evid. 801. While this is a matter normally taken up during the trial of the case, it appears to be of significant likelihood that there will be attempts to introduce hearsay throughout the trial. Accordingly, the Defendant requests a pretrial order from the Court that the government not be allowed to elicit hearsay statements during the course of the trial.

**Prior Criminal History**

In 1992, at the age of twenty-seven (27), the Defendant pled guilty to a Bogus Check charge and received a deferred sentence.[1] The Defendant also pled guilty to a state Bogus Check charge in 1997 when she was thirty-four (34) years of age.[2] She received a deferred sentence for one year and was fined. Both of these cases are more than twenty years old and have no relevance to the case at issue.

Such evidence does not comport with Fed. R. Evid. 609 which states in part:

(b) Limit on Using the Evidence After 10 Years.

This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

(1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and

(2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

---

[1] Oklahoma County District Court Case No. CF-1991-596.
[2] Cleveland County District Court Case No. CF-1997-1465.

Accordingly, the Defendant requests that the government be ordered not to reference any prior criminal history of the Defendant in front of the jury.

## **CONCLUSION**

The Defendant respectfully requests that the Court rule in advance of trial that the government be prohibited from introducing any evidence of operational code names, hearsay or any reference to the Defendant's criminal history in any way in front of the jury.

Respectfully submitted,

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.          OBA #12930
CHARLES C. WEDDLE III  OBA #18869
KATE C. WHITE              OBA # 30930
MATTHEW P. CYRAN       OBA # 16918
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma 73105
(405) 858-8899
(405) 858-8844 FAX
joe@whiteandweddle.com
charles@whiteandweddle.com
kate@whiteandweddle.com
matt@whiteandweddle.com

*Attorneys for the Defendant,*
*Debra Lynn Mercer-Erwin*

## CERTIFICATE OF DELIVERY

☒    I hereby certify that on this 3rd day of April, 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing, which will automatically send e-mail notification of such filing to all attorneys of record.

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.

## CERTIFICATE OF CONFERENCE

Pursuant to United States District Court for the Eastern District of Texas Local Rule CR-47(a)(3), on April 3, 2023, defense counsel for the Defendant Debra Mercer-Erwin has conferred with Ernest Gonzalez, Assistant United States Attorney in a good faith effort to resolve the matter without Court intervention and advises the Court that the United States has not responded so it is presumed that the United States opposes this motion.

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.