## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **vs.** | ) | **Case No. 4:20-CR-00212** |
| | ) | |
| **DEBRA LYNN MERCER-ERWIN (1)** | ) | |
| **KAYLEIGH MOFFETT (2)** | ) | |
| | ) | |
| **Defendants.** | ) | |

---

## DEFENDANTS DEBRA LYNN MERCER-ERWIN'S AND KAYLEIGH MOFFETT'S PROPOSED JURY INSTRUCTIONS[1]

Respectfully Submitted,


s/ Joe E. White, Jr.
JOE E. WHITE, JR.          OBA #12930
CHARLES C. WEDDLE III   OBA #18869
KATE C. WHITE               OBA # 30930
MATTHEW P. CYRAN        OBA # 16918
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma 73105
(405) 858-8899
(405) 858-8844 FAX
joe@whiteandweddle.com
charles@whiteandweddle.com
kate@whiteandweddle.com
matt@whiteandweddle.com


*Attorneys for the Defendant,*
*Debra Lynn Mercer-Erwin*


s/ W. Brett Behenna
W. BRETT BEHENNA         OBA #30485
BEHENNA GOERKE KRAHL & MEYER
Oklahoma Tower
210 Park Avenue, Suite 3030
Oklahoma City, OK 73102
(405) 232-3800
bb@lawfirmokc.com


*Attorney for Kayleigh Moffett*

---

[1] The Defendants have not received any proposed jury instructions from the Government as per the Amended Pretrial Order, Dkt. No. 316.

## **CERTIFICATE OF DELIVERY**

☒        I hereby certify that on this 3rd day of April, 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing, which will automatically send e-mail notification of such filing to all attorneys of record.

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1
## 1.01
### PRELIMINARY INSTRUCTIONS

Members of the Jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

***Duty of the jury:***

It will be your duty to find from the evidence what the facts are. You and you alone will be the judges of the facts. You will then have to apply to those facts the law as the court will give it to you. You must follow that law whether you agree with it or not.  Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way.

Nothing the court may say or do during the course of the trial is intended to indicate, or should be taken by you as indicating, what your verdict should be.

***Evidence:***

The evidence from which you will find the facts will consist of the testimony of witnesses, documents and other items received into the record as exhibits, and any facts that the lawyers agree to or stipulate to or that the court may instruct you to find.

Certain things are not evidence and must not be considered by you. I will list them for you now.

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

3.      Testimony that the court has excluded or told you to disregard is not evidence and must not be considered.

4.      Anything you may have seen, heard, or read outside the courtroom is not evidence and must be disregarded. You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is proof of facts from which

you may infer or conclude that other facts exist. I will give you further instructions on these as well as other matters at the end of the case, but keep in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject. I will give you some guidelines for determining the credibility of witnesses at the end of the case.

*Rules for criminal cases:*

As you know, this is a criminal case. There are three basic rules about a criminal case that you must keep in mind.

First: the defendant is presumed innocent until proven guilty. The indictment brought by the government against the defendant is only an accusation, nothing more. It is not proof of guilt or anything else. The defendant therefore starts out with a clean slate.

Second: the burden of proof is on the government until the very end of the case. The defendant has no burden to prove his or her innocence, or to present any evidence, or to testify. Since the defendant has the right to remain silent, the law prohibits you from arriving at your verdict by considering that the defendant may not have testified.

Third: the government must prove the defendant's guilt beyond a reasonable doubt. I will give you further instructions on this point later but bear in mind that in this respect a criminal case is different from a civil case.

*Summary of applicable law:*

In this case the defendant is charged with _____. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence, I will now give you a brief summary of the elements of the offense that the government must prove beyond a reasonable doubt to make its case. [*Summarize the elements of the offense.*]

*Conduct of the jury:*

Now, a few words about your conduct as jurors.

During the course of the trial, do not speak with any witness, or with the defendant, or with any of the lawyers in the case. Please do not talk with them about any subject at all. You may be unaware of the identity of everyone connected with the case. Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse. It is best that you remain in the jury room during breaks in the trial and do not linger in the hall. In addition, during the course of the trial, do not talk about the trial with anyone else—not your family, not your friends, not the people with whom you work. Also, do not discuss this case among yourselves until I have instructed you on the law and you have gone to the jury room to make your decision at the end of the trial. Otherwise, without realizing it, you may start forming opinions before the trial is over. It is important that you wait until all the evidence is

received and you have heard my instructions on rules of law before you deliberate among yourselves.

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom. This means that during the trial you must not conduct any independent research about this case, the matters in this case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, or blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

I know that many of you use cell phones, the Internet, and other tools of technology. You also must not talk to anyone at any time about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate with anyone about the case through any means, including your cell phone, through e-mail, Blackberry, iPhone, text messaging, or on Snapchat or Twitter, or through any blog or website, including Facebook, Google+, WhatsApp, Instagram, LinkedIn, or YouTube. You may not use any similar technology of social media, even if I have not specifically mentioned it here. I expect you will inform me as soon as you become aware of another juror's violation of these instructions. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result, which would require the entire trial process to start over.

***Course of the trial:***

I will now give you a roadmap to help you follow what will happen over the entire course of this trial. First, the government will make an opening statement, which is simply an outline to help you understand the evidence as it is admitted. Next, the defendant's attorney may, but does not have to, make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses, and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if he [she] wishes, present witnesses whom the government may cross-examine. If the defendant decides to present evidence, the government may introduce rebuttal evidence.

After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

The trial will now begin.

### Note

This instruction is largely based on the Federal Judicial Center's Benchbook for U.S. District Court Judges (6th ed. 2013).  The "Duty of the Jury" paragraph has been modified to emphasize that jurors should perform their duty fairly to reflect the Supreme Court's opinion in *Pena-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2
## 1.02
## NOTE TAKING BY JURORS
## (OPTIONAL ADDITION TO PRELIMINARY INTRUCTION)

### ALTERNATIVE A

You may not take notes during the course of the trial. There are several reasons for this. It is difficult to take notes and, at the same time, pay attention to what a witness is saying. Furthermore, in a group the size of yours, certain persons will take better notes than others, and there is the risk that the jurors who do not take good notes will depend upon the jurors who do take good notes. The jury system depends upon all jurors paying close attention and arriving at a unanimous decision. I believe that the jury system works better when the jurors do not take notes.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

### ALTERNATIVE B

If you would like to take notes during the trial, you may do so. On the other hand, you are not required to take notes if you prefer not to do so. Each of you should make your own decision about this.

If you decide to take notes, be careful not to get so involved in the note-taking that you become distracted from the ongoing proceedings. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you do not take notes, you should rely upon your own independent recollection of the proceedings and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you take notes or not, each of you must form and express your own opinion as to the facts of the case.

You will note that we do have an official court reporter making a record of the trial; however, we will not have typewritten transcripts of this record available for your use in reaching a decision in this case.

### Note

Whether jurors take notes is a matter of discretion with the trial judge. *See Fortenberry v. Maggio*, 664 F.2d 1288, 1292 (5th Cir. 1982); *United States v. Rhodes*, 631 F.2d 43, 45–46 (5th Cir. 1980); *see also United States v. Aguilar*, 242 F. App'x 239, 248 (5th Cir. 2007). Note-taking could diminish potential prejudice to individual defendants in a joint trial. *See United States v. Posada-Rios*, 158 F.3d 832, 863 (5th Cir. 1998).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3**

**1.03**

**INTRODUCTION TO FINAL INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4
## 1.04
## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

### Note

*See United States v. Smith*, 296 F.3d 344, 348 n.2 (5th Cir. 2002) (approving trial judge's jury charge that: "[I]t is your sworn duty to follow all the rules of law as I explain them to you"); *United States v. Meshack*, 225 F.3d 556, 580–81 (5th Cir. 2000) (no plain error in instructing jury, pursuant to Instruction No. 1.04, that: "[I]t is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy"); *see also United States v. Gaudin*, 115 S. Ct. 2310, 2315 (1995) ("[T]he judge must be permitted to instruct the jury on the law and to insist that the jury follow his instructions."); *United States v. Wofford*, 560 F.3d 341, 352 (5th Cir. 2009) (citing *Gaudin* for the same premise).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5
## 1.05
## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

### Note

Delete bracketed material if defendant testifies.

An instruction on the presumption of innocence protects "the accused's constitutional right to be judged solely on the basis of proof adduced at trial." *Taylor v. Kentucky*, 98 S. Ct. 1930, 1935 (1978). But "failure to give a requested instruction on the presumption of innocence does not in and of itself violate the Constitution." *Kentucky v. Whorton*, 99 S. Ct. 2088, 2090 (1979). Yet, while failure to instruct on the presumption of innocence may be harmless error, failure to instruct a jury on the reasonable doubt standard is not susceptible to the harmless error analysis. *See Arizona v. Fulminante*, 111 S. Ct. 1246, 1255 (1991).

To comply with due process, it must be proven that the defendant committed each element of the charged offense beyond a reasonable doubt. *See Sullivan v. Louisiana*, 113 S. Ct. 2078, 2080–83 (1993); *In re Winship*, 90 S. Ct. 1068 (1970); *see also United States v. Delgado*, 672 F.3d 320 (5th Cir. 2012). However, there is a not a specific definition of reasonable doubt that must be used as long as the concept is correctly conveyed to the jury. *See Victor v. Nebraska*, 114 S. Ct. 1239, 1242 (1994); *Holland v. United States*, 75 S. Ct. 127, 138 (1954).

Additional "clean slate" language has been added. *See United States v. Walker*, 861 F.2d 810, 811, 813-14 (5th Cir. 1998) (panel recommended additional "clean slate" language in order to "absolutely assure the jurors' understanding"). The Fifth Circuit has approved this instruction without the added "clean slate" language. *See United States v. Creech*, 408 F.3d 264, 268 (5th Cir. 2005); *United States v. Williams*, 20 F.3d 125, 128 n.1 (5th Cir. 1994); *United States v. Castro*,

874 F.2d 230, 233 (5th Cir. 1989); *United States v. Stewart*, 879 F.2d 1268, 1271 (5th Cir. 1989); *see also United States v. Arceneaux*, 432 F. App'x 335, 338 (5th Cir. 2011); *United States v. MacHauer*, 403 F. App'x 967 (5th Cir. 2010).

A panel of the Fifth Circuit has also commented, in dicta, on instructing the jury on the government's burden of proof within this instruction. *See Williams*, 20 F.3d at 129 n.2, 132 n.5 (preferring the Federal Judicial Center's instruction contrasting reasonable doubt and preponderance of the evidence); *United States v. Shaw*, 894 F.2d 689, 692–93 (5th Cir. 1990) (Fifth Circuit Pattern Jury Instruction on the presumption of innocence and the government's burden of proof was adequate, but the instruction set forth in *Walker*, 861 F.2d at 811, 813, is preferable).

Although not automatic error, note that definitions of reasonable doubt that include the phrases "actual substantial doubt," "moral certainty," or "grave uncertainty" – without further explanation or instruction – may violate due process, depending on the understanding of the jury. *See Victor*, 114 S. Ct. at 1245–47; *Cage v. Louisiana*, 111 S. Ct. 328, 329–30 (1990); *Morris v. Cain*, 186 F.3d 581, 584–89 (5th Cir. 1999).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6
## 1.06
## EVIDENCE – EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

### Note

While this instruction is appropriate as a final instruction on evidence, reliance solely on it to cure prejudicial comments, questions, or arguments during trial may be insufficient in some cases, depending on several factors, and stronger cautionary instructions should be given to the jury during trial to ameliorate prejudice to the defendant in those cases. *See United States v. Rodriguez-Lopez*, 756 F.3d 422, 433–34 (5th Cir. 2014); *United States v. Aguilar*, 645 F.3d 319, 326–27 (5th Cir. 2011) (looking at three factors: (1) the magnitude of the prejudice, (2) the effect of cautionary instructions, and (3) the inculpatory evidence).

*United States v. McCann*, 613 F.3d 486, 496–98 (5th Cir. 2010) (generic instruction and little inculpatory evidence); *United States v. Gracia*, 522 F.3d 597, 604 (5th Cir. 2008) (generic instruction did not cure, only moderately reduced, the prejudicial taint of improper statements); *United States v. Thompson*, 482 F.3d 781, 786 (5th Cir. 2007) (repeated instruction that prosecutor's putatively improper statements were not evidence was sufficient to eliminate any unfair prejudice); *United States v. Ramirez-Velasquez*, 322 F.3d 868, 873 n.4 (5th Cir. 2003).  The

trial judge may choose not to give a stronger instruction when "a specific curative instruction [would be] inappropriate because it would merely call further attention to [an improper comment that was only slightly prejudicial], and thus be more harmful than the original comment." *United States v. Thomas*, 548 F. App'x 987, 990 (5th Cir. 2013) (citing *United States v. Paul*, 142 F.3d 836, 844 (5th Cir. 1998)).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7
## 1.08
## EVIDENCE – INFERENCES – DIRECT AND CIRCUMSTANTIAL

### ALTERNATIVE A

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him [her] guilty.

### ALTERNATIVE B

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him [her] guilty.

### Note

Alternative B is provided for judges who prefer to explain the distinction between direct and circumstantial evidence.

A similar instruction was approved in *United States v. Clark*, 506 F.2d 416 (5th Cir. 1975) ("The law makes no distinction between the weight to be given either direct or circumstantial evidence. But the law requires that the jury, after weighing all of the evidence, whether direct or circumstantial, must be convinced of the guilt of the defendant beyond a reasonable doubt before he can be convicted."). *See also United States v. Thomas*, 627 F.3d 146, 155 (5th Cir. 2010).

"The government may prove its case by direct or circumstantial evidence, and the jury is free to choose among reasonable constructions of the evidence." *United States v. Porras-Burciaga*, 450 F. App'x 339, 340 (5th Cir. 2011) (citing *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007)). After a correct instruction is given on reasonable doubt, "the amplification of the charge to discuss circumstantial evidence [is] within the discretion of the court." *Clark*, 506 F.2d at 418. Yet, further instruction beyond that in *Clark* "may [be] confusing and incorrect." *Id.*; *see also United States v. Bright*, 630 F.2d 804, 823 (5th Cir. 1980).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8
## 1.09
## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses [including the defendant] who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

[The testimony of the defendant should be weighed, and her credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

### Note

The language in brackets should be deleted if the defendant did not testify.

"Our legal system [] is built on the premise that it is the province of the jury to weigh the credibility of competing witnesses." *Kansas v. Ventris*, 129 S. Ct. 1841, 1847 n.* (2009); *see United States v. Bailey*, 100 S. Ct. 624, 637 (1980) ("[A] defendant is entitled to have the credibility of his testimony, or that of witnesses called on his behalf, judged by the jury."); *United States v. El-Mezain*, 664 F.3d 467, 491 (5th Cir. 2011) (the Confrontation Clause requires "that defense counsel be permitted to expose to the jury the facts from which jurors, as the sole triers of fact and credibility, could appropriately draw inferences relating to the reliability of the witness") (citations omitted); *see also United States v. Guanespen-Portillo*, 514 F.3d 393, 405 (5th Cir. 2008) (standard

jury instruction on the credibility of witnesses reduced potential prejudice in failure to give other instructions); *United States v. Munoz-Hernandez*, 94 F. App'x 243, 245 (5th Cir. 2004) (instruction mitigated prejudice of improper prosecutorial questioning).

This instruction has been cited with approval. *See United States v. Whittington*, 269 F. App'x 388, 410 (5th Cir. 2008) (no indication pattern instruction was not proper); *United States v. Ramirez-Velasquez*, 322 F.3d 868, 873 n.4 (5th Cir. 2003) (part of instructions); *United States v. Hernandez Leon*, 54 F. App'x 592, *1 (5th Cir. 2002) (no plain error for giving conforming instruction).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9
## 1.10
## CHARACTER EVIDENCE

Where a defendant has offered evidence of good general reputation for [opinion testimony concerning]: truth and veracity, honesty and integrity, or character as a law-abiding citizen, you should consider such evidence along with all the other evidence in the case.

Evidence of a defendant's character, inconsistent with those traits of character ordinarily involved in the commission of the crime charged, may give rise to a reasonable doubt, since you may think it improbable that a person of good character with respect to those traits would commit such a crime.

**Note**

Character evidence is admissible in the form of reputation or opinion. Depending on the form of character evidence introduced, the appropriate bracketed language should be used. *See* Fed. R. Evid. 404(a)(1), 405(a); *United States v. John*, 309 F.3d 298 (5th Cir. 2002); *see also United States v. Wilson*, 408 F. App'x 798, 809 (5th Cir. 2010) (giving instructions to "consider such evidence along with all the other evidence in the case" and that character evidence "may give rise to a reasonable doubt, since you may think it improbable that a person of good character in respect to those traits would commit such a crime"); *United States v. Callahan*, 588 F.2d 1078, 1086 (5th Cir. 1979) (approving instruction); *United States v. Leigh*, 513 F.2d 784, 785–86 (5th Cir. 1975) (jury must be instructed that reputation evidence is considered along with – and not after – the other evidence in the case, and it cannot be instructed that such evidence is only to be used to "tip the scales" or "excuse" the defendant).

"A character instruction is warranted only if the defendant first introduces admissible character evidence." *John*, 309 F.3d at 303. It is generally not error to refuse this instruction where character evidence is not "central or crucial." *United States v. Baytank*, 934 F.2d 599, 614 (5th Cir. 1991); *see United States v. Hunt*, 794 F.2d 1095, 1099 (5th Cir. 1986) (not abuse of discretion to refuse to give the instruction because it did not prevent the jury from considering the character evidence, nor did it seriously hinder the defendant's presentation of his defense). However, when the issue of character is "necessarily a vital part of [the] defense," failure to give the instruction warrants reversal. *John*, 309 F.3d at 304–05 (refusing the above instruction was abuse of discretion "tantamount to impairing [defendant's] ability to present his defense" where character evidence was the central theory of the defense); *but see United States v. Osorio*, 288 F. App'x 971, 980 (5th Cir. 2008) (not abuse of discretion to refuse pattern instruction because character evidence was not crucial to the defense).

Also note that the Supreme Court has held, with respect to evidence of a defendant's good character, that "such testimony alone, in some circumstances, may be enough to raise a reasonable

doubt of guilt and that in the federal courts a jury in a proper case should be so instructed." *Michelson v. United States*, 69 S. Ct. 213, 219 (1948) (citing *Edgington v. United States*, 17 S. Ct. 72 (1896)). This has led to disagreement among various courts of appeal as to the propriety of "standing alone" language in jury instructions. *See Spangler v. United States*, 108 S. Ct. 2884, 2884–85 (1988) (White, J., dissenting from denial of *certiorari*) (discussing the disagreement). This Circuit's instruction includes language that good character may give rise to reasonable doubt. *See John*, 309 F.3d at 303.

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10
# 1.11
# IMPEACHMENT BY PRIOR INCONSISTENCIES

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

### Note

This instruction is for use when a witness's prior statements are admitted only for impeachment purposes. *See* Fed. R. Evid. 613, 801(d)(1); *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 758–59 (5th Cir. 2008). A prior statement of the defendant is not hearsay and does not require a limiting instruction. *See* Fed. R. Evid. 801(d)(2)(A). Similarly, if the prior statement is not hearsay under Rule 801(d)(1) and is admitted as substantive evidence, a limiting instruction is not necessary. *See Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1160 (5th Cir. 2006) (deposition testimony); *see, e.g., Cisneros-Gutierrez*, 517 F.3d at 758–59.

A limiting instruction on the use of prior inconsistent statements is required upon request. *See Valentine v. United States*, 272 F.2d 777, 778 (5th Cir. 1959). In the absence of a request, failure to give a limiting instruction can sometimes be plain error. *See United States v. Newell*, 315 F.3d 510, 523 (5th Cir. 2002); *United States v. Waldrip*, 981 F.2d 799, 805 (5th Cir. 1993) (Plain error appears only when the impeaching testimony is extremely damaging, the need for the instruction is obvious, and the failure to give it is so prejudicial as to affect the substantial rights of the accused.").

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11
## 1.15
## ACCOMPLICE – INFORMER – IMMUNITY

The testimony of an alleged accomplice, and/or the testimony of one who provides evidence against a defendant as an informer for pay, for immunity from punishment, or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by these circumstances, by the witness's interest in the outcome of the case, by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

### Note

This instruction has been cited with approval. *See United States v. Hoffman,* 901 F.3d 523, 547 (5th Cir. 2018); *United States v. Zavala*, 541 F.3d 562, 578 (5th Cir. 2008); *United States v. Garcia Abrego*, 141 F.3d 142, 153 (5th Cir. 1998).

"[T]he credibility of the compensated witness, like that of the witness promised a reduced sentence, is for a properly instructed jury to determine." *United States v. Villafranca*, 260 F.3d 374, 379 (5th Cir. 2001) (citing *United States v. Cervantes-Pacheco*, 826 F.2d 310, 315 (5th Cir. 1987)) (error to refuse a specific cautionary instruction on the credibility of a compensated witness and instead give a general instruction on witness credibility, unless testimony is thoroughly corroborated). It is not error to refuse to give a specific instruction as to the suspect credibility of a compensated witness where the jury is given an instruction substantially similar to the first sentence of this instruction. *See United States v. Narviz-Guerra*, 148 F.3d 530, 538 (5th Cir. 1998). The court must give specific instructions to the jury about the credibility of paid witnesses. *See Villafranca*, 260 F.3d at 379–80; *see also United States v. Dimas*, 108 F. App'x 927, 927–28 (5th Cir. 2004).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12
## 1.16
## ACCOMPLICE – CO-DEFENDANT – PLEA AGREEMENT

In this case the government called as one of its witnesses an alleged accomplice, named as a co-defendant in the indictment, with whom the government has entered into a plea agreement. This agreement provides for_____ (*e.g., the dismissal of some charges and a binding [non-binding] recommendation for a favorable sentence*). Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

### Note

This instruction was approved by *United States v. Quiroz*, 137 F. App'x 667, 671–72 (5th Cir. 2005) and *United States v. Ramirez*, 106 F.3d 397, *9 (5th Cir. 1997) (unpublished). *See also United States v. Jackson*, 230 F. App'x 425, 426 (5th Cir. 2007) (instructing the jury on guilty pleas of co-defendants removed prejudice of improper prosecutorial remarks).

Portions of this instruction were approved in: *United States v. Tacker*, 424 F. App'x 399, 400 (5th Cir. 2011); *United States v. Valuck*, 286 F.3d 221, 228 (5th Cir. 2002); *United States v. Posada-Rios*, 158 F.3d 832, 872–73 (5th Cir. 1998); *United States v. Pettigrew*, 77 F.3d 1500, 1518 (5th Cir. 1996); *United States v. Stephens*, 62 F.3d 393, *1 (5th Cir. 1995) (unpublished); and *United States v. Pierce*, 959 F.2d 1297, 1304 (5th Cir. 1992).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13
## 1.18
## EXPERT OPINION TESTIMONY

During the trial you heard the testimony of Scott McCreary, Henry Hoss and Gary Evans who expressed opinions concerning aircraft trusts, export filing and other aircraft-related matters. If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

**Note**

Judges should be aware that the admission of improper "profile testimony" by a law enforcement agent as an expert may be error. *See, e.g., United States v. Medeles-Cab*, 754 F.3d 316, 321 (5th Cir. 2014); *United States v. Montes-Salas*, 669 F.3d 240, 250 (5th Cir. 2012); *United States v. Gonzalez-Rodriguez*, 621 F.3d 354, 366 (5th Cir. 2010); *United States v. Morin*, 627 F.3d 985, 998 (5th Cir. 2010); *United States v. Sanchez-Hernandez*, 507 F.3d 826, 831–33 (5th Cir. 2007).

For issues that arise when a witness testifies both as an expert and a fact witness. *See United States v. Haines*, 803 F.3d 713, 735–36 (5th Cir. 2015).

The text of this instruction does not describe the witness as an "expert witness" to avoid influencing the jury by use of that description.

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14
# 1.20
# VENUE – CONSPIRACY

The events presented at trial happened in various places. There is no requirement that the entire conspiracy take place in the Eastern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district. An overt act is an act performed to affect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Though the overt act need not be of criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Eastern District of Texas. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that _____ (*list County or Parish where government alleges agreement or overt act occurred*) is located in the _____ District of _____.

## Note

Unless "otherwise expressly provided by enactment of Congress, any offense against the United States begun in one district and completed in another, or committed in more than one district, may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a); *see also United States v. Kiekow, 872 F.3d 236, 243 (5th Cir. 2017); United States v. Strain*, 396 F.3d 689, 693 (5th Cir. 2005).

"In cases involving conspiracy offenses, venue is proper in any district where the agreement was formed or where an overt act occurred." *United States v. Thomas*, 690 F.3d 358, 369 (5th Cir. 2012) (internal quotation marks omitted); *United States v. Garcia Mendoza*, 587 F.3d 682, 686 (5th Cir. 2009); *see also United States v. Romans, 823 F.3d 299, 309-10 (5th Cir. 2016);Whitfield v. United States*, 125 S. Ct. 687, 693 (2005) (stating that the "Court has long held that venue is proper in any district in which an overt act in furtherance of the conspiracy was committed"); *United States v. Pomranz*, 43 F.3d 156, 158–59 (5th Cir. 1995). This is true even if the defendant never "set foot" in that district and even if all overt acts in that district occurred before the defendant joined the conspiracy. *See United States v. Rodriguez-Lopes*, 756 F.3d 422, 429–30 (5th Cir. 2014); *Pomranz*, 43 F.3d at 159, n.2; *United States v. Caldwell*, 16 F.3d 623, 624 (5th Cir. 1994).

"[T]he prosecution's burden of proof in establishing venue differs from the burden of proving other elements. The prosecution need only show the propriety of venue by a preponderance of the evidence, not beyond a reasonable doubt." *Strain*, 396 F.3d at 692 n.3 (citing

*United States v. Winship*, 724 F.2d 1116, 1124 (5th Cir. 1984)); *see also Garcia Mendoza*, 587 F.3d at 686.

'"The failure to instruct on venue is reversible error when trial testimony puts venue in issue and the defendant requests the instruction . . ..''' *United States v. Zamora*, 661 F.3d 200, 208 (5th Cir. 2011) (quoting *United States v. White*, 611 F.2d 531, 536 (5th Cir. 1980)); *see Garcia Mendoza*, 587 F.3d at 687. "Venue is not put 'in issue' when the government presents adequate evidence of venue, and the defendant fails to contradict the government's evidence." *Zamora*, 661 F.3d at 208 (citing *Caldwell*, 16 F.3d at 625). "If venue is not put at issue, the district court's failure to instruct on venue is, at worst, harmless error." *Id*. Nevertheless, the Fifth Circuit has stated that "[w]hen a venue instruction is requested, the burden of giving an instruction weighs lightly against the value of safeguarding venue rights" and, therefore, "[t]he better procedure is to give the venue instruction when requested, regardless of whether the trial court believes trial testimony has put venue in issue." *Caldwell*, 16 F.3d at 625 n.1.

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15
## 1.21
## CAUTION – CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

### Note

*See United States v. Gates,* 624 F. App'x 893, 897 (5th Cir. 2015) ("[T]he district court employed many of the curative measures recognized by our court to protect against a constructive amendment to the indictment, such as: instructing the jury to only consider the crime charged in the indictment; instructing the jury that the Defendants-Appellants were not on trial for any offense not alleged in the indictment…"). *See also United States v. Poydras,* 569 F. App'x 318 (5th Cir. 2014) (second sentence of pattern instruction guarded against unfair prejudice); *United States v. Jones,* 664 F.3d 966, 980–81 (5th Cir. 2011) (instruction that included the first two sentences "sufficiently articulated to the jury that they were only to consider the federal crimes charged and not any of the state rules and regulations that were discussed"); *United States v. Arceneaux,* 432 F. App'x 335, 339 (5th Cir. 2011) (approving substantially similar instruction); *United States v. Garcia,* 567 F.3d 721, 728–29 (5th Cir. 2009) (second sentence of pattern instruction guarded against unfair prejudice); *United States v. Naranjo,* 309 F. App'x 859, 867 (5th Cir. 2009) (first two sentences of this instruction cured potential prejudice); *United States v. Harris,* 205 F. App'x 230, 232 (5th Cir. 2006) (second sentence of this instruction constituted a general limiting instruction to cure prejudicial remark); *United States v. Chavez,* 151 F. App'x 302, 306 n.6, 309 (5th Cir. 2005) (approving this instruction as mitigating potential prejudice of improper evidence).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16
## 1.25
## MULTIPLE DEFENDANTS – MULTIPLE COUNTS

A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.

### Note

This charge has been cited with approval by the Fifth Circuit. *See United States v. Mendoza,* 685 F. App'x 345, 351 & n.4 (5th Cir. 2017); *See also United States v. Bernegger*, 661 F.3d 232, 237 (5th Cir. 2011); *United States v. Whitfield*, 590 F.3d 325, 354 (5th Cir. 2009); *United States v. Fernandez*, 559 F.3d 303, 317 (5th Cir. 2009) (approving some of the language in this instruction).

In some cases, such as prosecutions under 18 U.S.C. § 1962 (Racketeer Influenced Corrupt Organizations Act) and 21 U.S.C. § 848 (Continuing Criminal Enterprise), a conviction on one or more counts ("predicate offense(s)") are necessary to support a conviction on another count. In such cases, the fourth sentence of the instruction should be deleted or modified.

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17
## ADVICE OF COUNSEL

One element that the government must prove beyond a reasonable doubt is that the defendant had the unlawful intent to conspire to commit crimes against the United States. Evidence that the defendant in good faith followed the advice of counsel would be inconsistent with such an unlawful intent. Unlawful intent has not been proved if the defendant, before acting, made full disclosure of all material facts to an attorney, received the attorney's advice as to the specific course of conduct that was followed, and reasonably followed the attorney's recommended course of conduct or advice in good faith.

Comment

Strictly speaking, good faith reliance on advice of counsel is not really a defense to an allegation ... but is the basis for a jury instruction on whether or not the defendant possessed the requisite specific intent." *United States v. Hagen*, 542 F.Supp.3d 515 (N.D. Texas, June 3, 2021);*United States v. Pettigrew*, 77 F.3d 1500, 1520 (5th Cir. 1996) (quoting *United States v. Carr*, 740 F.2d 339, 346 n.11 (5th Cir. 1984)).  A defendant who reasonably relies on the advice of counsel may "not be convicted of a crime which involves willful and unlawful intent." *Williamson v. United States*, 207 U.S. 425, 453 (1908). Advice of counsel is not a separate and distinct defense but rather is a circumstance indicating good faith which the trier of fact is entitled to consider on the issue of intent. *Bisno v. United States*, 299 F.2d 711, 719 (9th Cir. 1961). A defendant is entitled to an instruction concerning the advice of counsel if it has some foundation in the evidence. *United States v. Ibarra-Alcarez*, 830 F.2d 968, 973 (9th Cir. 1987). In order to assert advice of counsel, a defendant must have made a full disclosure of all material facts to his or her attorney, received advice as to the specific course of conduct that he or she followed, and relied on the advice in good faith. *United States v. Munoz*, 233 F.3d 1117, 1132 (9th Cir. 2000).

In appropriate cases, where the prerequisites are met, the jury may be instructed as to good-faith reliance on advice of an accountant or tax return preparer. *United States v. Bishop*, 291 F.3d 1100, 1106-07 (9th Cir. 2002); *United States v. Claiborne*, 765 F.2d 784, 798 (9th Cir. 1985), abrogated on other grounds, *Ross v. Oklahoma*, 487 U.S. 81 (1988). In such cases, the instruction should be modified accordingly.

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18
## NON-TESTIFYING DEFENDANT

The defendant did not testify, and I remind you that you cannot consider her decision not to testify as evidence of guilt. You must understand that the Constitution of the United States grants to a defendant the right to remain silent. That means the right not to testify. That is a constitutional right in this country, it is very carefully guarded, and you must not presume or infer guilt from the fact that a defendant does not take the witness stand and testify or call any witnesses.

Comment

This instruction is consistent with *United States v. Coleman*, 7 F.3d 1500, 1505–06 (10th Cir. 1993).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19
## 1.26
## DUTY TO DELIBERATE

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

[Explain verdict form.]

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security office.  I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict.

**Note**

"In the routine case, a general unanimity instruction will ensure that the jury is unanimous on the factual basis for a conviction, even where an indictment alleges numerous factual bases for criminal liability." *United States v. Creech*, 408 F.3d 264, 268 (5th Cir. 2005) (quoting *United States v. Holley*, 942 F.2d 916, 925–26 (5th Cir. 1991)). Regarding the use of a specific unanimity instruction, *see* Note to Instruction No. 1.27, Unanimity of Theory.

Concerning the admonition against disclosure of the numerical division of the jury, *see Barfi v. United States*, 47 S. Ct. 135, 135–36 (1926) (questioning jury on its numerical split constituted reversible error) and *United States v. Chania*, 700 F.2d 192, 193 (5th Cir. 1983) (district court's inquiry into numerical division of jury before giving "Allen" charge constituted reversible error).

For discussions about how a trial judge may handle allegations of juror misconduct during deliberations, including a juror's refusal to follow his duty to deliberate, *see Pena-Rodriguez v. Colorado*, 137 S. Ct. 855 (2017) (finding a Sixth Amendment racial, ethnicity, and national origin bias exception to the no-impeachment rule); *United States v. Ebro*, 683 F.3d 105, 126–28 (5th Cir. 2012); *United States v. Patel*, 485 F. App'x 702, 712–14 (5th Cir. 2012).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20
## 1.27
## UNANIMITY OF THEORY

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Count _____.

Count _____ of the indictment accuses the defendant of committing the crime of _____ *(name crime)* in _____ *(e.g., three)* different ways. The first is that the defendant _____. The second is that the defendant _____. The third is that the defendant _____.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one is enough. But in order to return a guilty verdict, all of you must agree that the same one has been proved. All of you must agree that the government proved beyond a reasonable doubt that the defendant _____; or, all of you must agree that the government proved beyond a reasonable doubt that the defendant _____; or, all of you must agree that the government proved beyond a reasonable doubt that the defendant _____.

### Note

In *Richardson v. United States*, 119 S. Ct. 1707, 1710 (1999), the Supreme Court confirmed that a jury must unanimously find each *element* of a crime beyond a reasonable doubt. But, "a federal jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime." *Id*. (citing *Shad v. Arizona*, 111 S. Ct. 2491 (1991)). The Court distinguished the requirement of jury unanimity on *elements* versus *means underlying* the element. *Id*. For example, because "an element of robbery is force or the threat of force, some jurors might conclude that the defendant used a knife to create the threat; others might conclude he used a gun." *Id*. As this is a disagreement over "means" underlying a particular element of a crime, the jurors need not unanimously agree whether a knife or gun was used, as long as they unanimously agree "the defendant had threatened force." *Id*. In *Richardson*, the statute at issue criminalized a continuing criminal enterprise, a violation of which occurs when there is a "continuing series of violations." *Id*. at 1708. The Court had to decide whether the "series of violations" referred to one single element, made up of a certain number of drug crimes (the "means"), or whether each individual violation constituted a separate element. *Id*. at 1710. It found that each violation was an element, requiring jury unanimity as to each drug crime committed. *Id*. at 1713; *see, e.g., United States v. Talbert*, 501 F.3d 449, 451–52 (5th Cir. 2007) (unanimity not required for particular firearm under 18 U.S.C. § 922(g)(1)); *see also United States v. Patino-Prado*, 533 F.3d 304, 310–12 (5th Cir. 2008) (unanimity requirement discussed with regard to drug and other conspiracies); *United States v. Suarez*, 879 F.3d 626, 633-34 (5th Cir. 2018) (unanimity not required for particular firearm underlying conviction under 18 U.S.C. § 924(c)(1)(A) for use of firearm in connection with specified offense because the particular firearm "pertains to the means by which the crime

was committed;" however, unanimity required as to type of firearm for purposes of imposition of statutory mandatory minimum sentence based on category of firearm).

"In the routine case, a general unanimity instruction will ensure that the jury is unanimous on the factual basis for a conviction, even where an indictment alleges numerous factual bases for criminal liability." *United States v. Creech*, 408 F.3d 264, 268 (5th Cir. 2005); *see United States v. Meshack*, 225 F.3d 556, 579–80 (5th Cir. 2000). But "such an instruction is insufficient if 'there exists a genuine risk that the jury is confused or that a conviction may occur as the result of different jurors concluding that a defendant committed different acts.'" *Creech*, 408 F.3d at 268 (quoting *United States v. Holley*, 942 F.2d 916 (5th Cir. 1991)); *see also United States v. Villegas*, 494 F.3d 513, 515–16 (5th Cir. 2007); *United States v. Moreno*, 227 F. App'x 361, 362–63 (5th Cir. 2007). An instruction that was similar to this instruction was found sufficient to guard against a non-unanimous verdict in *United States v. Mauskar*, 557 F.3d 219, 226–27 (5th Cir. 2009).

Take particular care when submitting special interrogatories to the jury on the theory of liability. *See United States v. Gonzales*, 841 F.3d 339, 346–48 (5th Cir. 2016) (reversing conviction where evidence did not support theory of liability found by jury pursuant to special interrogatories).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21
## 1.29
## CONFESSION – STATEMENT – VOLUNTARINESS
## (MULTIPLE DEFENDANTS)

In determining whether any statement, claimed to have been made by a defendant outside of court and after an alleged crime was committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care. You should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

Any such statement should not be considered in any way whatsoever as evidence with respect to any other defendant on trial.

### Note

This instruction is the same as Instruction No. 1.28 but adds a last sentence when there are multiple defendants. Although the instruction has been approved, *United States v. Watson*, 591 F.2d 1058 (5th Cir. 1979) (approving this instruction in substantially the same form), and is generally acceptable, the judge should be aware that an incurable *Bruton* problem can be created in submitting to the jury the name of a codefendant within the confession, even with a limiting instruction. *Bruton v. United States*, 88 S. Ct. 1620, 1627–28 (1968); *see United States v. Leal*, 74 F.3d 600, 605–06 (5th Cir. 1996) (limiting instruction adequate to prevent prejudice of co-defendant's statement that did not name defendant by name) ; *but see United States v. Gibson*, 875 F.3d 179, 194 (5th Cir. 2017) (discussing *Bruton* issues in context of references to corporate actors).

Redaction has been recognized as adequate, but not always so. *See Gray v. Maryland*, 118 S. Ct. 1151, 1155–57 (1998); *Richardson v. Marsh*, 107 S. Ct. 1702, 1707–09 (1987); *United States v. Cantu-Ramirez*, 669 F.3d 619, 631–32 (5th Cir. 2012); *United States v. Stalnaker*, 571 F.3d 428, 434 n.4 (5th Cir. 2009); *United States v. Ramos-Cardenas*, 524 F.3d 600, 607–10 (5th Cir. 2008).

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22**

**1.48**

**CAUTIONARY INSTRUCTION DURING TRIAL – TRANSCRIPT OF TAPE-RECORDED CONVERSATION**

Exhibit _____ has been identified as a typewritten transcript of the oral conversation which can be heard on the tape recording received in evidence as Exhibit _____. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts.

[In this case there are two transcripts because there is a difference of opinion as to what is said on the tape. You may disregard any portion of either or both transcripts if you believe they reflect something different from what you hear on the tape. It is what you hear on the tape that is evidence, not the transcripts.]

**Note**

This instruction should be given when the tape is played and again in the final charge.

*See United States v. Murray*, 988 F.2d 518, 525–27 (5th Cir. 1993); *United States v. Rena*, 981 F.2d 765, 767–70 (5th Cir. 1993).

The showing of a transcript-assisted video recording to the jury without the contemporaneous playing of the underlying audio recording represented in the transcript "may constitute error." *United States v. Thompson*, 482 F.3d 781, 788 (5th Cir. 2007).

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23

# 1.49

# TRANSCRIPT OF FOREIGN LANGUAGE – TAPE RECORDED CONVERSATION

Among the exhibits admitted during the trial were recordings that contained conversations in the Spanish language. You were also provided English transcripts of those conversations. The transcripts were provided to you by the government [defendant] so that you can consider the content of the conversations on the recordings. Whether a transcript is an accurate translation, in whole or in part, is for you to decide. You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced in the trial.

In considering whether the transcript[s] accurately describes the meaning of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case.

[In this case there are two transcripts because there is a difference of opinion as to what is said on the tape. You may disregard any portion of either or both transcripts if you believe they reflect something different from what you hear on the tape. It is what you hear on the tape that is evidence, not the transcripts.]

## Note

*See United States v. Booker*, 334 F.3d 406, 412 (5th Cir. 2003) ("Poor quality and partial unintelligibility do not render tapes inadmissible unless the unintelligible portions are 'so substantial as to render the recording as a whole untrustworthy.' [citation omitted]. In *United States v. White*, 219 F.3d 442, 448 (5th Cir. 2000), this Court affirmed the use of a transcript of the translation of a Spanish language tape, half of which was conceded to be unintelligible. [citation omitted]. Because there was testimony from an FBI agent regarding the accuracy of the translation and a cautionary instruction given to the jury, we found no abuse of discretion in admitting the transcript of the tape."); *United States v. Gonzalez-Balderas*, 11 F.3d 1218, 1124 (5th Cir. 1994).

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 24

## 1.50

## SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (*testimony, books, records, and other documents*) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that has been admitted.

### Note

The Committee has included three instructions regarding the charts or summaries that are typically used in trial settings: (1) charts or summaries not received into evidence, but simply used as pedagogical devices (Instruction No. 1.50); (2) charts or summaries admitted into evidence to summarize voluminous data which may or may not be admitted into evidence (Instruction No. 1.51); and (3) summary witness testimony and accompanying charts admitted based on other admitted evidence (Instruction No. 1.52).

"[A]llowing the use of charts as 'pedagogical' devices intended to present the government's version of the case is within the bounds of the trial court's discretion to control the presentation of evidence under [Federal Rule of Evidence] 611(a)." *United States v. Harms*, 442 F.3d 367, 375 (5th Cir. 2006) (quoting *United States v. Taylor*, 210 F.3d 311, 315 (5th Cir. 2000)).

"[S]uch charts are not admitted into evidence and should not go to the jury room absent consent of the parties." *Harms,* 442 F.3d at 375 (quoting *Taylor*, 210 F.3d at 315).

"[T]he court should instruct the jury that the chart or summary is not to be considered as evidence, but only as an aid in evaluating evidence." *Harms*, 442 F.3d at 375; *see also United States v. Ogba*, 526 F.3d 214, 225 (5th Cir. 2008) (jury should be "forewarned that the charts are not independent evidence").

This instruction is not appropriate when summary testimony, written summaries, or summary charts have been received into evidence. In those circumstances, *see* Instruction Nos. 1.51 and 1.52.

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 25

## 1.40

### MATERIALITY

As used in these instructions, a representation [statement] [pretense] [promise] is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed. The Government can prove materiality in either of two ways. First, a representation [statement] [pretense] [promise] is "material" if a reasonable person would attach importance to its existence or nonexistence in determining his [her] choice of action in the transaction in question.  Second, a statement could be material, even though only an unreasonable person would rely on it, if the person who made the statement knew or had reason to know his [her] victim was likely to rely on it.

In determining materiality, you should consider that naivety, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the part of the defendant.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 26

### 1.41

### "KNOWINGLY" – TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 27

## 1.43

## "WILLFULLY" – TO ACT

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 28**

**1.44**

**INTERSTATE COMMERCE – DEFINED**


Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 29**

**1.45**

**FOREIGN COMMERCE – DEFINED**

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 30

### 1.46

### COMMERCE – DEFINED

Commerce includes travel, trade, transportation, and communication.

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 31

## 1.47

## "AFFECTING COMMERCE" – DEFINED

"Affecting commerce" means that there is any effect at all on interstate or foreign commerce, however minimal.

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 32

## 2.97

## (Count One – Violation of 21 U.S.C. §846)

## CONTROLLED SUBSTANCES – CONSPIRACY

## 21 U.S.C. § 846

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States. In this case, the defendant is charged with conspiring to <u>knowingly and intentionally possessing with the intent to distribute a controlled substance</u>.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That two or more persons, directly or indirectly, reached an agreement to <u>knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of cocaine</u>;

Second: That the defendant knew of the unlawful purpose of the agreement; and

Third: That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose;

[Fourth: That the overall scope of the conspiracy involved at least <u>five kilograms or more</u> of <u>a mixture and substance containing a detectable amount of cocaine</u>. and

Fifth: That the defendant knew or reasonably should have known that the scope of the conspiracy involved at least <u>five kilograms or more</u> (describe quantity) of <u>a mixture and substance containing a detectable amount of cocaine</u>.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him [her] for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged to have been

members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 33

## 2.97

### (Count Two Violation of 21 U.S.C. §963)

### CONTROLLED SUBSTANCES – CONSPIRACY

### 21 U.S.C. § 846

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States. In this case, the defendant is charged with conspiring to knowingly and intentionally manufacture and distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported to the United States.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That two or more persons, directly or indirectly, reached an agreement to knowingly and intentionally manufacture a controlled substance intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported to the United States;

Second: That the defendant knew of the unlawful purpose of the agreement; and

Third: That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose;

[Fourth: That the overall scope of the conspiracy involved at least five kilograms or more of a mixture and substance containing a detectable amount of cocaine, and

Fifth: That the defendant knew or reasonably should have known that the scope of the conspiracy involved at least five kilograms or more of a mixture and substance containing a detectable amount of cocaine.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him [her] for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 34**

**2.04**

**(Count Three – Violation of 21 U.S.C. §959, 18 U.S.C. §2)**

**AIDING AND ABETTING (AGENCY)**

**18 U.S.C. § 2**

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for herself may also be accomplished by her through the direction of another person as his or her agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate herself in some way with the crime and participate in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the offense of knowingly and intentionally manufacturing and distributing five kilograms or more of a mixture and substance containing a detectable amount of cocaine, intending, knowing, and with reasonable cause to believe that such cocaine would be unlawfully imported into the United States was committed by some person;

*Second*: That the defendant associated with the criminal venture;

*Third*: That the defendant purposefully participated in the criminal venture; and

*Fourth*: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 35

## 2.76C

## (Count Four – Violation of 18 U.S.C. §1956(h))

# CONSPIRACY TO COMMIT MONEY LAUNDERING

## 18 U.S.C. § 1956(h)

Title 18, United States Code, Section 1956(h), makes it a crime for anyone to conspire to commit money laundering.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person made an agreement to commit <u>each of the crimes as specified in the following Instruction Nos. \*\*\* all related to the government's Count Four</u>;

*Second*: That the defendant knew the unlawful purpose of the agreement; and

*Third*: That the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him [her] for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove an overt act in furtherance of the conspiracy.

The government need not prove that the alleged conspirators entered into any formal agreement nor that they directly stated between themselves all the details of the scheme. Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 36**

**2.76A (Modified)**

**(Count Four – Violation of 18 U.S.C. §1956(a)(1)(A)(i))**

**LAUNDERING MONETARY INSTRUMENTS— PROCEEDS OF UNLAWFUL ACTIVITY**

**18 U.S.C. §§ 1956(a)(1)(A)(i) AND 1956(a)(1)(B)(i)**

Title 18, United States Code, Section 1956(a)(1), makes it a crime for anyone to conduct or attempt to conduct a financial transaction with the proceeds of specified unlawful activity, knowing that the property involved represents the proceeds of some form of illegal activity with the intent to promote the carrying on of specified unlawful activity [knowing that the transaction is designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity].

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly conducted or attempted to conduct a financial transaction;

*Second*: That the financial transaction or attempted financial transaction involved the proceeds of a specified unlawful activity, namely <u>wire fraud and wire fraud conspiracy; distribution, and conspiracy to distribute and possess with the intent to distribute a controlled substance; and distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States</u>;

*Third:* That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and

*Fourth*: That the defendant intended to promote the carrying on of the specified unlawful activity.

With respect to the second element, the government must show that, in fact, the property was the proceeds of <u>wire fraud and wire fraud conspiracy; distribution, and conspiracy to distribute and possess with the intent to distribute a controlled substance; and distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States</u>, which is a specified unlawful activity under the statute.

With respect to the third element, the government must prove that the defendant knew that the property involved in the transaction were the proceeds of some kind of crime that is a felony under federal, state, or foreign law; although, it is not necessary to show that the defendant knew exactly what crime generated the funds.

I instruct you that wire fraud and wire fraud conspiracy; distribution, and conspiracy to distribute and possess with the intent to distribute a controlled substance; and distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States are felonies.

The term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery or other disposition [with respect to a financial institution, a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument][any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected].

The term "financial transaction" includes any "transaction," as that term has just been defined, [choose the first or second option below:

1. which in any way or degree affects interstate or foreign commerce, involving the movement of funds by wire or other means, one or more monetary instruments, or the transfer of title to any real property, vehicle, vessel, or aircraft; or

2. which involves the use of a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.]

[If necessary, include the definition of "monetary instruments," 18 U.S.C. § 1956(c)(5), or "financial institutions," 18 U.S.C. § 1956(c)(6).]

It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate commerce by her actions or that commerce was actually affected. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce. If you decide that there would be any effect at all on interstate commerce, then that is enough to satisfy this element. The effect can be minimal.

The term "conduct" includes initiating or concluding, or participating in initiating or concluding, a transaction.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 37

## 2.76A (Modified)

## (Count Four – Violation of 18 U.S.C. §1956(a)(1)(B)(i))

## LAUNDERING MONETARY INSTRUMENTS— PROCEEDS OF UNLAWFUL ACTIVITY

## 18 U.S.C. §§ 1956(a)(1)(A)(i) AND 1956(a)(1)(B)(i)

Title 18, United States Code, Section 1956(a)(1), makes it a crime for anyone to conduct [attempt to conduct] a financial transaction with the proceeds of specified unlawful activity, knowing that the property involved represents the proceeds of some form of illegal activity with the intent to promote the carrying on of specified unlawful activity [knowing that the transaction is designed to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity].

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly conducted or attempted to conduct a financial transaction;

*Second*: That the financial transaction or attempted financial transaction involved the proceeds of a specified unlawful activity, namely wire fraud and wire fraud conspiracy, distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance; and distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States;

*Third:* That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and

*Fourth*: That the defendant knew that the transaction was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

With respect to the second element, the government must show that, in fact, the property was the proceeds of wire fraud and wire fraud conspiracy, distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance; and distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States, which is a specified unlawful activity under the statute.

With respect to the third element, the government must prove that the defendant knew that the property involved in the transaction were the proceeds of some kind of crime that is a felony under federal, state, or foreign law; although, it is not necessary to show that the defendant knew exactly what crime generated the funds.

I instruct you that wire fraud and wire fraud conspiracy; distribution, and conspiracy to distribute and possess with the intent to distribute a controlled substance; and distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States are felonies.

The term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery or other disposition [with respect to a financial institution, a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument][any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected].

The term "financial transaction" includes any "transaction," as that term has just been defined, [choose the first or second option below:

1. which in any way or degree affects interstate or foreign commerce, involving the movement of funds by wire or other means, one or more monetary instruments, or the transfer of title to any real property, vehicle, vessel, or aircraft; or

2. which involves the use of a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.]

[If necessary, include the definition of "monetary instruments," 18 U.S.C. § 1956(c)(5), or "financial institutions," 18 U.S.C. § 1956(c)(6).]

It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate commerce by his [her] actions or that commerce was actually affected. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce. If you decide that there would be any effect at all on interstate commerce, then that is enough to satisfy this element. The effect can be minimal.

The term "conduct" includes initiating or concluding, or participating in initiating or concluding, a transaction.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 38

## 2.76A (Modified)

## (Count Four – Violation of 18 U.S.C. §1956(a)(2)(A))

## LAUNDERING MONETARY INSTRUMENTS— PROCEEDS OF UNLAWFUL ACTIVITY

Title 18, United States Code, Section 1956(a)(1), makes it a crime for anyone to <u>transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States</u>, with the intent to promote the carrying on of specified unlawful activity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved <u>each of the elements of Instruction No. **, related to conspiracy to commit money laundering under 18 U.S. §1956(h) and</u> each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly <u>transported, transmitted, or transferred, or attempted to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United State</u>;

*Second*: That the <u>transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States</u> involved the proceeds of a specified unlawful activity, namely <u>wire fraud and wire fraud conspiracy; distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance; and distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States</u>;

*Third:* That the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity; and

*Fourth*: That the defendant intended to promote the carrying on of the specified unlawful activity.

With respect to the second element, the government must show that, in fact, the property was the proceeds of <u>wire fraud and wire fraud conspiracy; distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance; and distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States</u>, which is a specified unlawful activity under the statute.

With respect to the third element, the government must prove that the defendant knew that the property involved in the transaction were the proceeds of some kind of crime that is a felony

under federal, state, or foreign law; although, it is not necessary to show that the defendant knew exactly what crime generated the funds.

I instruct you that wire fraud and wire fraud conspiracy; distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance; and distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States are felonies.

The term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery or other disposition [with respect to a financial institution, a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument][any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected].

The term "financial transaction" includes any "transaction," as that term has just been defined, [choose the first or second option below:

1. which in any way or degree affects interstate or foreign commerce, involving the movement of funds by wire or other means, one or more monetary instruments, or the transfer of title to any real property, vehicle, vessel, or aircraft; or

2. which involves the use of a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.]

[If necessary, include the definition of "monetary instruments," 18 U.S.C. § 1956(c)(5), or "financial institutions," 18 U.S.C. § 1956(c)(6).]

It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate commerce by his [her] actions or that commerce was actually affected. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce. If you decide that there would be any effect at all on interstate commerce, then that is enough to satisfy this element. The effect can be minimal.

The term "conduct" includes initiating or concluding, or participating in initiating or concluding, a transaction.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 39

## 2.76A (Modified)

## (Count Four – Violation of 18 U.S.C. §1956(a)(2)(B)(i))

## LAUNDERING MONETARY INSTRUMENTS— PROCEEDS OF UNLAWFUL ACTIVITY

Title 18, United States Code, Section 1956(a)(1), makes it a crime for anyone <u>to transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States knowing that the monetary instrument or funds involved in the transportation, transmission, or transfer represent the proceeds of some form of unlawful activity and knowing that such transportation, transmission, or transfer is designed in whole or in party to conceal or disguise the nature, location, source, ownership, or control of the proceeds of specified unlawful activity.</u>

For you to find the defendant guilty of this crime, you must be convinced that the government has proved <u>each of the elements of Instruction No. **, related to conspiracy to commit money laundering under 18 U.S. §1956(h) and</u> each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly <u>transported, transmitted, or transferred, or attempted to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States or to a place in the United States from or through a place outside the United States;</u>

*Second*: That the monetary instrument or funds involved in the transportation, transmission, or transfer involved the proceeds of a specified unlawful activity, namely <u>wire fraud and wire conspiracy; distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance; and distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States;</u>

*Third:* That the defendant knew that the <u>monetary instrument or funds involved in the transportation, transmission, or transfer</u> represented the proceeds of some form of unlawful activity; and

*Fourth*: That the defendant knew that the <u>transportation, transmission, or transfer</u> was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

With respect to the second element, the government must show that, in fact, the property was the proceeds of <u>wire fraud and wire conspiracy; distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance; and distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States</u>, which is a specified unlawful activity under the statute.

With respect to the third element, the government must prove that the defendant knew that the underlined monetary instrument or funds involved in the transaction were the proceeds of some kind of crime that is a felony under federal, state, or foreign law; although, it is not necessary to show that the defendant knew exactly what crime generated the funds.

I instruct you that wire fraud and wire conspiracy; distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance; and distribution and conspiracy to distribute and possess with the intent to distribute a controlled substance intending, knowing, and having reasonable cause to believe that such substance would be unlawfully imported into the United States are felonies.

The term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery or other disposition [with respect to a financial institution, a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument][any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected].

The term "financial transaction" includes any "transaction," as that term has just been defined, [choose the first or second option below:

1. which in any way or degree affects interstate or foreign commerce, involving the movement of funds by wire or other means, one or more monetary instruments, or the transfer of title to any real property, vehicle, vessel, or aircraft; or

2. which involves the use of a financial institution that is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.]

[If necessary, include the definition of "monetary instruments," 18 U.S.C. § 1956(c)(5), or "financial institutions," 18 U.S.C. § 1956(c)(6).]

It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate commerce by his [her] actions or that commerce was actually affected. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce. If you decide that there would be any effect at all on interstate commerce, then that is enough to satisfy this element. The effect can be minimal.

The term "conduct" includes initiating or concluding, or participating in initiating or concluding, a transaction.

The term "proceeds" means any property derived from or obtained or retained, directly or indirectly, through some form of unlawful activity, including the gross receipts of such activity.

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 40

## 2.77

## (Count Four – Violation of 18 U.S.C. §1957)

## ENGAGING IN MONETARY TRANSACTIONS IN PROPERTY DERIVED FROM SPECIFIED UNLAWFUL ACTIVITY

## 18 U.S.C. § 1957

Title 18, United State Code, Section 1957, makes it a crime for a person to knowingly engage in, or attempt to engage in, a monetary transaction involving criminally derived property, in excess of $10,000, that is derived from specified criminal activity.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the elements of Instruction No. **, related to conspiracy to commit money laundering under 18 U.S. §1956(h) and each of the following beyond a reasonable doubt:

*First*: that the defendant knowingly engaged or attempted to engage in a monetary transaction;

*Second*: that the monetary transaction was of a value greater than $10,000;

*Third*: that the monetary transaction involved criminally derived property;

*Fourth*: that criminally derived property was derived from specified unlawful activity;

*Fifth*: that the defendant knew that the monetary transaction involved criminally derived property; and

*Sixth*: that the monetary transaction took place within the United States.

The term "criminally derived property" means any property constituting or derived from, proceeds obtained from a criminal offense.

The government is not required to prove that the defendant knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense. The government must prove, however, that the defendant knew that the involved property was obtained or derived from the commission of a crime.

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 41

## 2.15A

## (Count Five – Violation of 18 U.S.C. §371)

## CONSPIRACY TO COMMIT OFFENSE

## 18 U.S.C. § 371

Title 18, United States Code, Section 371, makes it a crime for two or more persons to conspire to commit an offense against the laws of the United States.

The defendant is charged with conspiring to <u>knowingly failing to file an EEI</u>.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person agreed to commit the crime of <u>knowingly failing to file an EEI</u>, as charged in the indictment;

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*: That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

The overt act need not be of a criminal nature so long as it is done in furtherance of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him [her] for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 42

## 2.15A

### (Count Five – Violation of 18 U.S.C. §371)

## CONSPIRACY TO COMMIT OFFENSE

## 18 U.S.C. § 371

Title 18, United States Code, Section 371, makes it a crime for two or more persons to conspire to commit an offense against the laws of the United States.

The defendant is charged with conspiring to <u>fraudulently and knowingly attempting to export or send form the United States any merchandise, article, and object without the requisite exportation filings</u>.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person agreed to commit the crime of <u>fraudulently and knowingly attempting to export or send from the United States any merchandize, article, and object the requisite exportation filings</u>, as charged in the indictment;

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*: That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

The overt act need not be of a criminal nature so long as it is done in furtherance of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him [her] for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 43**

**2.15A**

**(Count Six – Violation of 18 U.S.C. §371)**

**CONSPIRACY TO COMMIT OFFENSE**

**18 U.S.C. § 371**

Title 18, United States Code, Section 371, makes it a crime for two or more persons to conspire to commit an offense against the laws of the United States.

The defendant is charged with conspiring to intentionally obtain and cause to be obtained an owner's certificate of registration for certain aircraft, by knowingly and willfully falsifying and concealing certain information, [to be inserted based on proof at trial].

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person agreed to commit the crime of intentionally obtaining and causing to be obtained an owner's certificate of registration for certain aircraft, by knowingly and willfully falsifying and concealing certain information, [to be inserted based on proof at trial], as charged in the indictment;

*Second*: That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

*Third*: That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

The overt act need not be of a criminal nature so long as it is done in furtherance of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him [her] for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government does not need to prove that the alleged conspirators entered into any formal agreement, or that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons

alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

# DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 44
## 2.57
### (Count Seven – Violation of 18 U.S.C. §1349)
### WIRE FRAUD: MONEY/PROPERTY OR HONEST SERVICES
### 18 U.S.C. § 1343 [18 U.S.C. § 1346]

Title 18, United States Code, Section 1343, makes it a crime for anyone to use interstate [foreign] wire [radio] [television] communications in carrying out a scheme to defraud.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant knowingly devised or intended to devise any scheme to defraud, that is <u>defendant and their co-conspirators knowingly and willfully combined, conspired, and agreed to defraud investors, illegally funnel investment money designated for aircraft purchases into foreign investments, and to conceal from the investors that their investment funds were not being used to purchase aircraft</u>;

*Second*: That the scheme to defraud employed false material representations [false material pretenses] [false material promises];

*Third*: That the defendant transmitted [caused to be transmitted] by way of wire [radio] [television] communications, in interstate [foreign] commerce, any writing [sign] [signal] [picture] [sound] for the purpose of executing such scheme; and

*Fourth*: That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property or bring about some financial gain to the person engaged in the scheme. [It can also involve any scheme to deprive an employer [shareholders] [citizens] [government agency] of the intangible right to honest services through soliciting or accepting bribes or kickbacks. [Define "bribery" pursuant to 18 U.S.C. §§ 201(b) or 665(a)(2) or state law; define "kickback" pursuant to 41 U.S.C. § 52(2) or state law].]

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

A representation [pretense] [promise] is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation [pretense] [promise] would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation [pretense] [promise] is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the material transmitted by wire [radio] [television] communications was itself false or fraudulent, or that the use of the interstate [foreign] wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate [foreign] wire communications facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate [foreign] commerce in an attempt to execute or carry out the scheme.

The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate [foreign] wire [radio] [television] communications facilities to be used is to do an act with knowledge that the use of the wire [radio] [television] communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate [foreign] wire [radio] [television] communications facilities in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.