IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:20-CR-212 |
| | § | Judge Mazzant |
| DEBRA LYNN MERCER-ERWIN (1) | § | |
| KAYLEIGH MOFFETT (2) | § | |
| CARLOS ROCHA VILLAURRUTIA (5) | § | |

## COURT'S INSTRUCTIONS TO THE JURY

Members of the Jury:

Now that you have heard all the evidence in the case, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case; for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

**Jury Instructions – Page 1**

## DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts. But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## PRESUMPTION OF INNOCENCE, BURDEN OF PROOF, REASONABLE DOUBT

The Fifth Superseding Indictment or formal charge against a defendant is not evidence of guilt. Indeed, the defendant is presumed by the law to be innocent.   The defendant begins with a clean slate. The law does not require a defendant to prove his innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving the defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.  While the government's burden of proof is a strict or heavy burden, it is not necessary that the

defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

## EVIDENCE—EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial.  Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or

other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

### EVIDENCE—INFERENCES—DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence,

whether direct or circumstantial, be convinced of the guilt of the defendant beyond a

reasonable doubt before you can find her guilty.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the

guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of

the evidence.  This does not mean, however, that you must accept all of the evidence as

true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the

weight to be given to the witness's testimony. An important part of your job will be

making judgments about the testimony of the witnesses [including the defendants who

testified in this case]. You should decide whether you believe all, some part, or none of

what each person had to say, and how important that testimony was. In making that

decision I suggest that you ask yourself a few questions: Did the witness impress you as

honest? Did the witness have any particular reason not to tell the truth? Did the witness

have a personal interest in the outcome of the case? Did the witness have any relationship

with either the government or the defense? Did the witness seem to have a good

memory?  Did the witness clearly see or hear the things about which he testified?  Did the

witness have the opportunity and ability to understand the questions clearly and answer

them directly? Did the witness's testimony differ from the testimony of other witnesses?

These are a few of the considerations that will help you determine the accuracy of what

each witness said.  The testimony of the defendant should be weighed and his credibility

evaluated in the same way as that of any other witness.

**Jury Instructions – Page 5**

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## EXPERT WITNESSES

During the trial you heard the testimony of Special Agent Justin Marshall, Jack Stevens, Jesus Villareal, Jesus Romero, Richard Clough, Loretta Moore, and Alex Humberto Landino Tellez who expressed opinions regarding their investigation as to the drug distribution of the case.

You also heard testimony from Special Agent Jesus Villarreal, Jesus Romero, Alex Humberto Landino Tellez, Steven Tochterman and Rony Ariel Chacon-Lopez regarding the aviation aspect of this case.

Special Agent Paul Mack and Ernest Payton testified as commerce experts in this case.

Scott Wischnewsky, Paul Kusko, Kristin Ceniccola-Campos, Angela Cassady and Xiu Liu are senior forensic chemists who testified as to their drug analysis for the controlled substances seized.

Grace Ellen Howe, John Forakis and SA Sonia Hurtado testified regarding the financial accounts.  They all have backgrounds in forensic accounting.

If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion. You should judge such testimony like any other testimony. You may accept it or reject it and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

You will note that the Fifth Superseding Indictment charges that the offense was committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date in or about 2010, and continuously thereafter up to and including, May 5, 2021.

## MULTIPLE DEFENDANTS – MULTIPLE COUNTS

A separate crime is charged against one or more of the defendants in each count of the Fifth Superseding Indictment.  Each count, and the evidence pertaining to it, should be considered separately.  The case of each defendant should be considered separately and individually.  The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant.  You must give separate consideration to the evidence as to each defendant.

## SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (*testimony, books, records, and other documents*) in this case.  These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that has been admitted.

## SUMMARIES AND CHARTS RECEIVED IN EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 1006

Certain charts and summaries of other records have been received into evidence. They should be considered like any other evidence in the case.  You should give them only such weight as you think they deserve.

The charts and summaries include inferences or conclusions drawn from the records underlying them.  It is up to you to determine if these inferences or conclusions are accurate.

## VENUE-CONSPIRACY

The events presented at trial happened in various places. There is no requirement that the entire conspiracy take place in the Eastern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district.  An overt act is an act performed to effect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Though the overt act need not be of a criminal nature, it must be done in furtherance of the object of the conspiracy.

**Jury Instructions – Page 8**

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence. This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Eastern District of Texas.  All other elements of the offense must be proved beyond a reasonable doubt.  You are instructed that Collin County is located in the Eastern District of Texas.

## IDENTIFICATION TESTIMONY

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, beyond a reasonable doubt, the identity of the defendant as the perpetrator of the alleged offense.

In evaluating the identification testimony of a witness you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the defendant as the perpetrator of the offense charged, you must find the defendant not guilty.

## CAUTION—CONSIDER ONLY CRIME CHARGED

You are here to decide whether the government has proved beyond a reasonable doubt that the defendant is guilty of the crime charged. The defendant is not on trial for any act, conduct, or offense not alleged in the Fifth Superseding Indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

## CAUTION—PUNISHMENT

If the defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

## FIFTH SUPERSEDING INDICTMENT – COUNT ONE

Count One of the Fifth Superseding Indictment charges the defendants with a violation of 21 U.S.C. § 846, Conspiracy to Manufacture and Distribute Cocaine.

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States.  In this case, the defendant is charged with conspiring to possess with the intent to distribute cocaine.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:  That two or more persons, directly or indirectly, reached an agreement to possess with the intent to distribute cocaine as charged in the Fifth Superseding Indictment;

Second: That the defendant knew of the unlawful purpose of the agreement;

Third: That the defendant joined in the agreement knowingly, that is, with the intent to further its unlawful purpose; and

One may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names and identities of all of the other alleged conspirators.  So, if the defendant, with an understanding of the unlawful character of the plan, knowingly and willfully joins in an unlawful scheme on one occasion, that is sufficient to convict him for conspiracy even though he had not participated at earlier stages in the scheme and even though he played only a minor part in the conspiracy.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.  Similarly, the government need not prove that all the details of the scheme alleged in the Fifth Superseding Indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged to have been members of the conspiracy were

such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

In your consideration of the conspiracy offense as alleged in the Fifth Superseding Indictment, you should first determine, from all of the testimony and evidence in the case, whether or not the conspiracy existed as charged. If you conclude that a conspiracy did exist as alleged, you should next determine whether or not the defendant under consideration willfully became a member of such conspiracy.

In determining whether a defendant was a member of an alleged conspiracy, however, the jury should consider only the evidence, if any, pertaining to that defendant's own acts and statements. A defendant is not responsible for the acts or declarations of other alleged participants until it is established beyond a reasonable doubt, first, that a conspiracy existed, and second, from evidence of that defendant's own acts and statements that the defendant was one of its members.

On the other hand, if and when it does appear beyond a reasonable doubt from the evidence in the case that a conspiracy did exist as charged, and that the defendant under consideration was one of its members, then the statements and acts knowingly made and

done during such conspiracy and in furtherance of its objects, by any other proven member of the conspiracy, may be considered by the jury as evidence against the defendant under consideration, even though he or she was not present to hear the statement made or see the act done.

Further, a conspirator is responsible for acts committed by other conspirators if the conspirator was a member of the conspiracy when the act was committed and if the act was committed in furtherance of the conspiracy.

Therefore, if you have first found a defendant guilty of the conspiracy charged in Count One of the Fifth Superseding Indictment and if you find beyond a reasonable doubt that during the time the defendant was a member of that conspiracy, another conspirator committed acts in furtherance of or as a foreseeable consequence of that conspiracy, then you may find the defendant responsible for said acts, even though the defendant may not have personally participated in the acts.

This is true because, as stated earlier, a conspiracy is a kind of partnership so that under the law each member is an agent or partner of every other member, and each member is bound by or responsible for the acts and the statements of every other member made in pursuit of their unlawful scheme.

## **FIFTH SUPERSEDING INDICTMENT – COUNT TWO**

Count Two of the Fifth Superseding Indictment charges the defendants with a violation of 21 U.S.C. § 963, Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing, and with Reasonable Cause to Believe that the cocaine will be Unlawfully Imported into the United States.

**Jury Instructions – Page 13**

Title 21, United States Code, Section 963, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States.  In this case, the defendant is charged with conspiring to possess with the intent to distribute cocaine and knowing that the cocaine would be unlawfully imported into the United States.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose. It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:  That two or more persons, directly or indirectly, reached an agreement to commit the crime charged in the Fifth Superseding Indictment, that is, to manufacture or distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine as charged in the Fifth Superseding Indictment;

Second:  That the defendant knew the unlawful purpose of the agreement;

Third:  That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and

Fourth:  That the defendant had an intent, knowledge or reasonable cause to believe that such substance would be unlawfully imported into the United States.

## FIFTH SUPERSEDING INDICTMENT – COUNT THREE

Count Three of the Fifth Superseding Indictment charges the defendants with a violation of 21 U.S.C. § 959, Manufacturing and Distributing Cocaine Intending,

Knowing, and with Reasonable Cause to Believe that the cocaine will be Unlawfully Imported into the United States.

Title 21, United States Code, Section 959, makes it a crime for anyone to knowingly and intentionally manufacture and distribute cocaine and intending, knowing, and with reasonable cause to believe that the cocaine would be unlawfully imported into the United States.

First:  That the defendant brought cocaine into the United States from a place outside the United States;

Second:  That the defendant knew the substance he was bringing into the United States was a controlled substance;

Third:  That the defendant knew that the substance would enter the United States.

## FIFTH SUPERSEDING INDICTMENT - COUNT FOUR

Count Four of the Fifth Superseding Indictment charges that the defendants did knowingly, willfully, and unlawfully combine, conspire, confederate, and agree together and with each other, and with others known and unknown to the Grand Jury, to commit money laundering in violation of Title 18, United States Code, Section 1956, to-wit:

For you to find the defendant guilty of the crime alleged in Count Four of the Fifth Superseding Indictment, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:  That the defendant and one or more persons, in some way or manner made an agreement to commit the crime charged in the Fifth Superseding Indictment, that is,

Conspiracy to Commit Money Laundering;

Second: That the defendant knew the unlawful purpose of the agreement; and,

Third: That the defendant knowingly and willfully joined in the agreement, that is, with the intent to further its unlawful purpose.

You must also find beyond a reasonable doubt that:

First: That the defendant knowingly conducted or attempted to conduct a financial transaction;

Second: That the financial transaction or attempted financial transaction involved the proceeds of a specified unlawful activity.

Third: That the financial transaction involved the proceeds of a specified unlawful activity; and

Fourth: That the defendant intended to promote the carrying on of the specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i)

or

Fifth: That the defendant knew that the transaction was designed in whole or part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds;

or

Sixth: That the defendant did knowingly transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States, with intent to promote

**Jury Instructions – Page 16**

the carrying on of specified unlawful activity in violation of 18 U.S.C. § 1956(a)(2)(A);

or

Seventh: That the defendant did knowingly transport, transmit, or transfer, or attempt to transport, transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States, involving the proceeds of a specified unlawful activity, knowing that such transportation, transmission, or transfer was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(2)(B)(i);

or

Eighth: That the defendant knowingly engaged or attempted to engage in a monetary transaction involving criminally derived property of a value greater than $10,000, which was, in fact, derived from the felonious manufacture, importation, receiving, concealment, buying, selling and otherwise dealing in a controlled substance; and an offense against a foreign nation involving the manufacture, importation, sale and distribution of a controlled substance and the transaction occurred in the United States in violation of 18 U.S.C. § 1957.

The term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery or other disposition, and with respect to a financial institution, includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary

**Jury Instructions – Page 17**

instrument, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

The term "financial transaction" includes any "transaction,"as that term has just been defined, which involves the movement of funds by wire or other means or involving one or more monetary instruments, which in any way or degree affects interstate or foreign commerce, or a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree.

It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate commerce by his actions or that commerce was actually affected.  All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce.  If you decide that there would be any effect at all on interstate commerce, then that is enough to satisfy this element.  The effect can be minimal.

"Interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States.

"Foreign commerce" means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

The term "conduct" includes initiating or concluding, or participating in initiating or concluding, a transaction.

The term "proceeds" includes any property, or any interest in property, that someone acquires or retains as a result of the commission of the underlying specified unlawful activity.  Proceeds can be any kind of property, not just money.

The evidence in this case need not show that the members of the conspiracy entered into any express or formal agreement.  Neither must it show that they directly stated between themselves the details of the scheme and its object or purpose, or the precise means by which the object or purpose was to be accomplished.  Neither must it be proved that all the persons charged as a member of the conspiracy were such, nor that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

One may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names and identities of all of the other alleged conspirators.  So, if the defendant, with an understanding of the unlawful character of the plan, knowingly and willfully joins in an unlawful scheme on one occasion, that is sufficient to convict him for conspiracy even though he had not participated at earlier stages in the scheme and even though he played only a minor part in the conspiracy.

Of course, the mere presence at the scene of an alleged transaction or event, or mere similarity of conduct among various persons and the fact that they may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some object or purpose of a conspiracy, does not thereby become a conspirator.

In your consideration of the conspiracy offense as alleged in the Fifth Superseding

Indictment, you should first determine, from all of the testimony and evidence in the case, whether or not the conspiracy existed as charged.  If you conclude that a conspiracy did exist as alleged, you should next determine whether or not the defendant under consideration willfully became a member of such conspiracy.

In determining whether a defendant was a member of an alleged conspiracy, however, the jury should consider only the evidence, if any, pertaining to that defendant's own acts and statements.  A defendant is not responsible for the acts or declarations of other alleged participants until it is established beyond a reasonable doubt, first, that a conspiracy existed, and second, from evidence of that defendant's own acts and statements that the defendant was one of its members.

On the other hand, if and when it does appear beyond a reasonable doubt from the evidence in the case that a conspiracy did exist as charged, and that the defendant under consideration was one of its members, then the statements and acts knowingly made and done during such conspiracy and in furtherance of its objects, by any other proven member of the conspiracy, may be considered by the jury as evidence against the defendant under consideration, even though he or she was not present to hear the statement made or see the act done.

Further, a conspirator is responsible for acts committed by other conspirators if the conspirator was a member of the conspiracy when the act was committed and if the act was committed in furtherance of the conspiracy.

Therefore, if you have first found a defendant guilty of the conspiracy charged in Count Four of the Fifth Superseding Indictment and if you find beyond a reasonable

doubt that during the time the defendant was a member of that conspiracy, another conspirator committed acts in furtherance of or as a foreseeable consequence of that conspiracy, then you may find the defendant responsible for said acts, even though the defendant may not have personally participated in the acts.

This is true because, as stated earlier, a conspiracy is a kind of partnership so that under the law each member is an agent or partner of every other member, and each member is bound by or responsible for the acts and the statements of every other member made in pursuit of their unlawful scheme.

## FIFTH SUPERSEDING INDICTMENT – COUNT FIVE

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States.

The defendants are charged with conspiring to commit export violations.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:  That the defendant and at least one other person made an agreement to commit the crime of exporting violations as charged in the Fifth Superseding Indictment;

Second:  That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with intent to further the unlawful purpose; and

Third:  That one of the conspirators during the existence of the conspiracy

knowingly committed at least one of the over acts described in the Fifth Superseding Indictment, in order to accomplish some object or purpose of the conspiracy.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or identities of all the other alleged conspirators.  If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scene.  Similarly, the government need not prove that all of the details of the scheme alleged in the Fifth Superseding Indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge hat a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy; does not thereby become a conspirator.

## FIFTH SUPERSEDING INDICTMENT – COUNT SIX

Title 18, United States Code, Section 371, makes it a crime for anyone to conspire with someone else to commit an offense against the laws of the United States.

The defendants are charged with conspiring to commit registration violations involving aircraft not providing air transportation in violation of 49 U.S.C. § 46306.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:  That the defendant and at least one other person made an agreement to commit the crime of registration violations involving aircraft as charged in the Fifth Superseding Indictment;

Second:  That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with intent to further the unlawful purpose; and

Third:  That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the over acts described in the Fifth Superseding Indictment, in order to accomplish some object or purpose of the conspiracy.

Fourth:  That the defendant knowingly and willfully falsified or concealed a material fact;

Fifth:  That the defendant made a false, fictitious or fraudulent statement;

Sixth:  Making or using a false document knowing it contained a false document

knowing it contained a false, fictitious or fraudulent statement or entry.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or identities of all the other alleged conspirators.  If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scene.  Similarly, the government need not prove that all of the details of the scheme alleged in the Fifth Superseding Indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge hat a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy; does not thereby become a conspirator.

## **FIFTH SUPERSEDING INDICTMENT – COUNT SEVEN**

Title 18, United States Code, Section 1349, makes it a crime for anyone to

conspire with someone else to commit an offense against the laws of the United States.

The defendants are charged with conspiring to commit wire fraud.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:  That two or more persons agreed to commit wire fraud;

Second:  That the defendant knew the unlawful purpose of the agreement; and

Third:  That the defendant joined the agreement with the intent to further the unlawful purpose.

An agreement may be inferred from concert of action; voluntary participation may be inferred from a collection of circumstances; and knowledge may be inferred from surrounding circumstances.

Circumstantial evidence can prove that the defendant knew of the conspiracy and participated in it.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identifies of the other alleged conspirators.  If the defendants understood the unlawful nature of a plan or scheme and knowingly and intentionally joined in the plan or scheme on one occasion, that is sufficient to convict them for conspiracy even though the defendant had not participated before and even though the defendants played only a minor part.

**Jury Instructions – Page 25**

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.  Similarly, the government need not prove that all of the details of the scheme alleged int the Fifth Superseding Indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have been associated with each other and may have been assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

## AIDING AND ABETTING

The guilt of defendants in a criminal case may be established without proof that the defendants personally did every act constituting the offense alleged.  The law recognizes that, ordinarily, anything a person can do for themselves may also be accomplished by them through the direction of another person as their agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or in the defendant joins another person and performs acts with the intent to commit a crime, then the law

**Jury Instructions – Page 26**

holds the defendant responsible for the ats and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendants may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associated themselves in some way with the crime and participated in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participate and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in there instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendants guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:  That the offense or offenses of the following: Conspiracy to Manufacture and Distribute Cocaine (Count One); Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing, and with Reasonable Cause of Believe that the Cocaine will be Unlawfully Imported into the United States (Count Two); Manufacturing and Distributing Five Kilograms or More of Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States (Count Three); Conspiracy to Commit Money Laundering in violation of

**Jury Instructions – Page 27**

18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(2)(A), 1956(a)(2)(B)(i), and

1957; Conspiracy to Commit Export Violations (Count Five); Conspiracy to Commit

Registration Violations Involving Aircraft Not Providing Air Transportation in violation

of 49 U.S.C. § 46306 (Count Six); Conspiracy to Commit Wire Fraud (Count Seven);

Second:  That the defendant associated with the criminal venture;

Third:  That the defendant purposefully participated in the criminal venture; and

Fourth: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the

criminal intent of the principal.  This element cannot be established if the defendant had

not knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some

affirmative conduct designed to aid the venture or assist the principal of the crime.

## **"KNOWINGLY"—TO ACT**

The word "knowingly," as that term has been used from time to time in these

instructions, means that the act was done voluntarily and intentionally, not because of

mistake or accident.

## **DELIBERATE IGNORANCE**

You may find that the defendants had knowledge of a fact if you find that the

defendants deliberately closed his or her eye to what would otherwise have been obvious

to her or her.  While knowledge on the part of the defendants cannot be established

merely by demonstrating that the defendants were negligent, careless, or foolish,

knowledge can be inferred if the defendants deliberately blinded themselves to the existence of a fact.

## **POSSESSION**

Possession, as that term is used in this case, may be of two kinds:  actual possession and/or constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

Possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

## CAUTIONARY INSTRUCTION DURING TRIAL—TRANSCRIPT OF TEXT RECORDED CONVERSATION

Various exhibits have been identified as a typewritten transcript of the oral conversation which can be heard on the tape recording received in evidence. The transcripts also purport to identify the speakers engaged in such conversation.  I have admitted the transcripts for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.  You are specifically instructed that whether the transcripts correctly or incorrectly reflect the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcripts, and from your own examination of the transcripts in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcripts is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts.

## DUTY TO DELIBERATE—VERDICT FORM

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on the sole count of the Fifth Superseding Indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your

**Jury Instructions – Page 30**

deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case, to decide whether the government has proven the defendant guilty beyond a reasonable doubt.

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you go to the jury room, the first thing that you should do is select one of your members as your presiding juror, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the Fifth Superseding Indictment, either "guilty" or "not guilty."  At the conclusion of your deliberations, the foreperson should date and sign the verdict with his or her initials.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, Ipad, tablet or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, My Space, Instagram, LinkedIn, YouTube, or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the courtroom to respond to your inquiry.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the Fifth Superseding Indictment, until after you have reached a unanimous verdict.

SIGNED at Sherman, Texas, this ___ day of April, 2023.


_____
AMOS L. MAZZANT
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:20-CR-212 |
| | § | Judge Mazzant |
| DEBRA LYNN MERCER-ERWIN (1) | § | |
| KAYLEIGH MOFFETT (2) | § | |
| CARLOS ROCHA VILLAURRUTIA (5) | § | |

## **VERDICT OF THE JURY**

As to the offense charged in Count One of the Fifth Superseding Indictment, conspiracy to possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine, we, the Jury, find:

DEBRA LYNN MERCER-ERWIN

_____        _____
(Guilty)                          (Not Guilty)

KAYLEIGH MOFFETT

_____        _____
(Guilty)                          (Not Guilty)

CARLOS ROCHA VILLAURRUTIA

_____        _____
(Guilty)                          (Not Guilty)

If you have found these Defendants guilty of Count One of the Fifth Superseding Indictment, you must determine the quantity of cocaine attributable to the overall scope of the conspiracy.  Indicate below your unanimous finding beyond a reasonable doubt of the quantity of cocaine, if any, applicable to the overall scope of the conspiracy.

**Jury Instructions – Page 33**

DEBRA LYNN MERCER-ERWIN:

   \_\_\_\_\_ 1 kilogram or more of a mixture or substance containing a detectable amount of cocaine

   \_\_\_\_\_ 100 grams but less than 1 kilogram of a mixture or substance containing a detectable amount of cocaine

   \_\_\_\_\_ Less than 100 grams of a mixture or substance containing a detectable amount of cocaine

KAYLEIGH MOFFETT:

   \_\_\_\_\_ 1 kilogram or more of a mixture or substance containing a detectable amount of cocaine

   \_\_\_\_\_ 100 grams but less than 1 kilogram of a mixture or substance containing a detectable amount of cocaine

   \_\_\_\_\_ Less than 100 grams of a mixture or substance containing a detectable amount of cocaine

CARLOS ROCHA VILLAURRUTIA:

   \_\_\_\_\_ 1 kilogram or more of a mixture or substance containing a detectable amount of cocaine

   \_\_\_\_\_ 100 grams but less than 1 kilogram of a mixture or substance containing a detectable amount of cocaine

   \_\_\_\_\_ Less than 100 grams of a mixture or substance containing a detectable amount of cocaine

   If you have found these defendants guilty of Count One of the Fifth Superseding Indictment, you must next determine the quantity of cocaine for which he was accountable.

   Indicate below your unanimous finding beyond a reasonable doubt of the quantity of cocaine, if any, attributable to defendant.  The defendant is accountable only for the

quantity of cocaine with which he was directly involved and all quantities of cocaine

within the scope of the conspiracy reasonably foreseeable to him.

DEBRA LYNN MERCER-ERWIN:

      \_\_\_\_\_ 1 kilogram or more of a mixture or substance containing a detectable amount of cocaine

      \_\_\_\_\_ 100 grams but less than 1 kilogram of a mixture or substance containing a detectable amount of cocaine

      \_\_\_\_\_ Less than 100 grams of a mixture or substance containing a detectable amount of cocaine

KAYLEIGH MOFFETT:

      \_\_\_\_\_ 1 kilogram or more of a mixture or substance containing a detectable amount of cocaine

      \_\_\_\_\_ 100 grams but less than 1 kilogram of a mixture or substance containing a detectable amount of cocaine

      \_\_\_\_\_ Less than 100 grams of a mixture or substance containing a detectable amount of cocaine

CARLOS ROCHA VILLAURRUTIA:

      \_\_\_\_\_ 1 kilogram or more of a mixture or substance containing a detectable amount of cocaine

      \_\_\_\_\_ 100 grams but less than 1 kilogram of a mixture or substance containing a detectable amount of cocaine

      \_\_\_\_\_ Less than 100 grams of a mixture or substance containing a detectable amount of cocaine

     As to the offense charged in Count Two of the Fifth Superseding Indictment,

conspiracy to manufacture and distribute cocaine intending, knowing, and with

reasonable cause to believe that the cocaine will be unlawfully imported into the United

States, we, the Jury, find:

DEBRA LYNN MERCER-ERWIN:

        _____        _____

        (Guilty)                (Not Guilty)

KAYLEIGH MOFFETT:

        _____        _____

        (Guilty)                (Not Guilty)

CARLOS ROCHA VILLAURRUTIA:

        _____        _____

        (Guilty)                (Not Guilty)

As to the offense charged in Count Three of the Fifth Superseding Indictment,

manufacturing and distributing five kilograms or more of cocaine intending, knowing and

with reasonable cause to believe that the cocaine will be unlawfully imported into the

United States, we, the Jury, find:

DEBRA LYNN MERCER-ERWIN:

        _____        _____

        (Guilty)                (Not Guilty)

KAYLEIGH MOFFETT:

        _____        _____

        (Guilty)                (Not Guilty)

CARLOS ROCHA VILLAURRUTIA:

_____          _____
(Guilty)                        (Not Guilty)


As to the offense charged in Count Four of the Fifth Superseding Indictment, conspiracy to commit money laundering, we, the Jury, find:


DEBRA LYNN MERCER-ERWIN:

_____          _____
(Guilty)                        (Not Guilty)


KAYLEIGH MOFFETT:

_____          _____
(Guilty)                        (Not Guilty)


CARLOS ROCHA VILLAURRUTIA:

_____          _____
(Guilty)                        (Not Guilty)


As to the offense charged in Count Five of the Fifth Superseding Indictment, conspiracy to commit export violations, we, the Jury, find:


DEBRA LYNN MERCER-ERWIN:

_____          _____
(Guilty)                        (Not Guilty)

KAYLEIGH MOFFETT:

_____                _____
(Guilty)                              (Not Guilty)


CARLOS ROCHA VILLAURRUTIA:

_____                _____
(Guilty)                              (Not Guilty)


As to the offense charged in Count Six of the Fifth Superseding Indictment, conspiracy to commit registration violations involving aircraft not providing air transportation, we, the Jury, find:


DEBRA LYNN MERCER-ERWIN:

_____                _____
(Guilty)                              (Not Guilty)


KAYLEIGH MOFFETT:

_____                _____
(Guilty)                              (Not Guilty)


CARLOS ROCHA VILLAURRUTIA:

_____                _____
(Guilty)                              (Not Guilty)


As to the offense charged in Count Seven of the Fifth Superseding Indictment, conspiracy to commit wire fraud, we, the Jury, find:

DEBRA LYNN MERCER-ERWIN:

_____                _____
(Guilty)                                            (Not Guilty)


KAYLEIGH MOFFETT:

_____                _____
(Guilty)                                            (Not Guilty)



_____
Presiding Juror


Dated:  _____