IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | |
| § | No. 4:20-CR-212 |
| DEBRA LYNN MERCER-ERWIN (1) § | Judge Mazzant |
| KAYLEIGH MOFFETT (2) § | |
| CARLOS ROCHA VILLAURRUTIA (5) § | |

**UNITED STATES' MOTION IN LIMINE**

The United States, before the beginning of evidence in the above-entitled cause, requests that this Court direct the defendants, counsel for the defendants, and all witnesses for the defendants not to mention, refer to, interrogate concerning, or bring to the attention of the jury in any manner, directly or indirectly, any of the below listed matters without first approaching the bench and obtaining a ruling on their admissibility. The specific matters are as follows:

1. Any reference to a public authority defense or any facts implying or stating that any defendant has acted on behalf of the U.S. government as an "informant."

    A defendant can only claim a public authority defense when a government official engages the defendant to assist with a covert operation. *United States v. Sariles*, 645 f.3d 315, 317 (5th Cir. 2011), *as revised* (July 15, 2011).

2. Any reference to an advice of counsel defense.

    The United States requests that if any defendant seeks to rely on an advice of counsel defense, the defendant make a proffer of evidence outside the presence of the jury.

    The elements of an advice of counsel defense are:

> "'(1) the advice was sought and received before taking [the allegedly criminal] action';
> (2) the defendant 'sought the advice of a professional' in good faith;
> (3) with the purpose of determining whether the conduct was lawful;
> (4) the professional was apprised of all material facts which the defendant knew; and
> (5) the defendant 'acted strictly in accordance with the advice of the professional[.]'" *United States v. Hagen*, 542 F.Supp. 3d 515, (N.D. Tex. June 3, 2021) quoting *United States v. Dallmann*, 433 F. Supp. 3d 804, 810 (E.D. Va. 2020).

3. Any reference to a mistake regarding the law or a mistake of law defense.

    Ignorance of the law is not a defense to a criminal prosecution. *See, e.g., Ratzlaf v. United States*, 510 U.S. 135,149 (1994).

4. That counsel for the defendants not refer in any way to any statements the defendants or co-defendant or co-conspirator may have made to law enforcement ***unless*** the statements are admitted into evidence as part of the United States' case. The defendants cannot inquire into or present their own statements if the United States does not introduce the statements. A defendant's statement is hearsay without an exception if offered by the defendant.

5. Any statement of a co-defendant or co-conspirator. The United States may offer statements of a co-defendant or co-conspirator pursuant to 801(d)(2)(E) of the Federal Rules of Evidence; however, the defendant may not.

    As an example, co-defendant Federico Machado wrote a letter or statement. This letter/ statement is not admissible if offered by the defendants.

6. Improper impeachment of a witness with a statement which that witness has neither written nor adopted as his or her own.

    The *Jencks* Act at 18 U.S.C. § 3500 requires the government to furnish the defense with any statement made by a government witness which has been adopted or approved by the witness and which relates to his testimony at trial. The Congressional policy behind the *Jencks* Act was to protect witnesses from being impeached with words that are not their own, or are an incomplete version of their testimony. *Palermo v. United States*, 360 U.S. 343 (1957).

> Statements made by a witness and summarized by a third person can be *Jencks* material but only if the witness has signed or otherwise adopted or approved them. *United States v. Newman*, 849 F.2d 156 (5th Cir. 1988) citing *Campbell v. United States*, 365 U.S. 85 (1961). Adoption or approval requires either that the agent read the entire statement to the witness or that the witness read the statement herself. Then the witness must manifest her assent by either signing or otherwise approving the statement. *Newman* at 160.
>
> In this case, the agents interviewed the witnesses and made notes or wrote reports of the interviews. However, the witnesses have not adopted or approved of the statements. Consequently, the agents' notes and/or reports are not the statements of the witnesses and cannot be used to impeach the witness.
>
> This extends to law enforcement. The report of one agent or law enforcement authority may not be used to confront or impeach another agent or law enforcement authority. A witness cannot be impeached with words that are not their own.

7. Any prior bad acts any witness may have committed not resulting in a conviction or pending charges.

8. Reputation or character testimony concerning any of the United States' witnesses, without first allowing the Assistant United States Attorney, outside the presence of the jury, to question such reputation witness to ascertain if he/she possesses the legal qualifications to so testify.

    > This includes, but is not limited to, asking one witness to comment on the credibility of another witness without first approaching the bench.

9. Any statement or argument calling overtly or tacitly for jury nullification. This includes any statement encouraging the jury not to follow the law and/or the Court's instructions.

    (a) Specifically, any discussion of nullification or invitation to not follow the law or this Court's instructions related specifically to the enforcement of laws criminalizing registration or export violations related to aircraft.

    (b) Including, but not limited, to any appeal for pity for the defendants or their families.

    (c)    Including, but not limited to any argument that other people, businesses or organization were not or are not currently charged with a crime in a call for nullification.

10. That counsel for the defendants and/ or the defendants have a personal belief or opinion regarding anything related to this case and/or trial, including, but not limited to, any of the following:

    The innocence or lack of guilt of the defendants; the credibility of the defendants or the United States' witnesses or any evidence the United States presents.

11. Any statement asking the jury to stand in the shoes of the defendants or their families. This is improper argument.

12. The health condition of the trial defendants or any family member of the defendants.

    For example, in a Motion for Continuance filed December 1, 2022, Moffett reported to this Court that she was pregnant and her "due date" was February 2023. Dkt. 313.

    The fact that Moffett may have recently given birth to a child and/or may be breastfeeding a child or even that Moffett has children or a baby are not relevant and are inappropriate matters for presentation or comment before the jury.

    Further, even if the health issue were relevant, the danger of unfair prejudice substantially outweighs any probative value pursuant to Fed. R. Evid. 403.

13. Testimony and/or evidence about the defendants' children or family.

14. Specific prior "good" acts of the defendants. "Good" acts are not relevant to prove or disprove that the defendants committed the offenses charged in this case.

15. Reputation and/or character testimony or evidence concerning the defendants without first allowing the Assistant United States Attorney, outside the presence of the jury, to question reputation or character witnesses to ascertain if he/she possesses the legal qualifications to so testify.

> No character evidence related to the defendant should be elicited to suggest to the jury that the defendant acted in conformity with it either for truthfulness or as law abiding.

16. The impact of the jury's verdict on the defendants or their families.

17. Any punishment the defendants may face if they are convicted in this case; including any specific punishment range associated with any specific charge in this case as it relates to the trial defendants.

18. Conditions in penal institutions and or the impact of incarceration on the defendant and or their families.

19. Any bolstering, including, but not limited to, an argument that a defendant offered to enter a plea of guilty to any specific charges because they are guilty of only that, but the defendant has entered a plea of not guilty to the additional charges. In other words, any argument that when the defendant is guilty, they admit it, but when not guilty, they contest it.

20. Any comment on the U.S. Attorney's Office's failure to follow internal directives USAM/ JUSTICE MANUAL.

21. Any accusations against any AUSAs made by the defendant/ any entity or organization; including accusations of discovery violations.

22. Any pretrial rulings by the Court.

## LIMITATIONS ON CHARACTER EVIDENCE A DEFENDANT MAY INTRODUCE AT TRIAL

A defendant may elect to offer evidence of a trait of character that is pertinent to the crimes charged in the indictment. However, the defendant may not prove his character through specific acts of good conduct. He may only prove character through reputation and/or opinion testimony. The trial court may limit the number of character witnesses a defendants may call.

## A. CHARACTER TRAIT MUST BE RELEVANT

Before offering character evidence, defendants must show that the evidence is relevant to the crimes charged in the indictment. Under Federal Rule of Evidence 404(a)(1), defendants may elect to offer evidence of "a pertinent trait of character." The trait of character that the defendants is seeking to prove must be "pertinent" to the crimes charged in the indictment. In Rule 404(a)(1), "pertinent" is "read as synonymous with 'relevant'." *United States v. Angelini*, 678 F.2d 380, 381(1st Cir. 1982).

Courts have recognized that defendants may not introduce "good" character traits that are not relevant to the crimes charged. The First Circuit has held that the traits of bravery, attention to duties as a police officer and community spirit are not relevant in the prosecution of a police officer for mail fraud and perjury. *United States v. Nazzaro*, 889 F.2d, 1158, 1168 (1st Cir. 1989). The First Circuit has also recognized that the trait of being a good family man is not relevant in a prosecution for criminal violations of the immigration laws. *United States v. Santana-Camacho*, 931 F.2d 966, 968 (1st Cir. 1991).

The Second Circuit has held that evidence that the defendants' son suffered from cerebral palsy and that the defendants would never do anything to risk disabling himself from caring for the boy properly was not relevant in a RICO prosecution. *United States v. Paccione*, 949 F.2d 1183, 1201 (2nd Cir. 1991).

The District of Columbia Circuit has held in a drug prosecution of corrupt police officers that a defendants' "dedication, aggressiveness and assertiveness" in investigating drug dealing and car-jacking was not "pertinent" under Fed. R. Evid. 404(a)(1). *United States v. Washington*, 106 F.3d 983, 999 (D.C. Cir. 1997).

However, if the defendants testifies, his or her character for truthfulness would be pertinent regardless of the crime charged. *United States v. Darland*, 626 F.2d 1235, 1237 (5th Cir. 1980).  For example, the defendants' character for truthfulness would be pertinent in a prosecution for a crime involving deceit or falsification even where the defendants does not testify.  *Id*. at 1237. However, the defendants' character for truthfulness would not be relevant in a prosecution for a drug offense if the defendants does not testify. *United States v. Jackson*, 588 F.2d 1046, 1055(5th Cir. 1979).

Finally, it should also be noted that Courts have held evidence of the general character trait of "law abiding" is pertinent no matter what crime is charged in the indictment.  *Angelini*, 678 F.2d at 381-82; *United States v. Hewitt*, 634 F.2d 277, 279-80 (5th Cir. 1981).

Even if the character evidence is determined to be relevant to the crimes charged in the indictment, the character evidence must still be presented in the form of opinion and/ or reputation testimony.

### B.  RELEVANT CHARACTER EVIDENCE MUST BE IN THE FORM OF OPINION AND/OR REPUTATION TESTIMONY

Once the defendant has established that the character trait he seeks to prove is relevant the defendant may then prove the character trait only through reputation and/ or opinion evidence.  Fed. R. Evid. 405.  A defendant may introduce specific instances of conduct only in cases where character or trait of character "is an essential element of a charge, claim or defense." Fed. R. Evid. 405(b).  As the Advisory Committee Notes explain (Fed. R. Evid. 405 Advisory Committee Notes (1972)):

> the rule confines the use of evidence of [specific instances of conduct] to cases in which character is, in the strict sense, in issue and hence deserving of a searching inquiry. When character is used circumstantially and hence occupies a lesser status in the case, proof may be only by reputation and opinion.

As noted above, Rule 405 precludes defendants from introducing specific acts to attempt to establish good character. Specific good deeds cannot be introduced by defendants to disprove knowledge or intent elements of crimes. *United States v. Marrero*, 904 F.2d 251 (5th Cir. 1990); *United States v. Doyle*, 130 F.3d 523, 542 (2nd Cir. 1997).

For example, to negate criminal intent in a drug prosecution the defendants attempted to introduce evidence that he had turned down an offer to become involved in another drug smuggling venture and repeatedly advised the smuggler who made the offer of the damage the smuggler was doing to society. *United States v. Camejo*, 929 F.2d 610 (11th Cir. 1991). The Eleventh Circuit held that the district court properly excluded the evidence under Rule 405(b): "Evidence of good conduct is not admissible to negate criminal intent....[The witnesses'] proffered testimony was merely an attempt to portray [the defendants] as a good character through the use of prior 'good acts.' The trial judge properly exercised his discretion in excluding this testimony as inadmissible character evidence." *Camejo* at 612.

Similarly, the Seventh Circuit concluded that the defendants' failure to steal "test letters" was not probative of a character trait for law-abidingness in a case involving theft of mail by a postal employee. *United States v. Hill*, 40 F. 3d 164, 169 (7th Cir. 1994).

### C.  LIMITATION ON THE NUMBER OF CHARACTER WITNESSES

If the defendant shows that the character trait he seeks to prove is relevant and is using the proper means to prove the trait (opinion and/or reputation testimony), the final consideration is the number of character witnesses the trial court will allow.  The trial court has discretion to limit the number of character witnesses.  *Michelson v. United States*, 335 U.S. 469, 480 (1948).  Appellate courts have found no error when a trial court has limited the number of a defendants' character witnesses.  *United States v. Scholl*, 166 F.3d at 972 (three witnesses); *United States v. Johnson,* 730 F.2d 683, 688 (11th Cir. 1984) (three witnesses); *United States v. Koessel*, 706 F.2d 271, 275 (8th Cir. 1983) (three witnesses); *United States v. Henry,* 560 F.2d 963, 965 (9th Cir. 1977) (two witnesses).

The United States requests that this Motion in *Limine* be granted and counsel for the defendants, the defendants, and witnesses for the defendants be directed not to allude to or mention any of the above subjects until a ruling can be obtained from the Court outside the presence of the jury.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

 /s/
HEATHER RATTAN
Assistant United States Attorney
State Bar No. 16581050
101 East Park Blvd., Suite 500
Plano, Texas 75074
Telephone:  (972) 509 1201
Heather.Rattan@usdoj.gov

## CERTIFICATE OF CONFERENCE

This is to certify that this document was delivered to counsel for defendants via electronic mail and counsel took the following positions:

Debra Mercer-Erwin – no response
Kayleigh Moffett – no response
Carlos Rocha Villaurrutia – no response

/s/
Heather Rattan

## CERTIFICATE OF SERVICE

This is to certify that on April 3, 2023 this document was filed with the Clerk using the CM/ECF filing system, which will cause a copy of this document to be delivered to counsel for defendants via electronic mail.

/s/
Heather Rattan