IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:20-CR-00212 |
| | ) |
| DEBRA LYNN MERCER-ERWIN (1) | ) |
| KAYLEIGH MOFFETT (2), | ) ) |
| Defendants. | ) |

**DEFENDANTS' OBJECTION TO GOVERNMENT'S EXPERT WITNESS NOTICE**

Defendant Debra Lynn Mercer-Erwin ("Ms. Mercer-Erwin"), by and through her attorneys, Joe E. White, Jr., Charles C. Weddle, III, Kate C. White, and Matthew P. Cyran, and Defendant Kayleigh Moffett ("Ms. Moffett"), by and through her attorney, Brett Behenna (collectively referred to as the "Defendants"), respectfully file this Objection to the Government's Expert Witness Notice (Dkt. #359) and request that these witnesses be excluded from testifying at trial. In support, the Defendants state as follows:

**The Government's Expert Witness Notice**

On April 3, 2023, the Government filed its notice of expert witnesses listing nineteen (19) separate expert witnesses in the areas of drugs, aviation, commerce, chemistry, financial transactions, and white-collar crime.

On June 13, 2022, the Defendants specifically requested that the Government produce expert materials pursuant to Fed. R. Crim. P. 16. The Defendants made additional requests for expert information on February 14, 2023, and March 26, 2023. None of these requests were answered until seven (7) days before trial when the government filed a notice of expert testimony.

Rule 16 requires:

(i) Duty to Disclose. At the defendant's request, the government must disclose to the defendant, in writing, the information required by (iii) for any testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705 during its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C). If the government requests discovery under the second bullet point in (b)(1)(C)(i) and the defendant complies, the government must, at the defendant's request, disclose to the defendant, in writing, the information required by (iii) for testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705 on the issue of the defendant's mental condition.

(ii) Time to Disclose. The court, by order or local rule, must set a time for the government to make its disclosures. The time must be sufficiently before trial to provide a fair opportunity for the defendant to meet the government's evidence.

(iii) Contents of the Disclosure. The disclosure for each expert witness must contain:

- a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);

- the bases and reasons for them;

- the witness's qualifications, including a list of all publications authored in the previous 10 years; and

- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

The first and most critical way the Government's disclosure is deficient is that out of the nineteen (19) witnesses disclosed, only one report outlining the witnesses' opinions and basis for those opinions was produced.  This should tell the Court two things:  The Government knows how to comply with its obligations under Rule 16 because, with respect to one witness, it did so. However, their disclosure as to the remaining eighteen (18) witnesses is wholly deficient, particularly given that this case has been pending for roughly two and a half years.

Without knowing the opinions of the witnesses who will seek to testify and the basis for those reasons, the Defendants cannot adequately prepare to meet those opinions in court, which is the purpose of Rule 16 Expert Disclosures. Given that the Government has failed to fulfill its obligations under Rule 16, these expert witnesses should be excluded from testifying in this case.

Turning to the specific experts listed, the Government's expert witness notice is deficient in several respects.

**Drug Experts**

The Government has identified seven witnesses who will be offered as experts in drug recognition or drug distribution. Some of these witnesses are federal agents: One is "retired from the Department of Defense;" and one is a Lieutenant Colonel in the Columbian Air Force. Although the Government offers generalities regarding previous investigations and training, the Government does not offer a "complete statement" of the opinions to be elicited, the basis and reasons for them, or any other cases in which they have provided expert testimony. For most of these witnesses, the only notice the Government has provided is their name.

**Aviation**

The Government identified five witnesses as aviation experts. Three of them are also identified as drug experts. One is "retired from the Federal Aviation Administration," and one is listed as associated with "the Guatemalan Air Force." Again, the Government fails to provide any notice which is meaningful pursuant to Rule 16. There is no disclosure of the opinions to be elicited, the basis or reason, and no indication of whether or not these witnesses have ever testified before. The only information the Government offers is general knowledge of aviation.

**Commerce**

The Government offers two witnesses as experts in commerce. One is an agent for the Department of Commerce, and the other is retired from the Department of Commerce. The Government has produced nothing else regarding these witnesses.

**Chemistry**

The Government identifies five chemists who will be called to offer expert testimony. The Defendants have received only three of their curriculum vitae and only one report outlining the witness' opinion and the basis for that opinion. The Government has not produced any information related to previous testimony.

**Financial Transactions**

The Government identified three "Financial Accounts and Transactions Experts." In its notice, the Government contends that these individuals have "backgrounds in forensic accounting" and have analyzed the financial records of Aircraft Guarantee Corporation ("AGC"). The Government produced a curriculum vitae for two of the three witnesses. Nothing else.

**White Collar Crime**

The Government intends to call a Special Agent from the Internal Revenue Service ("IRS") to testify as an expert in white-collar crime. According to the Government's notice, she will "provide an overview of the scheme employed by the defendants in this case, discuss the investigation and review of the relevant evidence." Further, she "will explain what a 'Ponzi' scheme is." Such overview/summary testimony should not be permitted.

Overview testimony is a broad category of evidence, usually offered at the beginning of the trial by a government agent, as a way to preview the government's case and can include lay

and expert opinions. It occurs when a witness is put on the stand to testify before there has been any evidence admitted for the witness to summarize. *United States v. Griffin*, 324 F.3d 330, 349 (5th Cir. 2003).

But overview testimony is vulnerable to abuse. It can stray into matters that are reserved for the jury, such as opinions about a defendant's guilt or a witness' credibility. An overview witness, for example, might express opinions about the defendant's truthfulness at certain times or her likelihood of being involved in a scheme or crime, usurping the jury's role in making fact findings based on the credibility and demeanor of witnesses with personal knowledge. Other potential problems include the government's ability (1) to spin the evidence in its favor before it is admitted (assuming it is ever admitted), (2) to give its official imprimatur to certain evidence, and (3) to allow its witnesses (usually law enforcement) to testify on matters about which they have no personal knowledge or that are based on hearsay.

The Fifth Circuit has previously recognized the problematic nature of this type of testimony. "However, allowing that witness to give tendentious testimony is unacceptable. Allowing that kind of testimony would greatly increase the danger that a jury 'might rely upon the alleged facts in the [overview] as if [those] facts had already been proved,' or might use the overview 'as a substitute for assessing the credibility of witnesses' that have not yet testified." *United States v. Griffin*, 324 F. 3d 330, 349 (5th Cir. 2003). "Of course, the Government cannot in this manner be permitted to substitute its witness for the Court in charging the jury as to the applicable law." *Huff v. United States*, 273 F.2d 56, 61 (5th Cir. 1959).

Finally, overview testimony by government agents is especially problematic because jurors may place greater weight on evidence perceived to have the imprimatur of the government. The

overview testimony of a law enforcement official is not simply a repetition (at best) of other evidence. It is also, in effect, an endorsement of the veracity of the testimony that will follow. There is no meaningful difference between the endorsement of credibility offered by the government's overview witness and the endorsement offered by the vouching prosecutor.

The problematic nature of overview evidence (even when the testimony actually anticipates the testimony of subsequent witnesses) is further confirmed by the cautious approach the courts have taken to so-called "summary witnesses" who testify at the end the government's case instead of at the beginning. The testimony of a "summary witness" must, by definition, be completely consistent with the other evidence introduced at trial. *United States v. Stierhoff*, 549 F. 3d 19, 28 (1st Cir. 2008). Still, courts have allowed such witnesses only in limited circumstances. For example, in *United States v. Fullwood*, 342 F.3d 409, 413 (5th Cir. 2003), the Fifth Circuit endorsed the limited use of summary witnesses in complex cases, but also recognized the inherent dangers of such testimony where an agent had been allowed, without justification, to simply recap substantial portions of the government's case in chief. The court identified several of these potential dangers, including the fact that the practice unfairly allowed a prosecution witness merely to repeat the testimony of another, and the possibility that the credibility of the summary witness may be substituted for the credibility of the evidence summarized. *Id*. at 413-14.

Additionally, such overview testimony may have serious Crawford/Confrontation Clause implications. In *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L. Ed. 2d 177 (2004), the Supreme Court held that a declarant's "testimonial" out-of-court statement is inadmissible under the Confrontation Clause unless "(1) the declarant testifies… or (2) the defendant had a prior opportunity for cross-examination and the declarant is unavailable… or (3) the evidence is

admitted for purposes other than establishing the truth of the matter asserted." Overview testimony frequently reflects reliance on the statements of non-testifying informants who implicate the defendants in criminal activity. An agent may "describe the course of his investigation, based upon his own personal knowledge." *United States v. Flores-De-Jesus*, 569 F.3d 8 (1st Cir. 2009). Absent a basis in personal knowledge, "the overview witness may not offer substantive testimony about the nature of the conspiracy or the involvement of particular defendants." *Id*. In *United States v. Banks*, 262 Fed. Appx. 900 (10th Cir. 2008), the trial court erred in allowing the officer to opine that the defendant was "most definitely" engaged in drug dealing. The Circuit held that "it still would have been error to allow him to testify that [the defendant] was "most definitely" guilty of drug trafficking. *Id*.

Allowing summation testimony outside of the unusually complex case does not assist the jury and creates a danger that the credibility of the summary witness may be substituted for the credibility of the evidence summarized. Allowing law enforcement agents to testify about such evidence-absent personal knowledge-places a stamp or endorsement of government approval on the evidence. Pedagogical testimony such as this should not be allowed.

**Computer Forensics and Operating Systems**

The Government has identified one expert in computer forensics but failed to produce any of the materials required by Rule 16.

## CONCLUSION

The Defendants respectfully request that the Court bar the disclosed witnesses from testifying at trial due to the government's failure to abide by Rule 16 and for their purposeful late disclosure of these witnesses. The defendants in this case deserve a fair trial, and one way our

legal system is set up to ensure that takes place is by making sure the Government complies with the Federal Rules of Criminal Procedure so that Defendants have a full and fair opportunity to meet the evidence used against them in trial.

Respectfully submitted,

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.           OBA #12930
CHARLES C. WEDDLE III  OBA #18869
KATE C. WHITE              OBA # 30930
MATTHEW P. CYRAN      OBA # 16918
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma 73105
(405) 858-8899
(405) 858-8844 FAX
joe@whiteandweddle.com
charles@whiteandweddle.com
kate@whiteandweddle.com
matt@whiteandweddle.com

*Attorneys for the Defendant,
Debra Lynn Mercer-Erwin*

*s/ W. Brett Behenna*
W. BRETT BEHENNA       OBA #30485
BEHENNA GOERKE KRAHL & MEYER
Oklahoma Tower
210 Park Avenue, Suite 3030
Oklahoma City, OK 73102
(405) 232-3800
bb@lawfirmokc.com

*Attorney for the Defendant,
 Kayleigh Moffett*

**CERTIFICATE OF DELIVERY**

☒ I hereby certify that on this 5th day of April, 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing, which will automatically send e-mail notification of such filing to all attorneys of record.

*s/ Joe E. White, Jr.*
Joe E. White, Jr.
