IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 4:20-CR-00212 |
| ) | |
| DEBRA LYNN MERCER-ERWIN (1) ) | |
| KAYLEIGH MOFFETT (2) ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' NOTICE TO COURT PURSUANT TO FED. R. CRIM. P. 16.1(B) REGARDING PRETRIAL DISCOVERY

Defendant Debra Lynn Mercer-Erwin ("Ms. Mercer-Erwin"), by and through her attorneys, Joe E. White, Jr., Charles C. Weddle III, Kate C. White, and Matthew P. Cyran, and Defendant Kayleigh Moffett ("Ms. Moffett"), by and through her attorney, Brett Behenna (collectively referred to as the "Defendants"), respectfully file this Request pursuant to Fed. R. Crim. P. 16.1(b) and in support, the Defendants state as follows:

### FACTUAL BACKGROUND OF
### THE GOVERNMENT'S MASSIVE DISCOVERY DUMP

Counsel for Ms. Mercer-Erwin requested discovery in writing from the Government on June 13, 2022, by way of correspondence. (See Exhibit 1.) Thereafter, on June 18, 2022, the parties met and during that meeting Ms. Mercer-Erwin's counsel was advised that there were approximately 7 terabytes of records to be produced. Counsel for Ms. Mercer-Erwin orally requested a copy of that information. On October 26, 2022, counsel received an email from the Government requesting two (2) TB hard drives in order to copy the additional discovery they had

received "from HSI."[1] (See Exhibit 2.) On November 15, 2022, counsel contacted the Government regarding the logistics of sending the hard drives to the Government. (See multiple emails attached as Exhibit 3.) Plaintiff received the first external drive on November 22, 2022, and the second on December 7, 2022.[2]

On February 1, 2023, counsel for Ms. Mercer-Erwin contacted the Government regarding two external drives and accessibility issues to the data contained therein. (See Exhibit 4.) On that same date, the Government contacted counsel's office regarding the issues and requested specific instances, which were provided. Thereafter, counsel for Ms. Mercer-Erwin spoke to a representative of the Government regarding the accessibility and discovery issues. (See Exhibit 5.) On February 3, 2023, counsel for Ms. Mercer-Erwin received a communication from AUSA Gonzalez requesting a call to discuss the discovery issues, to which counsel responded. (See Exhibit 6.) AUSA Gonzalez and Agent Justin Marshall participated in a discovery phone call with Joe White, Kate White, and Matt Cyran, counsel for Ms. Mercer-Erwin on Monday, February 6, 2023. Thereafter, Agent Marshall provided Kate White with a follow-up email regarding accessing certain files. (See Exhibit 7.) On February 14, 2023, counsel for Ms. Mercer-Erwin contacted AUSA Gonzalez regarding certain discovery issues and to request outstanding discovery. (See Exhibit 8.) The Government did not respond. On February 21, 2023, counsel for Ms. Mercer-Erwin again contacted AUSA Gonzalez regarding outstanding discovery issues. (See Exhibit 9.) Thereafter, AUSA Gonzalez and his office responded, and counsel received an email on February 21, 2023, containing requested information. (See Exhibit 10.) Then, on February 23,

---

[1] The trial on this matter was set for February 6, 2023, during this time period. It was continued to the current setting on December 8, 2022 [Dkt. 314].
[2] There was an issue with one of the external hard drives sent to the Government; Counsel for Ms. Mercer-Erwin had to provide a third external drive to the Government.

2023, received an additional flash drive and email containing discovery, and on March 21, 2023, counsel received an additional flash drive containing discovery. Thereafter, on March 26, 2023, counsel again contacted AUSA Gonzalez and requested outstanding discovery. (See Exhibit 11.) On March 27, 2023, Joe White, Kate White, AUSA Gonzalez, and Agent Marshall met to discuss the requested discovery. On March 28, 2023, Agent Marshall requested a 1 TB drive from counsel be sent to the Government in order to produce additional discovery. (See Exhibit 12.) On April 1, 2023, counsel for Ms. Mercer-Erwin requested of the Government a status as to the additional discovery. The Government responded that the 1 TB of discovery would arrive on April 3, 2023. (See Exhibit 13.) Thereafter, on April 1, April 3, and April 4, additional discovery was provided via the USATx system. (See Exhibit 14.) At the time of the writing of this pleading, the Government continues to deliver discovery to the Defendants. The Government has indicated that it will continue to produce discovery possibly through Friday, April 7, 2023.

Furthermore, the Government filed on April 3, 2023, a Witness and Exhibit List which included a list of 99 exhibit numbers with a description of each exhibit. The description does not allow the Defendants to conduct any meaningful way of searching the 11.28 terabytes of discovery provided by the Government to ascertain which documents to identify as matching the description provided. In other words, there is no way for the Defendants to know which exhibits the Government plans to introduce without simply providing a copy to Defendants' counsel.

## ARGUMENT AND AUTHORITY

A district court's decisions in overseeing criminal discovery are afforded great deference. *United States v. Estrata-Trochez*, 66 F.3d 733, 735 (5th Cir. 1995). A district court commands "broad discretion" when deciding whether to impose sanctions for discovery violations. *United*

*States v. Garrett*, 238 F.3d at 298.  But, when employing sanctions, it "must carefully weigh several factors.  *Id.*  Specifically, it must consider: "1) the reasons why disclosure was not made; 2) the amount of prejudice to the opposing party; 3) the feasibility of curing such prejudice with a continuance of the trial; and 4) any other relevant circumstances."  *Id.*  If the district court decides to sanction a party, it "should impose the least severe sanction that will accomplish the desired result -- prompt and full compliance with the court's discovery orders."  *Id.* (quoting *United States v. Sarcinelli*, 667 F.2d 5, 7 (5th Cir. Unit B 1982).

The Government continues to dump massive amounts of discovery on the Defendants just days before trial.  The Amended Pretrial Order (Dkt. #316) in this case required all exhibits and witnesses to be submitted to the Court on April 3, 2023.  In spite of the Court's Order, the Government continues to produce volumes of discovery past that date.  This places the Defendants in the untenable position of having to mine through this insurmountable discovery in order to review potential witnesses and exhibits *after* the Court has ordered submission of those items.  The Government's late production of huge volumes of discovery, some of which are totally inaccessible to the Defendants, has created a situation where counsel for the Defendants are completely unable to prepare an adequate defense to the Government's charges.  This case is now on its Fifth Superseding Indictment.  It was originally indicted *three* years ago and has been under investigation longer than that.  Why the Government continues to pour massive amounts of discovery on the Defendants just days before trial is impossible to explain.  It has, however, created an impossible dilemma for the Defendants in this case.

The Government should not be permitted to utilize any of the materials produced at this late date.

## CONCLUSION

WHEREFORE, the Defendants respectfully request that the Court, in light of the foregoing, consider and employ the most equitable remedies deemed appropriate, including, but not limited to, the exclusion of evidence from the most recent dumps of data from the Government on April 2, 3, and 4, and any subsequent discovery provided past April 3 in violation of the Court's Pretrial Order.

Respectfully submitted,

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.         OBA #12930
CHARLES C. WEDDLE III  OBA #18869
KATE C. WHITE              OBA # 30930
MATTHEW P. CYRAN      OBA # 16918
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma 73105
(405) 858-8899
(405) 858-8844 FAX
joe@whiteandweddle.com
charles@whiteandweddle.com
kate@whiteandweddle.com
matt@whiteandweddle.com

*Attorneys for the Defendant,*
*Debra Lynn Mercer-Erwin*

*s/ W. Brett Behenna*
W. BRETT BEHENNA       OBA #30485
BEHENNA GOERKE KRAHL & MEYER
Oklahoma Tower
210 Park Avenue, Suite 3030
Oklahoma City, OK 73102
(405) 232-3800
bb@lawfirmokc.com

*Attorney for the Defendant,*
*Kayleigh Moffett*

## CERTIFICATE OF DELIVERY

☒　I hereby certify that on this 6th day of April, 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing, which will automatically send e-mail notification of such filing to all attorneys of record.

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.
