...

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEBRA LYNN MERCER-ERWIN (1)<br>KAYLEIGH MOFFETT (2) | 4:20-CR-212 |

### THE UNITED STATES' RESPONSE TO
### MOTION IN *LIMIINE* REGARDING JOAQUIN GUZMAN

Comes now the United States and files this opposition to Motion in *Limine* Regarding Joaquin Guzman filed by Debra Lynn Mercer-Erwin.  Dkt. 344.[1]

### INTRODUCTION

Debra Lynn Mercer-Erwin and Kayleigh Moffett, along with six others, including Guillermo Garcia Mendez, were charged with Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, Manufacturing and Distributing Five Kilograms or More of Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, Conspiracy to Commit Money Laundering,

---

[1] On March 31, Mercer-Erwin's co-defendant, Kayleigh Moffett, filed an unopposed motion to join this Motion in *Limine*.  Dkt. 348.

Conspiracy to Commit Export Violations, Conspiracy to Commit Registration Violations Involving Aircraft Not Providing Air Transportation, and Conspiracy to Commit Wire Fraud.

In this motion, Mercer-Erwin and Moffett seek to "prohibit[] the government from referencing, alluding to, or in any way bringing the name of El Chapo, Joaquin Guzman, or his organization to the jury's attention." Dkt. 344 at 2.

This motion should be denied. Evidence that the Defendants' representative in Mexico and a co-defendant in this case was a contact for, and assisted in the movement of, a drug cartel leader is relevant to disprove the Defendants' contention that they were not involved international drug trafficking. To the extent necessary, any unfair prejudice can be cured with instructions to the jury.

In addition, references to El Chapo are included on approximately a dozen pages drawn from approximately 12 terabytes of discovery provided to the Defendants. At present, the United States has not decided whether or how this information will be presented in its case in chief or otherwise. This Court need not rule at this point that use of this evidence is prohibited. Rather, the Court should consider whether to exclude reference to El Chapo only in the context of actual use of the evidence.

## BACKGROUND

The movement of large amount of cocaine in international drug trafficking is regularly accomplished with the use of aircraft. Aircraft registered in the United States (and thus entitled to have an "N" in the tail number) are particularly coveted because foreign law enforcement are less likely to inspect or force down a U.S. registered plane and because the aircraft has an increased resale value.

Mercer-Erwin and Moffett are principals of Aircraft Guaranty Corporation Holdings (AGC) and Wright Brothers Aircraft Title, Inc. (WBAT).  As set forth in the Fifth Superseding Indictment, AGC registered and holds in trust thousands of aircraft in trust for foreign nationals. Among the aircraft for which AGC serves as trustee are several aircraft that have been used to move large volumes of cocaine.  WBAT often serves as an escrow agent for transactions involving AGC and at times, makes FAA filings related to AGC aircraft.  Guillermo Garcia Mendez owns and operates GMAVIACION S.A. de C.V.  AGC's website previously listed GMAVIACION as its representative in Mexico.

The Fifth Superseding Indictment charges Mercer-Erwin and Moffett with seven counts including conspiracy to manufacture and import cocaine into the United States, conspiracy to commit money laundering, conspiracy to commit export violations, conspiracy to commit airport registration violations, and conspiracy to commit wire fraud.  *Id*. at 31-42.  The United States alleges that the Defendants participated in the manufacture, distribution, and importation of cocaine into the United States when they knowingly assisted in the U.S. registration of drug trafficking aircraft and helped to conceal the true ownership of these aircraft.  The Defendants also engaged in money laundering, wire fraud, and export and aircraft registration violations as part of this scheme.

Joaquin Guzman, better known as "El Chapo," is the former head of the Sinloa Cartel. He is serving a life sentence for criminal offenses related to his leadership of the cartel.  Prior to his current imprisonment, El Chapo had repeatedly escaped Mexican custody and had avoided arrest on multiple occasions.

During an attempted arrest of El Chapo in 2012, law enforcement agents recovered a cell phone believed to belong to El Chapo.  Among the phone numbers stored in that phone was the

number for Garcia Mendez. Agents with the DEA believe that Garcia Mendez played a role in facilitating El Chapo's movements prior to his final arrest.

Consistent with its discovery obligations, the United States has produced to the Defendants approximately 12 terabytes of materials. Included in these materials are approximately 12 pages that refer to El Chapo and his connections to Garcia Mendez.

## ARGUMENT

"Evidence should *only* be excluded in *limine* where it is 'clearly inadmissible on all potential grounds.'" *H & N LLC of Lake Charles v. Great Lakes Ins. SE*, No. 2:21-CV-03583, 2023 WL 2604972, at *2 (W.D. La. Mar. 22, 2023) (quoting *Hull v. Ford*, C.A. No. C-05-43, 2008 WL 178890, at *1 (S.D. Tex. 2008)) (first emphasis added); *see also Ramachandran v. Jain*, No. 3:18-CV-00811-X, 2022 WL 4004793, at *1 (N.D. Tex. Aug. 16, 2022).

The Defendants seek to exclude any reference to El Chapo or the Sinloa Cartel. According to the Defendants, "[a]ny reference to him or his organization before the jury would be completely prejudicial and has virtually no probative value in this case." Dkt. 344. In making their argument, the Defendants offer unsupported conjecture as to why, or in what context, the United States would introduce evidence related to El Chapo. According to the Defendants, "the government intends to introduce evidence of El Chapo to prove that [Mercer-Erwin] had a relationship with him." *Id*. at 3.

Assuming the United States offers this evidence, it does not intend to offer it for this purpose. The United States does not allege, nor does it intend to suggest to the jury, that the Mercer-Erwin or Moffett had a relationship with El Chapo. However, the Defendants have repeatedly insisted that they had no knowledge that planes for which AGC served as the U.S. trustee were used in the international movement of a large volume of drugs. It is relevant,

4

therefore, for the United States to introduce evidence that Garcia Mendez—AGC's representative in Mexico *and a co-defendant in this case*—had a significant relationship with the former head of an international drug cartel and assisted his movements. While not by itself dispositive, it is one piece of evidence (among many others the United States will offer) that makes less probable the Defendants' claim that they were uninvolved in transnational drug smuggling. *See* Fed R. Evid. 401 (defining evidence as relevant where "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.").

Introduction of evidence that Garcia Mendez had a relationship with El Chapo would also not be unfairly prejudicial to the Defendants. As noted, the United States will not claim that the Defendants had a relationship with El Chapo. The Defendants will have the opportunity during cross examination to clarify this point. This Court can also, as appropriate, issue limiting instructions that would alleviate concerns about unfair prejudice. *United States v. Sanders*, 343 F.3d 511, 518 (5th Cir. 2003) ("Under the Rule 403 standard, when the court issues a limiting instruction, it minimizes the danger of undue prejudice.").

Moreover, and as the Defendants point out, the evidence at issue consists of approximately 12 pages out of 12 terabytes of information—literally thousands of pages of discovery. The United States has not decided whether to use this evidence. There is no reason for this Court to preclude, in the abstract, the United States' use of this evidence. *Bacon v. Stiefel Lab'ys, Inc.*, No. 11-20489-CIV, 2013 WL 1857114, at *1 (S.D. Fla. May 2, 2013) ("Attempting to get this matter resolved on an in *limine* basis is simply to attempt to induce the Court to engage in speculative conjecture as to how the matter will arise, and to weigh and resolve admissibility of factual disputes more appropriately left to the trial.").

## CONCLUSION

For the reasons set forth above, the motion should be denied.

>Respectfully submitted,
>
>BRIT FEATHERSTON
>United States Attorney
>
>\_\_\_/s/_____
>ERNEST GONZALEZ
>Assistant United States Attorney
>Texas Bar No. 00789318
>101 E. Park Blvd., Suite 500
>Plano, Texas 75074
>(972) 509-1201
>(972) 509-1209 (fax)
>Ernest.Gonzalez@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent via electronic filing to defense counsel on April 7, 2023.

>\_\_\_/s/_____
>ERNEST GONZALEZ