IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 4:20-CR-212 |
| DEBRA LYNN MERCER-ERWIN (1) | |

### THE UNITED STATES' RESPONSE TO MOTION IN *LIMIINE* REGARDING OPERATIONAL CODE NAMES, HEARSAY, AND PRIOR CRIMINAL HISTORY

Comes now the United States and files this opposition to Motion in *Limine* Regarding Operational Code Names, Hearsay, and Prior Criminal History filed by Debra Lynn Mercer-Erwin. Dkt. 355.

## INTRODUCTION

Debra Lynn Mercer-Erwin, along with seven others is charged with Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, Manufacturing and Distributing Five Kilograms or More of Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, Conspiracy to Commit Money Laundering, Conspiracy to Commit Export Violations, Conspiracy to Commit Registration Violations Involving Aircraft Not Providing Air Transportation, and Conspiracy to Commit Wire Fraud.

1

In this motion, Mercer-Erwin seeks to exclude an unconnected scattershot of evidence: reference to operation code names, hearsay testimony, and Mercer-Erwin's previous convictions for passing bogus checks.  Dkt. 355.

This motion should be denied.  Mercer-Erwin's argument that passing reference to such names is prejudicial is unsupported.  The names for operations—Wing Clipper, Trident Resolve, Fountainhead—are not particularly ominous, evocative or likely to distract a juror from their duty to evaluate the facts and render a verdict based solely on those facts.  There is also no reason to issue a motion precluding hearsay.  The Rules of Evidence already prohibit hearsay subject to exceptions.  A request for an order precluding hearsay is nothing more than a "follow the rules" order and unnecessary.  Finally, it is premature for this Court to rule on a motion precluding the United State from referencing the Defendant's criminal history.

## **ARGUMENT**

Law enforcement investigations often bear code or operation names like military operations (*e.g.*, "Operation Overlord").  Perhaps disappointingly for the outside observer, these names are less for furtive or clandestine reasons and more a tool for organizing and distinguishing between various ongoing investigations.  The present case is no different.  The defendants in this case were subjects in various investigations and documents maintained by investigators often bear a legend, a cover sheet, or an email subject line identifying the operation by its name.  Consistent with the United States' discovery obligation these documents were turned over to the Defendant.

The Defendant seeks an order "prohibit[ing the United States] from introducing any evidence of operational code names."  Dkt. 355 at 4.  According to the Defendant, "[t]hese operational code names are selected exclusively by the government, have no bearing on the

necessary evidence submitted in court, and only serve to prejudice the Defendant by making the government's investigations sound official, ominous, and legitimate." *Id*. at 1.  This request borders on the frivolous.  First, it is unclear why it is problematic that the United States' investigations "sound official" or "legitimate."  They are both and presumably it would be more worrisome to the Defendant if the investigations were "unofficial" or "illegitimate."  Second, the Defendant doesn't explain why the operation names in this case are "ominous" or how precisely, referencing this operation in passing "will distract the jury from their decision at hand." *Id*. at 2.  The Defendant cites operations "Trident Resolve," "Wing Clipper," and "Fountainhead."  It is beggars belief that jurors will cast aside their oaths and fail to carefully evaluate evidence of guilt or innocence because a defendant was the subject of "Operation Fountainhead" and the Defendant offers no previous cases where a Court has granted the motion she now seeks.

      The Defendant's second request is for "a pretrial order from the Court that the government not be allowed to elicit hearsay statements during the course of the trial." *Id*. at 3.  But of course, the United States (and the Defendant) are already barred by the Federal Rules of Evidence from eliciting hearsay not subject to an exception.  Fed. R. Evid. 802-804.  What the Defendant really seeks, therefore, is an order that the United States follow the rules.  Such a motion is unnecessary. *See, e.g., United States v. Pilisuk*, No. CR22-001 TL, 2023 WL 576523, at *5 (W.D. Wash. Jan. 27, 2023) ("The Court strikes Defendant's motion in *limine* regarding hearsay testimony from investigating officers as unnecessary, as it simply asks the Government to follow the rules of evidence, which all counsel are expected to do as officers of the Court."); *MicroVention, Inc. v. Balt USA, LLC*, No. 819CV01335JLSKES, 2022 WL 18284997, at *7 (C.D. Cal. Dec. 12, 2022) ("It is unnecessary for parties to file motions in *limine* for general instructions that the opposing party must follow the rules of civil procedure or the rules of

3

evidence."); *United States v. Sims*, No. 221CR00026ARTBNW, 2022 WL 2080088, at *1 (D. Nev. June 8, 2022) ("A motion in *limine* is not an appropriate vehicle to seek a general pronouncement that the Federal Rules of Evidence apply.").

The Defendant's third request is for an order precluding the United States from making "any reference to the Defendant's criminal history." Dkt. 355 at 4. The Defendant states that she pled guilty to passing bogus check in Oklahoma in 1992 and again in 1997. *Id*. at 3. According to the Defendant she received a deferred sentence in bot cases. *Id*.

The admissibility of evidence of her prior criminal history "to attack[] a witness's character for truthfulness by evidence of a criminal conviction" is governed by Rule of Evidence 609(b). The Defendant's criminal history is admissible only if "its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." Fed. R. Evid. 609(b)(1).

It would be premature for this Court to rule on the admissibility of the Defendant's criminal history. Such evidence would only need to be considered should the Defendant choose to testify which of course will not happen until after the close of the United States' case in chief. *See United States v. Johnson*, 469 F. Supp. 3d 193, 211 (S.D.N.Y. 2019) (reserving decision on defendant's motion in limine to preclude his criminal history); *Bordas v. Marquette Transportation Co. Gulf-Inland LLC*, No. 2:14-CV-163, 2016 WL 4536697 (S.D. Tex. June 24, 2016), *report and recommendation adopted*, No. 2:14-CV-00163, 2016 WL 4536698 (S.D. Tex. Aug. 30, 2016) (recommending that "a decision on the admissibility of Plaintiff's prior felony conviction be deferred until trial when the Court will have considered the course of the trial, the presentation of the evidence, the importance of the disputed evidence, the credibility of the witness and other considerations which cannot be predicted at this time.").

## CONCLUSION

For the reasons set forth above, the motion should be denied.

                                        Respectfully submitted,

                                        BRIT FEATHERSTON
United States Attorney

                                        ___/s/_____
ERNEST GONZALEZ
Assistant United States Attorney
Texas Bar No. 00789318
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
Ernest.Gonzalez@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via electronic filing to defense counsel on April 7, 2023.

                                        ___/s/_____
ERNEST GONZALEZ