IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEBRA LYNN MERCER-ERWIN (1)<br>KAYLEIGH MOFFETT (2) | 4:20-CR-212 |

**THE UNITED STATES' RESPONSE TO**
**MOTION IN *LIMIINE* REGARDING HEARSAY AND FEDERICO MACHADO**

Comes now the United States and files this opposition to Motion in *Limine* Regarding Joaquin Guzman filed by Debra Lynn Mercer-Erwin. Dkt. 345.[1]

**INTRODUCTION**

Debra Lynn Mercer-Erwin and Kayleigh Moffett, along with six others, including Federico Machado, were charged with Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, Manufacturing and Distributing Five Kilograms or More of Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, Conspiracy to Commit Money Laundering,

---

[1] On March 31, Mercer-Erwin's co-defendant, Kayleigh Moffett, filed an unopposed motion to join this Motion in *Limine*. Dkt. 349.

1

Conspiracy to Commit Export Violations, Conspiracy to Commit Registration Violations Involving Aircraft Not Providing Air Transportation, and Conspiracy to Commit Wire Fraud.[2]

In this motion, Mercer-Erwin and Moffett seek to "prohibit [the United States] from introducing, using, referring to, or relying on any statement attributed to Machado or any of his work product information or any other form of hearsay before the jury." Dkt. 345 at 6.

This motion should be denied. The Defendant's motion is predicated on their assumption that the United States will seek to have hearsay statements by Machado introduced pursuant to the unavailability exception to the hearsay rule. *See* Fed. R. Evid. 804. The Defendant's forecast is wrong. To the extent the United States offers any statements attributable to Machado it will do so pursuant to Rule 801(d)(2)(E). That Rule provides that a statement "offered against an opposing party" is not a hearsay where it was "made by the party's coconspirator during and in furtherance of the conspiracy."

## BACKGROUND

Mercer-Erwin and Moffett are principals of Aircraft Guaranty Corporation Holdings (AGC) and Wright Brothers Aircraft Title, Inc. (WBAT). As set forth in the Fifth Superseding Indictment, AGC registered and holds in trust thousands of aircraft in trust for foreign nationals. Among the aircraft for which AGC serves as trustee are several aircraft that have been used to move large volumes of cocaine. WBAT often serves as an escrow agent for transactions involving AGC and at times, makes FAA filings related to AGC aircraft.

The Fifth Superseding Indictment charges Mercer-Erwin and Moffett with seven counts including conspiracy to manufacture and import cocaine into the United States, conspiracy to

---

[2] Machado is charged with five of the seven counts. He is not charged with Conspiracy to Commit Export Violations or Conspiracy to Commit Registration Violations Involving Aircraft Not Providing Air Transportation.

commit money laundering, conspiracy to commit export violations, conspiracy to commit airport registration violations, and conspiracy to commit wire fraud. *Id*. at 31-42. The United States alleges that the Defendants participated in the manufacture, distribution, and importation of cocaine into the United States when they knowingly assisted in the U.S. registration of drug trafficking aircraft and helped to conceal the true ownership of these aircraft. The Defendants also engaged in money laundering, wire fraud, and export and aircraft registration violations as part of this scheme.

Federico Andres Machado is the owner and operator of South Aviation, Inc. (SAI) and Pampa Aircraft Financing (PAF). The Fifth Superseding Indictment alleges that, among other things, Machado through SAI and together with Mercer-Erwin and Moffett orchestrated a Ponzi scheme whereby a fraudulent buyer would borrow funds to purchase an unsellable aircraft and place those funds in an WBAT escrow but never actually consummate the aircraft purchase. Ultimately funds from a second loan from another bank would be used to pay off the first loan with some the money from the first loan being paid to the conspirators. Machado is currently under house arrest in Argentina and is contesting his extradition to the United States to stand trial.

## **ARGUMENT**

The Defendants argue that "[t]he use of Machado's statements and work product against the Defendant[s] violates the Confrontation Clause of the Sixth Amendment and amounts to inadmissible hearsay for which there is no exception." Dkt. 345 ar 2-3. In making this argument the Defendants rely on the Supreme Court's holding in *Crawford v. Washington*, 541 U.S. 36 (2004). In *Crawford*, the Supreme Court held that the use of "testimonial statements of a witness who did not appear at trial" violates the Confrontation Clause of the Sixth Amendment, "unless

[the witness] was unavailable to testify, and the defendant had had a prior opportunity for cross-examination." 541 U.S. at 53-54.

In their motion the Defendants predict "that the government will offer evidence based on [Machado's] out-of-court statements and rely on the unavailability exception to the hearsay rule." Dkt. 345 at 5 (citing Fed. R. Evid. 804). This is incorrect. To the extent the United States offers statements made by Machado it will do so pursuant to Rule 801(d)(2)(E). That rule states that a "statement . . . offered against an opposing party . . . made by the party's coconspirator during and in furtherance of the conspiracy" is not hearsay."

In *Crawford*, the Court makes clear that its holding does not apply to coconspirator's statements. *Crawford* applies to testimonial statements. A coconspirator's statements are nontestimonial. 541 U.S. at 56. The Fifth Circuit has followed *Crawford*. *United States v. Jackson*, 636 F.3d 687 (5th Cir. 2011) ("Statements made by a coconspirator during the course and in furtherance of a conspiracy fall within a recognized exception to the hearsay rules. Such statements 'are by their nature generally nontestimonial and thus are routinely admitted against an accused despite the absence of an opportunity for cross-examination.'") (quoting *United States v. Holmes*, 406 F.3d 337, 348 (5th Cir.2005)) (internal citation omitted); *United States v. Moore*, 134 F. App'x 655, 658 (5th Cir. 2005) ("Jimmy also argues that the district court erred in admitting, over his hearsay objection, the tape of the drug transaction on which Van Jones's voice is heard as the testimony of a co-conspirator under Rule 801(d)(2)(E) of the Federal Rules of Evidence. . . . As this is non-testimonial hearsay, the Sixth Amendment is not implicated.").

Because the United States will offer any statements by Machado pursuant to the conconspirator rule, the Defendant's argument is without merit and the motion in *limine* should be denied.

## CONCLUSION

For the reasons set forth above, the motion should be denied.

Respectfully submitted,

BRIT FEATHERSTON
United States Attorney

\_\_\_/s/_____
ERNEST GONZALEZ
Assistant United States Attorney
Texas Bar No. 00789318
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
Ernest.Gonzalez@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed via electronic filing to defense counsel on April 7, 2023.

\_\_\_/s/_____
ERNEST GONZALEZ