IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DEBRA LYNN MERCER-ERWIN (1)<br>KAYLEIGH MOFFETT (2) | 4:20-CR-212 |

**THE UNITED STATES' RESPONSE TO**
**DEFENDANTS' OBJECTION TO GOVERNMENT'S EXPERT WITNESS NOTICE**

Comes now the United States and files this response to the Defendant's Objection to Government's Expert Witness Notice. Dkt. 371.

## INTRODUCTION

The Defendants, Debra Lynn Mercer-Erwin and Kayleigh Moffett, along with six others, were charged with Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, Manufacturing and Distributing Five Kilograms or More of Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, Conspiracy to Commit Money Laundering, Conspiracy to Commit Export Violations, Conspiracy to Commit Registration Violations Involving Aircraft Not Providing Air Transportation, and Conspiracy to Commit Wire Fraud.

1

Here, the Defendants object to the Notice of Expert Witnesses filed by the United States because, according to the Defendants, the United States has failed to comply with Rule 16(a)(1)(G). The objection should be overruled. As set forth in the Notice, much if not all the testimony that will be elicited from these witnesses will be either fact testimony or lay witness opinion testimony neither of which is covered by Rule 16(a)(1)(G)'s disclosure rules. To the extent some witnesses may offer expert testimony covered by Rule of Evidence 702 the United States has complied with Rule 16(a)(1)(G).

## BACKGROUND

Trial in this case is slated to start on April 10, 2023. Dkt. 351. On January 4, this Court issued an Amended Pretrial Order that required the parties to, among other things, "provide the court a list of witnesses" no later than April 3. Dkt. 316 at 2. On April 3, the United States filed a Notice of Expert Witnesses (the "Notice"). Dkt. 359.[1]

In its Notice, the United States sets forth seven topics and identifies witness that will testify as to one or more of these topics. *Id*. The Notice also states that "[t]he United States does not believe or represent that all the following witnesses are 'experts' or even that the below are topics that require expert testimony" but that the notice is provided "in an abundance of caution." Id. at 1.

On April 5, Mercer-Erwin and Moffett objected to this notice because, according to the Defendants, the Notice failed to comply with Rule 16(a)(1)(G). Dkt. 371. The Defendants object generally that "only one report outlining the witnesses' opinions and basis for those opinions was produced", *id*. at 2, and makes specific objections with respect to several of the

---

[1] The United States also filed a separate Proposed Witness List that is not at issue here. Dkt. 356.

expert witnesses, *id*. at 3-7.  In their objection the Defendants seek to "bar the disclosed witnesses from testifying at trial." *Id*. at 7.

## ARGUMENT

Rule 16(a)(1)(G) requires the United States to disclose certain information in connection with "testimony that the government intends to use at trial under Federal Rule of Evidence 702, 703, or 705." Fed. R. Crim. P. 16(a)(1)(G)(i).

The United States sets forth in the Notice that "[m]any of these topics or areas are covered under Rule 701 of the Federal Rules of Evidence governing Opinion Testimony by Lay Witnesses and many of the witnesses are fact witnesses in this case." Dkt. 359 at 1.  Rule 16(a)(1)(G) disclosures are not required for opinion testimony by lay witnesses pursuant to Rule of Evidence 701.  *See, e.g., United States v. Godette*, No. 22-4007, 2023 WL 119580, at *4 (4th Cir. Jan. 6, 2023).  Federal Rule of Evidence 701 permits "opinion testimony by lay witnesses." Fed. R. Evid. 701.  Specifically, Rule 701 permits a witness to testify:

> In the form of an opinion is limited to one that is:
>
> (a) rationally based on the witness's perception;
>
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
>
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

*Id*.

The witnesses the United States identifies in the Notice have been extensively involved in this case.  They are familiar with the facts of this case not because they have reviewed others' work but because they have been the investigators.  The Fifth Circuit "has consistently held that law enforcement agents may 'draw upon their familiarity with a particular case . . . to provide lay

3

opinion testimony regarding the meaning of specific words and terms used by the particular defendants in the case.'" *United States v. Hill*, No. 19-20251, 2023 WL 2596748, at *13 (5th Cir. March 22, 2023) (quoting *United States v. Staggers*, 961 F.3d 745, 761 (5th Cir. 2020); *see also United States v. El-Mezain*, 664 F.3d 467, 514 (5th Cir. 2011), *as revised* (Dec. 27, 2011) ("Testimony need not be excluded as improper lay opinion, even if some specialized knowledge on the part of the agents was required, if it was based on first-hand observations in a specific investigation.").

**Drug Distribution**

The United States identifies seven witness who will testify with respect to drug distribution. Dkt. 359. As the Notice explains, these witnesses "will testify regarding valuing and pricing of narcotics (specifically cocaine) and manufacturing and distribution in the United States, Colombia, Ecuador, Panama, Costa Rica, Guatemala, Mexico, Belize and Venezuela." *Id*. at 1. Five of these witnesses, Jesus Romero, Richard Clough, Marcus West, Loretta Moore, and Alex Humberto Landino Tellez will serve as fact witnesses or will offer only lay witness opinion testimony and as such are not subject to Rule 16(a)(1)(G).

Three of the witnesses, Justin Marshall, Jack Stevens, and Jesus Villareal will also serve as fact witnesses, or offer lay witness opinion testimony. To the extent their testimony may also be subject to Rule702, the United States has provided "a complete statement of all opinions that the government will elicit from the witness in its case-in-chief," the bases for their opinions, and their qualifications.[2] *Id*. at 2-3.

**Aviation**

---

[2] Except for Dr. Xiu Liu, none of the witnesses identified in the Notice have authored publication in the last 10 years. *See* Fed. R. Crim. P. 16(a)(1)(G)(iii). Dr. Liu's publications are listed in his c.v. attached as an exhibit to the Notice. Dkt. 359-5 at 2.

The United States identifies four witnesses that "are familiar with aviation terms, types of aircraft and use of aircraft in clandestine drug trafficking." The qualifications for Jesus Villareal are set forth under the Drug Distribution topic. *Id*. at 3. The remaining witnesses will serve as fact witnesses or will offer only lay witness opinion testimony and as such are not subject to Rule 16(a)(1)(G).

**Commerce**

The Notice identifies two witnesses under the heading Commerce. Paul Mack's qualifications and the areas for which he will offer testimony are set forth in the Notice. Ernest Payton will serve as a fact witness or will offer only lay witness opinion testimony and as such is not subject to Rule 16(a)(1)(G).

**Chemists**

The Notice identifies five Senior Forensic Chemists with the DEA. Each of "[t]hese chemists will testify they took unknown substances and identified them using tests and techniques reasonably relied on by other experts in the same field." Dkt. 359 at 5. Attached to the Notice are CVs for each chemist and chemical analysis reports for substances they tested as part of their work on this case. As the Notice indicates, these CVs and affidavits for the chemist will be supplemented.

**Financial Accounts and Transactions Experts**

The Notice identifies three witnesses, Grace Ellen Howe, John Forakis, and IRS Special Agent Sonia Hurtado that "will testify that the flow of the funds in this case does not align with the proposed aircraft transactions including any escrow or trust agreements." *Id*. at 7. As the Notice explains, "have reviewed and analyzed bank and financial records gathered in this case during the investigation." *Id*. at 6. Agent Hurtado will serve as a fact witness or will offer only

lay witness opinion testimony and as such is not subject to Rule 16(a)(1)(G).  Grace Howe and John Forakis will also serve as fact witnesses or offer lay witness opinion testimony.  To the extent their testimony may also be subject to Rule 702, the United States has provided "a complete statement of all opinions that the government will elicit from the witness in its case-in-chief," the bases for their opinions, and their qualifications.  *Id*. at 6-7.

**Computer Forensics and Operating Systems Experts**

The Notice states that Robert Pincher, a HSI Computer Forensic Examiner, will "identify which exhibits were recovered including file content.  He can explain how the operating system used to create digital files attaches properties to the files and will confirm the properties and identify a user names."  Pincher's knowledge of this case is derived directly from his involvement in the case and he will serve as a fact witness or will offer only lay witness opinion testimony and as such is not subject to Rule 16(a)(1)(G).

## CONCLUSION

For the reasons set forth above, the motion should be denied.

Respectfully submitted,

BRIT FEATHERSTON
United States Attorney

\_\_\_/s/_____
ERNEST GONZALEZ
Assistant United States Attorney
Texas Bar No. 00789318
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
Ernest.Gonzalez@usdoj.gov

## **CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was filed via electronic filing to defense counsel on April 7, 2023.

                                                  ___/s/_____
                                                  ERNEST GONZALEZ