**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 4:20-CR-00212 |
| ) | |
| DEBRA LYNN MERCER-ERWIN (1) ) | |
| KAYLEIGH MOFFETT (2) ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' OBJECTION TO UNITED STATES' MOTION IN LIMINE**

Defendant Debra Lynn Mercer-Erwin ("Ms. Mercer-Erwin"), by and through her attorneys, Joe E. White, Jr., Charles C. Weddle III, Kate C. White, and Matthew P. Cyran, and Defendant Kayleigh Moffett ("Ms. Moffett"), by and through her attorney, Brett Behenna (collectively referred to as the "Defendants"), respectfully file this Objection to the United States' Motion in Limine (Dkt. #361). In support, the Defendants state as follows:

On April 3, 2023, the Government filed its Motion in Limine regarding twenty-two (22) types of evidence.

1) Public-Authority Defense

    The Defendants do not intend to raise a Public-Authority Defense pursuant to Fed. R. Crim. P. 12.3.

2) Advice of Counsel Defense

    In its motion, "The United States requests that if any defendant seeks to rely on an advice of counsel defense, the defendant make a proffer of evidence outside the presence of the jury." *United States Motion in Limine* at page 1.

    The Defendants have an absolute right to present a defense at the trial of these charges and are not required by rule or statute to make a proffer of their evidence outside the jury's presence.

The Defendants anticipate presenting testimony that they sought legal advice and relied on that advice regarding certain of the Government's allegations. Although, no advance notice of this defense is contemplated by the Federal Rules of Criminal Procedure, see also, *United States v. Espy*, 1996 WL 560354, the Defendants, in accordance with the Court's Order, have provided such notice. (Dkt. #379.)

3) Mistake of Law Defense

The Defendants do not intend to assert this defense.

4) Statements of the Defendants

The Government requests that the Defendants do not refer to their statements unless first offered by the Government. This is a matter of hearsay which, if raised, would be ruled on by the Court.

5) Co-Defendant Statements

The Government requests that the Defendants do not refer to co-defendant statements unless first offered by the Government. This is a matter of hearsay which, if raised, would be ruled on by the Court.

6) Impeachment

The Government requests that the Defendants do not impeach a witness with a statement that the witness has neither written nor adopted as his or her own. Evidentiary rulings throughout the trial are entirely within the Court's purview and will be ruled on by the Court as they arise.

7) Prior Bad Acts Evidence

The Government seeks to prohibit the Defendants from raising "Any prior bad acts any witness may have committed not resulting in a conviction or pending charges." *United States Motion in Limine* at page 3. This request is contrary to the Federal Rules of Evidence. Specifically, Fed. R. Evid. 607 and 608(b). Regarding law enforcement witnesses, this request may well run contrary to the holding in *Giglio v. United States*, 405 U.S. 150 (1972). Ultimately, the Court will decide the permissible impeachment of a witness.

8) Reputation or Character Testimony

The Government seeks to restrict the questioning of its witnesses regarding reputation or character. Fed. R. Evid. 607 provides that "Any party, including the party that called the

witness, may attack the witness's credibility." *Id.* Similarly, Fed. R. Evid. 608 provides that,

> A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.

*Id.*

The Federal Rules of Evidence do not require the Defendants to allow "the Assistant United States Attorney, outside the presence of the jury, to question such reputation witness to ascertain if he/she possesses the legal qualifications to so testify" as requested by the Government. The Defendants intend to conduct their examinations within the confines of the Federal Rules of Evidence.

9) <u>Jury Nullification</u>

The Defendants do not intend to seek jury nullification. However, the term "jury nullification" does not encompass the Defendants' ability to point out others as the true guilty party or to point to other individuals/businesses that are not charged. These are legitimate arguments to which the Defendants have a right.

10) <u>Innocence of the Defendants</u>

The Government seeks to prohibit the Defendants from any argument:

> That counsel for the defendants and/or the defendants have a personal belief or opinion regarding anything related to this case and/or trial, including but not limited to, any of the following:
>
> The innocence or lack of guilt of the defendants; the credibility of the defendants or the United States' witnesses or any evidence the United States presents.

*United States Motion in Limine* at page 4.

In as much as the Government seems intent on making defense counsel sit idly by while it presents its case, defense counsel has its own obligations. The Defendants, and their counsel, have every right to vociferously proclaim their innocence and their credibility. Similarly, the Government should expect that the Defendants, and their counsel, will zealously challenge the credibility of the Government's witnesses and its evidence.

It should be of great concern to any reader of this request that the Government seeks a Court order effectively taking away the Defendants' right to trial by jury. The Government's request here is not only inappropriate but also not at all in line with the proclaimed mission of the United States Department of Justice or in keeping with the long-standing mandates of what it means to be a federal prosecutor. See *Berger v. United States*, 295 U.S. 78, 88 (1935).

11) <u>Requests 11 through 13</u>

The Government's motion seeks to restrict testimony about the Defendants' personal lives. Should the Defendants decide to testify on their own behalf, they are, of course, free to testify about their lives. This includes the fact that they are married, have children, and any other personal aspect of their lives that the Court permits.

12) <u>Good Acts</u>

The Government asserts that "Good acts are not relevant to prove or disprove that the defendants committed the offenses charged in this case." This assertion is wholly unsupported. The Defendants intend to present their case in conformance with the Federal Rules of Evidence, specifically, Fed. R. Evid. 608 and the Court's rulings.

13) <u>Reputation and/or Character</u>

The Defendants are not required under the Federal Rules of Evidence to allow the Assistant United States Attorney to question their character witnesses outside the presence of the jury. Again, the Defendants intend to present their case in conformance with the Federal Rules of Evidence and the Court's rulings.

14) <u>Requests 16 through 18</u>

The Government seeks to restrict testimony about the impact of the jury's verdict and punishment. The Defendants agree that this is improper. Moreover, the Defendants object to the Government raising this issue in voir dire as indicated in the Government's Proposed Voir Dire. (Dkt. #354.)

15) <u>Bolstering</u>

The Government does not define "bolstering" except to say that the Defendants should not be allowed to contest the charges by asserting they are not guilty. The Defendants object to this request.

16) <u>Failure to follow USAM/Justice Manual</u>

The Defendants object to the assertion that they are not permitted to argue that the U.S. Attorney's Office has policies and procedures which may or may not have been followed in this case.

17) <u>Accusations against AUSAs</u>

The Government's request in this regard is wholly unsupported, vague, and ambiguous. The Defendants intend to present their case in conformance with the Federal Rules of Evidence and the Court's rulings.

18) <u>Pretrial Rulings</u>

The Defendants do not intend to present testimony regarding the Court's pretrial rulings.

<u>CONCLUSION</u>

The Defendants respectfully object to the United States' Motion in Limine as set forth above.

Respectfully submitted,

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.            OBA #12930
CHARLES C. WEDDLE III   OBA #18869
KATE C. WHITE               OBA # 30930
MATTHEW P. CYRAN        OBA # 16918
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma 73105
(405) 858-8899
(405) 858-8844 FAX
joe@whiteandweddle.com
charles@whiteandweddle.com
kate@whiteandweddle.com
matt@whiteandweddle.com

*Attorneys for the Defendant,*
*Debra Lynn Mercer-Erwin*

*s/ W. Brett Behenna*
W. BRETT BEHENNA        OBA #30485
BEHENNA GOERKE KRAHL & MEYER
Oklahoma Tower
210 Park Avenue, Suite 3030
Oklahoma City, OK 73102
(405) 232-3800
bb@lawfirmokc.com

*Attorney for the Defendant,*
 *Kayleigh Moffett*

**CERTIFICATE OF DELIVERY**

☒ I hereby certify that on this 7th day of April, 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing, which will automatically send e-mail notification of such filing to all attorneys of record.

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.