IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 4:20-CR-212 |
| | § | Judge Mazzant |
| DEBRA LYNN MERCER-ERWIN (1) | § | |
| KAYLEIGH MOFFETT (2) | § | |
| CARLOS ROCHA VILLAURRUTIA (5) | § | |

## UNITED STATES' AMENDED EXPERT WITNESS NOTICE

The United States files this Amended Expert Witness Notice pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure. The United States does not believe or represent that all the following witnesses are "experts" or even that the below are topics that require expert testimony. Many of these topics or areas are covered under Rule 701 of the Federal Rules of Evidence governing Opinion Testimony by Lay Witnesses and many of the witnesses are fact witnesses in this case. However, in an abundance of caution, the United States provides the following notice:

### I. Drug Distribution Expert Testimony

Based upon the drug distribution experts' experience and training, he/she will testify to the following conclusions and opinions. The drug distribution experts will testify regarding valuing and pricing of narcotics (specifically cocaine) and manufacturing and distribution in the United States, Colombia, Ecuador, Panama, Costa Rica, Guatemala, Mexico, Belize and Venezuela. These experts are familiar with slang or code terms that are commonly used in the illegal narcotics business and will testify as to their meaning based upon their expertise in the field of narcotics investigations and training. These experts are familiar with common slang or codes and with codes that

**Amended Expert Witness Notice – Page 1**

were specific to this case. The drug distribution experts will testify about the significance of conduct and methods of operation in the drug distribution business in the United States, Colombia, Ecuador, Panama, Costa Rica, Guatemala, Mexico, Belize and Venezuela. Specifically, in this case, how couriers were flying aircrafts loaded with cocaine to the previously mentioned countries for distribution in the United States, how the cocaine was concealed within the aircraft and how the cocaine was imported and distributed in the United States.  Further, the drug distribution experts will testify to items traditionally used in the drug distribution business and explain how they are used (for example, aircrafts and semi-submersible vessels with concealed compartments, scales, firearms) for the protection of drugs and drug proceeds. Further, these witnesses are familiar with markings on kilograms of cocaine and how the unique markings are placed on individual kilogram "bricks" at the lab where they are manufactured and how the specific and unique markings may be traced to markets in the United States. The experts' opinions are based on their education, training and experience, including review of evidence in numerous cases and interviews of multiple confidential informants and cooperating defendants in the area of drug distribution.  These experts are familiar with quantities of drugs that indicate an "intent to distribute" and with items that are routinely found in a retail drug distribution business (specifically, scales, weight, packaging material, masking agents and large amounts of currency).  These experts are:

      Special Agent Justin Marshall with the Department of Homeland Security, is a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C). SA Marshall has been a special agent with the Department of

**Amended Expert Witness Notice – Page 2**

Homeland Security for over twenty years. SA Marshall has previously investigated violations of Title 21, United States Code, Section 841(a)(1); Title 21, United States Code, Section 846; Title 21, United States Code, Section 848; Title 21, United States Code, Section 843(b); Title 18, United States Code, Section 1956 and 1957, Title 21 United States Code, Sections 959 and 963, and has received numerous hours of specialized training from HSI in the investigation of these violations. SA Marshall has conducted numerous investigations involving different illegal controlled substances and will be called as an expert witness in drug recognition and distribution in relation to drug distribution.

      Special Agent Jack Stevens with the Department of Homeland Security, is a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C). SA Stevens has been a special agent with the Department of Homeland Security since 2017. SA Stevens has received numerous hours of specialized training from HSI in the investigation of criminal offenses. SA Stevens has conducted numerous investigations involving different illegal controlled substances and will be called as an expert witness in drug recognition and distribution in relation to drug distribution and the use of aircraft.

      Special Agent Jesus Villarreal with the Department of Homeland Security, is a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C). SA Villarreal has been a special agent with the Department of Homeland Security since 2016. SA Villarreal has conducted numerous investigations involving different illegal controlled substances and will be called as an expert witness

**Amended Expert Witness Notice – Page 3**

in drug recognition and distribution in relation to drug distribution.

Jesus Romero, retired from the Department of Defense.

Richard Clough, Assistant Regional Director with the Drug Enforcement Administration.

Marcus West, Group Supervisor with the Drug Enforcement Administration.

Loretta Moore, Special Agent with the Drug Enforcement Administration.

Alex Humberto Landino Tellez, Lieutenant Colonel, Colombian Airforce.

## II. Aviation Experts

The following witnesses have expertise in aviation. They are familiar with aviation terms, types of aircraft and use of aircraft in clandestine drug trafficking. Additionally, they can testify to the necessity and volume of clandestine aircraft in the United States and South and Central America to include Colombia, Ecuador, Panama, Costa Rica, Guatemala, Mexico, Belize and Venezuela. They know aviation practice in the United States, Mexico and South and Central America:

Special Agent Jesus Villarreal with the Department of Homeland Security.

Jesus Romero, retired agent, formerly with the Department of Defense.

Alex Humberto Landino Tellez, Lieutenant Colonel with the Colombian Airforce.

Steven Tochterman, retired from Federal Aviation Administration.

Rony Ariel Chacon-Lopez, Guatemalan Air Force.

## III. Commerce Expert

Special Agent Paul Mack has been with the Department of Commerce (DOC),

Bureau of Industry and Security since 2016. He conducts investigations into violations of U.S. export control laws and is familiar with techniques and methods of operation used by individuals involved in criminal activity to obfuscate U.S. regulations and conceal activities from detection by law enforcement authorities. He can testify to export control and compliance programs.

Special Agent Ernest Payton, retired from the Department of Commerce.

### IV. Chemists

Chemists will be called to testify as expert witnesses. These chemists will testify they took unknown substances and identified them using tests and techniques reasonably relied on by other experts in the same field.  They formed the below listed opinions based upon their experience, training and on the said test results.  They have an undergraduate degree and advanced training in analyzing controlled substances.

Scott Wischnewsky is a Senior Forensic Chemist employed by the Drug Enforcement Administration.  This chemist will testify to the analysis of substances received by the laboratory on or about March 20, 2020 and October 15, 2020, both noted as Exhibit 1.  The lab reports, CV and Rule 16 attached are attached as Exhibit A.

Paul Kusko is a Senior Forensic Chemist employed by the Drug Enforcement Administration.  This chemist will testify to the analysis of substances received by the laboratory on or about March 20, 2020, noted as Exhibit 1.  The lab report, CV and declaration are attached as Exhibit B.

Angela M. Cassady is a Senior Forensic Chemist employed by the Drug Enforcement Administration.  This chemist will testify as to the analysis of substances

received in the laboratory on or about April 28, 2021, noted as Exhibit 1.  The lab report, CV and Rule 16 affidavit are attached as Exhibit C.

Xiu Liu is a Senior Forensic Chemist employed by the Drug Enforcement Administration.  This chemist will testify as to the analysis of substances received in the laboratory on or about July 23, 2019, noted as Exhibit 1.  The lab report, CV and Rule 16 affidavit are attached as Exhibit D.

Alexander Walker is a Forensic Chemist employed by the Drug Enforcement Administration.  This chemist will testify to the analysis of substances received in the laboratory.  The lab report, CV and Rule 16 affidavit are attached as Exhibit E.

## V. Financial Accounts and Transactions Experts

Grace Ellen Howe, John Forakis and Internal Revenue Service (IRS) Special Agent Sonia Hurtado have reviewed the evidence and specifically the bank accounts in this case. They have backgrounds in forensic accounting. These witnesses have reviewed and analyzed bank and financial records gathered in this case during the investigation. Copies of these records have been provided to defense counsel in discovery. These witnesses have reviewed documents taken from the Aircraft Guarantee Corporation (AGC) server and bank records tied to the principals involved with AGC. Such records lay out the financial deposits, transfers, credits, debits, spending, and other financial activity related to the use of funds, which these witnesses have reviewed using the standard financial analysis methods for forensic accountants in their field. Based on their review and analysis, the United States anticipates that these witnesses will testify that the flow of the funds in this case does not align with the proposed aircraft transactions including any escrow or trust

agreements. These witnesses have also analyzed and may testify to money laundering transactions with the fraudulently obtained U.S. currency, including the introduction of "new" investors and additional transactions to keep AGC accounts flush and to repay previous investors, which effectively disguised and concealed the true nature of the fraudulent conduct by the defendants.

Further, the Government anticipates that these witnesses will prepare summary exhibits (based on materials provided in discovery) related to the banking and financial activity in the records gathered during the investigation. These summary reports may include, for example, analysis of the deposits, credits, transfer, and expenditure activity in these accounts. The Government anticipates offering these summaries as evidence under Fed. R. Evid. 1006.

Grace Howe's CV is attached as Exhibit F, John Forakis' CV is attached as Exhibit G and Sonia Hurtado's CV is attached as Exhibit H.

## VI. Witness Regarding White-Collar Crime

The United States intends to call IRS Special Agent Sonia Hurtado Special to testify. She has expertise as an investigator specializing in white-collar crime. Her testimony will be based on her knowledge of the case and her experience as a white-collar criminal investigator. She will provide an overview of the scheme employed by the defendants in this case, discuss the investigation and review of the relevant evidence, and speak to the materiality of the representations made by the defendants. She will explain what a "Ponzi" scheme is.

## VII. Computer Forensics and Operating Systems Experts

Robert Pincher is a HSI Computer Forensic Examiner (CV is attached as Exhibit I). A search warrant was executed on the server for AGC in Denton, Texas. Additionally, AGC's computers were searched. Robert Pincher can identify which exhibits were recovered including file content. He can explain how the operating system used to create digital files attaches properties to the files and will confirm the properties and identify a user names.

## VIII. Reciprocal Discovery

Reciprocal discovery is requested. The United States specifically requests notice of any expert witness the defendants intend to call.

In conclusion, if there is any question or concern about the above listed witnesses' opinions, the bases and reasons for those opinions and the witnesses' qualifications or the sufficiency of this notice pursuant to Rule 16, counsel for the defense should contact the undersigned Assistant United States Attorney as soon as possible for further detail or documentation.

Respectfully submitted,
BRIT FEATHERSTON
United States Attorney

___/s/_____
ERNEST GONZALEZ
Assistant United States Attorney
Texas Bar No. 00789318
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
Ernest.Gonzalez@usdoj.gov

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing was filed via electronic filing to defense counsel on April 7, 2023.

                                        ___/s/_____
                                        ERNEST GONZALEZ