**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | Case No. 4:20-CR-00212 |
| ) | |
| DEBRA LYNN MERCER-ERWIN (1) ) | |
| ) | |
| Defendants. ) | |

**MOTION TO COMPEL RULE 16 DISCLOSURES
REGARDING FURTHER EXPERT TESTIMONY**

Defendant Debra Lynn Mercer-Erwin (the "Defendant"), by and through her attorneys, Joe E. White, Jr., Charles C. Weddle III, Kate C/ White and Matthew P. Cyran, respectfully files the Defendant's Objection Regarding Further Expert Testimony. In support, the Defendant states as follows:

**BACKGROUND**

The Government's first witness, Special Agent Justin Marshall, testified at length about his training and experience and specialized knowledge about drug trafficking, drug recognition, criminal drug investigations, and other topics. The Government's second witness, Grace Howe, testified to her extensive background, education, training, and certification in the area of accounting. Although the Government initially referred to these witnesses as "fact witnesses" (Doc. 384), the testimony that actually came in is categorized as expert testimony pursuant to the Federal Rules of Evidence. The Defendant respectfully requests that the Court order the Government to comply with its obligations pursuant to Fed. R. Crim. P. 16 (a)(1)(G).

## ARGUMENT AND AUTHORITIES

The Defendant originally raised this issue in the Defendant's Objection to Government's Expert Witness Notice (Doc. 371). In the pretrial conference conducted on April 10, 2023, the Court opined that the identified witnesses appeared to be lay witnesses. While that may well be how the witnesses appeared based on their identification by the Government, the testimony that was actually elicited was that of an expert.

> Federal Rule of Evidence 702 controls expert witness testimony.
>
> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

Expert testimony is generally considered admissible if it will assist the jury in understanding information which they are not generally aware. See *United States v. Angleton*, 269 F. Supp. 2d 868 (S.D. Texas, June 9, 2003).

Pursuant to Fed. R. Crim. P. 16, the Defendant has requested that the government produce written summaries of the testimony of any expert witness that the government calls during its case-in-chief, along with the witness' qualifications, the witness' opinion, and the basis underlying the opinions. Essentially, the Defendant has requested that the Government comply with the mandates of Fed. R. Crim. P. 16(a)(1)(G).

Rule 16 requires that after the Defendant makes the request and before the Government presents expert testimony, it must produce:

> • a complete statement of all opinions that the government will elicit from the witness in its case-in-chief, or during its rebuttal to counter testimony that the defendant has timely disclosed under (b)(1)(C);
>
> • the bases and reasons for them;
>
> • the witness' qualifications, including a list of all publications authored in the previous 10 years; and
>
> • a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition.

Fed. R. Crim. P. 16(a)(1)(G)(iii).

In the instant case, Special Agent Marshall testified about the conduct of drug trafficking, the methods drug traffickers employ regarding transportation of drugs, the motives of drug traffickers, as well as the specialized markings on the drugs themselves. The same for Grace Howe; all of her testimony on direct examination was expert testimony. The testimony here is exactly the type of "specialized knowledge" contemplated by Fed. R. Evid. 702. This is not lay testimony and is not "common enough" to qualify as such. See *United States v. Buchanan,* 70 F. 3d 818 (5th Cir. 1995); *United States v. Garcia*, 86 F. 3d 394 (5th Cir. 1996); *United States v. Figueroa-Lopez*, 125 F. 3d 1241 (9th Cir. 1997).

Expert testimony should not be allowed unless and until the Government meets its discovery obligations. "When a criminal defendant requests that the Government provide an item that is material to preparing their defense, the Government must make the item available for inspection and copying, so long as it is within the Government's possession, custody, or control." *United States v. de Leon*, 2022 WL 4102874 (W.D. Texas, September 8, 2022).

At this juncture, four days into trial, it will prejudice the Defendant to allow the Government to present further expert testimony that the Defendant has had no opportunity to confront. Accordingly, justice requires exclusion of any such testimony. "If a party fails to disclose evidence in compliance with Rule 16, the court may enter any order 'that is just under the circumstances.'" *Id.*

If the Government is allowed to introduce further expert testimony without disclosing the materials required pursuant to Rule 16, the Defendant is severely prejudiced by being unable to adequately prepare and defend against this evidence.

## **CONCLUSION**

The Defendant respectfully requests that the Court order the Government to comply with Fed. R. Crim. P. 16(a)(1)(G)(iii) before presenting any further expert testimony.

Respectfully submitted,

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.             OBA #12930
CHARLES C. WEDDLE III  OBA #18869
KATE C. WHITE                   OBA # 30930
MATTHEW P. CYRAN        OBA # 16918
WHITE & WEDDLE, P.C.
630 N.E. 63rd Street
Oklahoma City, Oklahoma 73105
(405) 858-8899
(405) 858-8844 FAX
joe@whiteandweddle.com
charles@whiteandweddle.com
kate@whiteandweddle.com
matt@whiteandweddle.com

*Attorneys for the Defendant,*
*Debra Lynn Mercer-Erwin*

## CERTIFICATE OF DELIVERY

☒ I hereby certify that on this 14th day of April, 2023, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing, which will automatically send e-mail notification of such filing to all attorneys of record.

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.

## CERTIFICATE OF CONFERENCE

Pursuant to United States District Court for the Eastern District of Texas Local Rule CR-47(a)(3), on April 14th, 2023, defense counsel for the Defendant Debra Mercer-Erwin has attempted to confer with Ernest Gonzalez, Assistant United States Attorney in a good faith effort to resolve the matter without Court intervention. Defense counsel has not received a response and due to the urgency of this motion must advise the Court that the United States opposes it.

*s/ Joe E. White, Jr.*
JOE E. WHITE, JR.