IN THE UNITED STATES OF AMERICA
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | No. 4:20CR212 |
| v. | § | Judge Mazzant |
| | § | |
| DEBRA LYNN MERCER- ERWIN (1) | § | |

**UNITED STATES' MOTION TO QUASH MERCER-ERWIN'S SUBPOENA**

The United States moves to quash Debra Lynn Mercer Erwin's subpoena issued to "Deloitte and Touch (sic) c/o" Grace Howe requesting items listed on an "Exhibit 1" to be produced by Monday, April 17, 2023, at 10:00 a.m. at the Paul Brown United States Courthouse in Sherman, Texas.

The Mercer-Erwin subpoena is attached as Exhibit 1.

**THE SUBPOENA FAILS TO COMPLY WITH THE REQUIEMENTS OF RULE 17(c)**

Generally, the subpoena calls for Deloitte and Touch to produce records related to witness Grace Howe's employment at Deloitte and Touch and the firm's contract with the government. Mercer- Erwin attempts to improperly convert a Rule 17(c) trial subpoena into a means of seeking generalized discovery in a classic impermissible fishing expedition. Subpoenas in a criminal case are issued pursuant to Rule 17(c) of the Federal Rules of Criminal Procedure, which states:

> A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court

> may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

Fed. R. Crim. P. 17(c). Rule 17(c) is "not intended to provide an additional means of discovery." *Id.; see United States v. Cuthbertson,* 630 F.2d 139, 146 (3d Cir. 1980) ("Courts must be careful that Rule 17(c) is not turned into a broad discovery device, thereby undercutting the strict limitation of discovery in criminal cases found in Fed. R. Crim. P. 16"); 2 Wright, *Federal Practice and Procedure: Criminal,* § 274 ("The availability of Rule 16 makes it impossible for a defendant to show good cause for use of Rule 17(c) as a discovery device.").

Courts have uniformly held that Rule 17 is not a discovery device to be used in criminal cases as a supplement to Rule 16. *See, e.g., Bowman Dairy Co. v. United States,* 341 U.S. 214 at 220 (1951); *United States v. Fowler,* 932 F.2d 306, 311 (4th Cir. 1991); *United States v. Cuthbertson,* 630 F.2d at 144, 146; *United States v. Murray,* 297 F.2d 812, 821 (2d Cir. 1962); *United States v. Cherry,* 876 F. Supp. 547, 552 (S.D.N.Y. 1995); *United States v. Gel Spice Co.,* 601 F. Supp. 1214, 1224 (E.D.N.Y. 1985). As the Supreme Court has explained, "[i]t was not intended by Rule 16 to give a limited right of discovery, and then by Rule 17 to give a right of discovery in the broadest terms." *Bowman,* 341 U.S. at 220.

Rather, Rule 17(c) permits a defendant to subpoena "any document or other materials, *admissible as evidence,* obtained by the Government by solicitation or

voluntarily from third persons ....” *Bowman,* 341 U.S. at 221 (emphasis added). Thus, the rule’s “chief innovation was to expedite the trial by providing a time and place *before* trial for the inspection of the subpoenaed materials.” *Id.* at 220.

Indeed, the “unambiguous” **requirement in Rule 17(c) of court approval** for pretrial production of documents is designed to “ensure that subpoenas are not used for impermissible discovery….” *United States v. Noriega,* 764 F. Supp. 1480, 1493 (S.D. Fla. 1991) (citing *United States v. Ferguson,* 37 F.R.D. 6, 8 (D.D.C. 1965) (Requirement “is no mere technicality. It is vital protection against misuse or improvident use of such subpoenas *duces* tecum.”)).

Thus, to obtain a pretrial subpoena (here, the defendant seeks a subpoena during trial), the movant “must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity.” *United States v. Nixon,* 418 U.S. 683, 700 (1974). It is important to note that under this test the documents sought “cannot be *potentially* relevant or admissible, they must meet the test of relevancy and admissibility at the time they are sought.” *United States v. Marchisio,* 344 F.2d 653, 669 (2d Cir. 1965); *see also Cherry,* 876 F. Supp. at 552 (same); *United States v. Burger,* 773 F. Supp. 1419, 1425 (D. Kan. 1991). Thus, Rule 17(c) is different from the civil rules which permit the issuance of subpoenas to seek production of documents or materials which, although themselves not admissible, may lead to admissible evidence. *See Cherry,* 876 F. Supp. at 552; *see also United States v. Gross,* 24 F.R.D. 138, 141 (S.D.N.Y.

1959) (Rule 17(c) cannot be used "to obtain leads as to the existence of additional documentary evidence or to seek information relating to the defendant's case. This type of discovery, permissible under the Federal Rules of Civil Procedure, has not been authorized for criminal trials.").

Upon challenge, a party seeking documents under Rule 17 must show:

(1) That the documents are evidentiary and relevant;

(2) That they are not otherwise procurable by the defendant reasonably in advance of trial by exercise of due diligence;

(3) That the defendant cannot properly prepare for trial without such production and inspection in advance of trial and the failure to obtain such inspection may tend unreasonably to delay the trial;

(4) That the application is made in good faith and is not intended as a general fishing expedition.

*United States v. Nixon,* 418 U.S. 683, 699-700 (1974); *see United States v. Dale,* 155 F.R.D. 149, 151 (S.D. Miss. 1994). Finally, a movant's "conclusory statements that the documents may be relevant and admissible are insufficient" to overcome the *Nixon* hurdles. *Burger,* 773 F. Supp. at 1425 (citing *United States v. Eden,* 659 F.2d 1376, 1381 (9th Cir. 1981).

Here, Mercer-Erwin has not and cannot demonstrate that the requested documents are evidentiary, relevant, and admissible in the on-going trial. *see Nixon*, 418 U.S. at 700-01 (finding Rule 17(c) satisfied only after "there was a sufficient preliminary showing that each of the subpoenaed tapes contained evidence

admissible with respect to the offenses charged in the indictment").

Additionally, unlimited and general requests for "[a]ll and any" of anything represents a fishing expedition rather than a good-faith effort to expedite trial by securing targeted relevant and admissible evidence. *See Nixon,* 418 U.S. at 699 (stating that the requesting party must show that subpoena was not "intended as a general fishing expedition"); *Bowman*, 341 U.S. at 221 (finding subpoena request invalid where it was "merely a fishing expedition to see what may turn up").

This subpoena is an improper use of Rule 17(c). *See Bowman Dairy,* 71 S.Ct. at 679 (holding subpoena's "catch-all provision ... not intended to produce evidentiary materials"). Ultimately, the Mercer-Erwin Subpoena is premised on the "mere hope" that evidence favorable to Mercer-Erwin's defense will be discovered. As such, it clearly constitutes an impermissible use of a Rule 17(c) subpoena. See *United States v. Hang,* 75 F.3d 1275, 1283 (8th Cir. 1996) ("At best, Hang's broad request exemplified his 'mere hope' that the desired documents would produce favorable evidence, and a Rule 17(c) subpoena cannot properly be issued upon a 'mere hope.' "); *see United States v. Cuthbertson,* 630 F.2d 139, 146 (3d Cir. 1980) (same).

**THE COURT'S ROLE**

The court supervises the process so that Rule 17(c) does not become a means of conducting general discovery, which is not permitted in criminal cases. *United*

*States v. Modi,* 2002 WL 188327, *1 (W.D. Va. 2002). *See United States v. Beckford,* 964 F.Supp. 1010, 1022, 1025 (E.D.Va.] 997); *United States v. Ferguson,* 37 F.R.D. 6, 8 (D.D.C. 1965)).

"Regardless of whether the government objects, the court is required to examine the subpoenas for compliance with the test set forth in *Nixon.* The government's standing to object has no effect on the court's obligations under Rule 17." *Id. See United States v. Tomison,* 969 F.Supp. 587, 594 (E.D.Cal. 1997). ("Even assuming the full vigor of the [government's] objection ... there is no reason to suppose that the government's participation is required to ensure that the court performs its duty in determining that the requisites for issuing the subpoena have been demonstrated, and that the party seeking the subpoena is not simply on a fishing expedition.").

**CONCLUSION**

For the reasons set forth above Mercer-Erwin's subpoena should be quashed.

Respectfully submitted,

BRIT FEATHERSTON
UNITED STATES ATTORNEY

/s/
HEATHER RATTAN
Assistant United States Attorney
Texas Bar No. 16581050
101 East Park Boulevard, Suite 500
Plano, Texas 75074
Phone: (972) 509-1201
heather.rattan@usdoj.gov

CERTIFICATE OF CONFERENCE

Counsel for the defendant opposes this motion

/s/
Heather Rattan
Assistant United States Attorney

CERTIFICATE OF SERVICE

On April 15, 2022, a true and correct copy of the foregoing instrument has been served on the counsel for the defendant via electronic filing.

/s/
Heather Rattan
Assistant United States Attorney