IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | No. 4:20-CR-212 |
| § | Judge Mazzant |
| DEBRA LYNN MERCER-ERWIN (1) § | |

**GOVERNMENT'S MOTION TO ALLOW TESTIMONY OF CASEY SULLIVAN IN JURY TRIAL**

The government, by and through the undersigned Assistant U.S. Attorney, files this motion to include the testimony of Casey Sullivan at the jury trial in the above-entitled action. The government would show the following in support of their motion.

"In general, '[a] criminal defendant has no absolute right to a list of the government's witnesses in advance of the trial.'" *United States v. Fisher*, No. 19-14423, 2021 WL 6101255, at *4 (11th Cir. Dec. 21, 2021), *cert. denied*, 142 S. Ct. 2666 (2022) (quoting *United States v. Johnson*, 713 F.2d 654, 659 (11th Cir. 1983)).[1]

Any right of a defendant to a list of the United States' witness is the result of this Court's orders or practices. As such, this Court has considerable latitude in addressing inadvertent omissions from a witness list. *Id.* (holding that a district court's decision with respect to production of witness lists is reviewed for an abuse of discretion); *see also United States v.*

---

[1] It is worth noting that in capital and treason cases, the United States is required to produce a witness list to the Defendant. 18 U.S.C. § 3432. Nonetheless, even in such cases where production of such lists is a statutory command, courts generally exclude a witness only "upon a showing of irreparable prejudice." *United States v. Young*, 533 F.3d 453, 466 (6th Cir. 2008) (citing United States v. Fulks, 454 F.3d 410, 424 (4th Cir. 2006)) (holding "that the district court abused its discretion in choosing to exclude the relevant testimony in the absence of discovery abuses or bad faith on the part of the government").

*Fischel*, 686 F.2d 1082 (5th Cir. 1982) ("[W]hile a court may require production of a witness list on the defendant's request, the court is curbed only by its own discretion."); *United States v. Moseley*, 450 F.2d 506 (5th Cir. 1971) ("Requiring a list of adverse witnesses to be furnished by the Government is within the judicial discretion of the trial court.").

The United States is of course aware of this Court's order requiring the filing of witness lists by the parties (Dkt 316). The United States' failure to list Casey Sullivan was an inadvertent omission. The United States provided its list of names in good faith and without any intention to ambush the Defendants.

In *United States v. Fisher*, No. 19-14423, 2021 WL 6101255 (11th Cir. Dec. 21, 2021), *cert. denied*, 142 S. Ct. 2666 (2022), the Eleventh Circuit recently affirmed the district court's decision to allow a witness to testify at trial who was inadvertently omitted from the United States' witness list. The district court concluded that the defendant would not be prejudiced by permitting the witness to testify and the Eleventh Circuit agreed: "Fisher has failed to show any actual prejudice resulting from Gwynne's testimony or explain how counsel's cross-examination would have differed if Gwynne had been included on the witness list." *Fisher*, 2021 WL 6101255, at *5.

Such is the case here. Mercer-Erwin has not adequately explained how she will be prejudiced by permitting Casey Sullivan to testify. It should come to no surprise that Casey Sullivan might be a witness in this case. Casey Sullivan's name was disclosed to Mercer-Erwin in discovery and is an employee with the Texas Exchange Bank. This not a case where the witness is a surprise witness with whom the Defendant has no familiarity or lacks the knowledge to adequately prepare a robust cross examination.

The government respectfully requests that the Court allow Casey Sullivan's testimony to be allowed at the jury trial of this case.

Respectfully submitted,

BRIT FEATHERSTON
United States Attorney

___/s/_____
ERNEST GONZALEZ
Assistant United States Attorney
Texas Bar No. 00789318
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
Ernest.Gonzalez@usdoj.gov

**CERTIFICATE OF CONFERENCE**

Defense has noted their opposition to include the testimony of Casey Sullivan since he was not included on the government's witness list.

___/s/_____
ERNEST GONZALEZ

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed via electronic filing to defense counsel on April 17, 2023.

___/s/_____
ERNEST GONZALEZ