IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | 4:20-CR-212 |
| DEBRA LYNN MERCER-ERWIN (1) | |

POINT AND AUTHORITIES
IN SUPPORT OF A DELIBERATE IGNORANCE INSTRUCTION

Comes now the United States and files this pleading in support of a deliberate ignorance instruction to the jury.

ARGUMENT

The Fifth Circuit Pattern Jury Instructions provides for a jury instruction on deliberate ignorance:

> You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed her eyes to what would otherwise have been obvious to her. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded herself to the existence of a fact.

Fifth Cir. Pattern Jury Instructions (Crim. Cases) § 1.42

Although the Fifth Circuit has held deliberate ignorance instructions should "rarely" be offered, *United States v. Nguyen*, 493 F.3d 613, 619 (5th Cir. 2007), "rarely" does not mean "never." The Fifth Circuit has approved the use by courts of deliberate ignorance instructions on several occasions. *See, e,.g., United States v. Mata*, 839 F. App'x 862 (5th Cir. 2020); *United*

1

*States v. Robinett*, 832 F. App'x 261 (5th Cir. 2020); *United States v. Venegas*, 819 F. App'x 280 (5th Cir. 2020); *United States v. Garcia*, 788 F. App'x 955 (5th Cir. 2019); *United States v. Mazkouri*, 945 F.3d 293 (5th Cir. 2019). Indeed, the most recent decision on deliberate ignorance by the Fifth Circuit was its decision in *United States v. Balagia*, affirming this Court's use of a deliberate ignorance instruction. No. 21-40366, 2023 WL 1778179, at *6 (5th Cir. Feb. 6, 2023)2023 WL 1778179, at *6.

"To determine whether the evidence supports [a deliberate ignorance] instruction, this court 'views the evidence and all reasonable inferences that may be drawn from the evidence in the light most favorable to the Government.'" *United States v. Venegas*, 819 F. App'x 280, 281 (5th Cir. 2020) (quoting *United States v. Araiza-Jacobo*, 917 F.3d 360, 366 (5th Cir. 2019)).

"A district court may provide a deliberate-ignorance instruction when the evidence at trial raises two inferences: '(1) the defendant was subjectively aware of a high probability of the existence of the illegal conduct; and (2) the defendant purposely contrived to avoid learning of the illegal conduct.'" *Balagia*, 2023 WL 1778179, at *6 (quoting *United States v. Lara-Velasquez*, 919 F.2d 946, 951 (5th Cir. 1990)).

In the present case, the United States has produced sufficient evidence to show that Mercer was at least "subjectively aware of a high probability of the existence of the illegal conduct." *Id.* at *6. Mercer-Erwin has prior to and during trial repeatedly asserted that she had no knowledge that her companies were being used to facilitate the U.S. registration of planes operated by international drug traffickers.[1] However, the evidence tells a different story. The

---

[1] The fact that Mercer-Erwin has not and is not expected to testify is irrelevant. *See United States v. Wofford*, 560 F.3d 341, 353 (5th Cir. 2009) ("[E]ven though Wofford did not testify, he did raise a lack of guilty knowledge through his counsel's opening and closing statements, which emphasized a lack of guilty knowledge and the presence of good faith, and through the testimony of [a witness], who testified that Wofford told her that he believed his actions were authorized."); *United States v. Wisenbaker*, 14 F.3d 1022, 1027 (5th Cir.1994) ("[T]he core of Wisenbaker's defense at trial was his contention that he lacked the necessary willful mental state. Although

2

United States offered evidence that the defendant admitted in proffer interviews after her arrest that she knew that approximately ten of the airplanes registered with Aircraft Guaranty Corporation (AGC) had been involved with narcotics. The evidence also showed that on January 27, 2020, February 27, 2020, April 20, 2020, July 28, 2020, September 27, 2020 and February 22, 2022 airplanes connected to the Mercer-Erwin were seized or destroyed linked to narcotics.

Although the United States has argued that Mercer-Erwin was indeed aware of the illicit uses to which her services were being used, the United States has also argued that any lack of actual knowledge was deliberate: Mercer-Erwin effectively closed her eyes and stopped her ears. A deliberate ignorance instruction is appropriate in such cases: "[A] deliberate ignorance instruction may still be proper even where the Government's 'primary theory was that [the defendant] had actual knowledge' if the evidence also 'suggests a conscious attempt to avoid incriminating knowledge.'" *United States v. Mata*, 839 F. App'x 862, 869 (5th Cir. 2020) (quoting *United States v. Orji-Nwosu*, 549 F.3d 1005, 1009 (5th Cir. 2008)).

The United States also introduced evidence from which it can be inferred that Mercer-Erwin "purposely contrive to avoid learning of the illegal conduct.'" *Balagia*, 2023 WL 1778179, at *6. The Fifth Circuit has held that "[c]ircumstantial evidence can be provided as evidence of purposeful contrivance," *Nguyen*, 493 F.3d at 621(citing *United States v. Inv. Enters., Inc.*, 10 F.3d 263, 269 n. 9 (5th Cir.1993)), and that "[n]ot asking questions can be considered a purposeful contrivance to avoid guilty knowledge." *Id*. Here, the United States introduced evidence showing that Mercer-Erwin contrived to avoid learning that planes registered by her company were being used to ferry huge volumes of narcotics. Specifically, Mercer-Erwin admitted in a proffer interview that she was aware of approximately ten airplanes

---

he did not testify, his attorney's opening statement centered on Wisenbaker's mental state defense.") (footnotes omitted).

linked to narcotic events. Mercer-Erwin was put on notice on February 22, 2017 when a Boston Globe reporter contacted Mercer-Erwin inquiring about an AGC registered plane piloted by a convicted drug trafficker that crashed in Venezuela killing 4 person and injuring three others. On March 15, 2019, Guillermo Garcia informing Mercer-Erwin that an "aircraft under AGC name used for illegal narcotics" and told her that "you need a filter to avoid this". Then on February 2, 2020, Federico Machado tells Mercer-Erwin "your plane rescued from the landing strip in Guatemala". On March 3, 2020, Guillermo Garcia tells Mercer-Erwin "another plane carrying drugs under aircraft guarantee name". Additionally on December 29, 2020, Mercer-Erwin admitted during her proffer interview that she was aware that the only vetting that they did at AGC was to run the scanned passports through "WatchDog" understanding that the passport may still be fake and that AGC did no additional research to verify the owners, addresses, companies or if the owner had the financial means to purchase an aircraft. Mercer-Erwin also admitted at the proffer interview on December 29, 2020 that she "should have been more diligent when aircraft started going down". Mercer-Erwin also stated that she should have looked more closely at the end users and conducted more due diligence. Mercer-Erwin purposely blinded herself to the obvious, that her due diligence was insufficient and that there was a high probably that her conduct would allow airplanes registered with AGC to be used for illegal purposes and that she needed to take action.

Respectfully submitted,

BRIT FEATHERSTON
United States Attorney

\_\_\_/s/_____
ERNEST GONZALEZ
Assistant United States Attorney
Texas Bar No. 00789318
101 E. Park Blvd., Suite 500
Plano, Texas 75074
(972) 509-1201
(972) 509-1209 (fax)
Ernest.Gonzalez@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed via electronic filing to defense counsel on April 27, 2023.

\_\_\_/s/_____
ERNEST GONZALEZ