# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 4:20-CR-212 |
| | § | |
| DEBRA LYNN MERCER-ERWIN (1) | § | |

## FINAL JURY INSTRUCTIONS

**MEMBERS OF THE JURY:**

Now that you have heard all the evidence in the case, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to determine what testimony and evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case; for example, instructions about burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case, and finally I will explain to you the procedures you should follow in your deliberations.

## <u>DUTY TO FOLLOW INSTRUCTIONS</u>

You, as jurors, are the judges of the facts.  But in determining what actually happened—that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

## <u>PRESUMPTION OF INNOCENCE, BURDEN OF PROOF,<br>REASONABLE DOUBT</u>

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, a defendant is presumed by the law to be innocent.  The defendant begins with a clean slate.  The law does not require a defendant to prove his innocence or produce any evidence at all.

The Government has the burden of proving a defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant.  While the

Government's burden of proof is a strict or heavy burden, it is not necessary that the Defendant's guilt be proved beyond all possible doubt.  It is only required that the Government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

## EVIDENCE — EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts.  To do so, you must consider only the evidence presented during the trial.  Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits.  The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

During the trial, I sustained objections to certain questions and exhibits.   You must disregard those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.  Your verdict must be based solely on legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

## EVIDENCE — INFERENCES — DIRECT AND CIRCUMSTANTIAL

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.   In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence."  You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness.  "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weight you may give to either direct or circumstantial evidence.  But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

## CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the Government has proved the guilt of the Defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses who testified in this case.  You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest?  Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case?  Did the witness have

any relationship with either the Government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

The testimony of the defendant should be weighed, and her credibility evaluated in the same way as that of any other witness.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.  You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

## ACCOMPLICE — IMMUNITY

The testimony of one who provides evidence against a defendant as an informer for immunity from punishment or for personal advantage or vindication must always be examined and weighed by the jury with greater care and caution than

the testimony of ordinary witnesses.  You, the jury, must decide whether the witness's testimony has been affected by these circumstances, by the witness's interest in the outcome of the case, by prejudice against the defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution.  You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

## STATEMENT VOLUNTARINESS

In determining whether any statement, claimed to have been made by the defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care.  You should give such weight to the statement as you feel it deserves under all the circumstances.

You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, her treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

## SINGLE DEFENDANT — MULTIPLE COUNTS

A separate crime is charged in each count of the Fifth Superseding Indictment.

Each count, and the evidence pertaining to it, should be considered separately.  The fact that you may find Defendant guilty or not guilty as to one of the crimes charged should not control your verdict as to any other.

## IMPEACHMENT BY PRIOR CONVICTION
## (WITNESSES OTHER THAN DEFENDANT)

You have been told that some of the witnesses in this case have been convicted of a prior felony.  A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility.  It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony.  It is not evidence of anything else.

## EXPERT OPINION TESTIMONY

During the trial you heard the testimony of witnesses who were presented to you as an expert in a certain field.  If scientific, technical, or other specialized knowledge might assist the jury in understanding the evidence or in determining a fact in issue, a witness qualified by knowledge, skill, experience, training, or education may testify and state an opinion concerning such matters.

Merely because such a witness has expressed an opinion does not mean, however, that you must accept this opinion.  You should judge such testimony like any other testimony.  You may accept it or reject it and give it as much weight as

you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, and all other evidence in the case.

## ON OR ABOUT

You will note that the Fifth Superseding Indictment charges that the offenses were committed on or about a specified date or during a specific period of time.  The Government does not have to prove that a crime was committed on those exact dates, so long as the Government proves beyond a reasonable doubt that the Defendant committed the crime on a date reasonably near the dates stated in the Fifth Superseding Indictment for each count.

## IDENTIFICATION TESTIMONY

In any criminal case, the Government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, beyond a reasonable doubt, the identity of the Defendant as the perpetrator of the alleged offense.

In evaluating the identification testimony of a witness, you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general and should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified.  You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time

in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the Defendant was presented to the witness for identification, and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the Defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of the Defendant as the perpetrator of an offense charged, you must find the Defendant not guilty.

## <u>CAUTION — CONSIDER ONLY CRIME CHARGED</u>

You are here to decide whether the Government has proved beyond a reasonable doubt that the Defendant is guilty of the crimes charged.  The Defendant is not on trial for any act, conduct, or offense not alleged in the Fifth Superseding Indictment.  Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a Defendant in this case.

## <u>CAUTION — PUNISHMENT</u>

If a Defendant is found guilty, it will be my duty to decide what the punishment will be.  You should not be concerned with punishment in any way.  It should not enter your consideration or discussion.

## SUMMARIES AND CHARTS NOT RECEIVED IN EVIDENCE

Certain charts and summaries have been shown to you solely as an aid to help explain the facts disclosed by evidence (*testimony, books, records, and other documents*) in the case.  These charts and summaries are not admitted evidence or proof of any facts.  You should determine the facts from the evidence that has been admitted.

## SUMMARIES AND CHARTS RECEIVED IN EVIDENCE

Certain charts and summaries of other records have been received into evidence.  They should be considered like any other evidence in the case.  You should give them only such weight as you think they deserve.

The charts and summaries include inferences or conclusions drawn from the records underlying them.  It is up to you to determine if these inferences or conclusions are accurate.

## VENUE — CONSPIRACY

The events presented at trial happened in various places.  As for the conspiracy charges in this case, namely Counts One, Two, Four, Five, Six, and Seven of the Fifth Superseding Indictment, there is no requirement that the entire conspiracy take place in the Eastern District of Texas.  But in order for you to return a guilty verdict, the Government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the Defendant never set

foot in the district.  An overt act is an act performed to affect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself. Though the overt act need not be of a criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the Government has to prove only by a preponderance of the evidence.  This means the Government has to convince you only that it is more likely than not that part of the conspiracy took place in the Eastern District of Texas.  All other elements of the offense must be proved beyond a reasonable doubt.  You are instructed that Collin County, Denton County, and Onalaska, Texas are located in the Eastern District of Texas.

## **FIFTH SUPERSEDING INDICTMENT — COUNT ONE**

Defendant Debra Lynn Mercer-Erwin is charged in Count One of the Fifth Superseding Indictment with the offense of Conspiracy to Manufacture and Distribute Cocaine, in violation of Title 21, United States Code, Section 846.

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substance laws of the United States.  In this case, the relevant controlled substance law is Title 21, United States Code, Section 841(a)(1).

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*__First__*: That the defendant and at least one other person made an agreement, either directly or indirectly, to possess with the intent to distribute a mixture or substance containing a detectable amount of cocaine; and

*__Second__*: That the defendant knew the unlawful purpose of the agreement and joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

## FIFTH SUPERSEDING INDICTMENT — COUNT TWO

Defendant Debra Lynn Mercer-Erwin is charged in Count Two of the Fifth Superseding Indictment with the offense of Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing, and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States, in violation of Title 21, United States Code, Section 963.

Title 21, United States Code, Section 963, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substance

laws of the United States.  In this case, the government charged the defendant with violating Title 21, United States Code, Sections 959(a) and 960.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

***First*:** That the defendant and at least one other person made an agreement, directly or indirectly, to manufacture or distribute a mixture or substance containing a detectable amount of cocaine intending, knowing, or with reasonable cause to believe that such cocaine would be unlawfully imported into the United States; and

***Second*:** That the defendant knew the unlawful purpose of the agreement and joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

## FIFTH SUPERSEDING INDICTMENT — COUNT THREE

Defendant Debra Lynn Mercer-Erwin is charged in Count Three of the Fifth Superseding Indictment with the offense of Manufacturing and Distributing Cocaine Intending, Knowing, and with Reasonable Cause to Believe that the Cocaine will be

Unlawfully Imported into the United States, in violation of Title 21, United States Code, Sections 959.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following elements beyond a reasonable doubt:

*__First__*: That the defendant manufactured or distributed a mixture or substance containing a detectable amount of cocaine outside of the United States; and

*__Second__*: That the defendant intended, knew, or had reasonable cause to believe that such cocaine would be unlawfully imported into the United States.

## FIFTH SUPERSEDING INDICTMENT — COUNT FOUR

Defendant Debra Lynn Mercer-Erwin is charged in Count Four of the Fifth Superseding Indictment with the offense of Conspiracy to Commit Money Laundering in violation of Title 18, United States Code, Sections 1956 and 1957.

Title 18, United States Code, Section 1956(h), makes it a crime for anyone to conspire to commit money laundering.  In this case, the government charged the defendant with violating money-laundering provisions under 18 U.S.C. § 1956(a)(1)(A)(i), 18 U.S.C. § 1956(a)(1)(B)(i), 18 U.S.C. § 1956(a)(2)(A), 18 U.S.C. § 1956(a)(2)(B)(i), and 18 U.S.C. § 1957.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced that the Government has proved each of the following elements beyond a reasonable doubt:

**_First_**: That the defendant and at least one other person made an agreement, directly or indirectly, to commit the crime of money laundering as alleged in the Fifth Superseding Indictment; and

**_Second_**: That the defendant knew the unlawful purpose of the agreement and joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

As alleged in the Fifth Superseding Indictment, the crime of money laundering can be committed in several different ways.  You must unanimously agree that Defendant conspired to violate at least one of these statutes.

The essential elements that must be proven to establish the offense of money laundering under **18 U.S.C. § 1956(a)(1)(A)(i)** are:

**(1)** That the defendant knowingly conducted or attempted to conduct a financial transaction;

**(2)** That the financial transaction or attempted financial transaction involved the proceeds of a specified unlawful activity;

**(3)** That the defendant knew that the property involved in the financial transaction represented the proceeds of the specified unlawful activity; and

**(4)** That the defendant intended to promote the carrying on of the specified unlawful activity.

The essential elements that must be proven to establish the offense of money laundering under **18 U.S.C. § 1956(a)(1)(B)(i)** are:

**(1)** That the defendant knowingly conducted or attempted to conduct a financial transaction;

**(2)** That the financial transaction or attempted financial transaction involved the proceeds of a specified unlawful activity;

**(3)** That the defendant knew the property involved in the financial transaction represented the proceeds of the specified unlawful activity; and

**(4)** That the defendant knew that the transaction was designed in whole or part to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of the specified unlawful activity.

The essential elements that must be proven to establish the offense of money laundering under **18 U.S.C. § 1956(a)(2)(A)** are:

**(1)** That the defendant knowingly transported, transmitted, or transferred, or attempted to transport, transmit, or transfer monetary instruments or funds;

**(2)** That the transportation, transmittal, or transfer, or attempted transportation, transmittal, or transfer was from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States; and

**(3)** That the defendant intended to promote the carrying on of the specified unlawful activity.

The essential elements that must be proven to establish the offense of money laundering under **18 U.S.C. § 1956(a)(2)(B)(i)** are:

**(1)** That the defendant knowingly transported, transmitted, or transferred or attempted to transport, transmit, or transfer monetary instruments or funds;

**(2)** That the transportation, transmittal, or transfer, or attempted transportation, transmittal, or transfer was from a place in the United States to or through a place outside the United States, or to a place in the United States from or through a place outside the United States; and

**(3)** That the defendant knew that the monetary instrument or funds involved in the transportation, transmission, or transfer represented the proceeds of a specified unlawful activity; and

**(4)** That the defendant knew that such transportation, transmission, or transfer was designed in whole or in part to conceal or disguise the nature, location, source, ownership, or control of the proceeds of the specified unlawful activity.

The essential elements that must be proven to establish the offense of money laundering under **18 U.S.C. § 1957** are:

**(1)** That the defendant knowingly engaged or attempted to engage in a monetary transaction;

**(2)** That the monetary transaction was of a value greater than $10,000;

**(3)** That the monetary transaction involved criminally derived property;

**(4)** That criminally derived property was derived from a specified unlawful activity;

**(5)** That the defendant knew that the monetary transaction involved criminally derived property; and

**(6)** That the monetary transaction took place within the United States or the special maritime and territorial jurisdiction of the United States or that the monetary transaction took place outside the United States and the special

maritime and territorial jurisdiction of the United States, but the defendant is a United States person.

Specified unlawful activities, as alleged in the Fifth Superseding Indictment, include conspiracy to possess with the intent to distribute a controlled substance, manufacturing or distributing a mixture or substance containing a detectable amount of cocaine intending, knowing, or with reasonable cause to believe that such cocaine would be unlawfully imported into the United States, conspiracy to manufacture or distribute a mixture or substance containing a detectable amount of cocaine intending, knowing, or with reasonable cause to believe that such cocaine would be unlawfully imported into the United States, and conspiracy to commit wire fraud.

With respect to 18 U.S.C. § 1956(a)(1)(A)(i) and 18 U.S.C. § 1956(a)(1)(B)(i), the government must prove that the defendant knew that the property involved in the transaction were the proceeds of some kind of crime that is a felony under federal, state, or foreign law; although, it is not necessary to show that the defendant knew exactly what crime generated the funds.

I instruct you that conspiracy to possess with the intent to distribute a controlled substance, manufacturing or distributing a mixture or substance containing a detectable amount of cocaine intending, knowing, or with reasonable cause to believe that such cocaine would be unlawfully imported into the United States, conspiracy to manufacture or distribute a mixture or substance containing a

detectable amount of cocaine intending, knowing, or with reasonable cause to believe that such cocaine would be unlawfully imported into the United States, and conspiracy to commit wire fraud are all felonies.

The term "conducted" includes initiating, concluding, or participating in initiating, or concluding a transaction.

The term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition, and with respect to a financial institution includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected.

The term "financial transaction" includes any "transaction," as that term has just been defined, and means:

1.      Which in any way or degree affects interstate or foreign commerce, involving the movement of funds by wire or other means, one or more monetary instruments, or the transfer of title to any real property, vehicle, vessel, or aircraft; or

2.      Which involves the use of a financial institution that is engaged in or the activities of which affect interstate or foreign commerce in any way or degree.

It is not necessary for the Government to show that the defendant actually intended or anticipated an effect on interstate commerce by his actions or that commerce was actually affected.  All that is necessary is that the natural and probable consequences of the acts the defendant took would be to affect interstate commerce.  If you decide there would be any effect at all on interstate or foreign commerce, then that is enough to satisfy this element.  The effect can be minimal.

The term "criminally derived property" means any property constituting or derived from proceeds obtained from a criminal offense.

The government is not required to prove that the defendant knew that the offense from which the "criminally derived property" was derived constituted "specific unlawful activity" as defined by the statute creating this offense.  The government must prove, however, that the defendant knew that the involved property was obtained or derived from the commission of a crime.

Your verdict, whether it is guilty or not guilty, must be unanimous.  The following instruction applies to the unanimity requirement as to Count Four of the Fifth Superseding Indictment.

Count Four of the Fifth Superseding Indictment accuses the Defendant of conspiring to commit the crime of money laundering in five different ways.  The first is that the Defendant conspired to violate 18 U.S.C. § 1956(a)(1)(A)(i).  The second is that the Defendant conspired to violate 18 U.S.C. § 1956(a)(1)(B)(i).  The

third is that the Defendant conspired to violate 18 U.S.C. § 1956(a)(2)(A).  The fourth is that the Defendant conspired to violate 18 U.S.C. § 1956(a)(2)(B)(i).  And the fifth is that the Defendant conspired to violate 18 U.S.C. § 1957.

The Government does not have to prove Defendant conspired to violate all of these statutes for you to return a guilty verdict on this charge.  Proof beyond a reasonable doubt on one is enough.  But in order to return a guilty verdict, all of you must agree that the same one has been proved.  All of you must agree that the Government proved beyond a reasonable doubt that the Defendant conspired to violate 18 U.S.C. § 1956(a)(1)(A)(i); or all of you must agree that the Government proved beyond a reasonable doubt that the Defendant conspired to violate 18 U.S.C. § 1956(a)(1)(B)(i); or all of you must agree that the Government proved beyond a reasonable doubt that the Defendant conspired to violate 18 U.S.C. § 1956(a)(2)(A); or all of you must agree that the Government proved beyond a reasonable doubt that the Defendant conspired to violate 18 U.S.C. § 1956(a)(2)(B)(i); or all of you must agree that the Government proved beyond a reasonable doubt that the Defendant conspired to violate 18 U.S.C. § 1957.

## FIFTH SUPERSEDING INDICTMENT — COUNT FIVE

Defendant Debra Lynn Mercer-Erwin is charged in Count Five of the Fifth Superseding Indictment with the offense of Conspiracy to Commit Export Violations, in violation of Title 18, United States Code, Section 371.

Title 18, United States Code, Section 371, makes it a crime for two or more persons to conspire to commit an offense against the laws of the United States.  In this case, the government charged the defendant with conspiring to violate export provisions under 13 U.S.C. § 305 and 18 U.S.C. § 554.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced that the Government has proven each of the following elements beyond a reasonable doubt:

***First***: That the defendant and at least one other person made an agreement, directly or indirectly, to commit export violations as alleged in the Fifth Superseding Indictment.

***Second***: That the defendant knew the unlawful purpose of the agreement and joined in the agreement willfully, that is, with the intent to further the unlawful purpose; and

***Third***: That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

Title 13, United States Code, Section 305 makes it a crime to fail to file export information through the Shippers Export Declaration or Automated Export System or knowingly submit false or misleading export information through the Shippers Export Declaration or Automated Export System.  Title 13, United States Code, Section 305 also makes it a crime to knowingly report information on or use the Shippers Export Declaration or Automated Export System to further any illegal activity.

The essential elements that must be proven to establish an export violation under **13 U.S.C. § 305** are

**(1)** That the defendant had an obligation to file export information through the Shippers Export Declaration (or any successor document) or the Automated Export System and knowingly failed to file information through the Shippers Export Declaration (or any successor document) or the Automated Export System; **or**

**(2)** That the defendant knowingly submitted false or misleading export information through the Shippers Export Declaration (or any successor document) or the Automated Export System; **or**

**(3)** That the defendant knowingly reported information on or used the Shippers Export Declaration or Automated Export System to further any illegal activity.

25

Title 18, United States Code, Section 554 makes it a crime to fraudulently or knowingly export or send from the United States, or attempt to knowingly export or send from the United States, any merchandise, article, or object contrary to any law or regulation of the United States.  Title 18, United States Code, Section 554 also makes it a crime to receive, conceal, buy, sell, or in any manner facilitate the transportation, concealment, or sale of such merchandise, article, or object, prior to exportation, knowing the merchandise, article, or object is intended for exportation contrary to any law or regulation of the United States.

The essential elements that must be proven to establish an export violation under **18 U.S.C. § 554** are

**(1)** That the defendant knowingly or fraudulently exported, sent, attempted to export, or attempted to send merchandise as described in the Fifth Superseding Indictment, or that the defendant concealed or facilitated the concealment of such merchandise, prior to exportation, knowing the same to be intended for exportation;

**(2)** That the defendant's exportation or sending was contrary to United States law or regulation; and

**(3)** That the defendant knew the exportation or sending of the merchandise was contrary to law or regulation.

26

Here, the government alleged that defendant was required to make filings pursuant to certain federal regulations; namely, 15 C.F.R. § 30.1(b), 15 C.F.R. § 30.2, 15 C.F.R. § 30.3, 15 C.F.R. § 30.6(a), 15 C.F.R. § 758.1(b)(5), and 15 C.F.R. § 758.2.

Title 15, Code of Federal Regulations, § 30.1(b) provides that electronic filing through the Automated Export System strengthens the United States government's ability to prevent the export of certain items to unauthorized destinations and/or end users because the Automated Export System aids in targeting, identifying, and, when necessary, confiscating suspicious or illegal shipments prior to exportation.

Title 15, Code of Federal Regulations, § 30.2 lays out general requirements for filing Electronic Exportation Information (also referred to as "EEI"). According to 15 C.F.R. § 30.2, Electronic Exportation Information shall be filed through the Automated Export System by the United States Principal Party in Interest (also referred to as "USPPI"), the United States Principal Party in Interest's authorized agent, or the authorized United States agent for the Foreign Principal Party in Interest for all export shipments requiring an export license issued by any federal government agency. Additionally, under Title 15, Code of Federal Regulations, § 758.1(b)(5), Electronic Exportation Information must be filed in the Automated Export System for all exports of commodities and mass market software subject to the Export Administration Regulations when the value of the commodities or mass-

market software is over $2,500.  All filings, in this case, were required to take place prior to departure.

Title 15, Code of Federal Regulations, § 30.3 states that the filer of Electronic Exportation Information is either the United States Principal Party in Interest or the United States Principal Party in Interest's authorized agent.  The filer shall be physically located in the United States at the time of filing and is responsible for the truth, accuracy, and completeness of the Electronic Exportation Information, which must be based on personal knowledge of the facts stated or on information furnished by other responsible persons participating in the transaction.

The "Automated Export System" is the electronic system for collecting "Shipper's Export Declaration" (or any successor document) information from persons exporting goods from the United States.  The Shipper's Export Declaration information shall be referred to as "Electronic Export Information."

The "Principal Parties in Interest" are those persons in a transaction that receive the primary benefit, monetary or otherwise.  Generally, the principal parties in interest in a transaction are the seller and buyer.  In most cases, the forwarding or other agent is not a principal party in interest.

The "United States Principal Party in Interest" is the person or legal entity in the United States that receives the primary benefit, monetary or otherwise, from the export transaction.  Generally, that person or entity is the U.S. seller, manufacturer,

or order party, or the foreign entity while the foreign entity is in the United States when purchasing or obtaining the goods for export.  In all export transactions, the name listed in the United States Principal Party in Interest field in the Electronic Exportation Information shall be the United States Principal Party in Interest in the transaction.

The "Foreign Principal Party in Interest" is the party abroad who purchases the goods for export or to whom final delivery or end-use of the goods will be made.

An "authorized agent" is an individual or legal entity physically located in or otherwise under the jurisdiction of the United States that has obtained power of attorney or written authorization from a United States Principal Party in Interest or Foreign Principal Party in Interest to act on its behalf, and for purposes of Part 30, to complete and file the Electronic Exportation Information.

Your verdict, whether it is guilty or not guilty, must be unanimous.  The following instruction applies to the unanimity requirement as to Count Five of the Fifth Superseding Indictment.

Count Five of the Fifth Superseding Indictment accuses the Defendant of conspiring to commit registration violations involving aircraft in two different ways.  The first is that the Defendant conspired to violate 13 U.S.C. § 305.  The second is that the Defendant conspired to violate 18 U.S.C. § 554.

The Government does not have to prove Defendant conspired to violate both of these statutes for you to return a guilty verdict on this charge.  Proof beyond a reasonable doubt on one is enough.  But in order to return a guilty verdict, all of you must agree that the same one has been proved.  All of you must agree that the Government proved beyond a reasonable doubt that the Defendant conspired to violate 13 U.S.C. § 305; or all of you must agree that the Government proved beyond a reasonable doubt that the Defendant conspired to violate 18 U.S.C. § 554.

## DEFENSE — ADVICE OF COUNSEL

Defendant claims that she is not guilty of the willful or deliberate wrongdoing as charged in Count Five of the Fifth Superseding Indictment because she acted on the basis of advice from her attorney.  The advice of counsel defense is only applicable to advice given on or about June of 2019 and actions taken in conformity thereafter.

If before taking any action or failing to take any action, Defendant, while acting in good faith and for the purpose of securing advice on the lawfulness of her future conduct, sought and obtained the advice of an attorney whom she considered to be competent, and made a full and accurate report or disclosure to this attorney of all important and material facts of which she had knowledge or had the means of knowing, and then acted strictly in accordance with the advice her attorney gave following this full report or disclosure, then Defendant would not be willfully or

deliberately doing wrong in performing or omitting some act the law forbids or requires, as those terms are used in these instructions.

Whether Defendant acted in good faith for the purpose of truly seeking guidance as to questions about which she was in doubt, and whether she made a full and complete report or disclosure to her attorney, and whether she acted strictly in accordance with the advice received, are all questions for you to determine.

## FIFTH SUPERSEDING INDICTMENT — COUNT SIX

Defendant Debra Lynn Mercer-Erwin is charged in Count Six of the Fifth Superseding Indictment with the offense of Conspiracy to Commit Registration Violations Involving Aircraft Not Providing Air Transportation, in violation of Title 18, United States Code, Section 371.

Title 18, United States Code, Section 371, makes it a crime for two or more persons to conspire to commit an offense against the laws of the United States.  In this case, the government charged the defendant with conspiring to violate export provisions under 49 U.S.C. § 46306.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find a defendant guilty of this crime, you must be convinced that the government has proven each of the following elements beyond a reasonable doubt:

*__First__***:** That two or more persons, directly or indirectly, reached an agreement, directly or indirectly, to intentionally to violate United States export laws or regulations as alleged in the Fifth Superseding Indictment;

*__Second__***:** That the defendant knew the unlawful purpose of the agreement and joined in the agreement willfully, that is, with the intent to further the unlawful purpose; and

*__Third:__* That at least one of the conspirators, during the existence of the conspiracy, knowingly committed at least one of the overt acts described in the indictment, in order to accomplish some object or purpose of the conspiracy.

Under **49 U.S.C. § 46306**, it is an considered an export violation if a person:

**(1)** knowingly and willfully forges or alters a certificate authorized to be issued under this part; or

**(2)** knowingly sells, uses, attempts to use, or possesses with the intent to use, such a certificate; or

**(3)** knowingly and willfully displays or causes to be displayed on an aircraft a mark that is false or misleading about the nationality or registration of the aircraft; or

**(4)** obtains a certificate authorized to be issued under this part by knowingly and willfully falsifying or concealing a material fact, making a false, fictitious, or fraudulent statement, or making or using a false document knowing it contains a false, fictitious, or fraudulent statement or entry.

## FIFTH SUPERSEDING INDICTMENT — COUNT SEVEN

Defendant Debra Lynn Mercer-Erwin is charged in Count Seven of the Fifth Superseding Indictment with the offense of Conspiracy to Commit Wire Fraud, in violation of Title 18, United States Code, Section 1349.

Title 18, United States Code, Section 1349, makes it a crime for anyone to conspire to commit the offense of wire fraud.  In this case, the government charged the defendant with violating Title 18, United States Code, Section 1343.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member of the conspiracy becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*__First__:* That the defendant and at least one other person made an agreement to knowingly devise or intend to devise any scheme to defraud;

*__Second__:* That the defendant knew the unlawful purpose of the agreement and joined in the agreement willfully, that is, with the intent to further the unlawful purpose;

*__Third__:* That the scheme to defraud employed false material representations, false material pretenses, or false material promises;

*__Fourth__:* That the defendant transmitted or caused to be transmitted by way of wire communications, in interstate or foreign commerce, any writing, sign, signal, picture, or sound for the purpose of executing such scheme; and

*__Fifth__:* That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property or bring about some financial gain to the person engaged in the scheme.

A "specific intent to defraud" means a conscious, knowing intent to deceive or cheat someone.

"Interstate commerce" means commerce or travel between one state, territory or possession of the United States and another state, territory, or possession of the United States.

"Foreign commerce" means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

"Affecting commerce" means that there is any effect at all on interstate or foreign commerce, however minimal.

Commerce includes travel, trade, transportation, and communication.

A representation, pretense, or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity.  A representation, pretense, or promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme.  What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the material transmitted by wire communications was itself false or fraudulent, or that the use of the interstate or foreign wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud.  What must be proved beyond a reasonable doubt is that the use of the interstate or foreign wire communications facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate or foreign commerce in an attempt to execute or carry out the scheme.

The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate or foreign wire communications facilities to be used is to do an act with knowledge that the use of the wire communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate or foreign wire communications facilities in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

## **CONSPIRACY**

The defendant has been charged in Counts One, Two, Four, Five, Six and Seven with conspiring to commit certain offenses: Conspiracy to Manufacture and Distribute Cocaine (Count One); Conspiracy to Manufacture and Distribute Cocaine

Intending, Knowing, and with Reasonable Cause of Believe that the Cocaine will be Unlawfully Imported into the United States (Count Two); Conspiracy to Commit Money Laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(2)(A), 1956(a)(2)(B)(i), and 1957 (Count Four); Conspiracy to Commit Export Violations (Count Five); Conspiracy to Commit Registration Violations Involving Aircraft Not Providing Air Transportation in violation of 49 U.S.C. § 46306 (Count Six); and Conspiracy to Commit Wire Fraud (Count Seven).

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.  If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict her for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.  Similarly, the government need not prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out, nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances some purpose of a conspiracy, does not thereby become a conspirator.

In your consideration of the conspiracy offenses as alleged in the Fifth Superseding Indictment, you should first determine, from all of the testimony and evidence in the case, whether or not the conspiracy existed as charged. If you conclude that a conspiracy did exist as alleged, you should next determine whether or not the defendant under consideration willfully became a member of such conspiracy.

In determining whether a defendant was a member of an alleged conspiracy, however, the jury should consider only the evidence, if any, pertaining to that defendant's own acts and statements. A defendant is not responsible for the acts or declarations of other alleged participants until it is established beyond a reasonable doubt, first, that a conspiracy existed, and second, from evidence of that defendant's own acts and statements that the defendant was one of its members.

That said, if and when it does appear beyond a reasonable doubt from the

evidence in the case that a conspiracy did exist as charged, and that the defendant under consideration was one of its members, then the statements and acts knowingly made and done during such conspiracy and in furtherance of its objects, by any other proven member of the conspiracy, may be considered by the jury as evidence against the defendant under consideration, even though the defendant was not present to hear the statement made or see the act done.

Further, a conspirator is responsible for acts committed by other conspirators if the conspirator was a member of the conspiracy when the act was committed and if the act was committed in furtherance of the conspiracy.

Therefore, if you have first found a Defendant guilty of the conspiracy charged in Counts One, Two, Four, Five, Six, or Seven of the Fifth Superseding Indictment and if you find beyond a reasonable doubt that during the time the Defendant was a member of that specific conspiracy, another conspirator committed acts in furtherance of or as a foreseeable consequence of that conspiracy, then you may find the Defendant responsible for said acts, even though the Defendant may not have personally participated in the acts.

This is true because, as stated earlier, a conspiracy is a kind of partnership so that under the law each member is an agent or partner of every other member, and each member is bound by or responsible for the acts and the statements of every other member made in pursuit of their unlawful scheme.

## AIDING AND ABETTING

The guilt of Defendant in a criminal case may be established without proof that the Defendant personally did every act constituting the offense alleged.  The law recognizes that, ordinarily, anything a person can do for themselves may also be accomplished by them through the direction of another person as their agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.  If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate herself in some way with the crime and participate in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions

was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

***First***: That the offense or offenses of the following—Conspiracy to Manufacture and Distribute Cocaine (Count One); Conspiracy to Manufacture and Distribute Cocaine Intending, Knowing, and with Reasonable Cause of Believe that the Cocaine will be Unlawfully Imported into the United States (Count Two); Manufacturing and Distributing Five Kilograms or More of Cocaine Intending, Knowing and with Reasonable Cause to Believe that the Cocaine will be Unlawfully Imported into the United States (Count Three); Conspiracy to Commit Money Laundering in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), 1956(a)(2)(A), 1956(a)(2)(B)(i), and 1957 (Count Four); Conspiracy to Commit Export Violations (Count Five); Conspiracy to Commit Registration Violations Involving Aircraft Not Providing Air Transportation in violation of 49 U.S.C. § 46306 (Count Six); or Conspiracy to Commit Wire Fraud (Count Seven)—was committed by some person;

***Second***: That the defendant associated with the criminal venture;

***Third***: That the defendant purposefully participated in the criminal venture; and

**_Fourth_:** That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal.  This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime.

## "KNOWINGLY" — TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

## "WILLFULLY" — TO ACT

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

## POSSESSION

Possession, as that term is used in this case, may be of two kinds: actual possession and/or constructive possession.  A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.  A person

who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.  Possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If two or more persons share actual or constructive possession of a thing, possession is joint.  You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.  To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

## **DELIBERATE IGNORANCE**

As to Counts One, Two, and Three, you may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed her eyes to what would otherwise have been obvious to her.  While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded herself to the existence of a fact.

## **DUTY TO DELIBERATE — VERDICT FORM**

To reach a verdict, whether it is guilty or not guilty, all of you must agree.

Your verdict must be unanimous on each count of the Fifth Superseding Indictment. Your deliberations will be secret.  You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts.  Your sole interest is to seek the truth from the evidence in the case, to decide whether the Government has proven the Defendant guilty beyond a reasonable doubt.

Any notes that you have taken during this trial are only aids to memory.  If your memory should differ from your notes, then you should rely on your memory and not on the notes.  The notes are not evidence.  A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors.  Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you go to the jury room, the first thing that you should do is select one

of your members as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for each count of the Fifth Superseding Indictment, either "guilty" or "not guilty." At the conclusion of your deliberations, the foreperson should date and sign the verdict with his or her initials.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case.  You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, BlackBerry, or computer; the Internet, any Internet service, or any text or instant messaging service; or any Internet chat room, blog, or website such as Facebook, MySpace, LinkedIn, YouTube, or Twitter to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer.  I will either reply in writing or bring you back into the courtroom to respond to your inquiry.

Bear in mind that you are never to reveal to any person, not even to the Court, how the jury stands, numerically or otherwise, on any count of the Fifth Superseding Indictment, until after you have reached a unanimous verdict.

SIGNED this 1st day of May, 2023.


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE