IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 4:20-CR-212 |
| DEBRA LYNN MERCER-ERWIN (1) | § | Judge Mazzant |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**WFAA-TV, INC.'S MOTION TO INTERVENE AND
TO UNSEAL EXHIBIT 308**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

WFAA-TV, Inc. ("WFAA") files this Motion to Intervene and to Unseal Defendant's Exhibit 308, as follows:

**I.
INTRODUCTION**

WFAA seeks to intervene in this matter solely for the purpose of requesting that the Court unseal Defendant's Exhibit 308 – Video Recording of Defendant's Interview (the "Interview"). In the Joint Motion to Seal Selected Trial Exhibits (Doc. 458) and the Joint Amended Motion to Seal Selected Trial Exhibits (Doc. 459) (collectively, the "Joint Motion"), the United States and Defendant Debra Lynn Mercer-Erwin (collectively, the "Parties") requested that the Interview and other trial exhibits be sealed. The sealing sought by the Joint Motion interferes with the press' First Amendment and common law right to obtain disclosure of evidence admitted during a criminal proceeding as it seeks to prohibit the disclosure of the Interview. WFAA respectfully requests that the Court unseal the Interview.

## II.
## INTERVENOR

WFAA is a television station licensed by the Federal Communications Commission that serves viewers throughout north Texas and in the Eastern District of Texas. Its principal office is in Dallas, Texas.

## III.
## FACTUAL AND PROCEDURAL BACKGROUND

This prosecution concerns allegations that Defendant Mercer-Erwin through her company, Aircraft Guaranty Corporation, registered planes that were put in the hands of drug traffickers and that Mercer-Erwin was responsible for running a Ponzi scheme. It cannot be disputed that such allegations are a matter of significant public interest. WFAA has covered and reported on the trial in this matter. Investigators and prosecutors have said the federal inquiry that resulted in the indictment of Defendant Mercer-Erwin and others arose after a series of WFAA news reports was first aired in 2019. The WFAA investigation looked into how more than a thousand planes were registered in the tiny East Texas town of Onalaska, which has no airport.

During the jury trial in this case, the parties offered and the Court admitted a number of exhibits into evidence. The full, unredacted Interview, Defendant's Exhibit 308, was among those offered in evidence by the Defendant. Excerpts from the Interview were also played in open court. At closing argument, the Government urged jurors to review the entire recording during their deliberations.

On May 11, 2023, the Parties filed a Joint Motion seeking to seal several trial exhibits, including the Interview. The Parties argued that "[t]he requested sealed trial exhibits contain Personal Identifiable Information . . . protected from disclosure under Fed. R. Crim P. 49.1 and/or other 'means of identification' as defined in 18 U.S.C. § 1028(d)(7)." (Doc. 458, p. 1).

The parties also asserted that "[s]ealing is requested in order to safeguard from public scrutiny voluminous personal information contained therein, and the redaction of which would be exceptionally burdensome." (*Id.*)

On May 12, 2023, the Parties filed a Joint Amended Motion to Seal Selected Trial Exhibits (the "Amended Motion"). (Doc. 459) The Amended Motion added that "the parties request to seal exhibits related to indicted, but unapprehended, defendants as well as potential unindicted co-conspirators" because the release of such information "may result in the destruction of evidence or cause these individuals to flee from justice." (Doc. 459, pp. 1-2)

On May 17, 2023, the Court issued an Order Granting In Part Joint Motion to Seal Selected Trial Exhibits (the "Order"). (Doc. 460) The Court ordered that, as to the Interview, the parties shall "provide explanation as to why this Exhibit should be sealed and why it could not be provided in a redacted format, if necessary" by May 30, 2023. (*Id.*)

## IV.
## ARGUMENT AND AUTHORITIES

**A.     WFAA has Standing to Intervene.**

To establish standing a potential intervenor must show "'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 119 L. Ed. 2d 351, 112 S. Ct. 2130 (1992)). A news agency has standing to challenge the sealing of certain documents where the sealing "presents an obstacle to their attempt to obtain access, and has caused injury to a 'legally protected interest' that is 'concrete and particularized and actual or imminent.'" *State Farm Fire & Cas. Co. v. Hood*, 266 F.R.D. 135, 142 (S.D. Miss. 2010) (citing *Arizonans for Official English v. Arizona*, 520 U.S. at 64). Here, WFAA has standing to intervene because the sealing

of the Interview is an obstacle to WFAA's First Amendment and common law right of access and will cause a concrete, particular, and actual or imminent injury.

**B.      WFAA is Entitled to Intervene as a Matter of Right.**

Upon timely motion, Federal Rule of Civil Procedure 24(a)(2) permits anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest," to intervene as a matter of right. Fed. R. Civ. P. 24(a)(2). Courts weigh the following factors when determining whether intervention is permitted as a matter of right:

> (1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001) (quoting *Taylor Communications Group, Inc. v. Southwestern Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir.1999)).

The Fifth Circuit construes Rule 24(a) liberally and broadly in favor of intervention. *See Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1126 (5th Cir. 1970), *cert. denied*, 400 U.S. 878 (1970); *see also Edwards v. City of Hous.,* 78 F.3d 983, 999 (5th Cir. 1996) ("[T]he inquiry under subsection (a)(2) is a flexible one . . . [and] must be measured by a practical rather than technical yardstick."). Rule 24(a) is designed to encourage judicial economy and protect nonparties from being prejudiced by litigation in which they were not permitted to participate. *Stallworth v. Monsanto Co.*, 558 F.2d 257, 265 (5th Cir. 1977). "Federal courts should allow intervention where no one would be hurt and the greater justice could be attained." *Doe #1 v. Glickman,* 256 F.3d 371, 375 (5th Cir. 2001) (quoting *Sierra Club v. Espy,* 18 F.3d 1202, 1205

(5th Cir. 1994)). Here, each factor of the Fifth Circuit's flexible test for intervention as of right weighs in favor of permitting WFAA to intervene.

      i.      <u>The Motion is Timely.</u>

Timeliness of a motion to intervene as of right is determined from all the circumstances. *Heaton v. Monogram Credit Card Bank of Ga.*, 297 F.3d 416, 423 (5th Cir. 2002). WFAA acted quickly in the present case, filing this motion two weeks after it learned of the filing of the Joint Motion. The Fifth Circuit has held that "[b]y filing their petition less than one month after learning of their interest in this case, the appellants discharged their duty to act quickly." *Stallworth*, 558 F.2d at 267; *see also Ford*, 242 F.3d at 239-40 (discussing *Stallworth*, 558 F.2d at 267). Therefore, WFAA's Motion is timely.

Further, the Parties would suffer no prejudice from any delay if WFAA is permitted to intervene. *See Rotstain v. Mendez*, 986 F.3d 931, 937 (5th Cir. 2021) (citing *Stallworth*, 558 F.2d at 264-66) (evaluating the length of time the movant waited to file, the prejudice to the existing parties from any delay, the prejudice to the movant if intervention is denied, and any unusual circumstances as timeliness factors). As explained, intervention is sought here for the sole purpose of obtaining access to the Interview. Intervention will have no effect on any other issue in this case and there is no prejudice to the Parties because WFAA has not delayed in pursuing unsealing. *See Stallworth*, 558 F.2d at 267 (noting "it is difficult to understand how [the original parties] could have been harmed by what was at most less than thirty days 'delay'.") On the other hand, WFAA's ability to timely report fully and accurately on court proceedings of significant public interest will be impeded and impaired if WFAA is not permitted to intervene and the Court permits sealing of the Interview.

### ii. WFAA has an Interest in the Proceeding.

The second factor requires that the potential intervenor have an interest relating to the property or transaction that is the subject of the underlying action. The Fifth Circuit has recognized that the news media is entitled to observe, investigate, and report on public trial proceedings. *United States v. Chagra*, 701 F.2d 354, 361 (5th Cir. 1983) (discussing the "firm premise that the public and the press have a [First Amendment] right of access to criminal trials"). WFAA therefore has a direct, substantial, and legally protectable interest in viewing, accessing, and reporting on the trial evidence, including the Interview. *See id. See, also, Nixon v. Warner Communications, Inc.* 435 U.S. 589, 597 (1978) (recognizing the common law right of access to judicial records); *In re Providence Journal Co.,* 293 F.3d 1, 10 (1st Cir. 2002) ("This [common law] right of access attaches to those materials which properly come before the court in the course of an adjudicatory proceeding and which are relevant to that adjudication.") (*quoting FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 412-13 (1st Cir. 1987)). Thus, the second factor is established.

### iii. WFAA's Rights Will Be Impaired Absent Intervention.

The third factor requires that the disposition of the case may impair the potential intervenor's ability to protect its interest. *Ford*, 242 F.3d at 240. Here, sealing the Interview conflicts with WFAA's right to access judicial records. If WFAA is not allowed to intervene, it would be prevented from being heard on this matter which has the potential to end its quest to obtain the Interview. *See Doe #1*, 256 F.3d at 380 (holding that if the potential intervenor was not allowed to intervene it "would be prevented from ever being heard in a lawsuit that has the potential to end its quest to compel [an existing party] to disclose [certain information]."). Accordingly, the third factor is also met.

  iv.  <u>The Parties Have No Interest in Protecting WFAA's Interest</u>.

  Finally, the requirement that the potential intervenor's interests are inadequately represented by the existing parties is clearly satisfied. The Government and Defendant have jointly moved to seal the Interview. Together, the Parties advocate a position that is contrary to WFAA's interest.

  **C.**  **The Court Should Unseal the Interview.**

  The press has a First Amendment and common-law right of access to judicial records, including the complete Interview in this case. *See Davis v. E. Baton Rouge Par. Sch. Bd.*, 78 F.3d 920, 927 (5th Cir. 1996) (recognizing that abilities to gather the news and to receive protected speech are protected by the First Amendment); *Nixon*, 435 U.S. at 597 (recognizing the common law right of access to judicial records). The Parties, however, request that the Interview be placed under seal. (*See* Docs. 458 and 459) This request should be denied as it seeks to impede upon WFAA's right of access.

  As explained above, the full, unredacted Interview was admitted into evidence during the trial of this matter, portions of the Interview were played in open court, and the Government urged the jury in closing argument to review the entire recording during their deliberations. Accordingly, since the information in the recording has been publicly disclosed, the Parties can make no viable argument that sealing will protect the interests they assert. Once information of public concern has been revealed in open court, a party no longer enjoys any privacy or similar interest that protects against the First Amendment right of the news media to report such information. *See Crumrine v. Harte-Hanks Television, Inc.*, 37 S.W.3d 124, 127-28 (Tex. App. 2001).

The Parties' aversion to redaction falls far short of any legally supportable reason for sealing. Their conclusory assertion that redacting the trial exhibits identified in the Joint Motion would be exceptionally burdensome, Doc. 458, p. 1, fails to establish a sufficient justification for placing the full Interview under seal and overriding WFAA's right to access. *See U.S. v. Raybould*, 130 F.Supp.2d 829, 833 (N.D. Tex. 2000) (stating that the government's conclusory statements failed to overcome the presumption of access and that "the cherished policy of our nation that proceedings be open to the view of the press and the public would be offended if a motion to seal were to be granted"). Moreover, sealing is constitutionally impermissible in light of the public and the press' right of access to court proceedings where such closure is ineffective to prevent a perceived harm. *See, e.g., Globe Newspaper Co. v. Superior Court,* 457 U.S. 596, 609–10 (1982). In short, the Parties make no showing that their request to "put the toothpaste back into the tube" will actually protect any information that has already been made public. Thus, the Parties have not—and indeed cannot—demonstrate why the Interview or any portion of it should be placed under seal. The Court should unseal the Interview.

WHEREFORE, WFAA-TV, Inc. respectfully requests that the Court grant this Motion and enter an order authorizing WFAA-TV, Inc. to intervene in this lawsuit for the sole purpose of requesting that the Court unseal the complete Interview, and for any such other and further relief to which the Court finds WFAA-TV, Inc. justly entitled.

Respectfully submitted,

*/s/ Paul C. Watler*
Paul C. Watler
State Bar No. 00784334
Shelisa E. Brock
State Bar No. 24097420
Jackson Walker LLP
2323 Ross Avenue, Suite 600
Dallas, Texas 75201
Telephone: 214.953.6000
Facsimile:  214.953.5822
Email: pwatler@jw.com
       sbrock@jw.com

**ATTORNEYS FOR NON-PARTY WFAA-TV, INC.**

## CERTIFICATE OF CONFERENCE

I hereby certify that, on May 30, 2023, I conferred with counsel for Defendant Mercer-Erwin, Matthew Cyran. Mr. Cyran has indicated that Defendant Mercer-Erwin is opposed to the relief requested herein. I also attempted to confer with counsel for the Government via email and telephone. However, I was unable to obtain the Government's position on the relief sought.

/s/ *Shelisa Brock*
Shelisa E. Brock

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of May, 2023, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to all counsel or parties of record.

/s/ *Paul Watler*
Paul C. Watler