# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | Civil Action No.  4:20-cr-212 |
| v. § | Judge Mazzant |
| § | |
| DEBRA LYNN MERCER-ERWIN (1) § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the Government and Defendant Mercer-Erwin's Amended Joint Motion to Seal Selected Trial Exhibits (Dkt. #459) and WFAA-TV, Inc.'s Motion to Intervene and to Unseal Defendant's Exhibit 308 (Dkt. #461).  Having considered the motions and the relevant pleadings, the Court finds that the Government and Defendant Mercer-Erwin's Amended Joint Motion to Seal Selected Trial Exhibits (Dkt. #459) should be **DENIED in part** and WFAA-TV, Inc.'s Motion to Intervene and to Unseal Defendant's Exhibit 308 (Dkt. #461) **DENIED as moot**.

## BACKGROUND

The present motions come following the trial of Defendant Debra Lynn Mercer-Erwin. During trial, Defendant entered a video recording of an interview between herself and law enforcement (the "Interview") into evidence, labeled as Defendant's Exhibit 308.  The Government and Defendant (collectively, the "Parties") jointly filed an amended motion ("Joint Motion"), requesting the Court seal, among other things, the Interview (Dkt. #458; Dkt. #459).  On May 17, 2023, the Court granted the Joint Motion in part (Dkt. #460).  As to the Interview, the Court did not grant the Parties' motion to seal (Dkt. #460 at p. 3).  Instead, the Court ordered the Parties to file explanations as to why the Interview should be sealed and why redacting portions of the Interview would be insufficient by May 30, 2023 (Dkt. #460 at p. 3).  The Court advised the

Parties that it would make a separate determination regarding the Interview after it reviewed their briefing (Dkt. #460 at p. 3).

On May 30, 2023, a third party to the case, WFAA-TV, Inc. ("WFAA"), filed a motion to intervene to request that the Court unseal the Interview (Dkt. #461). However, the Court had not sealed the Interview. Additionally, on May 30, 2023, Defendant filed a response to WFAA's motion, arguing that the Court should seal the Interview, or at the very least redact portions of it (Dkt. #462). There was no additional briefing filed by the Parties beyond Defendant's response to WFAA's motion.

## LEGAL STANDARD

"Judicial records belong to the American people; they are public, not private, documents." *June Med. Servs., L.L.C. v. Phillips*, 22 F.4th 512, 519 (5th Cir. 2022) (cleaned up) (quoting *Binh Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 417 (5th Cir. 2021)). And "[t]he public's right of access to judicial records is a fundamental element of the rule of law." *Leopold v. United States* (*In re Leopold to Unseal Certain Elec. Surveillance Applications & Orders*), 964 F.3d 1121, 1123 (D.C. Cir. 2020). "The public has an interest in transparent court proceedings that is independent of the parties' interests." *In re Gee*, No. 19-30953, 2019 WL 13067384, at 8 (5th Cir. Nov. 27, 2019) (Elrod, J., concurring) (emphasis omitted). This right "serves to promote trustworthiness of the judicial process, to curb judicial abuses, and to provide the public with a more complete understanding of the judicial system, including a better perception of its fairness." *BP Expl. & Prod., Inc. v. Claimant ID 100246928*, 920 F.3d 209, 210 (5th Cir. 2019) (quoting *United States v. Holy Land Found. for Relief & Dev.*, 624 F.3d 685, 690 (5th Cir. 2010)). To that end, courts heavily disfavor sealing information placed in the judicial record. *See Vantage*, 913 F.3d at 450–51.

However, the right of access is not absolute. *Bradley ex rel. AJW v. Ackal*, 954 F.3d 216, 225 (5th Cir. 2020). The "common law merely establishes a presumption of public access to judicial records. *Id.* As such, "[t]he decision whether to allow public access to court records 'is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.'" *Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 450 (5th Cir. 2019) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)). In exercising this discretion, courts are obligated to "'undertake a case-by-case, 'document-by-document,' 'line-by-line' balancing of 'the public's common law right of access against the interests favoring nondisclosure.'" *Binh Hoa Le,* 990 F.3d at 419 (quoting *United States v. Sealed Search Warrants*, 868 F.3d 385, 390 (5th Cir. 2017)).

## ANALYSIS

After reviewing the briefing, the Court determines that it should neither seal nor redact the Interview for the following reasons.

### A. Sealing the Interview

Defendant made little to no effort to overcome the strong presumption against sealing the Interview. Defendant has not demonstrated that Defendant's right to privacy would be violated if the Court did not seal the Interview. Defendant chose to admit the Interview, in its entirety, and play portions out loud during trial. Defendant did so "in the presence of members of the public (including members of the media)." *United States ex rel. Harman v. Trinity Indus., Inc.*, No. 2:12-CV-00089, 2015 WL 10733402, at *1 (E.D. Tex. Mar. 4, 2015). Furthermore, "[a]t no point during the trial did [the Parties] move to seal the courtroom or otherwise preclude the public's access to such evidence." *Id.*

What is more, information regarding the identity of Defendant's family and employees was testified to extensively throughout trial, at times by Defendant herself. Defendant's business

practices were also testified to extensively throughout trial.  There is no need to seal the Interview because of information otherwise in the record.  Even without the witness testimony on these matters, upon Defendant's decision to admit the full Interview into the record at trial, the Interview became part of the judicial proceedings and public record.  *Id.*  And the Fifth Circuit has explicitly held that publicly available information cannot be sealed.  *June Med. Servs.*, 22 F.4th at 520–21 (collecting cases).  Defendant has not shown that these judicial records should be sealed.  Accordingly, for the aforementioned reasons, the Court will not seal the Interview.  *Id.*

### B.  Redacting the Interview

As to redaction, Rule 49.1(a) requires that certain personal information and identifiers, such as social security numbers, birth dates, home addresses, and financial account numbers be truncated in criminal filings.  FED. R. CRIM. P. 49.1(a).[1]  Defendant has not identified any information within the Interview that would fall under Rule 49.1(a).  *Id.*  Nor could the Court locate any.  Accordingly, there is no need to redact information pursuant to Rule 49.1(a).

The Court for good cause can nonetheless require redaction of additional information not covered by Rule 49.1(a).  *See* FED. R. CRIM. P. 49.1(e)(1).  More specifically, as to the unindicted third parties, "[t]he court can order the redaction of [the names of unindicted third parties] if it finds that substantial privacy interests would be violated by disclosure and that the redactions are narrowly tailored to protect the identities of the parties."  *United States v. Akula*, No. CR 21-98, 2023 WL 3949127, at *2 (E.D. La. June 12, 2023) (quoting *United States v. Simpson*, No. 09-249, 2010 WL 3633611, at *2 (N.D. Tex. Sept. 20, 2010)).  The Court does not believe the Interview should be redacted.

---

[1] Rule 49.1(a) also applies to trial exhibits.  FED. R. CRIM. P. 49.1(a) advisory committee's note to 2007 amendment ("Trial exhibits are subject to the redaction requirements of Rule 49.1 to the extent they are filed with the court.").

First, generally, Defendant makes no effort to show good cause for why any other information should be redacted. For example, as the Court already pointed out, Defendant ignores that much of the information she points to—identification of her family and employees and her business practices—was testified to extensively throughout trial, many times by Defendant herself. This information is already publicly available and redacting it from the Interview would be to no avail.

Second, the Court does not find that redaction is necessary to protect any substantial privacy interests. As to unindicted third parties, "[t]he primary concern is that public disclosure of the persons associated with criminal activity may cause damage to the unindicted person's reputation with no corresponding opportunity to defend his reputation at trial." *Simpson*, 2010 WL 3633611, at *2 (internal citations omitted). The individuals mentioned throughout the Interview, however, were either not accused of any wrongdoing or were indicted along with Defendant. Thus, redaction is not necessary.

\*          \*          \*

As a final matter, WFAA filed a motion to intervene and unseal the Interview (Dkt. #461). However, given the Court's decision not to seal the Interview, WFAA's motion to intervene and unseal is moot. Thus, the Court denies WFAA's motion as moot.

## CONCLUSION

It is therefore **ORDERED** that the Parties' Amended Joint Motion to Seal Selected Trial Exhibits (Dkt. #459) is **DENIED in part** as to Defendant's Exhibit 308, and WFAA-TV, Inc.'s Motion to Intervene and to Unseal Defendant's Exhibit 308 (Dkt. #461) is hereby **DENIED as MOOT**.

It is further **ORDERED** that the Interview (Defendant's Exhibit 308) shall not be sealed.

**IT IS SO ORDERED.**

**SIGNED this 15th day of August, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE